1    COOLEY LLP
     JOHN C. DWYER (136533) (dwyerjc@cooley.com)
2    Five Palo Alto Square
     3000 El Camino Real
3    Palo Alto, CA  94306-2155
     Telephone:    (650) 843-5000
4    Facsimile:    (650) 849-7400

5    COOLEY LLP
     MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
6    WHITTY SOMVICHIAN (194463) (wsomvichian@cooley.com)
     MACO STEWART (*pro hac vice*) (maco.stewart@cooley.com)
7    101 California Street, 5th Floor
     San Francisco, CA  94111-5800
8    Telephone:    (415) 693-2000
     Facsimile:    (415) 693-2222
9

10   Attorneys for Defendant
     EBAY INC.

11

12                   UNITED STATES DISTRICT COURT

13             NORTHERN DISTRICT OF CALIFORNIA

14                     SAN JOSE DIVISION

15

| | |
|---|---|
| LUIS ROSADO, individually, and on behalf of other members of the general public similarly situated, | Case No.  CV 12-04005-EJD |
| Plaintiff, | **DEFENDANT EBAY INC.'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT** |
| v. | Date:          February 8, 2013<br>Time:         9:00 a.m. |
| EBAY, INC., a Delaware corporation, | Judge:       Hon. Edward J. Davila |
| Defendant. | Courtroom: 4<br>Trial Date: None set |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1286751 /SF

EBAY'S MOTION TO DISMISS
CLASS ACTION COMPL.
CV 12-04005-EJD

**Table of Contents**

**Page**

NOTICE OF MOTION AND MOTION TO DISMISS ................................................................ 1

STATEMENT OF ISSUES TO BE DECIDED .................................................................... 1

    1. All fraud-based claims (Counts I, II, IV) ................................................................ 1

    2. All claims .................................................................................................................. 1

    3. Implied covenant claim (Count III) ........................................................................ 1

    4. UCL claim (Count IV) ............................................................................................ 2

    5. Quasi-contract claim (Count V) ............................................................................. 2

    6. Declaratory relief claim (Count VI) ....................................................................... 2

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................... 3

I.      INTRODUCTION ................................................................................................ 3

II.    BACKGROUND .................................................................................................. 4

    A.    The User Agreement & Fees Schedules .................................................. 5

    B.    eBay's Fees ............................................................................................ 5

    C.    eBay's Listing Formats ......................................................................... 6

    D.    The Payment Process ............................................................................ 7

    E.    eBay's Policies Specify The Recourse Available To Sellers If A Buyer Does Not Make Payment ....................................................................... 7

    F.    eBay Advises Sellers Of Potential Fraud And How To Protect Themselves. ........ 8

    G.    The Named Plaintiff's Allegations ........................................................ 9

III.   LEGAL STANDARDS ..................................................................................... 11

IV.   ARGUMENT .................................................................................................... 11

    A.    Plaintiff's Fraud-Based Claims All Fail As A Matter Of Law ........... 11

        1.    Plaintiff Fails To Allege An Affirmative Misstatement ......... 12

        2.    Plaintiff Fails To Allege A Misleading Omission ................... 13

        3.    Plaintiff Fails To Allege Reliance On Any Misstatement Or Omission ................................................................................. 14

    B.    Plaintiff Cannot Manufacture Liability For Practices That Fully Complied With eBay's Express Terms And Policies ......................... 15

        1.    eBay's terms and policies expressly preclude Plaintiff's demands ......... 17

        2.    Plaintiff's allegation that eBay prevented him from being defrauded does not support liability under any conceivable theory .......................... 20

    C.    Plaintiff's Implied Covenant Of Good Faith And Fair Dealing Claim Fails ........ 21

    D.    Plaintiff's UCL Claim Fails ................................................................ 22

    E.    Plaintiff's "Breach of Quasi-Contract" Claim Fails ........................... 23

    F.    Plaintiff Is Not Entitled To Declaratory Judgment ............................ 24

V.    CONCLUSION .................................................................................................. 25

1

## Table of Authorities

2

Page

3

CASES

4

*Ashcroft v. Iqbal*,

5

556 U.S. 662 (2009) ..................................................................................................... 11, 23

6

*Bell Atlantic Corp. v. Twombly*,

550 U.S. 544 (2007) .............................................................................................. 11, 15, 23

7

*Block v. eBay, Inc.*,

8

No. 3:11-cv-06718, 2012 WL 1601471 (N.D. Cal. May 7, 2012) .......................................... 21

9

*Brown v. Wells Fargo Bank, NA*,

10

168 Cal. App. 4th 938 (2008) ............................................................................................ 16

11

*Carma Developers (Cal.) Inc. v. Marathon Dev. Cal., Inc.*,

2 Cal. 4th 342 (1992) ............................................................................................ 17, 19, 20

12

*Cattie v. Wal-Mart Stores, Inc.*,

13

504 F. Supp. 2d 939 (S.D. Cal. 2007) ................................................................................ 14

14

*Clark v. Caln Township*,

15

Civ. A. No. 90-1551, 1991 WL 86911 (E.D. Pa. May 20, 1991) ......................................... 25

16

*Davis v. HSBC Bank Nevada, N.A.*,

691 F.3d 1152 (9th Cir. 2012) ...................................................................................... 16, 20

17

*Faigman v. Cingular Wireless, LLC*,

18

No. C 06-04622, 2007 WL 708554 (N.D. Cal. Mar. 2, 2007) .............................................. 14

19

*GA Escrow, LLC v. Autonomy Corp. PLC*,

20

No. C 08-01784, 2008 WL 4848036 (N.D. Cal. Nov. 7, 2008) ............................................ 24

21

*Gerlinger v. Amazon.com, Inc.*,

311 F. Supp. 2d 838 (N.D. Cal. 2004) ............................................................................... 24

22

*Great Lakes Reinsurance (UK) PLC v. TLU Ltd.*,

23

No. 07-61259, 2008 WL 828122 (S.D. Fla. Mar. 27, 2008) ................................................ 24

24

*Guerard v. CNA Fin. Corp.*,

No. 4:09-CV-01801, 2009 WL 3152055 (N.D. Cal. Sept. 23, 2009) .............................. 16, 19

25

*Hartless v. Clorox Co.*,

26

No. 06-cv-2705, 2007 WL 3245260 (S.D. Cal. Nov. 2, 2007) ............................................. 23

27

*Hovsepian v. Apple, Inc.*,

28

No. 08-5788 JF, 2009 U.S. Dist. LEXIS 117562 (N.D. Cal. Dec. 17, 2009) ........................ 13

1

**Table of Authorities**
(continued)

2

**Page**

3

*Janda v. T-Mobile, USA, Inc.*,

4
   No. C 05-03729, 2009 WL 667206 (N.D. Cal. Mar. 13, 2009) ........................................ 16-17

5

*Jenkins v. Commonwealth Land Title Ins. Co.*,
   95 F.3d 791 (9th Cir. 1996) .................................................................................... 15, 16, 20

6

7

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ............................................................................ 11, 12, 13, 14

8

*Kinghorn v. Citibank, N.A.*,
   No. C. 97-3111, 1999 WL 30534 (N.D. Cal. Jan. 20, 1999) ................................................ 25

9

10

*Marolda v. Symantec Corp.*,
   672 F. Supp. 2d 992 (N.D. Cal. 2009) .......................................................................... 13, 14

11

*Mazur v. eBay Inc.*,

12
   2008 WL 618988 (N.D. Cal. Mar. 4, 2008) ..................................................................... 15

13

*Melchior v. New Line Prods., Inc.*,

14
   106 Cal. App. 4th 779 (2003) ....................................................................................... 24

15

*Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*,
   96 F.3d 1151 (9th Cir. 1996) ........................................................................................ 24

16

*SBA Commc'ns, Inc. v. Zoning Comm'n of Town of Brookfield*,

17
   96 F. Supp. 2d 139 (D. Conn. 2000) .............................................................................. 24

18

*Spiegler v. Home Depot U.S.A., Inc.*,

19
   552 F. Supp. 2d 1036 (C.D. Cal. 2008) ...................................................................... 16, 19

20

*Swanson v. U.S. Forest Serv.*,
   87 F.3d 339 (9th Cir. 1996) ........................................................................................ 11

21

*Swanson v. USProtect Corp.*,

22
   No. C 05-602, 2007 WL 1394485 (N.D. Cal. May 10, 2007) ............................................... 24

23

*Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*,
   368 F.3d 1053 (9th Cir. 2004) ...................................................................................... 11

24

*Third Story Music, Inc. v. Waits*,

25
   41 Cal. App. 4th 798 (1995) ......................................................................................... 22

26

*Vess v. Ciba-Geigy Corp. USA*,

27
   317 F.3d 1097 (9th Cir. 2003) ...................................................................................... 12

28

iii.

