COOLEY LLP
JOHN C. DWYER (136533) (dwyerjc@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone:     (650) 843-5000
Facsimile:     (650) 849-7400

COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
WHITTY SOMVICHIAN (194463) (wsomvichian@cooley.com)
MACO STEWART (*pro hac vice*) (maco.stewart@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone:     (415) 693-2000
Facsimile:     (415) 693-2222

Attorneys for Defendant
EBAY INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LUIS ROSADO, individually, and on behalf of other members of the general public similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>EBAY INC., a Delaware corporation,<br><br>     Defendant. | Case No.  CV 12-04005-EJD<br><br>**DEFENDANT EBAY INC.'S NOTICE OF MOTION; MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   May 10, 2013<br>Time:   9:00 a.m.<br>Judge:  Hon. Edward J. Davila<br>Courtroom: 4<br>Trial Date:  None set |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1095324/HN

EBAY'S MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPL.
CASE NO. CV 12-04005-EJD

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION TO DISMISS ............................................................... 1

STATEMENT OF ISSUES TO BE DECIDED ..................................................................... 1

    1.    All claims .......................................................................................................... 1

    2.    All fraud-based claims (Counts I, II, IV) ...................................................... 1

    3.    Implied covenant claim (Count III) ............................................................... 1

    4.    UCL claim (Count IV) .................................................................................... 2

    5.    Quasi-contract claim (Count V) ..................................................................... 2

    6.    Declaratory relief claim (Count VI) ............................................................... 2

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................... 3

I.      INTRODUCTION ...................................................................................................... 3

II.     BACKGROUND ......................................................................................................... 4

    A.    The User Agreement ....................................................................................... 5

    B.    eBay's Fees ...................................................................................................... 5

    C.    eBay's Listing Formats ................................................................................... 6

    D.    eBay's Policies Specify The Recourse Available To Sellers If A Buyer
          Does Not Make Payment ................................................................................. 7

    E.    The Named Plaintiff's Allegations .................................................................. 8

III.   LEGAL STANDARDS ............................................................................................ 10

IV.   ARGUMENT ............................................................................................................ 10

    A.    The FAC Fails In Its Entirety As Each Claim Is Inconsistent With The
          Express Terms Of The Parties' Agreement (All Counts) ................................ 10

          1.    Established Law Demonstrates That A Claim Cannot Survive If It
               Is Contrary To The Terms Of An Express Contract ............................. 11

          2.    eBay's Terms and Policies Expressly Preclude Plaintiff's Demands ....... 12

    B.    Plaintiff's Fraud-Based Claims All Fail As A Matter Of Law (Counts I, II,
          IV) ................................................................................................................... 15

          1.    Plaintiff Fails To Allege An Affirmative Misstatement ........................ 15

          2.    Plaintiff Fails To Allege A Misleading Omission ................................. 16

          3.    Plaintiff Fails To Allege Reliance On Any Misstatement Or
               Omission ............................................................................................... 18

    C.    Plaintiff's Implied Covenant Of Good Faith And Fair Dealing Claim Fails
          (Count III) ....................................................................................................... 19

    D.    Plaintiff's UCL Claim Fails (Count IV) ......................................................... 20

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1095324/HN

i.

**eBay's Motion to Dismiss**
**First Amended Class Action Compl.**
**Case No. CV 12-04005-EJD**

Page

E.  Plaintiff's "Breach of Quasi-Contract" Claim Fails (Count V) ............................ 21

F.  Plaintiff Is Not Entitled To Declaratory Judgment (Count VI)............................ 22

V.  CONCLUSION ........................................................................................................... 23

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Cooley LLP
Attorneys At Law
San Francisco

1095324/HN

ii.

eBay's Motion to Dismiss
First Amended Class Action Compl.
Case No. CV 12-04005-EJD

**Page**

CASES

*Arroyo v. Chattem, Inc.*,
No. C 12-2129 CRB, 2012 U.S. Dist. LEXIS 159254 (N.D. Cal. Nov. 6, 2012) .................. 19

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................................. 10, 21

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........................................................................................ 10, 19, 21

*Brown v. Wells Fargo Bank, NA*,
168 Cal. App. 4th 938 (2008) ..................................................................................... 11

*Cal. Med. Ass'n, Inc. v. Aetna U.S. Healthcare of Cal., Inc.*,
94 Cal. App. 4th 151 (2001) ....................................................................................... 22

*Carma Developers (Cal.) Inc. v. Marathon Dev. Cal., Inc.*,
2 Cal. 4th 342 (1992) ................................................................................................. 12

*Cattie v. Wal-Mart Stores, Inc.*,
504 F. Supp. 2d 939 (S.D. Cal. 2007) ......................................................................... 18

*Circle Click Media LLC v. Regus Mgmt. Grp. LLC*,
No. 12-cv-04000-SC, 2013 WL 57861 (N.D. Cal. Jan. 3, 2013) ................................... 18

*Clark v. Caln Township*,
Civ. A. No. 90-1551, 1991 WL 86911 (E.D. Pa. May 20, 1991) ................................... 22

*Cullen v. Netflix, Inc.*,
No. 11-CV-01199-EJD, 2013 U.S. Dist. LEXIS 4246 (N.D. Cal. Jan. 10, 2013) ............ 15, 16

*Custom LED, LLC v. eBay Inc.*,
No. C 12-00350 SI, 2012 WL 1909333 (N.D. Cal. May 24, 2012) ................................ 12

*Davis v. HSBC Bank Nevada, N.A.*,
691 F.3d 1152 (9th Cir. 2012) .................................................................................... 11

*Faigman v. Cingular Wireless, LLC*,
No. C 06-04622 MHP, 2007 WL 708554 (N.D. Cal. Mar. 2, 2007) ............................... 18

*GA Escrow, LLC v. Autonomy Corp. PLC*,
No. C 08-01784 SI, 2008 WL 4848036 (N.D. Cal. Nov. 7, 2008) ................................. 21

*Gerlinger v. Amazon.com, Inc.*,
311 F. Supp. 2d 838 (N.D. Cal. 2004) ........................................................................ 21

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1095324/HN

iii.

EBAY'S MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPL.
CASE NO. CV 12-04005-EJD

*Great Lakes Reinsurance (UK) PLC v. TLU Ltd.*,
No. 07-61259-CIV, 2008 WL 828122 (S.D. Fla. Mar. 27, 2008) ......................................... 22

*Gross v. Symantec Corp.*,
No. C 12-00154 CRB, 2012 WL 3116158 (N.D. Cal. July 31, 2012) ................................... 12

*Guerard v. CNA Fin. Corp.*,
No. 09-CV-01801-SBA, 2009 WL 3152055 (N.D. Cal. Sept. 23, 2009) ........................ 11, 12

*Hartless v. Clorox Co.*,
No. 06-cv-2705 JAH (CAB), 2007 WL 3245260 (S.D. Cal. Nov. 2, 2007) .......................... 20

*Hovsepian v. Apple, Inc.*,
No. 08-5788 JF, 2009 U.S. Dist. LEXIS 117562 (N.D. Cal. Dec. 17, 2009) ...................... 16

*Janda v. T-Mobile, USA, Inc.*,
No. 05-03729, 2009 WL 667206 (N.D. Cal. Mar. 13, 2009)................................................. 12

*Jenkins v. Commonwealth Land Title Insurance Co.*,
95 F.3d 791 (9th Cir. 1996)................................................................................................ 11

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009)........................................................................ 10, 15, 16, 17

*Kinghorn v. Citibank, N.A.*,
No. C 97-3111 FMS, 1999 WL 30534 (N.D. Cal. Jan. 20, 1999) ...................................... 22

*Marolda v. Symantec Corp.*,
672 F. Supp. 2d 992 (N.D. Cal. 2009) ...................................................................... 16, 17, 18

*Mazur v. eBay Inc.*,
No. C 07-03967, 2008 WL 618988 (N.D. Cal. Mar. 4, 2008) ........................................... 18

*Melchior v. New Line Prods., Inc.*,
106 Cal. App. 4th 779 (2003) ............................................................................................ 22

*Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*,
96 F.3d 1151 (9th Cir. 1996)............................................................................................. 21

*Pirozzi v. Apple Inc.*,
No. 12-CV-01529, 2012 U.S. Dist. LEXIS 180530 (N.D. Cal. Dec. 20, 2012) ................... 15

*SBA Commc'ns, Inc. v. Zoning Comm'n of Town of Brookfield*,
96 F. Supp. 2d 139 (D. Conn. 2000) ................................................................................. 22

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1095324/HN

iv.

