1   COOLEY LLP
    JOHN C. DWYER (136533) (dwyerjc@cooley.com)
2   Five Palo Alto Square
    3000 El Camino Real
3   Palo Alto, CA  94306-2155
    Telephone:     (650) 843-5000
4   Facsimile:     (650) 849-7400

5   COOLEY LLP
    MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
6   WHITTY SOMVICHIAN (194463) (wsomvichian@cooley.com)
    MACO STEWART (288999) (maco.stewart@cooley.com)
7   101 California Street, 5th Floor
    San Francisco, CA  94111-5800
8   Telephone:     (415) 693-2000
    Facsimile:     (415) 693-2222
9
    Attorneys for Defendant
10  EBAY INC.

11                        UNITED STATES DISTRICT COURT

12                       NORTHERN DISTRICT OF CALIFORNIA

13                               SAN JOSE DIVISION

14

15  LUIS ROSADO, individually, and on behalf      Case No.  5:12-cv-04005 EJD (PSG)
    of other members of the general public
16  similarly situated,                           **DEFENDANT EBAY INC.'S NOTICE OF**
                                                   **MOTION; MOTION TO DISMISS**
17               Plaintiff,                        **PLAINTIFF'S SECOND AMENDED CLASS**
                                                   **ACTION COMPLAINT; AND**
18        v.                                       **MEMORANDUM OF POINTS AND**
                                                   **AUTHORITIES IN SUPPORT THEREOF**
19  EBAY INC., a Delaware corporation,
                                                   Date:        March 14, 2014
20               Defendant.                        Time:        9:00 a.m.
                                                   Judge:       Hon. Edward J. Davila
21                                                 Courtroom:   4
                                                   Trial Date:  None set
22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1342534 /SF

**EBAY'S MOTION TO DISMISS
SECOND AMENDED CLASS ACTION COMPL.
CASE NO. 5:12-CV-04005 EJD (PSG)**

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION TO DISMISS ............................................................. 1

STATEMENT OF ISSUES TO BE DECIDED ................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ......................................................... 1

I.     INTRODUCTION ....................................................................................................... 1

II.    FACTUAL BACKGROUND ...................................................................................... 2

     A.    The User Agreement. ...................................................................................... 3

     B.    eBay's Fees. ................................................................................................... 3

     C.    eBay's Listing Formats. ................................................................................ 4

     D.    eBay's Policies Specify The Recourse Available To Sellers If A Buyer Does Not Make Payment. ............................................................................. 5

     E.    Plaintiff's Allegations. .................................................................................. 6

     F.    Procedural History. ....................................................................................... 7

III.   LEGAL STANDARDS.............................................................................................. 9

IV.   ARGUMENT ........................................................................................................... 10

     A.    The SAC Fails In Its Entirety As Each Claim Is Inconsistent With The Express Terms Of The Parties' Agreement (All Counts). ................................. 10

         1.    Established Law Demonstrates That A Claim Cannot Survive If It Is Contrary To The Terms Of An Express Contract. .............................. 10

         2.    eBay's Terms and Policies Expressly Preclude Plaintiff's Demands. ...... 12

     B.    Plaintiff's Fraud-Based Claims All Fail As A Matter Of Law (Counts I, II, IV). .............................................................................................................. 14

         1.    Plaintiff Fails To Allege An Affirmative Misstatement. ........................ 15

         2.    Plaintiff Fails To State A Claim Based On Misleading Omissions. ......... 16

         3.    Plaintiff Still Fails To Allege That eBay Induced His Purported Reliance. ................................................................................................ 17

     C.    Plaintiff's Implied Covenant Of Good Faith And Fair Dealing Claim Fails (Count III). ................................................................................................... 19

     D.    Plaintiff's UCL Claim Fails (Count IV). ...................................................... 20

     E.    Plaintiff's "Breach of Quasi-Contract" Claim Fails (Count V). ..................... 21

     F.    Plaintiff Is Not Entitled To Declaratory Judgment (Count VI)...................... 22

     G.    Plaintiff Should Not Be Granted Leave To Amend............................................ 23

V.     CONCLUSION ....................................................................................................... 24

Cooley LLP
Attorneys At Law
San Francisco

1342534 /SF

i.

eBay's Motion to Dismiss
Second Amended Class Action Compl.
Case No. 5:12-cv-04005 EJD (PSG)

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Alda v. SBMC Mortg.*,
No. 11-cv-00678-LHK, 2012 WL 10589 (N.D. Cal. Jan. 3, 2012) ....................................... 23

*Arroyo v. Chattem, Inc.*,
926 F. Supp. 2d 1070 (N.D. Cal. 2012) ................................................................................. 23

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................................................ 9, 21

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................................................ 9, 21

*Brown v. Wells Fargo Bank, NA*,
168 Cal. App. 4th 938 (2008) ................................................................................................. 11

*Cal. Med. Ass'n, Inc. v. Aetna U.S. Healthcare of Cal., Inc.*,
94 Cal. App. 4th 151 (2001) ................................................................................................... 22

*Carma Developers (Cal.) Inc. v. Marathon Dev. Cal., Inc.*,
2 Cal. 4th 342 (1992) .............................................................................................................. 11

*Cattie v. Wal-Mart Stores, Inc.*,
504 F. Supp. 2d 939 (S.D. Cal. 2007) .................................................................................... 18

*Circle Click Media LLC v. Regus Mgmt. Grp. LLC*,
No. 12-cv-04000-SC, 2013 WL 57861 (N.D. Cal. Jan. 3, 2013)............................................ 17

*Clark v. Caln Township*,
Civ. A. No. 90-1551, 1991 WL 86911 (E.D. Pa. May 20, 1991) ........................................... 23

*Cullen v. Netflix, Inc.*,
No. 11-CV-01199-EJD, 2013 U.S. Dist. LEXIS 4246 (N.D. Cal. Jan. 10, 2013)
(Davila, J.).......................................................................................................................... 14, 15

*Custom LED, LLC v. eBay Inc.*,
No. C 12-00350 SI, 2012 WL 1909333 (N.D. Cal. May 24, 2012)......................................... 12

*Davis v. HSBC Bank Nevada, N.A.*,
691 F.3d 1152 (9th Cir. 2012)............................................................................ 10, 11, 17, 19

*Ewert v. eBay Inc.*,
No. C-07-02198 RMW, 2010 U.S. Dist. LEXIS 108838 (N.D. Cal. Sept. 30, 2010) ........... 12

*Faigman v. Cingular Wireless, LLC*,
No. C 06-04622 MHP, 2007 WL 708554 (N.D. Cal. Mar. 2, 2007) ...................................... 17

*Foman v. Davis*,
371 U.S. 178 (1962)................................................................................................................ 23

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1342534 /SF

ii.

EBAY'S MOTION TO DISMISS
SECOND AMENDED CLASS ACTION COMPL.
CASE NO. 5:12-CV-04005 EJD (PSG)

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*GA Escrow, LLC v. Autonomy Corp. PLC*,
    No. C 08-01784 SI, 2008 WL 4848036 (N.D. Cal. Nov. 7, 2008) .......................................... 22

*Gerlinger v. Amazon.com, Inc.*,
    311 F. Supp. 2d 838 (N.D. Cal. 2004) .................................................................................... 22

*Great Lakes Reinsurance (UK) PLC v. TLU Ltd.*,
    No. 07-61259-CIV, 2008 WL 828122 (S.D. Fla. Mar. 27, 2008) ........................................... 22

*Gross v. Symantec Corp.*,
    No. C 12-00154 CRB, 2012 WL 3116158 (N.D. Cal. July 31, 2012) .................................... 12

*Guerard v. CNA Fin. Corp.*,
    No. 09-CV-01801-SBA, 2009 WL 3152055 (N.D. Cal. Sept. 23, 2009) ........................ 10, 11

*Hartless v. Clorox Co.*,
    No. 06-cv-2705 JAH (CAB), 2007 WL 3245260 (S.D. Cal. Nov. 2, 2007)........................... 21

*Hovsepian v. Apple, Inc.*,
    No. 08-5788 JF, 2009 U.S. Dist. LEXIS 117562 (N.D. Cal. Dec. 17, 2009) ........................ 16

*Janda v. T-Mobile, USA, Inc.*,
    No. 05-03729 JSW, 2009 WL 667206 (N.D. Cal. Mar. 13, 2009) ......................................... 11

*Jenkins v. Commonwealth Land Title Insurance Co.*,
    95 F.3d 791 (9th Cir. 1996)................................................................................................... 10

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009)........................................................................................ passim

*Kinghorn v. Citibank, N.A.*,
    No. C 97-3111 FMS, 1999 WL 30534 (N.D. Cal. Jan. 20, 1999) ......................................... 23

*Marolda v. Symantec Corp.*,
    672 F. Supp. 2d 992 (N.D. Cal. 2009) ............................................................................. 16, 18

*Mazur v. eBay Inc.*,
    No. C 07-03967, 2008 WL 618988 (N.D. Cal. Mar. 4, 2008).............................................. 18

*Melchior v. New Line Prods., Inc.*,
    106 Cal. App. 4th 779 (2003) ............................................................................................... 22

*Metzler Inv. GMBH v. Corinthian Colleges, Inc.*,
    540 F.3d 1049 (9th Cir. 2008)................................................................................................ 23

*Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*,
    96 F.3d 1151 (9th Cir. 1996).................................................................................................. 22

*Pirozzi v. Apple Inc.*,
    913 F. Supp. 2d 840 (N.D. Cal. 2012) ................................................................................... 15

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1342534 /SF

iii.