**Table of Authorities**
(continued)

Page

*Wolf v. Walt Disney Pictures & Television*,
    162 Cal. App. 4th 1107 (2008) ............................................................................................ 22

*Woods v. Google, Inc.*,
    5:11-cv-01263, --- F. Supp. 2d ---, 2012 WL 3673319 (N.D. Cal. Aug. 24, 2012)....................
    ................................................................................................................ 16, 21, 22, 23

OTHER AUTHORITIES

Federal Rule of Civil Procedure
    8............................................................................................................................ 15
    9(b) ................................................................................................................. passim
    12(b)(6) ................................................................................................................. 1

1

**NOTICE OF MOTION AND MOTION TO DISMISS**

2      PLEASE TAKE NOTICE that on February 8, 2012, or as soon thereafter as this motion

3  may be heard, Defendant eBay Inc. ("eBay") will move to dismiss Plaintiff's Complaint

4  ("Complaint") or, in the alternative, dismiss certain claims of the Complaint.  This motion is

5  made pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Civil Procedure

6  9(b) and is based on this Notice of Motion and Motion, the accompanying Memorandum of

7  Points and Authorities, Request for Judicial Notice, Declaration of Elizabeth Hartrich ("Hartrich

8  Decl."), the pleadings on file, oral argument of counsel, and such other materials and argument as

9  may be presented in connection with the hearing on the motion.

10

**STATEMENT OF ISSUES TO BE DECIDED**

11      1.      **All fraud-based claims (Counts I, II, IV)**:   Whether Plaintiff has alleged

12  sufficient facts under the heightened requirements of Federal Rule of Civil Procedure 9(b) to state

13  a claim under California's False Advertising Law ("FAL"), Consumers Legal Remedies Act

14  ("CLRA"), or Unfair Competition Law ("UCL"), where he fails to specify any alleged

15  misstatements or omissions to support his claims and further fails to allege that he relied to his

16  detriment on any statement or omission by eBay.

17      2.      **All claims**: Whether Plaintiff is entitled to a refund of the fees he paid to list an

18  item for sale on the eBay website because a user clicked to buy the item but did not make

19  payment, where (i) Plaintiff's contract with eBay contains no express terms to support the refund

20  Plaintiff is seeking; (ii) the contract provides, to the contrary, that the fees in dispute are

21  "nonrefundable"; (iii) the contract provides that eBay has "no control over and do[es] not

22  guarantee . . . the ability of sellers to sell items, . . . or that a buyer . . . will actually complete a

23  transaction . . ."; (iv) eBay's policies provide for specific recourse in the event a sale is not

24  completed and preclude the particular remedies that Plaintiff now demands; and (v) Plaintiff

25  concedes that he is bound by the parties' contract and eBay's policies.

26      3.      **Implied covenant claim (Count III)**:  Whether Plaintiff alleges a plausible claim

27  for breach of the implied covenant of good faith and fair dealing where (i) Plaintiff attempts to

28  impose implied terms that are inconsistent with the express terms of the contract; and (ii) Plaintiff

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1286751 /SF                                    1.

EBAY'S MOTION TO DISMISS
CLASS ACTION COMPL.
CV 12-04005-EJD

does not allege that eBay has discretion to perform that would render the contract illusory.

4.      **UCL claim (Count IV)**:  Whether Plaintiff's UCL claim should be dismissed for the additional reasons that (i) Plaintiff fails, under the UCL's "unfair" prong, to allege a substantial injury that lacks countervailing benefits and that he could not have reasonably avoided; and (ii) Plaintiff fails, under the "unlawful" prong, to allege any unlawful act that could serve as a predicate for a UCL claim.

5.      **Quasi-contract claim (Count V)**:  Whether Plaintiff's claim for "breach of quasi-contract" or unjust enrichment should be dismissed because (i) no quasi-contract or unjust enrichment claim can stand where, as here, Plaintiff simultaneously alleges an express contract; and (ii) established law holds that unjust enrichment is not an independent claim.

6.      **Declaratory relief claim (Count VI)**:  Whether the Court should exercise its discretion to dismiss Plaintiff's claim for declaratory judgment because the claim simply reiterates Plaintiff's other claims for purported past damages.

Cooley LLP
Attorneys At Law
San Francisco

1286751 /SF

2.

eBay's Motion to Dismiss
Class Action Compl.
CV 12-04005-EJD

1

MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3       Plaintiff's claims in this matter are a misguided effort to blame eBay Inc. for preventing

4    him from becoming the victim of fraud.  Plaintiff listed his car for sale on eBay's online

5    marketplace using the "Buy It Now" format, which allows buyers to purchase items immediately

6    at a designated price by clicking a "Buy It Now" button.  In Plaintiff's case, an eBay user clicked

7    to buy his car, but instead of making payment, the user sent Plaintiff an email proposing a

8    suspicious checking transaction.  Based on that email, it appears the user may have been feigning

9    a purchase in an effort to defraud Plaintiff as part of a counterfeit check scheme.  (Compl. ¶¶ 27-

10   28.)  Though it had no obligation to do so, eBay warned Plaintiff of this risk and Plaintiff wisely

11   did not complete the transaction.  Incredibly, instead of thanking eBay for helping him avoid

12   being victimized by fraud, Plaintiff insists that eBay now owes him a refund of the fees he paid to

13   list his car for sale because he opted not to complete the transaction.

14       This nonsensical claim should be rejected for multiple reasons.  As Plaintiff admits, the

15   "User Agreement [to which eBay sellers must agree] states that ***listing fees are nonrefundable***."

16   (*Id.* ¶ 20 (emphasis added).)  This is, of course, consistent with the basic bargain of selling on

17   eBay: sellers receive the opportunity to reach buyers through eBay's online marketplace, but

18   there is no guarantee they will successfully sell their items.  Accordingly, Plaintiff's agreement

19   with eBay specifies that eBay does "***not guarantee . . . that a buyer or seller will actually***

20   ***complete a transaction*** . . . ."  (Hartrich Decl., Ex. A at 3 (emphasis added).)   Plaintiff

21   acknowledges as much, stating that "***prospective sellers are on notice that they will not receive a***

22   ***refund if their item runs its course and does not sell*** . . . ."  (Compl. ¶ 20 (emphasis added).)

23       Despite these admissions, Plaintiff insists that "if the sale does not occur [because a

24   prospective buyer does not pay], sellers are deprived of the benefit they paid for."  (*Id.* ¶ 2.)  But

25   he does not identify a single statement by eBay that could have induced any such expectation—an

26   expectation that runs contrary to the express terms of the User Agreement.  Indeed, by not even

27   attempting to plead a claim for breach of contract, Plaintiff concedes there is no provision in the

28   parties' agreement or eBay's policies that supports his claims.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1286751 /SF                                   3.

EBAY'S MOTION TO DISMISS
CLASS ACTION COMPL.
CV 12-04005-EJD

To the contrary, eBay's terms affirmatively preclude the relief that Plaintiff seeks.  These terms and policies[1] address the specific circumstances in which a prospective buyer fails to pay, which Plaintiff cannot simply ignore to impose different terms of his own choosing.  As just one example, Plaintiff demands a refund of his ***listing fees***, but eBay's policies specify that "[i]f you didn't receive payment from the buyer, you may be credited for the ***final value fee***," but ***not*** the listing fees that Plaintiff demands.  Plaintiff should not be allowed to avoid the express terms of the parties' agreement and manufacture entirely new terms that appear nowhere in the contract.

Nor should he be allowed to pursue a claim against eBay simply for warning him to avoid a potentially fraudulent transaction.  Apparently, in Plaintiff's view, eBay must sit idly by if it believes that its users might be defrauded, because providing a simple warning will subject it to liability for interfering with a transaction.  This frivolous claim is meritless and should be rejected out of hand.

While the various claims in the Complaint suffer from additional defects, they all fail as matter of law for these fundamental reasons.  Accordingly, eBay respectfully requests that the Court dismiss the Complaint in its entirety and with prejudice.

## II.    BACKGROUND

eBay is the "world's largest online marketplace."  (Compl. ¶ 11.)  eBay does not sell products to, or buy products from, its users; rather, it provides a marketplace where sellers and buyers can connect.  Thus, eBay notifies its users: "We are not involved in the actual transaction between buyers and sellers."  (*Id.* ¶ 21.)  In addition to its core ecommerce website located at www.eBay.com, eBay also operates eBay Motors, located at www.motors.ebay.com, which is dedicated to vehicles and vehicle-related parts and accessories (*Id.* ¶ 13.)

Plaintiff Luis Rosado alleges that he is an eBay seller who listed a used car for sale on eBay.  The listing attracted a response, but Plaintiff ultimately chose not to consummate the transaction, apparently out of concern that the would-be buyer was attempting to defraud him.  In

---

[1] The Court can and should take judicial notice of these and other disclosures referenced in this memorandum as they cannot reasonably be disputed; are incorporated by reference in the Complaint; were relied on by Plaintiff in the Complaint; and are directly implicated by Plaintiff's allegations.  *See* eBay's Request for Judicial Notice, filed concurrently herewith.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1286751 /SF                                     4.