EBAY'S MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPL.
CASE NO. CV 12-04005-EJD

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
    MDL No. 11-md-2258, 2012 U.S. Dist. LEXIS 146971 (S.D. Cal. Oct. 11, 2012) .............. 15

*Spiegler v. Home Depot U.S.A., Inc.*,
    552 F. Supp. 2d 1036 (C.D. Cal. 2008) ........................................................... 11, 12

*Swanson v. U.S. Forest Serv.*,
    87 F.3d 339 (9th Cir. 1996) ........................................................................... 10

*Swanson v. USProtect Corp.*,
    No. C 05-602 JF, 2007 WL 1394485 (N.D. Cal. May 10, 2007) ........................... 22

*Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*,
    368 F.3d 1053 (9th Cir. 2004) ....................................................................... 10

*Woods v. Google, Inc.*,
    5:11-cv-01263 EJD, --- F. Supp. 2d ---, 2012 WL 3673319 (N.D. Cal. Aug. 24, 2012)
    ........................................................................................ 11, 19, 20, 21

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure
    Rule 8 .............................................................................................. 19
    Rule 9(b) ................................................................................... *passim*
    Rule 12(b)(6) ....................................................................................... 1

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1095324/HN                                    v.

**EBAY'S MOTION TO DISMISS**
**FIRST AMENDED CLASS ACTION COMPL.**
**CASE NO. CV 12-04005-EJD**

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on May 10, 2013, or as soon thereafter as this motion may be heard, Defendant eBay Inc. ("eBay") will move to dismiss Plaintiff's First Amended Class Action Complaint ("FAC") or, in the alternative, dismiss certain claims of the FAC. This motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Civil Procedure 9(b) and is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Request for Judicial Notice, Declaration of Elizabeth Hartrich ("Hartrich Decl."), the pleadings on file, oral argument of counsel, and such other materials and argument as may be presented in connection with the hearing on the motion.

## STATEMENT OF ISSUES TO BE DECIDED

1.  **All claims**: Whether Plaintiff is entitled to a refund of the fees he paid to list an item for sale on the eBay website because a user clicked to buy the item but did not make payment, where (i) Plaintiff's contract with eBay contains no express terms to support the refund Plaintiff is seeking; (ii) the contract provides, to the contrary, that the fees in dispute are "nonrefundable"; (iii) the contract provides that eBay has "no control over and do[es] not guarantee . . . the ability of sellers to sell items . . . or that a buyer . . . will actually complete a transaction . . ."; (iv) eBay's policies provide for specific recourse in the event a sale is not completed and preclude the particular remedies that Plaintiff now demands; and (v) Plaintiff concedes that he is bound by the parties' contract and eBay's policies.

2.  **All fraud-based claims (Counts I, II, IV)**: Whether Plaintiff has alleged sufficient facts under the heightened requirements of Federal Rule of Civil Procedure 9(b) to state a claim under California's False Advertising Law ("FAL"), Consumers Legal Remedies Act ("CLRA"), or Unfair Competition Law ("UCL"), where he fails to specify any alleged misstatements or omissions to support his claims and further fails to allege that he detrimentally relied on any statement or omission by eBay.

3.  **Implied covenant claim (Count III)**: Whether Plaintiff alleges a plausible claim for breach of the implied covenant of good faith and fair dealing where Plaintiff attempts to impose implied terms that are inconsistent with the express terms of the contract.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1095324/HN

1

EBAY'S MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPL.
CASE NO. CV 12-04005-EJD

4. **UCL claim (Count IV)**: Whether Plaintiff's UCL claim should be dismissed for the additional reasons that (i) Plaintiff fails, under the UCL's "unfair" prong, to allege a substantial injury that lacks countervailing benefits and that he could not have reasonably avoided; and (ii) Plaintiff fails, under the "unlawful" prong, to allege any unlawful act that could serve as a predicate for a UCL claim.

5. **Quasi-contract claim (Count V)**: Whether Plaintiff's claim for "breach of quasi-contract" [sic] or unjust enrichment should be dismissed because (i) no quasi-contract or unjust enrichment claim can stand where, as here, Plaintiff simultaneously alleges an express contract; and (ii) established law holds that unjust enrichment is not an independent claim.

6. **Declaratory relief claim (Count VI)**: Whether the Court should exercise its discretion to dismiss Plaintiff's claim for declaratory judgment because the claim simply reiterates Plaintiff's other claims for purported past damages.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1095324/HN

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's First Amended Complaint ("FAC"), like his abandoned original complaint, fails as a matter of law because it seeks to impose obligations contrary to those found in the contract that he admits governs his claim. Plaintiff Luis Rosado ("Plaintiff") alleges that he listed his car for sale on defendant eBay Inc.'s website using the "Buy It Now" format, which allows prospective buyers to buy items immediately by clicking on a "Buy It Now" button on the listing page. Plaintiff alleges that someone clicked "Buy It Now" to purchase his car, but he opted not to complete the sale (apparently out of concern that the buyer may have been trying to defraud him). Plaintiff now seeks a partial refund of the fees he paid to list the car for sale.

This lawsuit suffers a fundamental problem: Plaintiff fails to allege that eBay acted in any way inconsistent with the User Agreement that sets forth his contractual relationship with eBay. Indeed, Plaintiff does not allege breach of contract at all. Instead, he asserts a variety of claims in an effort to manufacture new obligations that go beyond the contract he agreed to. For example, he alleges a series of fraud-based claims (under the FAL, CLRA, and UCL) to demand a refund of his fees, yet he acknowledges elsewhere in the FAC that the fees he seeks "are charged at the time of listing and are ***nonrefundable***" under his contract with eBay. (*Compare* FAC ¶ 17 *with* Hartrich Decl., Ex. B at 7 (emphasis added).)

The truth is that eBay's actions were fully consistent with the contract, and with the extensive disclosures on eBay's website.[1] While Plaintiff complains that these disclosures were somehow obscured, they were in fact readily accessible to him in the web pages he admits form the contract, in web pages directly linked to those pages, and even on the very web pages he claims he reviewed.

Moreover, while eBay does not guarantee that a listing will result in a sale, it does provide

---

[1] The Court can and should take judicial notice of these and other disclosures referenced in this Memorandum as they cannot reasonably be disputed; are incorporated by reference in the FAC; were relied on by Plaintiff in the FAC; and are directly implicated by Plaintiff's allegations. *See* eBay's Request for Judicial Notice, filed concurrently herewith.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1095324/HN

3

EBAY'S MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPL.
CASE NO. CV 12-04005-EJD

a variety of options for sellers to obtain a relisting or a refund in certain circumstances, as specified in eBay's contract and incorporated policies. Plaintiff either did not qualify for or did not seek any of these benefits; instead, he purports to create entirely new terms beyond those he agreed to. Ultimately, Plaintiff seeks to hold eBay liable simply because he was unable (or unwilling) to close the deal with his prospective buyer. Yet, the User Agreement could not be clearer: eBay has "***no control over and do[es] not guarantee*** . . . the ability of buyers to pay for items, or that a buyer or seller will actually complete a transaction or return an item." (Hartrich Decl., Ex. A at 4 (emphasis added).) [2]

No legal theory can overcome the simple truth – apparent on the face of the FAC itself – that Plaintiff seeks relief to which he is not entitled. For these reasons and the reasons set forth below, eBay respectfully requests that the FAC be dismissed in its entirety and with prejudice.