EBAY'S MOTION TO DISMISS
SECOND AMENDED CLASS ACTION COMPL.
CASE NO. 5:12-CV-04005 EJD (PSG)

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*SBA Commc'ns, Inc. v. Zoning Comm'n of Town of Brookfield,*
  96 F. Supp. 2d 139 (D. Conn. 2000) ................................................................... 22

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.,*
  MDL No. 11-md-2258, 2012 U.S. Dist. LEXIS 146971 (S.D. Cal. Oct. 11, 2012) .............. 15

*Spiegler v. Home Depot U.S.A., Inc.,*
  552 F. Supp. 2d 1036 (C.D. Cal. 2008) ................................................................ 11

*Steckman v. Hart Brewing, Inc.,*
  143 F.3d 1293 (9th Cir. 1998) ............................................................................ 24

*Swanson v. U.S. Forest Serv.,*
  87 F.3d 339 (9th Cir. 1996) ............................................................................... 10

*Swanson v. USProtect Corp.,*
  No. C 05-602 JF, 2007 WL 1394485 (N.D. Cal. May 10, 2007) ................................... 22

*Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.,*
  368 F.3d 1053 (9th Cir. 2004) ............................................................................ 10

*Third Story Music, Inc. v. Waits,*
  41 Cal. App. 4th 798 (1995) ......................................................................... 19, 20

*Williamson v. Reinalt-Thomas Corp.,*
  No. 5:11-cv-03548-LHK, 2012 WL 1438812 (N.D. Cal. Apr. 25, 2012) ......................... 23

*Wolf v. Walt Disney Pictures & Television,*
  162 Cal. App. 4th 1107 (2008) ........................................................................... 20

*Woods v. Google, Inc.,*
  889 F. Supp. 2d 1182 (N.D. Cal. 2012) ........................................................ 11, 19, 20, 21

*Zucco Partners, LLC v. Digimarc Corp.,*
  552 F.3d 981 (9th Cir. 2009) .............................................................................. 23

**OTHER AUTHORITIES**

Fed R. of Civ. P.
  § 9(b) ........................................................................................... passim

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1342534 /SF

iv.

EBAY'S MOTION TO DISMISS
SECOND AMENDED CLASS ACTION COMPL.
CASE NO. 5:12-CV-04005 EJD (PSG)

1  <u>**NOTICE OF MOTION AND MOTION TO DISMISS**</u>

2  PLEASE TAKE NOTICE that on March 14, 2014 or as soon thereafter as this motion

3  may be heard, Defendant eBay Inc. ("eBay") will move to dismiss Plaintiff's Second Amended

4  Class Action Complaint ("SAC") or, in the alternative, dismiss certain claims of the SAC.  This

5  motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Civil

6  Procedure 9(b) and is based on this Notice of Motion and Motion, the accompanying

7  Memorandum of Points and Authorities, Request for Judicial Notice, Declaration of Elizabeth

8  Hartrich ("Hartrich Decl."), the pleadings on file, oral argument of counsel, and such other

9  materials and argument as may be presented in connection with the hearing on the motion.

10  <u>**STATEMENT OF ISSUES TO BE DECIDED**</u>

11  1.  <u>**All claims**</u>:  Whether Plaintiff is entitled to a refund of the fees he paid to list an

12  item for sale on the eBay website and other relief because a user clicked to buy the item but did

13  not make payment, where (i) Plaintiff's contract with eBay contains no express terms to support

14  the refund Plaintiff is seeking; (ii) the contract provides, to the contrary, that the fees in dispute

15  are "nonrefundable"; (iii) the contract provides that eBay has "no control over and do[es] not

16  guarantee . . . the ability of sellers to sell items . . . or that a buyer . . . will actually complete a

17  transaction . . ."; (iv) eBay's policies provide for specific recourse in the event a sale is not

18  completed and preclude the particular remedies that Plaintiff now demands; and (v) Plaintiff

19  concedes that he is bound by the parties' contract and eBay's policies.

20  2.  <u>**All fraud-based claims (Counts I, II, IV)**</u>:   Whether Plaintiff has alleged

21  sufficient facts under the heightened requirements of Federal Rule of Civil Procedure 9(b) to state

22  a claim under California's False Advertising Law ("FAL"), Consumers Legal Remedies Act

23  ("CLRA"), or Unfair Competition Law ("UCL"), where he fails to specify misstatements or

24  omissions that support his claims and further fails to allege that he detrimentally relied on any

25  specific statement or omission by eBay.

26  3.  <u>**Implied covenant claim (Count III)**</u>:  Whether Plaintiff alleges a plausible claim

27  for breach of the implied covenant of good faith and fair dealing where Plaintiff attempts to

28  impose implied terms that contradict the express terms of the contract.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1342534 /SF                           1.

EBAY'S MOTION TO DISMISS
SECOND AMENDED CLASS ACTION COMPL.
CASE NO. 5:12-CV-04005 EJD (PSG)

4.    **UCL claim (Count IV)**:  Whether Plaintiff's UCL claim should be dismissed for the additional reasons that (i) Plaintiff fails, under the UCL's "unfair" prong, to allege a substantial injury that lacks countervailing benefits and that he could not have reasonably avoided; and (ii) Plaintiff fails, under the "unlawful" prong, to allege any unlawful act that could serve as a predicate for a UCL claim.

5.    **Quasi-contract claim (Count V)**:  Whether Plaintiff's claim for "breach of quasi-contract" or unjust enrichment should be dismissed because (i) no quasi-contract or unjust enrichment claim can stand where, as here, Plaintiff simultaneously alleges an express contract; and (ii) established law holds that unjust enrichment is not an independent claim.

6.    **Declaratory relief claim (Count VI)**:  Whether the Court should exercise its discretion to dismiss Plaintiff's claim for declaratory judgment because the claim simply reiterates Plaintiff's other claims for purported past damages.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1342534 /SF

2.

EBAY'S MOTION TO DISMISS
SECOND AMENDED CLASS ACTION COMPL.
CASE NO. 5:12-CV-04005 EJD (PSG)

<u>**Memorandum of Points and Authorities**</u>

## I.     Introduction

Plaintiff's Second Amended Complaint ("SAC"), like the previous complaints he abandoned, fails as a matter of law because it seeks to impose obligations contrary to the terms of the contract governing his claim.  Plaintiff Luis Rosado ("Plaintiff") alleges that he listed his car for sale on eBay's website using the "Buy It Now" format, which allows prospective buyers to buy items immediately by clicking on a "Buy It Now" button on the listing page.  Plaintiff alleges that someone clicked "Buy It Now" to purchase his car, but he opted not to complete the sale (apparently out of concern that the buyer may have been trying to defraud him).  Plaintiff now seeks various remedies, including a partial refund of the fees he paid to list the car for sale.

This lawsuit suffers from a fundamental problem: Plaintiff fails to allege that eBay acted in any way inconsistently with the User Agreement that sets forth his contractual relationship with eBay.  Indeed, Plaintiff does not allege breach of contract at all.  Instead, he asserts a variety of claims in an effort to manufacture new obligations that go beyond, and conflict with, the contract he agreed to.  For example, he alleges a series of fraud-based claims (under the FAL, CLRA, and UCL) to demand a refund of his fees, yet he acknowledges elsewhere in the SAC that the fees he seeks "are charged at the time of listing and are ***nonrefundable***" under his contract with eBay.  (*Compare* SAC ¶ 18 *with* Hartrich Decl., Ex. B at 7 (emphasis added).)

The truth is that eBay's actions were fully consistent with the contract and with the extensive disclosures on eBay's website.[1]  While Plaintiff complains that these disclosures were somehow obscured, they were in fact readily accessible to him in the web pages he admits form the contract, in web pages directly linked to those pages, and even on the very web pages he claims he reviewed.  Moreover, while eBay does not guarantee that a listing will result in a sale, it does provide a variety of options for sellers to obtain a relisting or a refund in certain circumstances, as specified in eBay's contract and incorporated policies.  Plaintiff either did not

---

[1]  The Court can and should take judicial notice of these and other disclosures referenced in this Memorandum as they cannot reasonably be disputed, are incorporated by reference in the SAC, were relied on by Plaintiff in the SAC, and are directly implicated by Plaintiff's allegations.  *See* eBay's Request for Judicial Notice, filed concurrently herewith.

Cooley LLP
Attorneys At Law
San Francisco

1342534 /SF                                    1.

eBay's Motion to Dismiss
Second Amended Class Action Compl.
Case No. 5:12-cv-04005 EJD (PSG)

qualify for or did not bother to take advantage of these existing benefits.    For example, Plaintiff complains that his "Buy It Now" listing should not have ended until the prospective buyer completed the payment process.   But eBay gives sellers the option to select this specific protection (the "Immediate Payment" option discussed further below), which Plaintiff opted **not** to apply to his listings.   Plaintiff cannot blame eBay for this voluntary choice; nor should he be allowed to rewrite his contract with eBay to create entirely new benefits that go beyond the terms he agreed to.

Ultimately, Plaintiff seeks to hold eBay liable simply because he was unable (or unwilling) to close the deal with his prospective buyer.   Yet, the User Agreement could not be clearer: eBay has "***no control over and do[es] not guarantee*** . . . the ability of buyers to pay for items, or that a buyer or seller will actually complete a transaction or return an item." (Hartrich Decl., Ex. A at 4 (emphasis added).)

No legal theory can overcome the simple truth—apparent on the face of the SAC itself— that Plaintiff seeks relief to which he is not entitled.   For these reasons and the reasons set forth below, eBay respectfully requests that the SAC be dismissed in its entirety and with prejudice in light of Plaintiff's multiple failed attempts to state a viable claim.

## II.    FACTUAL BACKGROUND

eBay is the "world's largest online marketplace . . . ." (SAC ¶ 13.)   eBay does not sell products to, or buy products from, its users; rather, it provides a marketplace where sellers and buyers can connect.   Thus, eBay notifies its users: "We are not involved in the actual transaction between buyers and sellers." (Hartrich Decl., Ex. A at 4.)   In addition to its core ecommerce website located at www.ebay.com, eBay also operates eBay Motors, www.motors.ebay.com, which is dedicated to vehicles and vehicle-related parts and accessories. (SAC ¶ 15.)