EBAY'S MOTION TO DISMISS
CLASS ACTION COMPL.
CV 12-04005-EJD

1    his Complaint, Plaintiff seeks a refund of the non-refundable fees he paid to eBay for his listing

2    (or similar recourse).  Set forth below is a description of the parties' contractual arrangement and

3    a detailed summary of Plaintiff's fact allegations.

4    **A.    The User Agreement & Fees Schedules.**

5         The relationship between eBay and sellers, including Plaintiff, is governed by a User

6    Agreement.  (*Id.* ¶ 14.)  The User Agreement provides that sellers will be charged fees based on

7    Fees Schedules that are incorporated as part of the agreement.  (*Id.* ¶ 16.)  A specific Fees

8    Schedule applies to listings on eBay Motors (the "Motors Fees Schedule").  (*Id.*)  Plaintiff

9    acknowledges that the User Agreement and Fees Schedules are "the operative contractual

10   documents for determining the manner and method of calculating the fees that should be charged

11   to sellers on eBay and eBay Motors."  (*Id.*)

12        The User Agreement also incorporates eBay's other policies: "When using particular

13   services on our sites, you are subject to any posted policies or rules applicable to services you use

14   through the sites, which may be posted from time to time.  All such policies or rules are hereby

15   incorporated into this user agreement."  (Hartrich Decl., Ex. A at 7.)

16   **B.    eBay's Fees.**

17        The basic fee that sellers pay to list an item on eBay is known as an "Insertion Fee."

18   (Compl. ¶ 17.)  In addition, sellers can enhance their listings in various ways by selecting optional

19   features[2] and paying the applicable "Optional Feature Fees."  (*Id.*)  Plaintiff refers to these

20   Insertion Fees and Optional Feature Fees collectively as "Listing Fees."  (*Id.* ¶ 19.)  The Motors

21   Fee Schedule, which governed Plaintiff's car listing, expressly provides that: "***Insertion fees and***

22   ***optional feature fees are charged at the time of listing and are nonrefundable.***"  (Hartrich

23   Decl., Ex. B at 5 (emphasis added).)  Similarly, the main eBay Fees Schedule provides that an

24   Insertion Fee applies "*[w]hen you list an item on eBay*" and is not contingent on a successful sale

25   or any other event.  (*Id.* Ex. C at 1 (emphasis added).)[3]

26   ───────────────

[2] For example, sellers can pay to add higher resolution photographs to their listings.

27   [3] In contrast, other eBay fees are contingent on a successful sale.  For example, the Fees
     Schedules provide that a seller is charged an additional "Final Value Fee" only "[i]f your item

28   sells."  (Compl. ¶ 17.)  Final Value Fees are not at issue in this case.  (*E.g.*, *id.* ¶¶ 19, 32.)

Cooley LLP
Attorneys At Law
San Francisco

1286751 /SF                                    5.                    eBay's Motion to Dismiss
                                                                     Class Action Compl.
                                                                     CV 12-04005-EJD

## C.      eBay's Listing Formats.

Sellers can use different listing formats to list an item on eBay, including fixed-price and auction-style listings.  (Compl. ¶ 18.)  In a fixed-price listing, the seller offers an item at a fixed price known as the "Buy It Now" price.  To buy a fixed-price item, a buyer can click the "Buy It Now" button that appears on the listing.  In an auction-style listing, users place bids on the listed item and the highest bidder is the winner.  However, sellers using auction-style listings also can include a "Buy it Now" price, which allows a user to buy the item immediately at the designated price without having to place a bid and wait for the auction process to end.  (Hartrich Decl., Ex. D at 2.)  Plaintiff's Complaint focuses on these "Buy It Now" listings (that is, all fixed price listings and auction-style listings with the "Buy It Now" option).

For all listings, sellers must select the duration of the listing (*e.g.*, three, five, seven days, etc.), which defines the maximum length of time the listing will be available on the website.  If no user clicks the "Buy It Now" button, the listing will remain available until the end of the designated duration.  Alternatively, a "Buy It Now" listing can end when a potential buyer clicks the "Buy It Now" button to initiate the purchase process.  At that point, the listing is no longer available for other users to buy.  eBay discloses this basic feature of "Buy It Now" listings, explaining that "[f]ixed price listings and auction-style listings with a Buy it Now option ***end immediately when a buyer commits to purchasing the item***."  (Hartrich Decl., Ex. E at 2.) (emphasis added.)[4]   This feature is necessary because if a "Buy It Now" listing remained available after the first buyer accepted the seller's offer, other users could also select "Buy It Now," resulting in conflicting demands for the same item.

However, if a seller selects the Immediate Payment option when placing a "Buy It Now" listing, the listing will remain available on the website until the buyer has paid for the item in

---

[4] eBay similarly discloses specifically for fixed-price listings that "[w]hen you sell an item at a fixed price, your buyers have the convenience of buying the item ***immediately*** . . . ."  *Id.* Ex. F at 1.) (emphasis added.)  And eBay explains that a fixed price listing allows sellers to "list [their] items at a set price, so buyers can ***purchase right away*** . . . ."  (*Id.* Ex. D at 1 (emphasis added).)  With respect to auction-style listings, eBay informs sellers that they can "include a Buy It Now price, which lets the buyer purchase the item ***before the listing's end date***."  (*Id.* Ex. D at 2 (emphasis added).)

Cooley LLP
Attorneys At Law
San Francisco

1286751 /SF

6.

eBay's Motion to Dismiss
Class Action Compl.
CV 12-04005-EJD

accordance with the terms of the Immediate Payment option.  The option is described at length on eBay's website.  That description begins:

> If you list your item with a fixed price, you can require a buyer who clicks the Buy It Now button to pay you immediately using PayPal.  If you require immediate payment, the item remains available for purchase until a buyer has completed a PayPal payment, or until the listing expires.  The first buyer who clicks Buy It Now and completes their PayPal payment officially wins your item.  Once a buyer completes the payment, the listing ends and we let you know where you send the item.

(Hartrich Decl., Ex. M at 1.)  The option thus permits sellers to keep their listings up until payment is finalized, while also ensuring that only a single buyer can purchase the item.

### D.      The Payment Process.

The payment process for items listed on the eBay marketplace is typically handled between the buyer and seller independently.  (Hartrich Decl., Ex. G at 1.)  As eBay explains in its policies and tutorials for sellers, after a buyer clicks the "Buy It Now" button, the seller must then contact the buyer to resolve the payment and shipping process.  (*Id.* Ex. G at 1.)  As in any arm's length transaction, there is a possibility that the buyer may attempt to back out of the payment process.  Accordingly, eBay makes clear in the User Agreement, and sellers agree, as follows: "While we may help facilitate the resolution of disputes through various programs, ***we have no control over and do not guarantee*** . . . the ability of buyers to pay for items, or ***that a buyer or seller will actually complete a transaction*** or return an item."  (*Id.* Ex. A at 4 (emphasis added).)

### E.      eBay's Policies Specify The Recourse Available To Sellers If A Buyer Does Not Make Payment.

Though it does not guarantee payment, eBay provides sellers with a step-by-step process under its "Unpaid Item Policy" to help sellers address circumstances where a prospective buyer fails to complete a purchase.  (Hartrich Decl., Ex. H at 1, Ex. I at 1-2.)  First, eBay advises sellers to contact buyers directly to try to resolve any dispute.  (*Id.* Ex. I at 1.)  Second, eBay permits sellers who cannot reach resolution with buyers to "open an unpaid item case" against the buyer.  "The buyer [then] has up to 4 days to send payment after the case is opened."  (*Id.* Ex. I at 1-2.)

Cooley LLP
Attorneys At Law
San Francisco

1286751 /SF

7.

eBay's Motion to Dismiss
Class Action Compl.
CV 12-04005-EJD

1   If all these procedures are followed and the buyer still has not paid, the seller then "may be

2   credited for the final value fee" on a listing.  (*Id.* at 2, *see also id.*, Ex. H at 1.)  In contrast, the

3   Unpaid Item Policy does ***not*** provide for refunds of Listing Fees in the event a buyer does not

4   pay. (*See id.*)

5        If a listing does not result in a sale, eBay also allows qualifying sellers to relist the item

6   and obtain a credit of the Insertion Fees for the relisting.[5]  eBay's Free Relist Policy provides that

7   Insertion Fees are "normally non-refundable," but "if your listing ends without a winning buyer

8   or with an unpaid item, you can qualify for a credit if you meet certain requirements."  (Hartrich

9   Decl. Ex. K at 1.)  To obtain a credit, the seller must initially pay the applicable Listing Fees for

10   the relisting.  (Hartrich Decl., Ex. L at 1.)  If that second listing results in a sale, the seller is

11   automatically given a credit of the Insertion Fee paid for the relisting.  (*See id.*)  To qualify for

12   this credit, the relisting must (1) result in a successful sale, and (2) "the original listing and

13   relisting must be in auction-style format.  Fixed-price . . . listing formats aren't eligible for

14   relisting credits."  ( *Id.* at 1-2.)  The Free Relist Policy also notes that "[o]nly the insertion fee is

15   credited.  Listing upgrades are not credited."[6] ( *Id.* at 2.)