## II.    BACKGROUND

eBay is the "world's largest online marketplace . . . ." (FAC ¶ 12.) eBay does not sell products to, or buy products from, its users; rather, it provides a marketplace where sellers and buyers can connect. Thus, eBay notifies its users: "We are not involved in the actual transaction between buyers and sellers." (Hartrich Decl., Ex. A at 4.) In addition to its core ecommerce website located at www.ebay.com, eBay also operates eBay Motors, www.motors.ebay.com, which is dedicated to vehicles and vehicle-related parts and accessories. (FAC ¶ 14.)

Plaintiff Luis Rosado alleges that he is an eBay seller who listed a used car for sale on eBay Motors. (*Id*. ¶ 25.) The listing attracted a response, but Plaintiff chose not to consummate the transaction. (*Id*. ¶¶ 27-29.) Set forth below is a description of the parties' contractual arrangement and a detailed summary of Plaintiff's factual allegations.

---

[2] Plaintiff seems to believe that he is entitled to pursue a claim against eBay simply because he chose not to consummate a transaction with a prospective buyer. Apparently, in Plaintiff's view, whenever a prospective buyer clicks the "Buy It Now" button, the seller has an unlimited right to reject the buyer, restore the seller's listing, and seek another buyer that the seller finds more satisfying (or to reject the buyer and receive a partial refund). Nothing in Plaintiff's agreement with eBay supports such an interpretation.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1095324/HN                                                    4

EBAY'S MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPL.
CASE NO. CV 12-04005-EJD

## A. The User Agreement.

The relationship between eBay and its users, including Plaintiff, is governed by a User Agreement. (*Id.* ¶ 15.) The User Agreement provides that sellers will be charged fees based on Fees Schedules that are incorporated into the agreement. (*Id.* ¶ 17.) A specific Fees Schedule applies to listings on eBay Motors (the "Motors Fees Schedule"). (*Id.*) Plaintiff acknowledges that the User Agreement and Fees Schedules are "the operative contractual documents for determining the manner and method of calculating the fees that should be charged to sellers on eBay and eBay Motors." (*Id.*) In addition, the User Agreement incorporates eBay's other policies: "When using particular services on our sites, you are subject to any posted policies or rules applicable to services you use through the sites, which may be posted from time to time. All such policies or rules are hereby incorporated into this User Agreement." (Hartrich Decl., Ex. A at 7.) Contrary to Plaintiff's allegation, these incorporated rules are not "a hodgepodge of isolated disclosures at various unrelated places on the website." (FAC ¶ 3.) Rather, the User Agreement and Fees Schedules directly link to, and incorporate by reference, specific webpages accessible to any eBay user. Those links are visible in the attached User Agreement and Fees Schedules, and are explained in detail in the Hartrich Declaration filed concurrently with eBay's motion to dismiss. (Hartrich Decl. ¶¶ 3-13 & Exs. A-C.)

The User Agreement makes clear eBay's limited role in the transactions conducted through its site: "We are not involved in the actual transaction between buyers and sellers . . . [w]e have no control over and do not guarantee . . . the ability of buyers to pay for items, or that a buyer or seller will actually complete a transaction . . . ." (*Id.*, Ex A at 4.)

## B. eBay's Fees.

The basic fee that sellers pay to list an item on eBay is the "Insertion Fee." (FAC ¶ 18.) Sellers can also upgrade their listings by adding features and paying the resulting "Optional Feature Fees."[3] (*Id.*; Hartrich Decl., Ex. C at 3.) Plaintiff refers to these Insertion Fees and Optional Feature Fees collectively as "Listing Fees." The Motors Fees Schedule, which governed

---

[3] For example, sellers can pay to add larger photographs to their listings. (Hartrich Decl., Ex. B at 4.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1095324/HN

5

EBAY'S MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPL.
CASE NO. CV 12-04005-EJD

Plaintiff's car listing, expressly provides that "[i]nsertion fees and optional feature fees are charged at the time of listing and are nonrefundable." (Hartrich Decl., Ex. B at 7.) Similarly, the main eBay Fees Schedule provides that an Insertion Fee applies "[w]hen you list an item" and is not contingent on a successful sale. (*Id.*, Ex. C at 1.)[4]

**C. eBay's Listing Formats.**

Sellers can use different listing formats to list an item on eBay, including fixed-price and auction-style listings. (FAC ¶ 19.) In a fixed-price listing, the seller offers an item at a fixed price known as the "Buy It Now" price. To buy a fixed-price item, a buyer can click the "Buy It Now" button that appears on the listing. In an auction-style listing, users place bids on the listed item and the highest bidder is the winner. However, sellers using auction-style listings can also include a "Buy it Now" price, which allows a user to buy the item immediately at the designated price without having to place a bid and wait for the auction process to end. (Hartrich Decl., Ex. D at 3.) Plaintiff's FAC focuses on these "Buy It Now" listings (that is, all fixed price listings and auction-style listings with the "Buy It Now" option). (FAC ¶ 1.)

For all listings, sellers can select the duration of the listing (*e.g.*, three, five, seven days, etc.), which defines the maximum length of time the listing will be available on the website. (*Id.*, Ex. E at 1.) If no user clicks the "Buy It Now" button, the listing remains available until the end of the designated duration. However, a "Buy It Now" listing may also end when a potential buyer clicks the "Buy It Now" button to initiate the purchase process. At that point, the listing is no longer available for others to buy. eBay discloses this basic feature of "Buy It Now" listings, explaining that "[f]ixed price listings and auctions with the Buy it Now option ***end immediately when a buyer commits to purchasing the item***." (Hartrich Decl., Ex. E at 2 (emphasis added).)[5]

---

[4] In contrast to the relatively small Listing Fees, the larger share of the fees for selling an item on eBay are charged only upon a successful sale. For example, Plaintiff's case arises from $36 he allegedly paid in Listing Fees, to list his vehicle on eBay. (FAC ¶ 26.) If he had sold his vehicle for more than $2,000, he would have paid a Final Value Fee of $125. (Hartrich Decl., Ex. B at 1-2; *see also* FAC ¶ 18.) Plaintiff does not allege that he was charged a Final Value Fee, and Final Value Fees are not at issue in this case. (*Id.* ¶ 33.)

[5] eBay similarly discloses that "[w]hen you sell an item at a fixed price, your buyers have the convenience of buying the item ***immediately*** . . . ." (*Id.*, Ex. F at 1 (emphasis added).) eBay explains that a fixed price listing allows sellers to "list [their] items at a set price, so buyers can

This feature is necessary because buyers sometimes do not pay for an item immediately. For example, if a buyer accepted a "Buy It Now" price and paid for the item by mailing a check, another user (or users) could contemporaneously select "Buy It Now" if the item were to remain listed during the payment process. This would potentially result in the "sale" of the same item to multiple buyers.

There is also, of course, the risk that a buyer will select "Buy It Now," causing the removal of the listing, but fail to consummate the transaction. Although the User Agreement is clear that eBay does not guarantee that buyers will consummate a deal once it is initiated, eBay offers an option to sellers who want to avoid this risk: the "***Immediate Payment***" option. (Hartrich Decl., Ex. M at 1 (emphasis added).) This free option ensures that listings remain available until payment is actually received (as opposed to ending the listing when a buyer commits to purchasing the item by selecting Buy It Now):

> If you list your item with a fixed price, you can require a buyer who clicks the Buy It Now button to pay you immediately using PayPal.[6] If you require immediate payment, the item remains available for purchase until a buyer has completed a PayPal payment, or until the listing expires. The first buyer who clicks Buy It Now and completes their PayPal payment officially wins your item. Once a buyer completes the payment, the listing ends and we let you know where you send the item.