Plaintiff alleges that he is an eBay seller who listed a used car for sale on eBay Motors. (*Id*. ¶ 26.)   The listing attracted a response, but Plaintiff chose not to consummate the transaction. (*Id*. ¶¶ 28-30.)   Set forth below is a description of the parties' contractual arrangement and a detailed summary of Plaintiff's factual allegations regarding the disputed transaction(s).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1342534 /SF

2.

EBAY'S MOTION TO DISMISS
SECOND AMENDED CLASS ACTION COMPL.
CASE NO. 5:12-CV-04005 EJD (PSG)

**A.      The User Agreement.**

The relationship between eBay and its users, including Plaintiff, is governed by a User Agreement, which provides that sellers will be charged fees based on Fees Schedules that are incorporated into the agreement.  (*Id.* ¶¶ 16, 18.)  A specific Fees Schedule applies to listings on eBay Motors (the "Motors Fees Schedule").    (*Id.*)    Plaintiff acknowledges that the User Agreement and Fees Schedules are "the operative contractual documents for determining the manner and method of calculating the fees that should be charged to sellers on eBay and eBay Motors."  (*Id.*)  In addition, the User Agreement incorporates eBay's other policies: "When using particular services on our sites, you are subject to any posted policies or rules applicable to services you use through the sites, which may be posted from time to time.  All such policies or rules are hereby incorporated into this User Agreement."  (Hartrich Decl., Ex. A at 7.)  Contrary to Plaintiff's allegation, these incorporated rules are not "a hodgepodge of isolated disclosures at various unrelated places on the website . . . ."  (SAC ¶ 3.)  Rather, the User Agreement and Fees Schedules directly link to, and incorporate by reference, specific web pages accessible to any eBay user.  Those links are visible in the attached User Agreement and Fees Schedules, and are explained in detail in the Hartrich Declaration filed concurrently with eBay's motion to dismiss. (Hartrich Decl. ¶¶ 3-13 & Exs. A-C.)

The User Agreement makes clear eBay's limited role in the transactions conducted through its site: "We are not involved in the actual transaction between buyers and sellers . . . [w]e have no control over and do not guarantee . . . the ability of buyers to pay for items, or that a buyer or seller will actually complete a transaction . . . ."  (*Id.*, Ex A at 4.)

**B.      eBay's Fees.**

The basic fee that sellers pay to list an item on eBay is the "Insertion Fee."  (SAC ¶ 19.) Sellers can also upgrade their listings by adding features and paying the resulting "Optional Feature Fees."[2]  (*Id.*; Hartrich Decl., Ex. C at 3.)  Plaintiff refers to these Insertion Fees and Optional Feature Fees collectively as "Listing Fees."  The Motors Fees Schedule, which governed

---

[2]  For example, sellers can pay to add larger photographs to their listings.  (Hartrich Decl., Ex. B at 4.)

Cooley LLP
Attorneys At Law
San Francisco

1342534 /SF

3.

eBay's Motion to Dismiss
Second Amended Class Action Compl.
Case No. 5:12-cv-04005 EJD (PSG)

1    Plaintiff's car listing, expressly provides that "[i]nsertion fees and optional feature fees are

2    charged at the time of listing and are nonrefundable." (Hartrich Decl., Ex. B at 7.)  Similarly, the

3    main eBay Fees Schedule provides that an Insertion Fee applies "[w]hen you list an item" and is

4    not contingent on a successful sale.  (*Id.*, Ex. C at 1.)   The Fees Schedules also provide for

5    payment of "final value fees," which are charged upon a successful sale.  (*Id.*, Ex. B at 3, Ex. C at

6    1.)  Plaintiff does not allege that he was charged a final value fee, and those fees are not at issue

7    in this case.  (SAC ¶ 36.)

8         **C.    eBay's Listing Formats.**

9         Sellers can use different listing formats to list an item on eBay, including fixed-price and

10   auction-style listings.  (SAC ¶ 20.)  In a fixed-price listing, the seller offers an item at a fixed

11   price known as the "Buy It Now" price.  To buy a fixed-price item, a buyer can click the "Buy It

12   Now" button that appears on the listing.  In an auction-style listing, users place bids on the listed

13   item and the highest bidder is the winner.  However, sellers using auction-style listings can also

14   include a "Buy it Now" price, which allows a user to commit to buy the item immediately at the

15   designated price without having to place a bid and wait for the auction process to end.  (Hartrich

16   Decl., Ex. D at 2.)  Plaintiff's SAC focuses on these "Buy It Now" listings (that is, all fixed price

17   listings and auction-style listings with the "Buy It Now" option).  (SAC ¶ 1.)

18        For all listings, sellers can select the duration of the listing (*e.g.*, three, five, seven days,

19   etc.), which defines the maximum length of time the listing will be available on the website.

20   (Hartrich Decl., Ex. E at 1.)  If no user clicks the "Buy It Now" button, the listing remains

21   available until the end of the designated duration.  However, a "Buy It Now" listing also ends

22   when a potential buyer clicks the "Buy It Now" button to initiate the purchase process.  At that

23   point, the listing is no longer available for others to bid on or buy.  eBay discloses this basic

24   feature of "Buy It Now" listings, explaining that "[f]ixed price listings and auctions with the Buy

25   it Now option ***end immediately when a buyer commits to purchasing the item***."  (*Id.* at 2

26   (emphasis added).)[3]  This feature is necessary because buyers sometimes do not immediately pay

27

28   ---

     [3]  eBay similarly discloses that "[w]hen you sell an item at a fixed price, your buyers have the
     convenience of buying the item ***immediately*** . . . ."  (*Id.*, Ex. F at 1 (emphasis added).)  eBay

Cooley LLP
Attorneys At Law
San Francisco

1342534 /SF                                    4.                    **eBay's Motion to Dismiss
                                                                     Second Amended Class Action Compl.
                                                                     Case No. 5:12-cv-04005 EJD (PSG)**

1   for an item.  For example, if a buyer accepted a "Buy It Now" price and waited a day before

2   making payment or paid for the item by mailing a check, another user (or users) could

3   contemporaneously select "Buy It Now" if the item were to remain listed during the payment

4   process.  This would potentially result in the "sale" of the same unique item to multiple buyers.

5         There is also, of course, the risk that a buyer will select "Buy It Now," causing the

6   removal of the listing, but fail to consummate the transaction.  Although the User Agreement is

7   clear that eBay does not guarantee that buyers will consummate a deal once it is initiated, eBay

8   offers an option to sellers who want to avoid this risk: the "***Immediate Payment***" option.

9   (Hartrich Decl., Ex. M at 1 (emphasis added).)  This free option ensures that listings remain

10  available until payment is actually received (as opposed to ending the listing when a buyer

11  commits to purchasing the item by selecting Buy It Now):

12         If you list your item with a fixed price, you can require a buyer who
13         clicks the Buy It Now button to pay you immediately using
           PayPal.[4]  If you require immediate payment, the item remains
14         available for purchase until a buyer has completed a PayPal
           payment, or until the listing expires.  The first buyer who clicks
15         Buy It Now and completes their PayPal payment officially wins
           your item.  Once a buyer completes the payment, the listing ends
16         and we let you know where you send the item.

17  (*Id.*)  eBay encourages its users to consider the option to avoid the very type of payment problems

18  Plaintiff alleges in the SAC.  (*Id.*, Ex. N at 1.)  A seller who chooses not to use this option

19  assumes the risk of payment not being made.

20        Plaintiff does not allege that he availed himself of the Immediate Payment option.

21        **D.    eBay's Policies Specify The Recourse Available To Sellers If A**
22        **        Buyer Does Not Make Payment.**

23        Though it does not guarantee payment, eBay provides sellers with a step-by-step process

24  under its Unpaid Item Policy to help sellers if a prospective buyer fails to complete a purchase.

25  ─────────────────────────────────────
    explains that a fixed price listing allows sellers to "list [their] items at a set price, so buyers can
26  ***purchase right away*** . . . ."  (*Id.*, Ex. D at 1 (emphasis added).)  With respect to auction-style
    listings, eBay informs sellers that they can "include a Buy It Now price, which lets the buyer
27  purchase the item ***before the listing's end date***."  (*Id.*, Ex. D at 2 (emphasis added).))

28  [4] PayPal is eBay's proprietary electronic payment service.  (SAC ¶¶ 19, 29.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1342534 /SF                                    5.

eBAY'S MOTION TO DISMISS
SECOND AMENDED CLASS ACTION COMPL.
CASE NO. 5:12-CV-04005 EJD (PSG)

(*Id.*, Ex. H at 1; Ex. I at 1-2.)  First, eBay advises sellers to contact buyers directly to try to resolve any dispute.  (*Id.*, Ex. I at 1.)  Second, eBay permits sellers who cannot reach resolution with buyers to "open an unpaid item case" against the buyer.  "The buyer [then] has up to 4 days to send a payment after the case is opened."  (*Id.* Ex. I at 1-2.)  If these procedures are followed and the buyer still has not paid, the seller then "may be credited for the final value fee" on a listing.  (*Id.* at 2; *see also id.*, Ex. H at 1.)  However, the Unpaid Item Policy does **not** provide for refunds of Listing Fees if a buyer does not pay.  (*See id.*)

If a listing does not result in a sale, eBay also allows qualifying sellers to relist the item and obtain a credit of the Insertion Fees for the relisting.[5]  eBay's Free Relist Policy provides that Insertion Fees are "[n]ormally . . . non-refundable," but "if your listing ends without a winning buyer or with an unpaid item, you can qualify for a credit if you meet certain requirements." (Hartrich Decl., Ex. K.)  To obtain a credit, the seller must initially pay the applicable Listing Fees for the relisting.  (*See id.*, Ex. L at 1.)  If that second listing results in a sale, the seller is automatically credited for the Insertion Fee he paid for the relisting.  (*See id.*)  Requirements to qualify for this credit include that: (1) the relisting must result in a successful sale, and (2) "the original listing and relisting must be in auction-style format.  Fixed-price . . . listing formats aren't eligible for relisting credits."  (*Id.* at 1-2.)  The Free Relist Policy also notes that "[o]nly the insertion fee is credited.  Listing upgrades are not credited."[6]  (*Id.* at 2.)