16        As noted above, to avoid these types of issues, eBay offers sellers the Immediate Payment

17   option, in which "Buy It Now" listings remain available for purchase until a buyer completes the

18   payment process.

19   **F.      eBay Advises Sellers Of Potential Fraud And How To Protect Themselves.**

20        eBay warns sellers about the specific type of check scam that appears to have impacted

21   Plaintiff's transaction.  On a page devoted to helping users avoid problems, eBay warns sellers

22   about "**Counterfeit check schemes**" and explains "Here's how they work":

23   ///

24   ///

25   ///

26

---

27   [5] The Unpaid Item process links directly to the Free Relist Policy.  (Hartrich Decl., Ex. I at 2.)
    [6] Similarly, eBay devotes a page of its website to explaining Insertion Fees, where eBay explains:

28   "If your listed item doesn't sell or your buyer doesn't pay, you may qualify for an ***insertion fee***
    credit by relisting the item."  (*Id.* Ex. J at 1 (emphasis added).)

Cooley LLP
Attorneys At Law
San Francisco

1286751 /SF                                8.

eBay's Motion to Dismiss
Class Action Compl.
CV 12-04005-EJD

1

2

3

4

> 1. You receive a request from a bidder to accept a cashier's check as payment or deposit for an item you are selling.
> 2. The cashier's check amount far exceeds the value of your item.
> 3. The buyer asks you to send the overpayment amount via an instant cash wire transfer such as Western Union or MoneyGram.

5

6

7

> In this case, the cashier's check is probably fraudulent. It can take weeks or months for the seller's bank to know if a check is real. If the cashier's check is fraudulent, you'll be held responsible.

8    (Hartrich Decl., Ex. N at 2.)

9        On the same page, eBay offers "General tips" for avoiding payment problems. eBay

10   specifically encourages sellers to use the Immediate Payment option to avoid such problems. (*Id.*

11   at 1 ("Require immediate payment for fixed price listings and auction-style listings with a Buy It

12   Now price.").)

13       **G.    The Named Plaintiff's Allegations.**

14       Plaintiff claims to be an experienced eBay seller, having "been a seller on eBay since May

15   of 2005." (Compl. ¶ 7.) In relation to this lawsuit, he alleges he listed a vehicle for sale three

16   times on eBay Motors using the "Buy It Now" format. (*Id.* ¶ 23.) Plaintiff allegedly first listed

17   his vehicle on February 8, 2011. (*Id.* ¶ 24.) That listing did not result in a sale, so he listed the

18   vehicle a second time on March 1, 2011. (*Id.* ¶ 25.) Plaintiff also alleges that he listed the

19   vehicle a third time, but does not allege the third listing resulted in a sale. (*Id.* ¶ 28.)

20       Plaintiff alleges that seven days into his second listing, a buyer "indicated acceptance of

21   Plaintiff's sale of the vehicle by clicking on the 'Buy It Now' button." (*Id.* ¶ 26.) When the

22   buyer clicked the "Buy It Now" button, eBay "automatically delisted the vehicle, thus preventing

23   any other person from buying it." (*Id.*) Thereafter, the "buyer requested that Plaintiff cash a

24   certified check for more than the purchase price of the vehicle and send the difference back to the

25   buyer." (*Id.* ¶¶ 26-28.) Shortly after this proposal, "eBay sent an email to Plaintiff informing him

26   that the buyer was proposing a fraudulent transaction." (*Id.* ¶ 28.) The email stated: "Please

27   don't complete the transaction and don't ship the item. You may have received an email saying

28   the buyer has paid. However, that's probably a fake message." (*Id.*) The email also suggested

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1286751 /SF                                          9.                    eBAY'S MOTION TO DISMISS
CLASS ACTION COMPL.
CV 12-04005-EJD

1   that Plaintiff consider "requiring buyers to make an immediate payment" to avoid a situation

2   where a "Buy It Now" listings ends but a buyer refuses to pay.  (*Id.*)  Plaintiff does not allege that

3   he elected to use the Immediate Payment option when he listed the vehicle.

4       Though Plaintiff admits that "eBay's User Agreement states that listing fees are non-

5   refundable" (*Id.* ¶ 20), he complains that eBay does not "explain that it will automatically delist

6   'Buy It Now' listings whenever a prospective buyer clicks the 'Buy It Now' option regardless of

7   whether or not payment is made."  (*Id.*)  Plaintiff also complains about the warning that eBay sent

8   to him about potential fraud, which he incorrectly characterizes as a "command" not to complete

9   the transaction.  Plaintiff does not claim that the warning injured him, but appears to complain

10  that eBay did not warn him of the risk of fraud or means of preventing it *before* he created his

11  listing.  (*Id.* ¶ 28.)  The allegations ignore both eBay's express disclosures about the very fraud

12  scheme at issue, as described above, and eBay's recommendation that sellers "[r]equire

13  immediate payment for fixed price listings and auction-style listings with a Buy It Now price."

14  (*See* § II(E), above.)

15      Despite his admission that Listing Fees are nonrefundable, (Compl. ¶ 20), Plaintiff claims

16  he should have been "fully refunded" for the Listing Fees he paid, or alternatively that he should

17  have received a credit for additional listing time.  Plaintiff, however, does not allege that eBay

18  failed to provide him with any of the recourse available under the existing terms and policies of

19  his agreement with eBay.[7]

20      Based on the above facts, Plaintiff's Complaint alleges causes of action for violations of

21  the FAL, CLRA, and UCL; breach of the implied covenant of good faith and fair dealing; breach

22  of quasi-contract; and declaratory judgment.  (*Id.* ¶¶ 49-108.)  Notably, Plaintiff does not assert a

23  claim for the breach of any express term in the User Agreement or any incorporated Fees

24  Schedules or policies.  Plaintiff purports to represent a putative class, defined as follows:

25

26  _____

27  [7] Plaintiff does not allege that he qualified for an Insertion Fee credit under the Free Relist Policy.
    He does not allege that he relisting resulted in a successful sale, as required by the policy.  (*E.g.*,
    Compl. ¶ 28-30.)  Nor does he allege that his listings were in auction-style format, as further

28  required by the policy, and suggests his listings were fixed-price.  (*See id.* ¶¶ 2, 18, 19, 20.)

1

2

3

4

> All United States Residents with eBay accounts who listed an item for sale within the past four (4) years (the "Class Period") and paid eBay one or more insertion fees, or optional features fees ("listing fees"), and whose item was prematurely delisted when the "Buy It Now" button was selected, notwithstanding the fact that payment was never made by the buyer, and who did not receive a full refund or credit of the listing fees paid.

5

6

(*Id.* ¶ 32.)  Plaintiff also seeks to assert a subclass of class members for whom "eBay specifically instructed the seller not to complete the transaction."  (*Id.* ¶ 33.)

7

### III.   LEGAL STANDARDS

8

9

10

11

12

13

14

The Court must dismiss a claim unless the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  For a claim to have facial plausibility, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  In contrast, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" survive a motion to dismiss.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

15

16

17

18

19

The decision whether or not to grant leave to amend "is generally within the discretion of the district court."  *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).  Leave to amend may properly be denied "where it is clear . . . that the complaint could not be saved by any amendment."  *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004).

20

21

22

23

24

25

When a complaint "allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of that claim . . . the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading . . . as a whole must satisfy the particularity requirement of Rule 9(b)."  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (citation omitted).  Rule 9(b) mandates that "a party must state with particularity the circumstances constituting fraud or mistake," as further discussed below.  Fed. R. Civ. P. 9(b).

26

### IV.   ARGUMENT

27

#### A.     Plaintiff's Fraud-Based Claims All Fail As A Matter Of Law.

28

Plaintiff's FAL, CLRA, and UCL claims (his "fraud-based claims") all are based on

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1286751 /SF

11.

EBAY'S MOTION TO DISMISS
CLASS ACTION COMPL.
CV 12-04005-EJD

1   allegations that eBay engaged in a course of "fraudulent" conduct by "misrepresenting" or

2   "omitting" the fact that "Buy It Now" listings terminate when a buyer clicks the "Buy It Now"

3   button.  (*E.g.*, Compl. ¶¶ 51, 70, 92.)  These fraud-based claims fail because Plaintiff does not

4   specifically allege: (i) any affirmative misstatement by eBay about when "Buy It Now" listings

5   will end; (ii) any statement by eBay that was supposedly misleading by omission; or (iii) that he

6   relied on any misstatement or omission in deciding to place "Buy It Now" listings on eBay.