(*Id.*) eBay encourages its users to consider the option to avoid the very type of payment problems Plaintiff alleges in the FAC. (*Id.*, Ex. N at 1.) A seller who chooses not to use this option assumes the risk of payment not being made.

Plaintiff does not allege that he availed himself of the Immediate Payment option.

**D.     eBay's Policies Specify The Recourse Available To Sellers If A Buyer Does Not Make Payment.**

Though it does not guarantee payment, eBay provides sellers with a step-by-step process

---

***purchase right away*** . . . ." (*Id.*, Ex. D at 1 (emphasis added).) With respect to auction-style listings, eBay informs sellers that they can "include a Buy It Now price, which lets the buyer purchase the item ***before the listing's end date***." (*Id.*, Ex. D at 2 (emphasis added).)

[6] As alleged in the FAC, PayPal is eBay's proprietary electronic payment service. (*See* FAC ¶¶ 18, 28.)

Cooley LLP
Attorneys At Law
San Francisco

1095324/HN

7

eBay's Motion to Dismiss
First Amended Class Action Compl.
Case No. CV 12-04005-EJD

under its Unpaid Item Policy to help sellers if a prospective buyer fails to complete a purchase. (*Id.*, Ex. H at 1; Ex. I at 1-2.) First, eBay advises sellers to contact buyers directly to try to resolve any dispute. (*Id,.* Ex. I at 1.) Second, eBay permits sellers who cannot reach resolution with buyers to "open an unpaid item case" against the buyer. "The buyer [then] has up to 4 days to send payment after the case is opened." (*Id.* Ex. I at 1-2.) If these procedures are followed and the buyer still has not paid, the seller then "may be credited for the final value fee" on a listing. (*Id.* at 2; *see also id.*, Ex. H at 1.) However, the Unpaid Item Policy does ***not*** provide for refunds of Listing Fees if a buyer does not pay. (*See id.*)

If a listing does not result in a sale, eBay also allows qualifying sellers to relist the item and obtain a credit of the Insertion Fees for the relisting.[7] eBay's Free Relist Policy provides that Insertion Fees are "normally . . . non-refundable," but "if your listing ends without a winning buyer or with an unpaid item, you can qualify for a credit if you meet certain requirements." (Hartrich Decl., Ex. K.) To obtain a credit, the seller must initially pay the applicable Listing Fees for the relisting. (*See id.*, Ex. L at 1.) If that second listing results in a sale, the seller is automatically credited for the Insertion Fee he paid for the relisting. (*See id.*) Requirements to qualify for this credit include that: (1) the relisting must result in a successful sale, and (2) "the original listing and relisting must be in auction-style format. Fixed-price . . . listing formats aren't eligible for relisting credits." (*Id.* at 1-2.) The Free Relist Policy also notes that "[o]nly the insertion fee is credited. Listing upgrades are not credited."[8] (*Id.* at 2.)

Plaintiff does not allege that he availed himself of the protections provided by the Unpaid Item Policy or the Free Relist Policy.

### E. The Named Plaintiff's Allegations.

Plaintiff claims to be an experienced eBay seller, having "been a seller on eBay since May of 2005." (FAC ¶ 8.) He alleges that he listed a vehicle for sale three times on eBay Motors using the "Buy It Now" format. (*Id.* ¶ 24.) The first listing did not result in a sale, so he listed

---

[7] The Unpaid Item Policy links directly to the Free Relist Policy. (Hartrich Decl., Ex. H at 1.)

[8] Similarly, eBay devotes a page of its website to explaining Insertion Fees, where eBay explains: "If your listed item doesn't sell or if your buyer doesn't pay, you may qualify for an ***insertion fee*** credit by relisting the item." (*Id.* Ex. J at 1 (emphasis added).)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1095324/HN

8

EBAY'S MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPL.
CASE NO. CV 12-04005-EJD

the vehicle for a second 21-day period. (*Id.* ¶¶ 25-26.) Although it is not clear from the FAC, it appears that Plaintiff listed the car using a fixed-price listing format.

Plaintiff alleges that seven days into the second listing, a buyer "clicked on the 'Buy It Now' button." (*Id.* ¶ 27.) eBay then "automatically delisted the vehicle, thus preventing any other person from buying it." (*Id.*) However, instead of purchasing the vehicle by depositing funds into Plaintiff's PayPal account, the "buyer [then] requested that Plaintiff cash a certified check for more than the purchase price of the vehicle and send the difference back to the buyer." (*Id.* ¶ 28.) Apparently having decided not to sell it to the prospective buyer, Plaintiff instead allegedly relisted his car for a third time. (*Id.* ¶ 29.) He does not allege whether he successfully sold the vehicle during the third alleged listing.[9] (FAC ¶ 29.)

Plaintiff now complains that eBay does not explain that "a seller can purchase a set listing duration but have his item listed for only a fraction of that duration . . . ." (FAC ¶ 20.) He further alleges that "a reasonable person would expect his or her item to be listed for the full amount of time purchased unless the item sells before [the] period expires." (FAC ¶ 21.) Thus, Plaintiff claims that he should be entitled to a free relisting for "the remainder of time from his purchased listing period" or, alternatively, that he should have received a "prorated refund to compensate him for the time remaining on his purchased listing period . . . ." (FAC ¶ 31.)

Based on the above facts, Plaintiff's FAC alleges causes of action for violations of California's False Advertising Law, Consumer Legal Remedies Act, and Unfair Competition Law; breach of the implied covenant of good faith and fair dealing; breach of quasi-contract; and declaratory judgment. (*Id.* ¶¶ 49-101.) Notably, Plaintiff does not assert a claim for the breach of any express term in the User Agreement or any policy.

In asserting his claims, Plaintiff purports to represent a putative class, defined as follows:

---

[9] eBay specifically warns sellers to be on the lookout for certain counterfeit schemes. On a page devoted to helping users avoid problems, eBay warns sellers about "Counterfeit check schemes," explains how such schemes may work, and cautions that the seller may be held responsible if a cashier's check is fraudulent. (Hartrich Decl., Ex. N at 2.) eBay also warns sellers not to accept overpayments from buyers who ask to be reimbursed (*id.*), and suggests ways to avoid counterfeit check problems. (*Id.* at 1 (suggesting that sellers "[r]equire immediate payment for fixed price listings and auction-style listings with a Buy It Now price.").)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1095324/HN

9

EBAY'S MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPL.
CASE NO. CV 12-04005-EJD

All United States Residents with eBay accounts who listed an item for sale within the past four (4) years (the "Class Period") and paid eBay one or more insertion fees, or optional features fees ("listing fees"), whose item was delisted when the "Buy It Now" button was selected, and whose item nonetheless did not sell.

(*Id.* ¶ 33.)

## III. LEGAL STANDARDS

The Court must dismiss any claim that does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). To meet this threshold, Plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[L]abels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

When a complaint "allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of that claim . . . the claim is said to be 'grounded in fraud' . . . and the pleading . . . as a whole must satisfy the particularity requirement of Rule 9(b)." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (citation omitted). Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake."

Whether to grant leave to amend is "within the discretion of the district court." *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). Leave to amend may properly be denied where "it is clear . . . that the complaint could not be saved by any amendment." *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004).

## IV. ARGUMENT

### A. The FAC Fails In Its Entirety As Each Claim Is Inconsistent With The Express Terms Of The Parties' Agreement (All Counts).

Each of Plaintiff's claims should be rejected as his agreement with eBay precludes the very relief he seeks. Further, Plaintiff's claims essentially seek to improperly rewrite the terms of the contract to which he agreed.