Plaintiff did not avail himself of the protections provided by the Unpaid Item Policy or the Free Relist Policy.

### E.     Plaintiff's Allegations.

Plaintiff claims to be an experienced eBay seller, who "began using eBay in May of 2005."  (SAC ¶ 9.)  He alleges that he listed a vehicle for sale three times on eBay Motors using the "Buy It Now" format.  (*Id.* ¶ 25.)  The first listing, on February 8, 2011, did not result in a sale, so he listed the vehicle for a second 21-day period.  (*Id.* ¶¶ 26-27.)  Plaintiff alleges that on

---

[5]  The Unpaid Item Policy links directly to the Free Relist Policy.  (Hartrich Decl., Ex. H at 1.)

[6]  Similarly, eBay devotes a page of its website to explaining Insertion Fees, where eBay explains: "If your listed item doesn't sell or if your buyer doesn't pay, you may qualify for an **insertion fee** credit by relisting the item."  (*Id.* Ex. J at 1 (emphasis added).)

Cooley LLP
Attorneys At Law
San Francisco

1342534 /SF

6.

eBay's Motion to Dismiss
Second Amended Class Action Compl.
Case No. 5:12-cv-04005 EJD (PSG)

March 8, 2011, seven days into the second listing, a buyer "clicked on the 'Buy It Now' button." (*Id.* ¶ 28.)  eBay then "automatically delisted the vehicle, thus preventing any other person from buying it."  (*Id.*)  "However, instead of purchasing the vehicle by depositing funds into Plaintiff's PayPal account, the buyer requested that Plaintiff cash a certified check for more than the purchase price of the vehicle and send the difference back to the buyer." (*Id.* ¶ 29.)  Plaintiff then decided not to sell to the prospective buyer and instead relisted his car for a third time.  (*Id.* ¶ 30.)  He does not allege whether he successfully sold the vehicle during the third alleged listing.  (SAC ¶ 30.)

Notably, the current allegations in the SAC omit key assertions from Plaintiff's initial complaint filed on July 30, 2012.  In that complaint, Plaintiff alleged that "eBay sent an email to Plaintiff informing him that the buyer was proposing a fraudulent transaction . . . stating, 'Please don't complete the transaction and don't ship the item.  You may have received an email saying the buyer has paid.  However, that's probably a fake message.'"[7]  (ECF 1, ¶ 28.)  Plaintiff theorized that by sending that message, eBay had "commanded" him not to complete the transaction and caused him to lose out on a sale.  (*Id.* ¶ 20.)  In essence, Plaintiff sought to blame eBay for warning him that the person who clicked to buy his car might have been making a fraudulent offer.

## F.    Procedural History.

eBay moved to dismiss the initial complaint, arguing that Plaintiff's causes of action failed because Plaintiff sought "to avoid the express terms of the parties' agreement and manufacture entirely new terms that appear nowhere in the contract." (ECF 20 at 3.)  eBay also noted specific defects including, among other things, Plaintiff's failure to allege a misleading statement or omission with specificity and his failure to allege that he relied on such a statement

---

[7]  This is consistent with eBay's general practice of protecting sellers.  For example, on a page devoted to helping users avoid problems, eBay warns sellers about "Counterfeit check schemes," explains how such schemes may work, and cautions that the seller may be held responsible if a cashier's check is fraudulent.  (Hartrich Decl., Ex. N at 2.)  eBay also warns sellers not to accept overpayments from buyers who ask to be reimbursed (*id.*), and suggests ways to avoid counterfeit check problems.  (*Id.* at 1 (suggesting that sellers "[r]equire immediate payment for fixed price listings and auction-style listings with a Buy It Now price.").)

Cooley LLP
Attorneys At Law
San Francisco

1342534 /SF                               7.

eBay's Motion to Dismiss
Second Amended Class Action Compl.
Case No. 5:12-cv-04005 EJD (PSG)

1   or omission.  (*Id.* at 12-15.)  Rather than oppose eBay's motion, Plaintiff filed an amended

2   complaint, tacitly acknowledging the defects noted in eBay's motion.  (*See* Joint Stip. to Amend

3   Compl., ECF 37.)

4         Plaintiff filed his First Amended Complaint ("FAC") on December 28, 2012.  (ECF 41.)

5   The FAC asserted the same underlying theories and causes of action as the original complaint, but

6   removed the allegations about eBay's fraud warning and removed the "subclass" of persons eBay

7   warned about potential fraud.  The FAC also referenced a page on eBay's website that, it alleged,

8   could mislead "a reasonable person."  (*Id.* ¶ 21.)  Plaintiff did not assert that he read that page or

9   otherwise allege that he relied upon any specific statement or omission on that page.  (*See id.*)

10        eBay moved to dismiss the FAC on January 31, 2013, arguing that the defects in

11  Plaintiff's complaint remained unresolved: Plaintiff's theory still contradicted the express terms

12  of the parties' contract; Plaintiff still failed to specify any misrepresentation or omission; and

13  Plaintiff still failed to allege his own reliance.  (ECF 42 at 15-19.)  Plaintiff opposed eBay's

14  motion.  However, rather than defend the viability of the FAC, Plaintiff's papers focused on

15  seeking yet another opportunity to replead his allegations.[8]  As a result, the Court issued an order

16  granting Plaintiff leave to amend and did not address the merits of eBay's motion to dismiss the

17  FAC.  (ECF 58.)

18        On October 1, 2013, Plaintiff filed the SAC, which adds a few paragraphs and phrases, but

19  is otherwise unchanged from the FAC.  As before, Plaintiff alleges that "a reasonable person

20  would expect his or her item to be listed for the full amount of time purchased unless the item

21  sells before [the] period expires."  (SAC ¶ 22.)  Thus, Plaintiff claims he should be entitled to a

22  free relisting for "the remainder of time from his purchased listing period" or, alternatively, that

23  he should have received a "prorated refund to compensate him for the time remaining on his

24  purchased listing period . . . ."  (SAC ¶ 34.)

25        The only new factual allegations in the SAC are at Paragraphs 4, 25, 31, and 32, which

26  attempt to address the defects that eBay previously noted regarding Plaintiff's fraud-based claims.

27  Plaintiff now faults eBay for not adding an additional disclosure in certain places on the eBay

28  ───────────────
[8] *See* ECF 47 at 3, 5 n.2, 10, 11, 12, 20-21.

Cooley LLP
Attorneys At Law
San Francisco

1342534 /SF                                        8.

eBay's Motion to Dismiss
Second Amended Class Action Compl.
Case No. 5:12-cv-04005 EJD (PSG)

1  website, though Plaintiff fails to explain why eBay's existing disclosures are insufficient. (SAC ¶

2  4.) In addition, after facing two motions to dismiss, and fourteen months after his first

3  Complaint, Plaintiff now purports to recall that he "relied on . . . the online form he completed to

4  create his listing," though he fails to explain why the "online form" was supposedly misleading.

5  However, the SAC still fails to identify any alleged misleading statement that Plaintiff viewed

6  and still fails to explain how eBay's detailed disclosures were purportedly rendered misleading by

7  any omission. (*Id.* ¶¶ 25, 31-32.)

8  Plaintiff's SAC alleges causes of action for violations of the UCL, FAL, and CLRA;

9  breach of the implied covenant of good faith and fair dealing; breach of quasi-contract; and

10  declaratory judgment. (*Id.* ¶¶ 52-104.) Notably, Plaintiff does not assert a claim for the breach of

11  any express term in the User Agreement or any incorporated eBay policy. Plaintiff purports to

12  represent a putative class, defined as follows:

13      All United States Residents with eBay accounts who listed an item
   for sale within the past four (4) years (the "Class Period") and paid

14      eBay one or more insertion fees, or optional features fees ("listing
   fees"), whose item was delisted when the "Buy It Now" button was

15      selected, and whose item nonetheless did not sell.

16  (*Id.* ¶ 36.)

17  **III.    LEGAL STANDARDS**

18  The Court must dismiss any claim that does not contain "sufficient factual matter,

19  accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

20  U.S. 662, 678 (2009) (citation omitted). To meet this threshold, Plaintiff must plead "factual

21  content that allows the court to draw the reasonable inference that the defendant is liable for the

22  misconduct alleged." *Id.* "[L]abels and conclusions, and a formulaic recitation of the elements of

23  a cause of action will not do . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

24  When a complaint "allege[s] a unified course of fraudulent conduct and rel[ies] entirely on

25  that course of conduct as the basis of that claim . . . the claim is said to be 'grounded in fraud' . . .

26  and the pleading . . . as a whole must satisfy the particularity requirement of Rule 9(b)." *Kearns*

27  *v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (citation omitted). Under Rule 9(b), "a

28  party must state with particularity the circumstances constituting fraud or mistake."

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1342534 /SF
9.
EBAY'S MOTION TO DISMISS
SECOND AMENDED CLASS ACTION COMPL.
CASE NO. 5:12-CV-04005 EJD (PSG)

1    Whether to grant leave to amend is "within the discretion of the district court." *Swanson*

2 *v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).  Leave to amend may properly be denied

3 where "it is clear . . . that the complaint could not be saved by any amendment."  *Thinket Ink Info.*

4 *Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004).