7                    **1.        Plaintiff Fails To Allege An Affirmative Misstatement.**

8              Under established Ninth Circuit precedent, Plaintiff's fraud-based claims must satisfy the

9   heightened pleading requirements of Rule 9(b) because they are all based on eBay's alleged

10  fraudulent conduct related to "Buy It Now" listings.[8]  *Kearns*, 567 F.3d at 1125 ("Rule 9(b)'s

11  heightened pleading standards apply to claims for violations of the CLRA and UCL"); *Vess v.*

12  *Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (Rule 9(b) applies to UCL and FAL

13  claims based on allegations "that the defendant has engaged in fraudulent conduct").  Rule 9(b)

14  requires the plaintiff to plead the "who, what, when, where, and how of the misconduct charged."

15  *Kearns*, 567 F.3d at 1124 (citation omitted).

16             Here, Plaintiff's claims are predicated on the allegation that "[a] reasonable person would

17  expect that in order to 'Buy It Now' and cause the item to be delisted, one would actually have to

18  complete the transaction by purchasing the item."  (Compl. ¶ 20.)  But apart from simply

19  proclaiming that sellers had such an expectation, the Complaint is devoid of any alleged facts to

20  support Plaintiff's conclusory assertion.  Plaintiff fails to cite any contract term, website content,

21  advertisement, or any other statement that would suggest that eBay ever told sellers that a

22  prospective buyer must "complete the transaction by purchasing the item" before Listing Fees

23  will be due.  (*Id.*)  Nor does he allege that eBay ever promised sellers that they would be given a

24  refund of Listing Fees or a free relisting if a prospective buyer does not pay.  The Complaint

25  omits these allegations, of course, because eBay never made any such representations.  To the

26

27  _____

    [8] Plaintiff himself characterizes his claims as arising from fraudulent conduct.  (*E.g.*, Compl. ¶¶
28  56-58 ("Plaintiff and class members have suffered injury in fact and have lost money as a result
    of Defendant's fraudulent conduct . . . .").)

1   contrary, eBay advises sellers that "we have no control over and do not guarantee . . . the ability

2   of buyers to pay for items, or that a buyer or seller will actually complete a transaction or return

3   an item." (Hartrich Decl., Ex. A at 4.)  Indeed, by excluding any breach of contract claim from

4   the Complaint, Plaintiff essentially concedes that he cannot identify any provision in the User

5   Agreement, the Fee Schedules, or eBay's incorporated policies to support his fraud-based claims.

6   This failure of pleading alone mandates dismissal, without leave to amend.

7               **2.       Plaintiff Fails To Allege A Misleading Omission.**

8               Moreover, Plaintiff cannot avoid Rule 9(b)'s heightened pleading requirements merely by

9   framing his fraud-based claims as being predicated on misleading omissions as opposed to

10  affirmative misstatements.  *See Kearns*, 567 F.3d at 1127 ("[N]ondisclosure is a claim for

11  misrepresentation in a cause of action for fraud [and] it (as any other fraud claim) must be

12  pleaded with particularity under Rule 9(b)."); *Hovsepian v. Apple, Inc.*, No. 08-5788 JF, 2009

13  U.S. Dist. LEXIS 117562, at *13 (N.D. Cal. Dec. 17, 2009) (Fogel, J.) ("*Kearns* held that a UCL

14  claim based on an alleged omission is subject to Rule 9(b) . . . .").  Under Rule 9(b), a Plaintiff

15  pursuing an omissions-based claim must "plead the circumstances of omission with specificity

16  [by describing] the content of the omission and where the omitted information should or could

17  have been revealed, as well as provide representative samples of advertisements, offers, or other

18  representations that plaintiff relied on to make her purchase and that failed to include the

19  allegedly omitted information." *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 1002 (N.D.

20  Cal. 2009).

21              *Kearns* is instructive here.  That case involved Ford's Certified Pre-Owned ("CPO")

22  vehicle program, in which Ford marketed CPO vehicles sold by its dealerships.  *Kearns*, 567 F.3d

23  at 1127.  The plaintiff asserted claims under the CLRA and UCL, alleging that Ford failed to

24  disclose that it had little oversight over the CPO certification process.  *Id.*  The Ninth Circuit

25  concluded that the nondisclosure claims were grounded in fraud, and were properly dismissed

26  because the plaintiff's "claims of nondisclosure were couched in general pleadings alleging

27  Ford's intent to conceal from customers that CPO vehicles were essentially the same as ordinary

28  used vehicles." *Id.* at 1127.  The Court thus affirmed dismissal, given the plaintiff's failure to

"articulate the who, what, when, where, and how of the misconduct alleged." *Id.* at 1126.

Plaintiff's Complaint fails for the same reason. Instead of pleading an omission with specificity, Plaintiff relies on a vague theory that eBay:

> fraudulently omitted . . . the fact that: certain 'Buy It Now' items may be prematurely delisted by eBay without the supposed sale transaction being completed, through no fault of the seller, without a full refund or credit of the listing fee. Defendant also omitted to disclose that it would, in certain instances, command sellers not to complete transactions, but still would not fully refund or credit listing fees.

(Compl. ¶¶ 51, 70.)   Plaintiff does not identify, as he must, where these supposed omissions "should or could have been revealed"; nor does he identify any specific eBay statements that he reviewed "that failed to include the allegedly omitted information." *See Marolda*, 672 F. Supp. 2d at 1002. The reason Plaintiff cannot identify any such statements, of course, is because eBay specifically advised him (and all other sellers) that Listing Fees "are nonrefundable" and that eBay does "not guarantee . . . that a buyer or seller will actually complete a transaction or return an item." (Hartrich Decl., Exs. B at 5, A at 3.) Plaintiff cannot tenably claim that eBay engaged in a fraud by omission when eBay explained exactly when Listing Fees will be charged and billed him in accordance with those terms. Plaintiff's apparent ignorance of these terms cannot support a claim for fraud by omission.

### 3.   Plaintiff Fails To Allege Reliance On Any Misstatement Or Omission.

Under Rule 9(b), a plaintiff must also allege detrimental reliance, *i.e.*, that he would have made a different consumer decision ***but for*** the alleged misstatements at issue. *See, e.g.*, *Faigman v. Cingular Wireless, LLC*, No. C 06-04622, 2007 WL 708554, at *5 (N.D. Cal. Mar. 2, 2007) (explaining that "plaintiffs must allege that they would have acted differently—i.e., not purchased phones or services from Cingular, or opted for different Cingular products or services—had plaintiffs known" the undisclosed facts)*; Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 947 (S.D. Cal. 2007) (dismissing CLRA claim where the plaintiff "[did] not allege that false statements or claims had anything to do with her decision to purchase the" products at issue ). Allegations of detrimental reliance must be supported by specific facts. *Marolda*, 672 F. Supp. 2d at 1001 ("'[T]he same level of specificity is required with respect to [pleading] reliance' as

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1286751 /SF

14.

EBAY'S MOTION TO DISMISS
CLASS ACTION COMPL.
CV 12-04005-EJD

with respect to misrepresentations." (quoting *Mazur v. eBay Inc.*, 2008 WL 618988, at *13 (N.D. Cal. Mar. 4, 2008)).

Here, in addition to his failure to identify any misrepresentation or omission by eBay, Plaintiff also fails to allege any detrimental reliance as needed to support his fraud-based claims. Nowhere does Plaintiff allege that eBay's supposed misstatements or omissions (which he never identifies) caused him to believe that he would receive a refund or a free relisting if a sale was not completed. Nor does he allege specific facts to show that he relied on any such assumption in deciding to list items on eBay or to use the "Buy It Now" listing format. Accordingly, there is no basis from the Complaint to conclude that Plaintiff would have acted any differently, regardless of eBay's alleged misstatements and omissions (which, again, are never specified in the first place). This failure to allege reliance provides another independent reason to dismiss to Plaintiff's fraud-based claims.

In short, the Complaint alleges *none* of the critical facts needed to state a viable claim for fraud under the heightened pleading requirements of Rule 9(b) and each failure is independently fatal to his fraud-based claims. Indeed, Plaintiff's conclusory allegations do not even pass muster under Rule 8, because he offers nothing more than "legal conclusion[s] couched as . . . factual allegation[s]," which "courts are not bound to accept as true." *Twombly*, 550 U.S. at 555 (quotation marks and citation omitted).

### B. Plaintiff Cannot Manufacture Liability For Practices That Fully Complied With eBay's Express Terms And Policies.

Moreover, Plaintiff's claims should be rejected because his contract with eBay addresses the very subject that he complains about (the relief available when prospective buyers do not pay) and expressly precludes the remedies he seeks to impose. This is fatal not only to the fraud-based claims but also the claims for breach of the implied covenant of good faith and fair dealing and for "quasi-contract."