///

///

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1095324/HN

10

EBAY'S MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPL.
CASE NO. CV 12-04005-EJD

1.    **Established Law Demonstrates That A Claim Cannot Survive If It Is Contrary To The Terms Of An Express Contract.**

**Fraud-based claims (Counts I, II, and IV)**.  Where a defendant has complied with the contract between the parties, established law precludes the plaintiff from imposing liability by alternatively framing his claim under a fraud-based theory.   For example, in *Jenkins v. Commonwealth Land Title Insurance Co.*, 95 F.3d 791, 796 (9th Cir. 1996), the plaintiff sued for breach of contract and common law fraud, and the district court dismissed both claims.   On appeal, the Ninth Circuit affirmed dismissal of the fraud claim, finding that the plaintiff "could not properly allege a claim for fraud" as the defendant "had fulfilled its obligations under the [agreement]. Thus, the alleged misrepresentation is not false, and therefore not fraudulent." *Id.* (citation omitted); *see also Guerard v. CNA Fin. Corp.*, No. 09-CV-01801-SBA, 2009 WL 3152055, at *5 (N.D. Cal. Sept. 23, 2009) (dismissing fraud claims where the contract terms at issue were "unambiguous" and, thus, could not be fraudulent).   Similarly, a plaintiff cannot successfully allege reasonable reliance—a necessary element of any fraud-based claim—where the defendant complied with the contract terms and disclosures at issue.   Thus, in *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1164 (9th Cir. 2012), the Ninth Circuit affirmed dismissal of a fraudulent concealment claim where the plaintiff could have discovered the disputed fees by reading the contract terms and applicable disclosures.   The Court explained that, under these circumstances, "reliance on the purported misrepresentation was manifestly unreasonable." *Id.*; *see also Woods v. Google, Inc.*, 5:11-cv-01263 EJD, --- F. Supp. 2d ---, 2012 WL 3673319, at *14-15 (N.D. Cal. Aug. 24, 2012) (dismissing FAL and UCL claims because plaintiff could not have reasonably relied on alleged misstatements that contradicted the plain language of the applicable contract); *Brown v. Wells Fargo Bank, NA*, 168 Cal. App. 4th 938, 958-59 (2008) (explaining that there can be no reasonable reliance where plaintiff "had a reasonable opportunity to discover the true terms of the contract").

Applying these principles, courts routinely dismiss UCL, FAL, and CLRA claims where the defendant "complied with the express terms of the contracts, and charged plaintiffs in accordance with their terms."  *Spiegler v. Home Depot U.S.A., Inc.*, 552 F. Supp. 2d 1036, 1045

CooLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1095324/HN

11

EBAY'S MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPL.
CASE NO. CV 12-04005-EJD

(C.D. Cal. 2008). It is simple: "the UCL cannot be used to rewrite [the parties'] contracts or to determine whether the terms of their contracts are fair." *Id*. at 1046; *see also Guerard*, 2009 WL 3152055, at *6 (dismissing UCL and FAL claims because "the interpretation of the clear and unambiguous terms of the policy cannot constitute an unfair, unlawful or fraudulent act . . . ."); *Janda v. T-Mobile, USA, Inc.*, No. 05-03729, 2009 WL 667206, at *5 (N.D. Cal. Mar. 13, 2009) (dismissing CLRA and UCL claims where defendant charged fees consistent with its terms and disclosures).

**Implied Covenant (Count III)**. Similarly, a plaintiff cannot claim breach of implied duties if the alleged duties contradict the express terms of a contract. Indeed, "[i]t is universally recognized the scope of conduct prohibited by the covenant of good faith is circumscribed by the . . . express terms of the contract." *Carma Developers (Cal.) Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 373, 374 (1992) ("We are aware of no reported case in which a court has held the covenant of good faith may be read to prohibit a party from doing that which is expressly permitted by an agreement. On the contrary, and as a general matter, implied terms should never be read to vary express terms.").

**Quasi-Contract (Count V)**. Courts also routinely dismiss quasi-contract (unjust enrichment) claims where an express contract exists. *See, e.g.*, *Gross v. Symantec Corp.*, No. C 12-00154 CRB, 2012 WL 3116158, at *13 (N.D. Cal. July 31, 2012) (dismissing unjust enrichment claim with prejudice because an express contract existed); *Custom LED, LLC v. eBay Inc.*, No. C 12-00350 SI, 2012 WL 1909333, at *5 (N.D. Cal. May 24, 2012) (dismissing unjust enrichment claim without leave to amend because plaintiff alleged a valid and enforceable contract).[10]

### 2. eBay's Terms and Policies Expressly Preclude Plaintiff's Demands.

Given these established standards, Plaintiff is barred as a matter of law from demanding relief that runs contrary to the express terms to which he agreed. Yet that is precisely what he

---

[10] Plaintiff also asserts a claim for declaratory judgment. Because that claim is predicated entirely on his other claims, it fails for the same reasons. (*See* § IV.F, below.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1095324/HN

12

EBAY'S MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPL.
CASE NO. CV 12-04005-EJD

seeks.

First, Plaintiff claims he is entitled to a free relisting for "the remainder of time from his purchased listing period or, alternatively . . . a prorated refund . . . ." (FAC ¶ 31.) But the Motors Fees Schedule that governs his listings expressly provides that "[i]nsertion fees and optional feature fees are charged at the time of listing and are **nonrefundable**." (Hartrich Decl., Ex. B at 7 (emphasis added).[11]

Second, Plaintiff claims he is entitled to this relief because he did not finalize the transaction with his prospective buyer (apparently at his own election). But the User Agreement provides that eBay "[has] no control over and do[es] not guarantee . . . the ability of buyers to pay for items, or that a buyer or seller will actually complete a transaction or return an item." (Hartrich Decl., Ex. A at 4.) Under these terms, Plaintiff cannot hold eBay accountable for **Plaintiff's** alleged decision to cancel a transaction, because **another user** allegedly offered an unacceptable method of payment.[12]

Third, Plaintiff demands a refund of his Listing Fees, which he defines to include both Insertion Fees and Final Value Fees. But the Unpaid Item Policy sets forth the limited circumstances when sellers can seek a refund and specifies which fees are refundable. (*See* § II.E, above.) As eBay specifies, "[i]f you didn't receive payment from the buyer, you may be credited for the **final value fee**" but **not** all Listing Fees that Plaintiff demands. (Hartrich Decl., Ex. I at 2 (emphasis added).)

Fourth, eBay provides a limited Free Relist Policy, which sets forth the specific requirements needed to "qualify for an insertion fee credit" for the relisting. (*Id.*, Ex. L at 1.) Under this policy, Plaintiff cannot demand that eBay relist Plaintiff's product for the "remainder

---

[11] Given this term, Plaintiff admitted in his original complaint that the "User Agreement states that listing fees are nonrefundable . . . ." (Compl. ¶ 20.) While he has removed this admission from the FAC, he can hardly dispute this term of the contract. (*See* Hartrich Decl., Ex. B at 5.)

[12] Consistent with that understanding, Plaintiff does not seek a refund of the "Listing Fees" he paid for his initial listing, which "ran its course" without anyone buying his car. (*E.g.*, *id.* ¶¶ 25-26, 29.) Nor does he seek a refund of the "Listing Fees" for his third listing, the success or failure of which he does not allege in the FAC. (*See id.*)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1095324/HN

13

EBAY'S MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPL.
CASE NO. CV 12-04005-EJD

of time from his purchased listing period," (FAC ¶ 31), when eBay does not and "can't guarantee exact listing durations." (Hartrich Decl., Ex. B at 7.) Nor can Plaintiff rewrite the listing conditions he agreed to, when the Free Relist Policy specifies that an "insertion fee credit" is provided only "if your relisting qualifies" under specific requirements. (Hartrich Decl., Exs. K, L at 1.) Under these requirements, Plaintiff cannot demand a free relisting for his fixed-priced vehicle listing because "[f]ixed-price . . . listing formats aren't eligible for relisting credits." (*Id.*, Ex. L at 2.) Nor can Plaintiff demand a free relisting if the relisted item did not "end with a winning buyer. If the item doesn't sell the second time, the insertion fee is not refunded." (*Id.*) Plaintiff does not allege that his third listing resulted in a successful sale. (*See* FAC ¶ 29.) Nor can Plaintiff seek a refund of his "Optional Feature Fees," when the Free Relist Policy states that such fees "are not credited."[13] (Hartrich Decl., Ex. L at 2.)