5 **IV.    ARGUMENT**

6        **A.    The SAC Fails In Its Entirety As Each Claim Is Inconsistent
              With The Express Terms Of The Parties' Agreement (All
7              Counts).**

8    Each of Plaintiff's claims should be rejected as his agreement with eBay precludes the

9 very relief he seeks.  Indeed, Plaintiff's claims essentially seek to improperly rewrite the terms of

10 the contract to which he agreed.

11            **1.    Established Law Demonstrates That A Claim Cannot
                  Survive If It Is Contrary To The Terms Of An Express
12                  Contract.**

13    **Fraud-based claims (Counts I, II, and IV)**.  Where a defendant has complied with the

14 contract between the parties, established law precludes the plaintiff from imposing liability by

15 alternatively framing his claim under a fraud-based theory.  For example, in *Jenkins v.*

16 *Commonwealth Land Title Insurance Co.*, 95 F.3d 791, 796 (9th Cir. 1996), the plaintiff sued the

17 defendant title company for breach of contract and common law fraud arising out of a dispute in

18 which the title company had refused to comply with the plaintiff's demand to quiet title in certain

19 property.  The district court dismissed both claims.  In affirming dismissal of the fraud claim, the

20 Ninth Circuit found that the plaintiff "could not properly allege a claim for fraud" as the

21 defendant "had fulfilled its obligations under the [agreement]. Thus, the alleged representation is

22 not false, and therefore not fraudulent." *Id*. (citation omitted); *see also Guerard v. CNA Fin.*

23 *Corp.*, No. 09-CV-01801-SBA, 2009 WL 3152055, at *5 (N.D. Cal. Sept. 23, 2009) (dismissing

24 fraud claims where the contract terms at issue were "unambiguous" and, thus, could not be

25 fraudulent).  Similarly, a plaintiff cannot successfully allege reasonable reliance—a necessary

26 element of any fraud-based claim—where the defendant complied with the contract terms and

27 disclosures at issue.  Thus, in *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1164 (9th Cir.

28 2012), the Ninth Circuit affirmed dismissal of a fraudulent concealment claim where the plaintiff

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1342534 /SF                                10.                   **EBAY'S MOTION TO DISMISS
                                                              SECOND AMENDED CLASS ACTION COMPL.
                                                              CASE NO. 5:12-CV-04005 EJD (PSG)**

could have discovered the disputed fees by reading the contract terms and applicable disclosures. The Court explained that, under these circumstances, "reliance on the purported misrepresentation was manifestly unreasonable." *Id.*; *see also Woods v. Google, Inc.*, 889 F. Supp. 2d 1182, 1196 (N.D. Cal. 2012) (dismissing FAL and UCL claims because plaintiff could not have reasonably relied on alleged misstatements that contradicted the plain language of the applicable contract); *Brown v. Wells Fargo Bank, NA*, 168 Cal. App. 4th 938, 958-59 (2008) (explaining that a defendant's compliance with a contract generally defeats a fraud claim because there can be no reasonable reliance where plaintiff "had a reasonable opportunity to discover the true terms of the contract").

Applying these principles, courts routinely dismiss UCL, FAL, and CLRA claims where the defendant "complied with the express terms of the contracts, and charged plaintiffs in accordance with their terms." *Spiegler v. Home Depot U.S.A., Inc.*, 552 F. Supp. 2d 1036, 1045 (C.D. Cal. 2008). It is simple: "the UCL cannot be used to rewrite [the parties'] contracts or to determine whether the terms of their contracts are fair." *Id.* at 1046; *see also Guerard*, 2009 WL 3152055, at *6 (dismissing UCL and FAL claims because "the interpretation of the clear and unambiguous terms of the policy cannot constitute an unfair, unlawful or fraudulent act . . . ."); *Janda v. T-Mobile, USA, Inc.*, No. 05-03729 JSW, 2009 WL 667206, at *5 (N.D. Cal. Mar. 13, 2009) (dismissing CLRA and UCL claims where defendant charged fees consistent with its terms and disclosures).

**Implied Covenant (Count III)**. Similarly, a plaintiff cannot claim breach of implied duties if the alleged duties contradict the express terms of a contract. Indeed, "[i]t is universally recognized the scope of conduct prohibited by the covenant of good faith is circumscribed by the . . . express terms of the contract." *Carma Developers (Cal.) Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 373, 374 (1992) ("We are aware of no reported case in which a court has held the covenant of good faith may be read to prohibit a party from doing that which is expressly permitted by an agreement. On the contrary, and as a general matter, implied terms should never be read to vary express terms.").

**Quasi-Contract (Count V)**. It is well-established that a claim for "quasi-contract"

Cooley LLP
Attorneys At Law
San Francisco

1342534 /SF

11.

eBay's Motion to Dismiss
Second Amended Class Action Compl.
Case No. 5:12-cv-04005 EJD (PSG)

(unjust enrichment) cannot stand where, as here, an express contract exists. *See, e.g.*, *Gross v. Symantec Corp.*, No. C 12-00154 CRB, 2012 WL 3116158, at *13 (N.D. Cal. July 31, 2012) (dismissing unjust enrichment claim with prejudice because an express contract existed); *Custom LED, LLC v. eBay Inc.*, No. C 12-00350 SI, 2012 WL 1909333, at *5 (N.D. Cal. May 24, 2012) (dismissing unjust enrichment claim without leave to amend because plaintiff alleged a valid and enforceable contract).[9] Plaintiff's express contract with eBay thus forecloses a claim for recovery of "unjust enrichment" under a quasi-contract theory.

## 2. eBay's Terms and Policies Expressly Preclude Plaintiff's Demands.

These established standards bar Plaintiff as a matter of law from demanding relief that runs contrary to the express terms to which he agreed. Yet that is precisely what he seeks.

First, Plaintiff complains that his "Buy It Now" listing ended when the prospective buyer clicked the "Buy It Now" button and did not remain available until the payment process was completed. But that is how "Buy It Now" listings generally operate. As eBay explains: "Fixed price listings and auctions with the Buy it Now option ***end immediately when a buyer commits to purchasing the item***." (Hartrich Decl., Ex. E at 2 (emphasis added).) In other words: "Because the 'Buy It Now' Option allows buyers to purchase an item immediately at the designated price, a listing with a 'Buy It Now' option does not come with a set listing duration. Instead, the listing duration selected by the seller is the ***maximum*** time that the listing may be available to potential buyers." *Ewert v. eBay Inc.*, No. C-07-02198 RMW, 2010 U.S. Dist. LEXIS 108838, at *31 (N.D. Cal. Sept. 30, 2010) (emphasis added) (finding that sellers are not entitled to the full duration of a "Buy It Now" listing because a potential buyer can click "Buy It Now" and terminate the listing at any time).

Second, sellers who are concerned that a prospective buyer might click the "Buy It Now" option but not pay can simply select the "Immediate Payment" option "to make sure the listing remains available until the transaction is successfully completed." (Hartrich Decl., Ex. M at 1;

---

[9] Plaintiff also asserts a claim for declaratory judgment. Because that claim is predicated entirely on his other claims, it fails for the same reasons. (*See* § IV.F, below.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1342534 /SF

12.

EBAY'S MOTION TO DISMISS
SECOND AMENDED CLASS ACTION COMPL.
CASE NO. 5:12-CV-04005 EJD (PSG)

1   *see also* Ex. N at 1 (recommending that sellers "[r]equire immediate payment for fixed price

2   listings and auction-style listings with a Buy It Now price").)  Plaintiff cannot complain that his

3   listing ended before payment was finalized when he chose to forego this protection.

4         Third, Plaintiff claims he is entitled to "a prorated refund" of his Listing Fees, which he

5   defines to include Insertion Fees.  (SAC ¶ 34.)  But the Unpaid Item Policy sets forth the limited

6   circumstances in which sellers can seek a refund and specifies which fees are refundable.  (*See* §

7   III.E, above.)  The Policy provides: "If you didn't receive payment from the buyer, you may be

8   credited for the ***final value fee***"[10] but ***not*** the Insertion Fees that Plaintiff demands.  (Hartrich

9   Decl., Ex. I at 2 (emphasis added).  The Motors Fees Schedule that governs Plaintiff's listings

10  also reiterates that "[i]nsertion fees … are charged at the time of listing and are ***nonrefundable***."

11  (Hartrich Decl., Ex. B at 7 (emphasis added).[11]  Plaintiff cannot demand a refund of his Insertion

12  Fees when those fees are "nonrefundable" by the terms of both his contract and the incorporated

13  Unpaid Items Policy.

14        Fourth, Plaintiff demands a free relisting for "the remainder of time from his purchased

15  listing period . . ."  (SAC ¶ 34.)  But eBay provides only a limited Free Relist Policy, which sets

16  forth the specific requirements needed to "qualify for an insertion fee credit" for the relisting.

17  (*Id.*, Ex. L at 1.)  Under these requirements, Plaintiff cannot demand a free relisting for his fixed-

18  priced listing because "[f]ixed-price . . . listing formats aren't eligible for relisting credits."  (*Id.*,

19  Ex. L at 2.)  Nor can Plaintiff demand a free relisting if the relisting of the item did not "end with

20  a winning buyer.  If the item doesn't sell the second time, the insertion fee is not refunded."  (*Id.*)

21  Plaintiff claims he subsequently relisted his car after the failed transaction but does not allege

22  whether this resulted in a successful sale, as needed to meet the requirement of the Free Relist

23  Policy.[12]  (*See* SAC ¶ 30.)

24  

25  [10]  A "final value fee" is the amount charged upon a successful sale.  Plaintiff does not allege that
    he was charged these fees and they are not at issue in this case.  (*Id.* ¶ 36.)

26  [11]  Plaintiff previously admitted in his original complaint that the "User Agreement states that
27  listing fees are nonrefundable . . . ."  (Compl. ¶ 20.)  While he has removed this admission from
    the SAC, he can hardly dispute this term of the contract.  (*See* Hartrich Decl., Ex. B at 5.)