Where a defendant has complied with the contract between the parties, established law precludes the plaintiff from imposing liability by alternatively framing his claim under a fraud-based theory. For example, in *Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 796

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1286751 /SF

15.

EBAY'S MOTION TO DISMISS
CLASS ACTION COMPL.
CV 12-04005-EJD

1  (9th Cir. 1996), the plaintiff sued his insurance company for breach of contract and common law
2  fraud, and the district court dismissed both claims.  On appeal, the Ninth Circuit affirmed
3  dismissal of the fraud claim, finding that the plaintiff "could not properly allege a claim for fraud"
4  because the defendant "had fulfilled its obligations under the [agreement]. Thus, the alleged
5  misrepresentation is not false, and therefore not fraudulent."  *Id*. (citation omitted).  *See also*
6  *Guerard v. CNA Fin. Corp.*, No. 4:09-CV-01801, 2009 WL 3152055 at *5 (N.D. Cal. Sept. 23,
7  2009) (dismissing fraud claims where the contract terms at issue were "unambiguous" and, thus,
8  could not be fraudulent).

9     Courts have reached the same result by finding that a plaintiff cannot allege reasonable
10  reliance where a defendant complies with the contract terms and disclosures at issue.  For
11  example, in *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1164 (9th Cir. 2012), the Ninth
12  Circuit affirmed dismissal of a fraudulent concealment claim where the plaintiff could have
13  discovered the disputed fees by reading the contract terms and applicable disclosures.  The Court
14  explained that under these circumstances, "reliance on the purported misrepresentation was
15  manifestly unreasonable." *Id.*; *see also Woods v. Google, Inc.*, 5:11-cv-01263, --- F. Supp. 2d ---,
16  2012 WL 3673319, at *14-15 (N.D. Cal. Aug. 24, 2012) (dismissing FAL and UCL claims
17  because plaintiff could not have reasonably relied on alleged misstatements that contradicted the
18  plain language of the applicable contract); *Brown v. Wells Fargo Bank, NA*, 168 Cal. App. 4th
19  938, 958-59 (2008) (explaining that there can be no reasonable reliance where plaintiff "had a
20  reasonable opportunity to discover the true terms of the contract").

21     In the specific contexts of the UCL, FAL, and CLRA, courts have routinely dismissed
22  claims where the defendant "complied with the express terms of the contracts, and charged
23  plaintiffs in accordance with their terms."  *Spiegler v. Home Depot U.S.A., Inc.*, 552 F. Supp. 2d
24  1036, 1045 (C.D. Cal. 2008).  In these circumstances, "the UCL cannot be used to rewrite [the
25  parties'] contracts or to determine whether the terms of their contracts are fair."  *Id*. at 1046; *see*
26  *also Guerard*, 2009 WL 3152055, at *6 (dismissing UCL and FAL claims because "the
27  interpretation of the clear and unambiguous terms of the policy cannot constitute an unfair,
28  unlawful or fraudulent act . . . ."); *Janda v. T-Mobile, USA, Inc.*, No. C 05-03729, 2009 WL

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1286751 /SF                                16.

EBAY'S MOTION TO DISMISS
CLASS ACTION COMPL.
CV 12-04005-EJD

1   667206, at *5 (N.D. Cal. Mar. 13, 2009) (dismissing CLRA and UCL claims where the defendant

2   charged fees consistent with its contract terms and disclosures).

3       Similarly, a plaintiff cannot assert a claim for breach of implied duties that contradict the

4   express terms of a contract.   "It is universally recognized the scope of conduct prohibited by the

5   covenant of good faith is circumscribed by the . . . express terms of the contract."   *Carma*

6   *Developers (Cal.) Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 373 (1992).   *See also id.* at

7   374 ("We are aware of no reported case in which a court has held the covenant of good faith may

8   be read to prohibit a party from doing that which is expressly permitted by an agreement.  On the

9   contrary, and as a general matter, implied terms should never be read to vary express terms.").

10      Here, Plaintiff admits that the User Agreement and incorporated Fee Schedules set forth

11  the binding terms that govern his relationship with eBay.  (Compl. ¶ 16 (alleging that the User

12  Agreement and Fees Schedules "comprise the operative contractual documents for determining the

13  manner and method of calculating the fees that should be charged to sellers").)   Yet he seeks to

14  impose new contractual terms that run directly contrary to those he agreed to, in violation of the

15  established standards above.

16          **1.     eBay's terms and policies expressly preclude Plaintiff's demands.**

17      First, Plaintiff claims that eBay must either refund all Listing Fees or provide a free

18  relisting where "a prospective buyer clicks the 'Buy It Now' button . . . [but] does not complete the

19  transaction."  (*Id.* ¶ 20.)  But the Motors Fees Schedule that governs his listings expressly provides

20  that "Insertion fees and optional feature fees ***are charged at the time of listing and are***

21  ***nonrefundable***."  (Hartrich Decl., Ex. B at 5 (emphasis added); *see* § II(C), above.)   Indeed,

22  Plaintiff admits that the "User Agreement states that listing fees ***are nonrefundable***" and does not

23  claim this term is somehow unenforceable.[9]  (Compl. ¶ 20 (emphasis added).)  Plaintiff further

24  acknowledges that, as a result of this term, "prospective sellers are on notice that they will not

25

26  [9] In paragraph 71 of his Complaint, Plaintiff offers a conclusory assertion that "Defendant's 'no
    refund' policy/provision of the User Agreement is unconscionable given that certain items may be
27  delisted, despite the fact that the sale transaction was not completed and through no fault of the
    seller, without refund . . . ."  However, Plaintiff does not argue that the term is unenforceable, nor
28  does he state any facts to support a finding of unconscionability under California law.

receive a refund [of Listing Fees] if their item runs its course and does not sell . . . ." (*Id.* ¶ 20.) The Court need look no further than these admissions to reject Plaintiff's claims as matter of law.[10]

Second, the Unpaid Item Process, described above, sets forth the limited circumstances when sellers can seek a refund and specifies the fees that can potentially be refunded. (*See* § II(D), above.) Under these terms, Plaintiff cannot demand a refund of his Listing Fees as the agreement specifies that "[i]f you didn't receive payment from the buyer, you may be credited for the ***final value fee***" and ***not*** the Listing Fees that are the subject of Plaintiff's Complaint. (*Id.* (quoting Hartrich Decl., Ex. I at 2).) This is, of course, consistent with the general provision above that Listing Fees "are nonrefundable."

Third, the Free Relist Policy explains how sellers can relist an item "if your buyer doesn't pay" and the specific requirements needed to "qualify for an insertion fee credit" for the relisting. (*Id.* (quoting Hartrich Decl., Ex. L at 1).) Under the Free Relist Policy, Plaintiff cannot demand that eBay "relist [his] items without incurring additional fees," (Compl. ¶ 3), when eBay specifically requires sellers to pay Listing Fees upfront to relist an item. Nor can Plaintiff insist that a free relisting be provided without conditions, when the Free Relist Policy specifies that an "insertion fee credit" is provided only "if your relisting qualifies" under specific requirements. (Hartrich Decl., Ex. K, Ex. L at 1.) Under these requirements, Plaintiff cannot demand a free relisting for the fixed-price listing of his vehicle[11] because "***[f]ixed-price . . . listing formats aren't eligible for relisting credits***." (Hartrich Decl., Ex. L at 2).) Nor can he seek a refund of his Optional Feature Fees, when the Free Relist Policy states that "[o]nly the insertion fee is credited," and that "[l]isting upgrades are not credited." (*Id.*)

---

[10] Consistent with that understanding, Plaintiff does not seek a refund of the Listing Fees he paid for his initial listing, which "ran its course" without anyone buying his car. (*E.g.*, *id.* ¶¶ 24-25, 28-30.) Nor does he seek a refund of Listing Fees for his third listing, the success or failure of which he does not allege in the Complaint. (*See id.*)

[11] Though the Complaint is often vague about the details of Plaintiff's listings and which fees he allegedly paid, Plaintiff repeatedly suggests his listings were in a fixed-price format, and makes a number of key allegations only for fixed-price listings. (*See* Compl. ¶ 18 ("When items are sold at a fixed price, a 'Buy It Now' button appears in the listing."); ¶ 19 (discussing "insertion fees and listing upgrade fees . . . paid in conjunction with the listing of fixed price items); ¶ 20 ("The problem at issue in this action is this: eBay delists a fixed price item when a prospective buyer clicks the 'Buy It Now' button . . . .").

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1286751 /SF

18.

EBAY'S MOTION TO DISMISS
CLASS ACTION COMPL.
CV 12-04005-EJD

1    Fourth, sellers can select the Immediate Payment option for their listing if they are

2    concerned that a prospective buyer might click the "Buy It Now" option but then not pay.  (*See* §

3    II(D), above.)  By selecting this option, a seller can ensure that the listing remains available for

4    other users to purchase until a prospective buyer not only clicks the "Buy It Now" button but also

5    completes the payment process.  Plaintiff does not allege that he chose this option when he placed

6    his listing and cannot change his mind after the fact, as he essentially seeks to do here.