Fifth, if a seller is concerned that a prospective buyer might click the "Buy It Now" option and not pay, eBay advises sellers to choose the Immediate Payment option. (*See* § II.C, above; Hartrich Decl., Ex. N at 1 (recommending that sellers "[r]equire immediate payment for fixed price listings and auction-style listings with a Buy It Now price"); Ex. M at 1 ("Immediate payment is useful if . . . you want to make sure the listing remains available until the transaction is successfully completed.").) Plaintiff cannot complain that his listing was removed before payment was finalized when he chose to forego this available protection.

In sum, rather than point to a breach of any obligation in his actual agreement with eBay, Plaintiff attempts to fashion entirely new obligations, and to erase the express terms and limitations that he agreed to. Established law precludes Plaintiff from rewriting his contract in this manner, under any of his proffered legal theories. (*See, e.g.,* § IV.A, above.)

---

[13] Plaintiff uses the "Listing Fees" as a defined term in the FAC, but does not capitalize the term when he uses it. This has the potential to confuse the reader. Plaintiff uses the term to refer to both Insertion Fees, the basic fees charged to list an item, and Optional Feature Fees, which are fees for upgrading a listing (for example, with larger photographs). (*See, e.g.*, FAC ¶¶ 1, 33.) The FAC does not allege what specific "Listing Fees" Plaintiff paid.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1095324/HN

14

EBAY'S MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPL.
CASE NO. CV 12-04005-EJD

**B.    Plaintiff's Fraud-Based Claims All Fail As A Matter Of Law (Counts I, II, IV).**

Plaintiff's FAL, CLRA, and UCL claims (his "fraud-based claims") should also be dismissed because the FAC fails to satisfy the heightened pleading requirements of Rule 9(b).[14] *Kearns*, 567 F.3d at 1125 ("Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL"); *Cullen v. Netflix, Inc.*, No. 11-CV-01199-EJD, 2013 U.S. Dist. LEXIS 4246, at *17 (N.D. Cal. Jan. 10, 2013) (Davila, J.) ("The heightened pleading standard of Federal Rule of Civil Procedure 9(b) applies to all UCL, FAL, or CLRA claims that are grounded in fraud."). Rule 9(b) requires the plaintiff to plead the "'who, what, when, where, and how' of the misconduct charged." *Kearns*, 567 F.3d at 1124 (citation omitted).[15] Plaintiff's fraud-based claims fail under these standards, as Plaintiff does not specifically allege: (i) any affirmative misstatement by eBay about when "Buy It Now" listings will end; (ii) any statement by eBay that was supposedly misleading by omission; or (iii) that he relied on any misstatement or omission in deciding to place "Buy It Now" listings on eBay.

**1.    Plaintiff Fails To Allege An Affirmative Misstatement.**

Plaintiff vaguely suggests he was led to believe that if "items are delisted without selling," eBay would "re-list the item for the time remaining on the list duration" or "provide a prorated refund . . . ." (FAC ¶ 63.) Yet Plaintiff fails to cite any contract term, website content, advertisement, or any other statement that would support his alleged belief. He cites nothing to suggest that eBay ever stated that it would "re-list the item for the time remaining" or "provide a prorated refund." (*See id.*) Nor does he allege that eBay ever told sellers that items would be listed "for the full amount of time purchased unless the item sells before that period expires."

---

[14] Plaintiff himself characterizes his claims as arising from fraudulent conduct, leaving no question that Rule 9(b) applies. (*See e.g.*, FAC ¶ 51 ("Defendant unfairly and fraudulently omitted material facts . . . ."); FAC ¶ 80 ("Defendant has engaged in unfair, unlawful, and fraudulent business acts or practices . . . .").)

[15] *See also Pirozzi v. Apple Inc.*, No. 12-CV-01529, 2012 U.S. Dist. LEXIS 180530, at *21 (N.D. Cal. Dec. 20, 2012) (dismissing UCL, FAL, and CLRA claims for failure to plead with particularity); *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, MDL No. 11-md-2258, 2012 U.S. Dist. LEXIS 146971, at *79 (S.D. Cal. Oct. 11, 2012) (dismissing UCL, FAL, and CLRA claims where plaintiff failed to sufficiently allege statements likely to deceive a reasonable consumer).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1095324/HN

15

EBAY'S MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPL.
CASE NO. CV 12-04005-EJD

(FAC ¶ 21.) Nor does he allege that eBay ever promised sellers that they would be given a refund of Listing Fees or a free relisting if a prospective buyer does not pay.

The FAC omits these allegations because eBay never made them. Rather, eBay's User Agreement is clear that "we have no control over and do not guarantee . . . the ability of buyers to pay for items, or that a buyer or seller will actually complete a transaction or return an item." (Hartrich Decl., Ex. A at 4.) And under eBay's Motors Fees Schedule, Plaintiff agreed that "[i]nsertion fees and optional feature fees . . . are nonrefundable." (*Id.*, Ex. B at 7.) Indeed, by excluding any breach of contract claim from the FAC, Plaintiff essentially concedes that he cannot identify any misstatement in any of the web pages that comprise his contract with eBay. This failure of pleading warrants dismissal without leave to amend. *See, e.g.*, *Cullen*, 2013 U.S. Dist. LEXIS 4246, at *26 (granting defendant's motion to dismiss without leave to amend).

### 2. Plaintiff Fails To Allege A Misleading Omission.

The fact that Plaintiff has attempted to frame his fraud-based claims as being predicated on misleading omissions does not change this result. *See Kearns*, 567 F.3d at 1127 ("[N]ondisclosure is a claim for misrepresentation in a cause of action for fraud [and] it (as any other fraud claim) must be pleaded with particularity under Rule 9(b)."); *Hovsepian v. Apple, Inc.*, No. 08-5788 JF, 2009 U.S. Dist. LEXIS 117562, at *13 (N.D. Cal. Dec. 17, 2009) ("*Kearns* held that a UCL claim based on an alleged omission is subject to Rule 9(b) . . . ."). Under Rule 9(b), a Plaintiff pursuing an omissions-based claim must "plead the circumstances of omission with specificity [by describing] the content of the omission and where the omitted information should or could have been revealed, as well as provide representative samples of advertisements, offers, or other representations that plaintiff relied on to make her purchase and that failed to include the allegedly omitted information." *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 1002 (N.D. Cal. 2009).

*Kearns* is instructive here. *Kearns* involved Ford's Certified Pre-Owned ("CPO") vehicle program, in which Ford marketed CPO vehicles sold by Ford dealerships. *Kearns*, 567 F.3d at 1127. The plaintiff asserted claims under the CLRA and UCL, alleging that Ford failed to disclose that it had little oversight over CPO certifications. *Id.* The Ninth Circuit concluded that

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1095324/HN

16

EBAY'S MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPL.
CASE NO. CV 12-04005-EJD

the nondisclosure claims were fraud-based, and were properly dismissed because the plaintiff's "claims of nondisclosure were couched in general pleadings alleging Ford's intent to conceal from customers that CPO vehicles were essentially the same as ordinary used vehicles." *Id.* at 1127. Dismissal thus was proper given the plaintiff's failure to "articulate the who, what, when, where, and how of the misconduct alleged." *Id.* at 1126.