28  [12]  Plaintiff also cannot seek a refund of any "Optional Feature Fees," when the Free Relist Policy

Cooley LLP
Attorneys At Law
San Francisco

1342534 /SF

13.

**eBay's Motion to Dismiss
Second Amended Class Action Compl.
Case No. 5:12-cv-04005 EJD (PSG)**

1    Fifth, Plaintiff claims he is entitled to relief because he did not finalize the transaction

2    with his prospective buyer, possibly out of concern for potential fraud in the transaction (which

3    eBay warned him about for his protection).  But Plaintiff cannot hold eBay accountable for any

4    potential risks in the proposed transaction or Plaintiff's ultimate decision not to proceed.  As the

5    User Agreement clarifies, eBay "do[es] not guarantee . . . the ability of buyers to pay for items, or

6    that a buyer or seller will actually complete a transaction or return an item."[13]  (Hartrich Decl.,

7    Ex. A at 4.)

8    In sum, rather than point to the breach of any obligation in his actual agreement with eBay

9    (because he cannot), Plaintiff attempts to fashion entirely new obligations while erasing the

10   express terms and limitations that he agreed to.  Established law precludes Plaintiff from

11   rewriting his contract in this manner, under any of his proffered legal theories.  (*See, e.g.*, § V.A,

12   above.)

13   **B.    Plaintiff's Fraud-Based Claims All Fail As A Matter Of Law**
         **(Counts I, II, IV).**

14

15   Plaintiff's FAL, CLRA, and UCL claims (his "fraud-based claims") should also be

16   dismissed because the SAC fails to satisfy the heightened pleading requirements of Rule 9(b).[14]

17   *Kearns*, 567 F.3d at 1125 ("Rule 9(b)'s heightened pleading standards apply to claims for

18   violations of the CLRA and UCL");  *Cullen v. Netflix, Inc.*, No. 11-CV-01199-EJD, 2013 U.S.

19   Dist. LEXIS 4246, at *17 (N.D. Cal. Jan. 10, 2013) (Davila, J.) ("The heightened pleading

20   standard of Federal Rule of Civil Procedure 9(b) applies to all UCL, FAL, or CLRA claims that

21

22   states that such fees "are not credited."  (Hartrich Decl., Ex. L at 2.)  While Plaintiff uses the term
     "Listing Fees" in the SAC to include Optional Feature Fees, he does not allege what specific

23   "Optional Feature Fees" he paid and it is unclear if Plaintiff is seeking recovery of any such fees.

24   [13]  Consistent with that understanding, Plaintiff does not seek a refund of the "Listing Fees" he
     paid for his initial listing, which "ran its course" without anyone buying his car.  (*E.g.*, *id.* ¶¶ 25-

25   26, 29.)  Nor does he seek a refund of the "Listing Fees" for his third listing, the success or failure
     of which he does not allege in the SAC.  (*See id.*)

26   [14]  Plaintiff himself characterizes his claims as arising from fraudulent conduct, leaving no

27   question that Rule 9(b) applies.  (*See e.g.*, SAC ¶ 54 ("Defendant unfairly and fraudulently
     omitted material facts . . . ."); SAC ¶ 83 ("Defendant has engaged in unfair, unlawful, and

28   fraudulent business acts or practices . . . .").)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1342534 /SF                     14.                     EBAY'S MOTION TO DISMISS
                                                  SECOND AMENDED CLASS ACTION COMPL.
                                                  CASE NO. 5:12-CV-04005 EJD (PSG)

are grounded in fraud.").  Rule 9(b) requires the plaintiff to plead the "'who, what, when, where, and how' of the misconduct charged."  *Kearns*, 567 F.3d at 1124 (citation omitted).[15]  Plaintiff's fraud-based claims fail under these standards, as Plaintiff does not specifically allege: (i) any affirmative misstatement by eBay about when "Buy It Now" listings will end; (ii) any statement by eBay that was supposedly misleading by omission; or (iii) that he relied on any misstatement or omission in deciding to place "Buy It Now" listings on eBay.

### 1.    Plaintiff Fails To Allege An Affirmative Misstatement.

Plaintiff vaguely suggests he was led to believe that if "items are delisted without selling," eBay would "re-list the item for the time remaining on the listing duration" or "provide a prorated refund . . . ."  (SAC ¶ 66.)  Yet Plaintiff fails to cite any contract term, website content, advertisement, or any other statement that would support his alleged belief.  He does not allege that eBay ever promised sellers that it would "re-list [an] item for the time remaining" or "provide a prorated refund" of Listing Fees if a prospective buyer does not complete a "Buy It Now" transaction.  (*See id.*)  Nor does he allege that eBay ever told sellers that items would be listed "for the full amount of time purchased unless the item sells before that period expires."  (SAC ¶ 22.)

The SAC omits these allegations because eBay never made such statements.  Rather, eBay's User Agreement is clear that eBay has "no control over and do[es] not guarantee . . . the ability of buyers to pay for items, or that a buyer or seller will actually complete a transaction or return an item."  (Hartrich Decl., Ex. A at 4.)  And under eBay's Motors Fees Schedule, Plaintiff agreed that "[i]nsertion fees and optional feature fees . . . are nonrefundable."  (*Id.*, Ex. B at 7.)  Indeed, by excluding any breach of contract claim from the SAC, Plaintiff essentially concedes that he cannot identify any misstatement in any of the web pages that comprise his contract with eBay.  This failure of pleading warrants dismissal without leave to amend.  *See, e.g., Cullen*, 2013

---

[15]  *See also Pirozzi v. Apple Inc.*, 913 F. Supp. 2d 840, 850 (N.D. Cal. 2012) (dismissing UCL, FAL, and CLRA claims for failure to plead with particularity); *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, MDL No. 11-md-2258, 2012 U.S. Dist. LEXIS 146971, at *79 (S.D. Cal. Oct. 11, 2012) (dismissing UCL, FAL, and CLRA claims where plaintiff failed to sufficiently allege statements likely to deceive a reasonable consumer).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1342534 /SF                                            15.

EBAY'S MOTION TO DISMISS
SECOND AMENDED CLASS ACTION COMPL.
CASE NO. 5:12-CV-04005 EJD (PSG)

U.S. Dist. LEXIS 4246, at *26 (granting defendant's motion to dismiss without leave to amend where further amendment could not have cured defects in the complaint).

### 2. Plaintiff Fails To State A Claim Based On Misleading Omissions.

Plaintiff's characterization of his fraud-based claims as being based on alleged omissions does not change this result.  The Ninth Circuit has clarified that "nondisclosure is a claim for misrepresentation in a cause of action for fraud [and] it (as any other fraud claim) must be pleaded with particularity under Rule 9(b)."  *See Kearns*, 567 F.3d at 1127; *see also Hovsepian v. Apple, Inc.*, No. 08-5788 JF, 2009 U.S. Dist. LEXIS 117562, at *13 (N.D. Cal. Dec. 17, 2009) ("*Kearns* held that a UCL claim based on an alleged omission is subject to Rule 9(b)").  To satisfy Rule 9(b), a plaintiff pursuing an omissions-based claim must "plead the circumstances of omission with specificity [by describing] the content of the omission and where the omitted information should or could have been revealed, as well as provide representative samples of advertisements, offers, or other representations that plaintiff relied on to make her purchase and that failed to include the allegedly omitted information."  *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 1002 (N.D. Cal. 2009).

Plaintiff complains that eBay "could easily have" included an additional disclosure in the Fees Schedule and in the "online listing form" to inform sellers that listings will be permanently delisted when a buyer clicks the "Buy It Now" button and sellers will not get a refund or free relisting if the buyer fails to pay.  (SAC ¶ 4.)  But that is precisely what eBay already explains to sellers.  As noted above, the Motors Fees Schedule advises sellers that Listing Fees are "nonrefundable."  (*See* Hartrich Decl. Ex. B at 7.)  eBay further explains that it has "no control over and do[es] not guarantee . . . that a buyer or seller will actually complete a transaction"; and that eBay "can't guarantee exact listing durations."  (Hartrich Decl. Exs. B at 7, A at 4.)  These additional disclosures are set forth in what Plaintiff admits are the "operative contractual documents" governing his claim.  (SAC ¶ 18.)  Moreover, as noted in Section III, above, numerous eBay disclosures provide further detail on how its fees work; when and how "Buy It Now" listings end; and how a seller can avoid non-payment issues by using the Immediate Payment option.  Plaintiff cannot seriously claim that eBay engaged in a fraud by omission in

Cooley LLP
Attorneys At Law
San Francisco

1342534 /SF

16.

eBay's Motion to Dismiss
Second Amended Class Action Compl.
Case No. 5:12-cv-04005 EJD (PSG)

light of these clear disclosures.  *See, e.g.*, *Circle Click Media LLC v. Regus Mgmt. Grp. LLC*, No. 12-cv-04000-SC, 2013 WL 57861, at *10-12 (N.D. Cal. Jan. 3, 2013) (dismissing fraud by omission claims because terms and conditions incorporated into the underlying agreement disclosed the allegedly undisclosed fees).

Ultimately, Plaintiff's omissions theory appears to be that eBay misled sellers by not repeating these disclosures in the online listing form and the Fees Schedule.  In other words, under Plaintiff's theory, eBay would have to repeat all of its disclosures multiple times in every conceivable place that a seller might look, in order to avoid liability for a fraudulent "omission."  That is not the law.  eBay's plain and readily accessible disclosures defeat any claim of a fraudulent omission—even if they were not included in their totality in the isolated web pages that Plaintiff has strategically chosen to highlight for purposes of his omissions claims.  *See Davis*, 691 F.3d at 1163 (finding that disclosures in a consumer's plain observation are sufficient to defeat a fraudulent omission claim).  Plaintiff's suggested heightened disclosure obligation is nonsensical.