7    Fifth, under the User Agreement Plaintiff agreed that he would "not hold eBay responsible

8    for other users' content, actions, or inactions"; that eBay is "not involved in the actual transaction

9    between buyers and sellers"; and that eBay "[has] no control over and do[es] not guarantee . . .

10   the ability of sellers to sell items, the ability of buyers to pay for items, or that a buyer or seller

11   will actually complete a transaction or return an item."  (Hartrich Decl., Ex. A at 4.)  These terms

12   bar Plaintiff's claims, which seek to hold eBay liable because another "user's … actions"

13   prevented him from "complet[ing] a transaction."

14   In sum, eBay's terms and policies expressly address the circumstances that impacted

15   Plaintiff's listing and provides specified recourse when a prospective buyer does not pay.

16   Plaintiff does not allege that eBay violated any of these terms or that he was somehow deprived

17   of the terms he agreed to.[12]  Instead, he seeks to manufacture entirely new obligations on Bay that

18   exist nowhere in his contract, while erasing the express terms and limitations that he already

19   agree to.  Established law precludes Plaintiff from rewriting his contract in this manner, under any

20   of his proffered legal theories.  *See, e.g.*, *Spiegler*, 552 F. Supp. 2d at 1045-46 (holding "the UCL

21   cannot be used to rewrite [the parties'] contracts or to determine whether the terms of their

22   contracts are fair"); *Guerard*, 2009 WL 3152055 at *6 (dismissing UCL and FAL claims because

23   "the interpretation of the clear and unambiguous terms of the policy cannot constitute an unfair,

24   unlawful, or fraudulent act . . ."); *Carma Developers*, 2 Cal. 4th at 373-74 ("We are aware of no

25   reported case in which a court has held the covenant of good faith may be read to prohibit a party

26

27   _____

     [12] Moreover, eBay credits only the first set of Insertion Fees paid, and only if the first relisting is
28   successful.  (Hartrich Decl, Ex. L at 1 ("If the item sells the second time you list it, you could
     qualify for an insertion fee credit. . . . Only the first relisting of an item is eligible.").)

1   from doing that which is expressly permitted by an agreement."); *Jenkins*, 95 F.3d at 796

2   (dismissing fraud claim because plaintiff "could not properly allege a claim for fraud" where

3   defendant "had fulfilled its obligations under the policy.  Thus, the alleged representation is not

4   false, and therefore not fraudulent"); *Davis*, 691 F.3d at 1164 (affirming dismissal of fraudulent

5   concealment claim because, where plaintiff could have discovered fees by reading terms and

6   disclosure statement, "reliance on the purported misrepresentation was manifestly unreasonable").

7          **2.      Plaintiff's allegation that eBay prevented him from being defrauded
              does not support liability under any conceivable theory.**
8

9          Plaintiff further insists that he should get a refund or a free relisting because eBay warned

10   him not to proceed with his transaction due to the risk of fraud.  (Compl. ¶ 28.)  As described

11   above, the prospective buyer's communications with Plaintiff (asking him to cash a certified

12   check for more than the purchase price of his vehicle and to send the difference to the buyer)

13   strongly suggested that the buyer was trying to ensnare Plaintiff in a fraudulent check scheme.

14   (*See id.* ¶ 27.)  eBay specifically warned its users of this type of fraud on its website.  (Hartrich

15   Decl., Ex. N at 2.)  Further, in an attempt to prevent Plaintiff from becoming a victim of this

16   specific fraud (and as alleged by Plaintiff), eBay advised him: "Please don't complete the

17   transaction and don't ship the item.  You may have received an email saying the buyer has paid.

18   However, that's probably a fake message."  (Compl. ¶ 28.)  Incredibly, Plaintiff now tries to twist

19   eBay's warning into an additional basis for liability.  This nonsensical claim should be rejected

20   for multiple reasons.

21          First, Plaintiff claims that eBay "ordered" him not to complete the sale, as if eBay had

22   issued a mandatory instruction preventing him from consummating a legitimate transaction.  But

23   eBay simply cautioned Plaintiff of the risks of fraud for his own protection.  (*See id.*)  Nothing in

24   the email cited by Plaintiff can in any way be read as a command.  The truth is that,

25   notwithstanding this warning, Plaintiff was free to engage in the transaction if he wished to

26   assume the risk of being defrauded.  If he had done so, the result may well have been the result

27   eBay warned him of: Plaintiff would have lost his car and been forced to reimburse his bank for

28   the entire amount of the cashier's check (both the amount for the car and the excess provided to

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1286751 /SF                                    20.                          EBAY'S MOTION TO DISMISS
                                                                             CLASS ACTION COMPL.
                                                                             CV 12-04005-EJD

the fraudulent buyer). The fact that he voluntarily (and sensibly) chose to heed eBay's warning does not plausibly support liability under any theory.

Second, Plaintiff claims that eBay's warning somehow violated a term in the User Agreement providing that: "We [eBay] are not involved in the actual transaction between buyers and sellers." (*Id.* ¶ 21.) But that general advisement has nothing to do with the specific circumstances at hand, and certainly does not preclude eBay from taking steps to protect its members from fraud. Indeed, Judge Breyer in this District has considered this specific provision and held it does ***not*** "bind[] eBay to any course of conduct" but rather is a "declaration[] intended to limit eBay's liability . . . ." *See Block v. eBay, Inc.*, No. 3:11-cv-06718, 2012 WL 1601471, at *3 (N.D. Cal. May 7, 2012).

Last, while Plaintiff may have been upset that he could not complete a sale, he had various options available to him to address the situation, as described above. Plaintiff does not allege that eBay deprived him of any of those options and is accusing eBay of wrongdoing simply because eBay provided a warning to prevent him from becoming a victim of fraud. The Court should not allow Plaintiff to exploit and distort eBay's legitimate practices for personal gain in this manner.

### C.     Plaintiff's Implied Covenant Of Good Faith And Fair Dealing Claim Fails.

Plaintiff alleges that eBay violated the implied covenant of good faith and fair dealing because the "essential terms of contract or agreement are that Plaintiff and class members will pay listing fees or other associated costs to list their personal items for sale on eBay for specified periods of time." (Compl. ¶ 83.) This "implied duty" claim fails for two reasons.

First, as discussed above, Plaintiff cannot impute implied terms that are inconsistent with the express terms of the contract. *See* § IV(A), above; *see also Woods*, 2012 WL 3673319, at *12 ("A plaintiff must show that the conduct of the defendant, whether or not it also constitutes a breach of a consensual contract term, demonstrates a failure or refusal to discharge contractual responsibilities.") (quotation marks and citation omitted). As discussed above, the remedies that Plaintiff seeks to impose run directly contrary to the express terms providing that (i) Listing Fees "are charged at the time of listing and are nonrefundable," and (ii) eBay "[has] no control over and do[es] not guarantee . . . that a buyer or seller will actually complete a transaction . . . ." (*See*

Cooley LLP
Attorneys At Law
San Francisco

1286751 /SF                                                    21.

eBay's Motion to Dismiss
Class Action Compl.
CV 12-04005-EJD

1 § IV(A), above.)

2          Second, the implied covenant applies only in limited circumstances where a contract

3 expressly grants one party discretion over its own performance, such that a literal interpretation of

4 the contract would render it illusory and unenforceable. *See Third Story Music, Inc. v. Waits*, 41

5 Cal. App. 4th 798, 802-06 (1995) (contract contained express clause giving one contracting party

6 complete discretion "at [its] election" to market or refrain from marketing certain music to which

7 the other contracting party owned royalty rights); *id.* at 806-08 (collecting cases illustrating the

8 limited circumstances in which an implied covenant claim can be applied); *Wolf v. Walt Disney*

9 *Pictures & Television*, 162 Cal. App. 4th 1107, 1121 (2008) (contract expressly gave defendant

10 "unfettered discretion" to license or not license movie franchise as it "saw fit"). In such cases,

11 courts prefer to uphold the contract and therefore find that the party with discretion must exercise

12 it in good faith. *Third Story Music*, 41 Cal. App. 4th at 802-06. Here, the Complaint does not

13 allege the existence of any term that gives eBay discretion to perform, much less any express term

14 that would, if interpreted literally, render the entire contract illusory or unenforceable. Rather

15 than alleging such a term, Plaintiff simply attempts to rewrite the contract to change the terms

16 applicable to "Buy It Now" listings. This cannot support an implied duty as a matter of law.