Plaintiff's FAC fails for the same reason. Instead of pleading a purported omission with specificity, Plaintiff vaguely asserts that eBay "fraudulently omitted material facts concerning the 'Buy It Now' option, including, but not limited to, the fact that: if a 'Buy It Now' item is delisted by eBay but the sale is not consummated, eBay may not re-list the item for the time remaining on the listing duration purchased and may not provide a prorated refund for the time remaining on the listing duration purchased." (FAC ¶ 51; *see also id.* ¶¶ 63, 80.) Plaintiff does not identify, as he must, where these supposed omissions "should or could have been revealed"; nor does he identify any specific eBay statements that he reviewed "that failed to include the allegedly omitted information." *See Marolda*, 672 F. Supp. 2d at 1002. The reason Plaintiff cannot identify such statements is because eBay specifically advised him (and all other sellers) that Listing Fees "are nonrefundable"; that eBay has "no control over and do[es] not guarantee . . . that a buyer or seller will actually complete a transaction"; and that eBay "can't guarantee exact listing durations." (Hartrich Decl. Exs. B at 7, A at 4.)

Though he does not allege that he read it, Plaintiff points to one specific webpage: "eBay tells prospective sellers that 'When you list your item, you can select the listing duration for 1, 3, 5, 7, or 10 days." (FAC ¶ 21.) This, Plaintiff contends, would cause a reasonable person to "expect his or her item to be listed for the full amount of time purchased unless the item sells before that period expires." (*Id.*) However, the FAC conveniently omits that on that same webpage, eBay states that it "can't guarantee exact listing durations" and explains that "*[f]ixed price listings and auctions with the Buy it Now option end immediately when a buyer commits to purchasing the item.*" (Hartrich Decl., Ex. E at 2 (emphasis added).) Thus, on the very page Plaintiff points to, eBay discloses that a listing ends when a buyer commits to "Buy it Now," and not when the buyer pays.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1095324/HN

17

EBAY'S MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPL.
CASE NO. CV 12-04005-EJD

This disclosure is just one of many that defeat Plaintiff's omission theory. As noted in Section II, above, eBay discloses in detail how its fees work; when and how "Buy It Now" listings end; and how a seller can avoid non-payment issues by using the Immediate Payment option. Plaintiff cannot seriously claim that eBay engaged in a fraud by omission in light of these clear disclosures. *See, e.g.*, *Circle Click Media LLC v. Regus Mgmt. Grp. LLC*, No. 12-cv-04000-SC, 2013 WL 57861, at *10-12 (N.D. Cal. Jan. 3, 2013) (dismissing fraud by omission claims because terms and conditions incorporated into the underlying agreement disclosed the allegedly undisclosed fees).

### 3. Plaintiff Fails To Allege Reliance On Any Misstatement Or Omission.

Under Rule 9(b), a plaintiff must also allege detrimental reliance, *i.e.*, that he would have made a different consumer decision ***but for*** the alleged misstatements at issue. *See, e.g.*, *Faigman v. Cingular Wireless, LLC*, No. C 06-04622 MHP, 2007 WL 708554, at *5 (N.D. Cal. Mar. 2, 2007) (explaining that "plaintiffs must allege that they would have acted differently—i.e., not purchased phones or services from Cingular, or opted for different Cingular products or services—had plaintiffs known" the undisclosed facts); *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 947 (S.D. Cal. 2007) (dismissing CLRA claim where the plaintiff "[did] not allege that false statements or claims had anything to do with her decision to purchase" the products at issue). Allegations of detrimental reliance must be supported by specific facts. *Marolda*, 672 F. Supp. 2d at 1001 ("'[T]he same level of specificity is required with respect to [pleading] reliance' as with respect to misrepresentations." (quoting *Mazur v. eBay Inc.*, No. C 07-03967, 2008 WL 618988, at *13 (N.D. Cal. Mar. 4, 2008)).

Here, Plaintiff attempts to skirt the issue of reliance by falling back on conclusory allegations, such as that eBay's business practices have "caused Plaintiff . . . damages" and "[a]s a direct and proximate cause of Defendant's violation . . . Plaintiff . . . suffered injury in fact and actual damages." (FAC ¶¶ 23, 52, 88.) Nowhere does Plaintiff allege that eBay's supposed misstatements or omissions caused him to believe that he would receive a refund or a free relisting if a sale was not completed. Nor does he allege specific facts to show that he relied on

Cooley LLP
Attorneys At Law
San Francisco

1095324/HN

18

eBay's Motion to Dismiss
First Amended Class Action Compl.
Case No. CV 12-04005-EJD

any such assumption in deciding to list items on eBay or to use the "Buy It Now" listing format. Plaintiff merely alleges that he "believed that his vehicle would be listed for the full amount of time purchased unless he sold his vehicle before that period expired." (FAC ¶ 24.) But even if Plaintiff believed that, it does not follow that eBay caused that belief, or that the belief caused Plaintiff to act differently than he otherwise would have. Accordingly, there is no basis from the FAC to conclude that Plaintiff would have acted any differently, regardless of eBay's supposed misstatements and omissions (which are never specified in the FAC). This failure to allege reliance provides another independent reason for dismissal.

In short, the FAC alleges *none* of the critical facts needed to state a viable claim for fraud under the heightened pleading requirements of Rule 9(b), and each failure is independently fatal to Plaintiff's fraud-based claims. Indeed, Plaintiff's conclusory allegations do not even pass muster under Rule 8, as he offers nothing more than "legal conclusion[s] couched as . . . factual allegation[s]," which "courts are not bound to accept as true." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted). Since amendment would be futile, dismissal without leave to amend is warranted. *See Arroyo v. Chattem, Inc.*, No. C 12-2129 CRB, 2012 U.S. Dist. LEXIS 159254, at *26 (N.D. Cal. Nov. 6, 2012) (granting defendant's motion to dismiss with prejudice because after amendment, plaintiff's complaint still failed to plead with particularity).

### C.    Plaintiff's Implied Covenant Of Good Faith And Fair Dealing Claim Fails (Count III).

Plaintiff alleges that eBay violated the implied covenant of good faith and fair dealing because the "essential terms of contract or agreement are that Plaintiff and class members will pay listing fees or other associated costs to list their personal items for sale on eBay for specified periods of time." (FAC ¶ 73.) This "implied duty" claim fails because Plaintiff cannot impute implied terms that are inconsistent with the express terms of the contract. (*See* § IV.B, above); *see also Woods*, 2012 WL 3673319, at *12 ("A plaintiff must show that the conduct of the defendant, whether or not it also constitutes a breach of a consensual contract term, demonstrates a failure or refusal to discharge contractual responsibilities.") (internal quotation marks and citation omitted)). The remedies that Plaintiff seeks to impose run directly contrary to the express

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1095324/HN

19

EBAY'S MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPL.
CASE NO. CV 12-04005-EJD

1  terms providing that (1) Listing Fees "are charged at the time of listing and are nonrefundable,"

2  and (2) eBay "[has] no control over and do[es] not guarantee . . . that a buyer or seller will

3  actually complete a transaction . . . ." (*See* § IV.B, above.)

4  **D.  Plaintiff's UCL Claim Fails (Count IV).**

5  Plaintiff offers nothing new in his UCL claim, but simply incorporates his previous

6  allegations and claims that by removing a listing when "Buy It Now" is selected, eBay engages in

7  "unfair, unlawful, and fraudulent" conduct.  (FAC ¶ 80.)  These claims fail because, as described

8  above, Plaintiff fails to allege that eBay acted inconsistently with the parties' agreement.

9  Moreover, under the "unfair" prong, Plaintiff bears the burden of alleging a consumer

10  injury that (1) is substantial; (2) is not outweighed by any countervailing benefit to consumers or

11  to competition; and (3) is not an injury the consumers themselves could reasonably have avoided.

12  *Woods*, 2012 WL 3673319, at *8.  These standards provide further reasons to dismiss Plaintiff's

13  "unfair" claim.  First, there is no cognizable consumer injury unless Plaintiff can plead facts

14  showing that he had a legal right to the refunds or additional listing time that he demands.