Indeed, the additional disclosure that Plaintiff says should have been added to the Fee Schedule and the online listing form is actually untrue.  (SAC ¶ 4.)  Plaintiff says eBay should have told sellers that "Buy It Now" listings "are permanently delisted when a buyer clicks the 'Buy it Now' button whether or not the buyer pays for the item," in all cases.  But, in fact, a seller can use the "Immediate Payment" option to prevent a "Buy It Now" listing from being delisted ***until*** the buyer pays.  Thus, Plaintiff's proposed "cure" is not only unnecessary, but it would harm users by providing them with false information.

### 3. Plaintiff Still Fails To Allege That eBay Induced His Purported Reliance.

Plaintiff also fails to allege facts to show that any purported misstatement or omission caused any detrimental reliance.  *See, e.g.*, *Faigman v. Cingular Wireless, LLC*, No. C 06-04622 MHP, 2007 WL 708554, at *5 (N.D. Cal. Mar. 2, 2007) (explaining that "plaintiffs must allege that they would have acted differently—i.e., not purchased phones or services from Cingular, or opted for different Cingular products or services—had plaintiffs known" the undisclosed facts);

Cooley LLP
Attorneys At Law
San Francisco

1342534 /SF

17.

eBay's Motion to Dismiss
Second Amended Class Action Compl.
Case No. 5:12-cv-04005 EJD (PSG)

1    *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 947 (S.D. Cal. 2007) (dismissing CLRA

2    claim where the plaintiff "[did] not allege that false statements or claims had anything to do with

3    her decision to purchase" the products at issue).  These allegations of detrimental reliance must be

4    supported by specific facts.  *Marolda*, 672 F. Supp. 2d at 1001 ("'[T]he same level of specificity

5    is required with respect to [pleading] reliance' as with respect to misrepresentations." (quoting

6    *Mazur v. eBay Inc.*, No. C 07-03967, 2008 WL 618988, at *13 (N.D. Cal. Mar. 4, 2008)).

7           Here, Plaintiff claims "he would not have placed the listings" if he had known how "Buy

8    It Now" listings work, but he fails to allege specific facts to show that eBay somehow caused his

9    purported misunderstanding.  (SAC ¶ 31.)  Instead, the SAC asserts in conclusory terms that he

10   relied on "the online form he completed to create his listing . . . ."  (SAC ¶ 25.)  This newly added

11   reference to the "online form" (made for the first time in the SAC, 14 months after Plaintiff's

12   original complaint) does not come close to satisfying Rule 9(b) because the SAC says nothing

13   about the contents of the form or how it could have led Plaintiff to believe that he would be

14   entitled to a refund or free relisting if a "Buy It Now" transaction is not completed.  (*See* SAC ¶¶

15   4, 31.)

16          Plaintiff also claims he relied on unidentified "representations on eBay's website."  (SAC

17   ¶ 25.)  But this is also plainly inadequate under Rule 9(b), which requires Plaintiff to "specify

18   which . . . material he relied upon . . . ."  *See Kearns*, 567 F.3d at 1126.  Even if this allegation

19   were interpreted in Plaintiff's benefit as a vague reference to the Fees Schedule (which Plaintiff

20   mentions in a separate paragraph) it would only confirm the lack of any reasonable reliance.

21   Plaintiff says that the Fees Schedule (like the online listing form) failed to "advise[] him" that he

22   would not get a refund or free relisting if a prospective buyer fails to complete a "Buy It Now"

23   transaction.  (SAC ¶ 32.)  But if Plaintiff actually read eBay's Fees Schedules (and he never says

24   he did) he would have understood that Listing Fees "***are nonrefundable***" because this is plainly

25   stated on the webpage.[16]  Thus, even if Plaintiff's general assertions could be credited under

---

[16] Plaintiff also references an eBay webpage in which "eBay tells prospective sellers that 'When you list your item, you can select the listing duration for 1, 3, 5, 7, or 10 days.'"  (SAC ¶ 22.)  Plaintiff alleges this statement could cause a reasonable person to "expect his or her item to be listed for the full amount of time purchased unless the item sells before that period expires."  (*Id.*)  Plaintiff, however, does not allege or even suggest that he ever saw this statement and so it is

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1342534 /SF                                    18.

EBAY'S MOTION TO DISMISS
SECOND AMENDED CLASS ACTION COMPL.
CASE NO. 5:12-CV-04005 EJD (PSG)

9(b), his theory of reliance still would fail because it is unreasonable as a matter of law.  *Davis*,

691 F.3d at 1164 ("reliance on the purported misrepresentation was manifestly unreasonable"

where the disputed fees were disclosed in the contract); *Woods*, 889 F. Supp. 2d at 1196 (holding

that plaintiff could not have reasonably relied on alleged misstatements that contradicted the plain

language of the applicable contract).

In short, Plaintiff's fraud-based claims fail because Plaintiff fails to identify any

affirmative misstatement or omission that could have caused him to expect a refund or free

relisting on his "Buy It Now" listings.

### C.    Plaintiff's Implied Covenant Of Good Faith And Fair Dealing Claim Fails (Count III).

Plaintiff alleges that eBay violated the implied covenant of good faith and fair dealing

because the "essential terms of contract or agreement are that Plaintiff and class members will

pay listing fees or other associated costs to list their personal items for sale on eBay for specified

periods of time."  (SAC ¶ 76.)  This "implied duty" claim fails because Plaintiff cannot impute

implied terms that are inconsistent with the express terms of the contract.  (*See* § V.A, above); *see

also Woods*, 889 F Supp. 2d at 1194 ("A plaintiff must show that the conduct of the defendant,

whether or not it also constitutes a breach of a consensual contract term, demonstrates a failure or

refusal to discharge contractual responsibilities.") (internal quotation marks and citation omitted).

The remedies that Plaintiff seeks to impose run directly contrary to the express terms providing

that (1) Listing Fees "are charged at the time of listing and are nonrefundable," and (2) eBay

"[has] no control over and do[es] not guarantee . . . that a buyer or seller will actually complete a

transaction . . . ."  (*See* § V.A, above.)

In addition, the implied covenant applies only in limited circumstances where a contract

expressly grants a party discretion over its own performance, such that a literal interpretation of

the contract would render it illusory and unenforceable.  *See Third Story Music, Inc. v. Waits*, 41

---

irrelevant for purposes of assessing the sufficiency of his reliance allegations.  Moreover, Plaintiff conveniently omits that on that same webpage, eBay states that it "***can't guarantee exact listing durations***" and explains that "***[f]ixed price listings and auctions with the Buy It Now option end immediately when a buyer commits to purchasing the item.***"  (Hartrich Decl., Ex. E at 2 (emphasis added).)  In other words, on the very page Plaintiff points to, eBay discloses that a listing ends when a buyer commits to "Buy It Now," and *not* when the buyer pays.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1342534 /SF                                              19.                    EBAY'S MOTION TO DISMISS
SECOND AMENDED CLASS ACTION COMPL.
CASE NO. 5:12-CV-04005 EJD (PSG)

1   Cal. App. 4th 798, 802-06 (1995) (contract contained express clause giving one contracting party

2   complete discretion "at [its] election" to market or refrain from marketing certain music to which

3   the other contracting party owned royalty rights); *id.* at 806-08 (collecting cases illustrating the

4   limited circumstances in which an implied covenant claim can be applied); *Wolf v. Walt Disney*

5   *Pictures & Television*, 162 Cal. App. 4th 1107, 1121 (2008) (contract expressly gave defendant

6   "unfettered discretion" to license or not license movie franchise as it "saw fit").   In such cases,

7   courts prefer to uphold the contract and therefore find that the party with discretion must exercise

8   it in good faith.  *Third Story Music*, 41 Cal. App. 4th at 802-06.  Here, the SAC does not allege

9   the existence of any term that gives eBay discretion to perform, much less any express term that

10  would render the entire contract illusory or unenforceable.   Rather than alleging such a term,

11  Plaintiff simply attempts to rewrite the contract to change the terms applicable to "Buy It Now"

12  listings.  This cannot support an implied duty as a matter of law.

13          **D.      Plaintiff's UCL Claim Fails (Count IV).**

14          Plaintiff offers nothing new in his UCL claim, but simply incorporates his previous

15  allegations and claims that by removing a listing when "Buy It Now" is selected, eBay engages in

16  "unfair, unlawful, and fraudulent" conduct.  (SAC ¶ 83.)  These claims fail because, as described

17  above, Plaintiff fails to allege that eBay acted inconsistently with the parties' agreement.

18          Moreover, under the "unfair" prong, Plaintiff bears the burden of alleging a consumer

19  injury that is (1) substantial; (2) not outweighed by any countervailing benefit to consumers or to

20  competition; and (3) not an injury the consumers themselves could reasonably have avoided.

21  *Woods*, 889 F. Supp. 2d at 1195.  These standards provide further reasons to dismiss Plaintiff's

22  "unfair" claim.   First, there is no cognizable consumer injury unless Plaintiff can plead facts

23  showing that he had a legal right to the refunds or additional listing time that he demands.

24  Plaintiff pleads no such facts, and under the contract had no such rights.   (*See* § V.A, above.)

25  Second, even assuming a potential injury, Plaintiff could have avoided such injury by using the

26  Immediate Payment option.   (*See* §§ III.C & III.E, above.)   The Immediate Payment option

27  involves an immediate transfer of funds through PayPal.  Plaintiff alleges that he is a PayPal user,

28  and that he would have preferred that the buyer who selected "Buy It Now" had deposited funds

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1342534 /SF                              20.                   **EBAY'S MOTION TO DISMISS
SECOND AMENDED CLASS ACTION COMPL.
CASE NO. 5:12-CV-04005 EJD (PSG)**

1  in to his PayPal account.  (SAC ¶ 29.)  But even though the "Immediate Payment" option was

2  available to him, he apparently chose not to take advantage of it.