17          **D.      Plaintiff's UCL Claim Fails.**

18          Plaintiff offers nothing new in his UCL claim, but simply incorporates his previous

19 allegations and claims that removing a listing when "Buy It Now" is selected is "unfair, unlawful,

20 and fraudulent." (Compl. ¶ 90.) Plaintiff's claim under the "fraudulent" prong of the UCL fails,

21 as discussed, because Plaintiff does not allege reasonable reliance upon any misrepresentation or

22 omission, and because eBay's actions were authorized by the plain terms of its contract with

23 Plaintiff. (*See* § IV(B), above.) Plaintiff's claims under the "unfair" and "unlawful" prongs

24 similarly fail because eBay cannot be held liable for complying with the express terms and

25 policies of the User Agreement.

26          Under the "unfair" prong, Plaintiff bears the burden of alleging a consumer injury that (1)

27 is substantial; (2) is not outweighed by any countervailing benefit to consumers or to competition;

28 and (3) is not an injury the consumers themselves could reasonably have avoided. *Wood*s, 2012

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1286751 /SF                                    22.                                    **EBAY'S MOTION TO DISMISS
CLASS ACTION COMPL.
CV 12-04005-EJD**

1    WL 3673319, at *13.  Here, Plaintiff's "unfair" claim fails for multiple reasons.  First, there is no

2    cognizable consumer injury unless Plaintiff can plead facts showing that he had a legal right to

3    the refunds or additional listing time that he demands.  Plaintiff pleads no such facts, and under

4    the contract had no such rights.  (*See* § IV(A), above.)  Second, even assuming a potential injury,

5    Plaintiff could easily have avoided any such alleged injury simply by using eBay's Immediate

6    Payment option.  (*See* § IV(A)(4), above.)

7         Under the "unlawful" prong, Plaintiff bears the burden of adequately pleading violations

8    of other laws.  This he attempts to do by restating his fraud-based claims and his implied

9    covenant claim and referring in a conclusory fashion to certain Civil Code sections defining

10   fraud.  Each of these allegations fails, for the reasons set forth in Sections IV(A), IV(B), and

11   IV(C), above.  Moreover, common law claims as a matter of law cannot serve as a predicate act

12   under the unlawful prong of the UCL.  *See, e.g.*, *Hartless v. Clorox Co.*, No. 06-cv-2705, 2007

13   WL 3245260, at *5 (S.D. Cal. Nov. 2, 2007) (analyzing case law and concluding that a common

14   law claim cannot serve as a predicate act for the UCL's unlawful prong).  Though Plaintiff recites

15   a laundry list of code sections he claims were violated in discussing his FAL claim (but not his

16   UCL claim), he fails to explain how any of them apply here.  Simply reciting statutes and

17   concluding that they were violated is not enough to meet Plaintiff's burden.  *See, e.g.*, *Twombly*,

18   550 U.S. at 555 ("[L]abels and conclusions, and a formulaic recitation of the elements of a cause

19   of action will not" survive a motion to dismiss); *Iqbal*, 556 U.S. at 679 ("While legal conclusions

20   can provide the framework of a complaint, they must be supported by factual allegations.").

21   "Because [Plaintiff] did not plead [any] of those claims adequately, he . . . has failed to state a

22   claim under [the unlawful] prong of the UCL."  *Woods*, 2012 WL 3673319, at *8.

23        **E.    Plaintiff's "Breach of Quasi-Contract" Claim Fails.**

24        Plaintiff's "breach of quasi-contract" claim fails by its own terms.  Plaintiff alleges that

25   "[t]o the extent that a contract or agreement did not exist between Plaintiff and class members . . .

26   and Defendant . . . the facts and circumstances alleged herein gave rise to a quasi or implied

27   contract . . . ." (Compl. ¶ 101.)  But as Plaintiff admits, a contract ***did*** exist between Plaintiff and

28   eBay.  (*E.g.*, Compl. ¶ 16.)  Thus, this claim should be dismissed with prejudice.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1286751 /SF                                    23.                          EBAY'S MOTION TO DISMISS
                                                                            CLASS ACTION COMPL.
                                                                            CV 12-04005-EJD

1    This result is consistent with case law providing that "under California law, unjust

2    enrichment is an action in quasi-contract.  An action based on quasi-contract cannot lie where a

3    valid express contract covering the same subject matter exists between the parties."  *Gerlinger v.*

4    *Amazon.com, Inc.*, 311 F. Supp. 2d 838, 856 (N.D. Cal. 2004) (citing *Paracor Fin., Inc. v. Gen.*

5    *Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996)); *see also GA Escrow, LLC v. Autonomy*

6    *Corp. PLC*, No. C 08-01784, 2008 WL 4848036, at *6-7 (N.D. Cal. Nov. 7, 2008) ("A Plaintiff

7    cannot survive a motion to dismiss an 'unjust enrichment' cause of action if the complaint also

8    alleges tort claims and claims based on the existence of a valid, express contract between the

9    parties.").

10    Plaintiff's "quasi-contract" claim is simply an unjust enrichment claim.  (*See, e.g.*, Compl.

11    ¶ 102 ("Defendant received a benefit at the expense of Plaintiff and class members"); ¶ 103

12    ("Defendant has been unjustly enriched"); ¶ 104 ("Defendant has reaped the benefits of Plaintiff's

13    and class members' payments"); ¶ 105 ("Defendant will be unjustly enriched unless ordered to

14    disgorge those profits for the benefit of Plaintiff and class members").)  Not only is unjust

15    enrichment unavailable because an express contract exists, but it is well-established that

16    California law provides no independent cause of action for unjust enrichment.  *See, e.g.*, *Swanson*

17    *v. USProtect Corp.*, No. C 05-602, 2007 WL 1394485, at *5 (N.D. Cal. May 10, 2007)

18    (dismissing unjust enrichment claim because "[t]here is no cause of action in California for unjust

19    enrichment") (quoting *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003)).

20    **F.    Plaintiff Is Not Entitled To Declaratory Judgment**

21    Plaintiff seeks a declaratory judgment essentially declaring that his claims are valid.  (*See*

22    Compl. ¶ 108.)  The Court should dismiss this claim for two reasons.

23    First, declaratory relief "is not an appropriate remedy for past misconduct."  *See SBA*

24    *Commc'ns, Inc. v. Zoning Comm'n of Town of Brookfield*, 96 F. Supp. 2d 139, 141 (D. Conn.

25    2000) (dismissing claim for declaratory relief based on "Defendant's alleged past misconduct");

26    *Great Lakes Reinsurance (UK) PLC v. TLU Ltd.*, No. 07-61259, 2008 WL 828122, at *1 (S.D.

27    Fla. Mar. 27, 2008) (dismissing claim for declaratory relief because "[t]he point of a declaratory

28    judgment is to permit actual controversies to be settled before they ripen into violations of law,

Cooley LLP
Attorneys At Law
San Francisco

1286751 /SF

24.

eBay's Motion to Dismiss
Class Action Compl.
CV 12-04005-EJD

1   not to adjudicate past conduct") (quotation marks and citation omitted).

2       Second, courts routinely exercise their discretion to dismiss declaratory judgment claims

3   where the claim is duplicative of other substantive claims asserted in the same complaint, and

4   here Plaintiff's declaratory judgment claim is entirely derivative of his other five claims.

5   Accordingly, the claim should be dismissed as a duplicative and unnecessary appendage to the

6   Complaint. *See, e.g.*, *Kinghorn v. Citibank, N.A.*, No. C. 97-3111, 1999 WL 30534, at *7 (N.D.

7   Cal. Jan. 20, 1999) ("Where a party seeks declaratory relief and a substantially similar alternative

8   remedy, the court may exercise its discretion to dismiss the declaratory judgment claim."); *Clark*

9   *v. Caln Township*, Civ. A. No. 90-1551, 1991 WL 86911, at *6 (E.D. Pa. May 20, 1991)

10  (dismissing declaratory judgment claim "because resolution of the other counts of the complaint

11  will necessarily clarify the legal relations at issue in this case, [and thus] it does not appear that a

12  declaratory judgment would serve any useful purpose").

13  **V.    CONCLUSION**

14      For the foregoing reasons, eBay respectfully requests that this Court grant eBay's motion

15  to dismiss.  Moreover, dismissal should be with prejudice because Plaintiff cannot plead around

16  the express terms of the User Agreement, which are undisputed and bar his claims as a matter of

17  law.  Any amendment would thus be a futile exercise.

18  Dated: October 22, 2012                      COOLEY LLP
                                                  MICHAEL G. RHODES (116127)
19                                                JOHN C. DWYER (136533)
                                                  WHITTY SOMVICHIAN (194463)
20                                                MACO STEWART (*pro hac vice*)

21

22                                                /s/ Whitty Somvichian
                                                  _____
23                                                Whitty Somvichian (194463)
                                                  Attorneys for Defendant
24                                                EBAY INC.

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1286751 /SF                          25.

eBAY'S MOTION TO DISMISS
CLASS ACTION COMPL.
CV 12-04005-EJD