15  Plaintiff pleads no such facts, and under the contract had no such rights.  (*See* § IV.B, above.)

16  Second, even assuming a potential injury, Plaintiff could have avoided such injury by using the

17  Immediate Payment option.  (*See* §§ II.C & II.E, above.)  The Immediate Payment option

18  involves an immediate transfer of funds through PayPal.  Plaintiff alleges that he is a PayPal user,

19  and that he would have preferred that the buyer who selected "Buy It Now" had deposited funds

20  in to his PayPal account.  (FAC ¶ 28.)  He apparently chose not to require immediate payment.

21  Under the "unlawful" prong, Plaintiff bears the burden of adequately pleading violations

22  of other laws.  He attempts to do this by restating his fraud-based claims and his implied covenant

23  claim and referring in a conclusory fashion to certain Civil Code sections defining fraud.  (*See,*

24  *e.g.*, FAC ¶¶ 81(a)-(f).)  Each of these allegations fails for the reasons set forth in Sections  IV.A-

25  IV.C above.  Moreover, common law claims, as a matter of law, cannot serve as a predicate act

26  under the unlawful prong of the UCL.  *See, e.g.*, *Hartless v. Clorox Co.*, No. 06-cv-2705 JAH

27  (CAB), 2007 WL 3245260, at *5 (S.D. Cal. Nov. 2, 2007) (analyzing case law and concluding

28  that a common law claim cannot serve as a predicate act for the UCL's unlawful prong).  Though

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1095324/HN

20

EBAY'S MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPL.
CASE NO. CV 12-04005-EJD

Plaintiff recites a laundry list of code sections he claims were violated, he fails to explain how any of them applies. Simply reciting statutes and concluding that they were violated is not enough to survive a motion to dismiss. *See, e.g.*, *Twombly*, 550 U.S. at 555 ("[L]abels and conclusions, and a formulaic recitation of the elements of a cause of action will not" survive a motion to dismiss); *Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "Because [Plaintiff] did not plead [any] of those claims adequately, he . . . has failed to state a claim under the unlawful prong of the UCL." *Woods*, 2012 WL 3673319, at *8.

### E. Plaintiff's "Breach of Quasi-Contract" Claim Fails (Count V).

Plaintiff's quasi-contract claim fails by its own terms. Plaintiff alleges that "[t]o the extent that a contract or agreement did not exist . . . the facts and circumstances alleged herein gave rise to a quasi or implied contract . . . ." (FAC ¶ 94.) But as Plaintiff admits, a contract ***did*** exist between Plaintiff and eBay. (*Id.* ¶ 17.) Thus, this claim should be dismissed with prejudice.

Further, Plaintiff's "quasi-contract" claim is simply an unjust enrichment claim. (*See, e.g.*, FAC ¶ 95 ("Defendant received a benefit at the expense of Plaintiff and class members"); ¶ 96 ("Defendant has been unjustly enriched"); ¶ 97 ("Defendant has reaped the benefits of Plaintiff's and class members' payments"); ¶ 98 ("Defendant will be unjustly enriched unless ordered to disgorge those profits for the benefit of Plaintiff and class members.").) It is now established that California law provides no independent cause of action for unjust enrichment, particularly where, as here, an express contract exists. *See, e.g.*, *Gerlinger v. Amazon.com, Inc.*, 311 F. Supp. 2d 838, 856 (N.D. Cal. 2004) ("[U]njust enrichment is an action in quasi-contract. An action based on quasi-contract cannot lie where a valid express contract covering the same subject matter exists between the parties.") (citing *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996)); *GA Escrow, LLC v. Autonomy Corp. PLC*, No. C 08-01784 SI, 2008 WL 4848036, at *6-7 (N.D. Cal. Nov. 7, 2008) ("A plaintiff cannot survive a motion to dismiss an 'unjust enrichment' cause of action if the complaint also alleges tort claims and claims

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1095324/HN

21

EBAY'S MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPL.
CASE NO. CV 12-04005-EJD

1 based on the existence of a valid, express contract between the parties.").[16]  Because Plaintiff's

2 FAC depends upon the existence of an agreement between himself and eBay, and Plaintiff admits

3 the terms of that contract govern his claims, (*see, e.g.*, FAC ¶ 17), his quasi-contract claim should

4 be dismissed with prejudice.

5         **F.**      **Plaintiff Is Not Entitled To Declaratory Judgment (Count VI).**

6       Plaintiff seeks a declaratory judgment essentially declaring that his claims are valid.  (*See*

7 FAC ¶ 101.)  The Court should dismiss this claim for two reasons.

8       First, declaratory relief "is not an appropriate remedy for past misconduct." *See SBA*

9 *Commc'ns, Inc. v. Zoning Comm'n of Town of Brookfield*, 96 F. Supp. 2d 139, 141 (D. Conn.

10 2000) (dismissing claim for declaratory relief based on "Defendant's alleged past misconduct");

11 *Great Lakes Reinsurance (UK) PLC v. TLU Ltd.*, No. 07-61259-CIV, 2008 WL 828122, at *1

12 (S.D. Fla. Mar. 27, 2008) (dismissing claim for declaratory relief because "[t]he point of a

13 declaratory judgment is to permit actual controversies to be settled before they ripen into

14 violations of law, not to adjudicate past conduct" (internal quotation marks and citation omitted)).

15       Second, courts routinely exercise their discretion to dismiss declaratory judgment claims

16 that duplicate other substantive claims asserted in the same complaint.  Here, Plaintiff's

17 declaratory judgment claim duplicates his other five claims.  Accordingly, the claim should be

18 dismissed as an unnecessary appendage to the FAC.  *See, e.g.*, *Kinghorn v. Citibank, N.A.*, No. C

19 97-3111 FMS, 1999 WL 30534, at *7 (N.D. Cal. Jan. 20, 1999) ("Where a party seeks declaratory

20 relief and a substantially similar alternative remedy, the court may exercise its discretion to

21 dismiss the declaratory judgment claim."); *Clark v. Caln Township*, Civ. A. No. 90-1551, 1991

22 WL 86911, at *6 (E.D. Pa. May 20, 1991) (dismissing declaratory judgment claim "because

23 resolution of the other counts of the complaint will necessarily clarify the legal relations at issue

---

[16] *See also Swanson v. USProtect Corp.*, No. C 05-602 JF, 2007 WL 1394485, at *5 (N.D. Cal. May 10, 2007) (dismissing unjust enrichment claim because "[t]here is no cause of action in California for unjust enrichment") (quoting *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003)); *Cal. Med. Ass'n, Inc. v. Aetna U.S. Healthcare of Cal., Inc.*, 94 Cal. App. 4th 151, 172-73 (2001) ("[A] quasi-contract action for unjust enrichment does not lie where, as here, express binding agreements exist and define the parties' rights.").

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1095324/HN

22

EBAY'S MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPL.
CASE NO. CV 12-04005-EJD

1  in this case, [and thus] it does not appear that a declaratory judgment would serve any useful

2  purpose").

3  **V.    CONCLUSION**

4      eBay thus respectfully requests that this Court grant eBay's motion to dismiss with

5  prejudice because Plaintiff cannot plead around the undisputed express terms of the User

6  Agreement.  For that reason, any amendment would be futile.

7

8  Dated: January 31, 2013           COOLEY LLP
                                             MICHAEL G. RHODES (116127)

9                                             JOHN C. DWYER (136533)
                                           WHITTY SOMVICHIAN (194463)

10                                           MACO STEWART (*pro hac vice*)

11

12                                           /s/ Whitty Somvichian
                                         _____

13                                           Whitty Somvichian (194463)
                                         Attorneys for Defendant
                                         EBAY INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1095324/HN           23

EBAY'S MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPL.
CASE NO. CV 12-04005-EJD