3          Under the "unlawful" prong, Plaintiff bears the burden of adequately pleading violations

4  of other laws.  He attempts to do this by restating his fraud-based claims and his implied covenant

5  claim and referring in a conclusory fashion to certain Civil Code sections defining fraud.  (*See*,

6  *e.g.*, SAC ¶¶ 84(a)-(f).)  Each of these allegations fails for the reasons set forth in Sections V.A-

7  V.C above.  Moreover, common law claims, as a matter of law, cannot serve as a predicate act

8  under the unlawful prong of the UCL.  *See, e.g.*, *Hartless v. Clorox Co.*, No. 06-cv-2705 JAH

9  (CAB), 2007 WL 3245260, at *5 (S.D. Cal. Nov. 2, 2007) (analyzing case law and concluding

10  that a common law claim cannot serve as a predicate act for the UCL's unlawful prong).  Though

11  Plaintiff recites a laundry list of code sections he claims were violated, he fails to explain how

12  any of them applies.  Simply reciting statutes and concluding that they were violated is not

13  enough to survive a motion to dismiss.  *See, e.g.*, *Twombly*, 550 U.S. at 555 ("[L]abels and

14  conclusions, and a formulaic recitation of the elements of a cause of action will not" survive a

15  motion to dismiss); *Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework

16  of a complaint, they must be supported by factual allegations.").  "Because [Plaintiff] did not

17  plead [any] of those claims adequately, he . . . has failed to state a claim under the unlawful prong

18  of the UCL."  *Woods*, 889 F. Supp. 2d at 1195.

19          **E.      Plaintiff's "Breach of Quasi-Contract" Claim Fails (Count V).**

20          Plaintiff's quasi-contract claim fails by its own terms.  Plaintiff alleges that "[t]o the

21  extent that a contract or agreement did not exist . . . the facts and circumstances alleged herein

22  gave rise to a quasi or implied contract . . . ." (SAC ¶ 97.)  But as Plaintiff admits, a contract **did**

23  exist between Plaintiff and eBay.  (*Id.* ¶ 18.)  Thus, this claim should be dismissed with prejudice.

24          Further, Plaintiff's "quasi-contract" claim is simply an unjust enrichment claim.  (*See,*

25  *e.g.*, SAC ¶ 98 ("Defendant received a benefit at the expense of Plaintiff and class members"); ¶

26  99 ("Defendant has been unjustly enriched"); ¶ 100 ("Defendant has reaped the benefits of

27  Plaintiff's and class members' payments"); ¶ 101 ("Defendant will be unjustly enriched unless

28  ordered to disgorge those profits for the benefit of Plaintiff and class members.").)  It is now

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1342534 /SF                          21.                  **EBAY'S MOTION TO DISMISS
SECOND AMENDED CLASS ACTION COMPL.
CASE NO. 5:12-CV-04005 EJD (PSG)**

1  established that California law provides no independent cause of action for unjust enrichment,

2  particularly where, as here, an express contract exists.  *See, e.g.*, *Gerlinger v. Amazon.com, Inc.*,

3  311 F. Supp. 2d 838, 856 (N.D. Cal. 2004) ("[U]njust enrichment is an action in quasi-contract.

4  An action based on quasi-contract cannot lie where a valid express contract covering the same

5  subject matter exists between the parties.") (citing *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*,

6  96 F.3d 1151, 1167 (9th Cir. 1996)); *GA Escrow, LLC v. Autonomy Corp. PLC*, No. C 08-01784

7  SI, 2008 WL 4848036, at *6-7 (N.D. Cal. Nov. 7, 2008) ("A plaintiff cannot survive a motion to

8  dismiss an 'unjust enrichment' cause of action if the complaint also alleges tort claims and claims

9  based on the existence of a valid, express contract between the parties.").[17]  Because Plaintiff's

10 SAC depends upon the existence of an agreement between himself and eBay, and Plaintiff admits

11 the terms of that contract govern his claims, (*see, e.g.*, SAC ¶ 18), his quasi-contract claim should

12 be dismissed with prejudice.

13         **F.     Plaintiff Is Not Entitled To Declaratory Judgment (Count VI).**

14         Plaintiff seeks a declaratory judgment essentially declaring that his claims are valid.  (*See*

15 SAC ¶ 104.)  The Court should dismiss this claim for two reasons.

16         First, declaratory relief "is not an appropriate remedy for past misconduct."  *See SBA*

17 *Commc'ns, Inc. v. Zoning Comm'n of Town of Brookfield*, 96 F. Supp. 2d 139, 141 (D. Conn.

18 2000) (dismissing claim for declaratory relief based on "Defendant's alleged past misconduct");

19 *Great Lakes Reinsurance (UK) PLC v. TLU Ltd.*, No. 07-61259-CIV, 2008 WL 828122, at *1

20 (S.D. Fla. Mar. 27, 2008) (dismissing claim for declaratory relief because "[t]he point of a

21 declaratory judgment is to permit actual controversies to be settled before they ripen into

22 violations of law, not to adjudicate past conduct" (internal quotation marks and citation omitted)).

23         Second, courts routinely exercise their discretion to dismiss declaratory judgment claims

24

---

25 [17] *See also Swanson v. USProtect Corp.*, No. C 05-602 JF, 2007 WL 1394485, at *5 (N.D. Cal.
   May 10, 2007) (dismissing unjust enrichment claim because "[t]here is no cause of action in
26 California for unjust enrichment") (quoting *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th
   779, 793 (2003)); *Cal. Med. Ass'n, Inc. v. Aetna U.S. Healthcare of Cal., Inc.*, 94 Cal. App. 4th
27 151, 172-73 (2001) ("[A] quasi-contract action for unjust enrichment does not lie where, as here,
28 express binding agreements exist and define the parties' rights.").

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1342534 /SF                                22.

**EBAY'S MOTION TO DISMISS**
**SECOND AMENDED CLASS ACTION COMPL.**
**CASE NO. 5:12-CV-04005 EJD (PSG)**

that duplicate other substantive claims asserted in the same complaint.   Here, Plaintiff's declaratory judgment claim duplicates his other five claims.   Accordingly, the claim should be dismissed as an unnecessary appendage to the SAC.  *See, e.g.*, *Kinghorn v. Citibank, N.A.*, No. C 97-3111 FMS, 1999 WL 30534, at *7 (N.D. Cal. Jan. 20, 1999) ("Where a party seeks declaratory relief and a substantially similar alternative remedy, the court may exercise its discretion to dismiss the declaratory judgment claim."); *Clark v. Caln Township*, Civ. A. No. 90-1551, 1991 WL 86911, at *6 (E.D. Pa. May 20, 1991) (dismissing declaratory judgment claim "because resolution of the other counts of the complaint will necessarily clarify the legal relations at issue in this case, [and thus] it does not appear that a declaratory judgment would serve any useful purpose").

### G.      Plaintiff Should Not Be Granted Leave To Amend.

Dismissal with prejudice is proper where, as here, a plaintiff has had multiple chances to state a viable claim.  *See*, *e.g.*, *Arroyo v. Chattem, Inc.*, 926 F. Supp. 2d 1070, 1081 (N.D. Cal. 2012) (granting defendant's motion to dismiss with prejudice because after amendment, plaintiff's complaint still failed to plead with particularity); *Alda v. SBMC Mortg.*, No. 11-cv-00678-LHK, 2012 WL 10589, at *4 (N.D. Cal. Jan. 3, 2012) ("As the Supreme Court has held, repeated failure to cure deficiencies in a complaint is reason enough to deny leave to amend." (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Williamson v. Reinalt-Thomas Corp.*, No. 5:11-cv-03548-LHK, 2012 WL 1438812, at *15-16 (N.D. Cal. Apr. 25, 2012) (dismissing with prejudice, even though case had not been dismissed previously, where plaintiff had amended complaint twice and original complaint was filed nine months earlier).

Dismissal of amended pleadings with prejudice is also appropriate where a plaintiff's repeated failure to cure deficiencies demonstrates that further amendment would be futile.  *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("The fact that [the plaintiff] failed to correct these [pleading] deficiencies in its Second Amended Complaint 'is a strong indication that the plaintiffs have no additional facts to plead.'" (citation omitted)); *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) (upholding dismissal with prejudice where deficiencies "persisted in every prior iteration of the

Cooley LLP
Attorneys At Law
San Francisco

1342534 /SF

23.

eBay's Motion to Dismiss
Second Amended Class Action Compl.
Case No. 5:12-cv-04005 EJD (PSG)

[complaint]"); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (stating the general rule for leave to amend "does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal" (citations omitted)).

Here, Plaintiff is now on his ***third*** complaint.  And despite having had two opportunities to review eBay's arguments and to specifically tailor the SAC in response, Plaintiff has done nothing more than superficially tinker with his allegations.  The SAC still suffers from the same fundamental defects of Plaintiff's two prior complaints, including the failure to overcome the eBay terms and policies that foreclose the remedies he seeks, and the ongoing inability to specify any alleged misstatements or omissions to support Plaintiff's claim of purported reliance, among others failures of pleading as specified above.  Plaintiff's continuing inability to plead any viable claim confirms that the defects of his lawsuit are incurable.  This litigation should not be prolonged any further, after well over a year of legal briefing and three failed efforts to plead a sufficient complaint.

## V.   CONCLUSION

For the foregoing reasons, eBay respectfully requests that this Court dismiss Plaintiff's Second Amended Complaint with prejudice.

Dated: December 6, 2013

COOLEY LLP
MICHAEL G. RHODES (116127)
JOHN C. DWYER (136533)
WHITTY SOMVICHIAN (194463)
MACO STEWART (288999)


/s/ Whitty Somvichian
Whitty Somvichian (194463)
Attorneys for Defendant
EBAY INC.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1342534 /SF

24.

EBAY'S MOTION TO DISMISS
SECOND AMENDED CLASS ACTION COMPL.
CASE NO. 5:12-CV-04005 EJD (PSG)