UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LUIS ROSADO, individually, and on behalf of other members of the general public similarly situated, | ) ) ) Case No. 5:12-CV-04005-EJD |
| | ) **ORDER DENYING DEFENDANT'S** |
| Plaintiff, | ) **MOTION TO DISMISS** |
| | ) |
| v. | ) |
| | ) **[Re: Docket Item No. 62]** |
| EBAY INC., a Delaware corporation, | ) |
| | ) |
| Defendant. | ) |
| | ) |

In this putative class action, Defendant eBay Inc. ("eBay" or "Defendant") moves to dismiss the Second Amended Class Action Complaint ("SAC") filed by Plaintiff Luis Rosado ("Rosado" or "Plaintiff"). See Docket Item No. 62. Per Civ. L.R. 7-1(b), the motion was taken under submission without oral argument. Having fully reviewed the parties' papers, the Court denies eBay's motion to dismiss.

## I.    BACKGROUND

Plaintiff is a citizen and resident of Florida who began using eBay as a seller in May of 2005. See Docket Item No. 59 ¶ 9. eBay is a Delaware corporation with its principle place of business in San Jose, California. eBay operates as an online auction and classified advertisement website serving more than 100 million active users worldwide. eBay Motors is a specialty site on

United States District Court
For the Northern District of California

www.eBay.com that allows users to buy and sell vehicles and vehicle-related merchandise online. Id. ¶¶ 10-15.

In order to list items for sale on eBay Motors, sellers must accept eBay's "User Agreement." Id. ¶ 16. The User Agreement and Fee Schedules are the operative contractual documents for determining the manner and method of calculating the fees that should be charged to sellers on eBay Motors.[1] Id. ¶ 18.

When a seller lists an item for sale, eBay charges an "Insertion Fee." Sellers can also upgrade their listings by adding additional features and paying "Optional Feature Fees." Plaintiff refers to the Insertion Fees and Optional Feature Fees collectively as "Listing Fees." There are three general listing formats on eBay: auction-style, fixed-price for a set amount of time, or an online classified advertisement. Id. ¶¶ 19-20. For an auction-style listing, the seller sets a starting price for bidding. For a fixed-price listing, the seller sets a designated price at which a buyer can purchase the item. Ewert v. eBay, Inc., 2010 WL 4269259, at *1 (N.D. Cal. Oct. 25, 2010).

When items are sold at a fixed-price, a "Buy It Now" option appears in the listing. When a prospective buyer clicks the Buy It Now button in the listing, the item is delisted from eBay, even if the prospective buyer does not complete the transaction. Dkt. No. 59 ¶¶ 20-21. However, if the sale is not consummated, eBay does not relist the item for the time remaining on the listing duration or offer sellers a refund. Plaintiff contends that prospective sellers are on notice that they will not receive a refund in such a situation, but they are not notified that they will lose a portion of the prepaid listing duration. Id. ¶ 21.

On February 8, 2011, upon paying a listing fee of $36 for 21 days and a picture fee of $0.25, Plaintiff listed his vehicle for sale on eBay Motors. Id. ¶ 26. Plaintiff used a fixed-price listing, so his listing had a Buy It Now option. Id. ¶ 25. Plaintiff's vehicle failed to sell and he re-listed it on March 1, 2011, again paying a $36 listing fee for 21 days. Id. ¶ 27. On March 8, a

---

[1] Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the documents attached to the supporting Declaration of Elizabeth Hartrich. See Docket Item No. 64. These documents were effective and publically available on eBay's website from February 8, 2011 through March 30, 2011 and include eBay's User Agreement, Fees Schedules, and other related rules and policies linked to and incorporated by reference in the User Agreement and Fees Schedule. A court may consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading" and "treat such documents as part of the complaint." Davis v. HSBC Bank Nevada, N.A., 691 F.3d 1152, 1160 (9th Cir. 2012) (citations omitted).

Case No. 5:12-CV-04005-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

1  prospective buyer clicked the Buy It Now button on Plaintiff's listing and the item was

2  immediately delisted from eBay's website.  Id. ¶ 28.  The buyer did not deposit money into

3  Plaintiff's PayPal account, instead requesting that Plaintiff cash a check and send the difference

4  back to the buyer, which Plaintiff did not do.[2] Id. ¶ 29; see Docket Item No. 65 at 6 n.1.  On March

5  9, Plaintiff relisted his vehicle by paying an additional $36.  Dkt. No. 59 ¶ 30.  On March 22,

6  Plaintiff requested a refund for the remaining time on the March 1 listing (a $24 value), but eBay

7  only agreed to provide a credit of $4.25.  Id. ¶ 33.

8       On July 30, 2012, Plaintiff filed his original class action complaint.  See Docket Item No. 1.

9  eBay filed a Motion to Dismiss on October 22, 2012.  See Docket Item No. 20.  Plaintiff filed his

10  First Amended Complaint ("FAC") on December 28, 2012.  See Docket Item No. 41.  eBay moved

11  to dismiss the FAC on January 31, 2013.  See Docket Item No. 42.  The Court issued an Order

12  denying eBay's motion to dismiss and granting Plaintiff leave to amend.  See Docket Item No. 58.

13       On October 1, 2013, Plaintiff filed the SAC asserting six causes of action: (i) violation of

14  California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 et seq.; (ii)

15  violation of the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 et seq.; (iii)

16  breach of the covenant of good faith and fair dealing; (iv) violation of the Unfair Competition Law

17  ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.; (v) breach of quasi-contract; and (vi)

18  declaratory judgment.  Dkt. No. 59.  eBay filed its present motion on December 6, 2013 (Dkt. No.

19  62), Plaintiff filed a response on January 24, 2014 (Dkt. No. 65), and eBay filed a reply on

20  February 7, 2014 (Dkt. No. 67).

21  **II.    LEGAL STANDARD**

22       Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient

23  specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it

24  rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).  A complaint

25  which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which

26  relfor can be granted.  Fed. R. Civ. P. 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only

[2] eBay notes that Plaintiff's original complaint stated that Plaintiff was contacted by eBay to alert him that they buyer was proposing a fraudulent transaction and asked him not to complete the transaction.  Dkt. No. 62 at 7.

3

Case No. 5:12-CV-04005-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

United States District Court
For the Northern District of California

1    where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal

2    theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

3    Moreover, the factual allegations "must be enough to raise a right to relief above the speculative

4    level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

5           When deciding whether to grant a motion to dismiss, the court generally "may not consider

6    any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d

7    1542, 1555 n.19 (9th Cir. 1990).  The court must accept as true all "well-pleaded factual

8    allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The court must also construe the

9    alleged facts in the light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242,

10   1245 (9th Cir. 1988).  However, the court may consider material submitted as part of the complaint

11   or relied upon in the complaint, and may also consider material subject to judicial notice.  See Lee

12   v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).  But "courts are not bound to accept

13   as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

14          Fraud-based claims are subject to heightened pleading requirements under Federal Rule of

15   Civil Procedure 9(b).  In that regard, a plaintiff alleging fraud "must state with particularity the

16   circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  The allegations must be "specific enough

17   to give defendants notice of the particular misconduct which is alleged to constitute the fraud

18   charged so that they can defend against the charge and not just deny that they have done anything

19   wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985).  To that end, the allegations

20   must contain "an account of the time, place, and specific content of the false representations as well

21   as the identities of the parties to the misrepresentations."  Swartz v. KPMG LLP, 476 F.3d 756, 764

22   (9th Cir. 2007).  Averments of fraud must be accompanied by the "who, what, when, where, and

23   how" of the misconduct charged.  Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir.

24   2003) (citation omitted).  Additionally, "the plaintiff must plead facts explaining why the statement

25   was false when it was made." Smith v. Allstate Ins. Co., 160 F. Supp. 2d 1150, 1152 (S.D. Cal.

26   2001) (citation omitted); see also In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1549 (9th Cir.

27   1994) (en banc) (superseded by statute on other grounds).

28

United States District Court
For the Northern District of California

                                                    4

Case No. 5:12-CV-04005-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

**United States District Court**
For the Northern District of California

## III.   DISCUSSION

Plaintiff asserts six causes of action against Defendant: (i) violation of California's FAL; (ii) violation of the CLRA; (iii) breach of the covenant of good faith and fair dealing; (iv) violation of the UCL; (v) breach of quasi-contract; and (vi) declaratory judgment.  Plaintiff contends that he believed that if a listing ended prematurely due to a prospective purchaser clicking the Buy It Now button, but failing to pay, Plaintiff would receive a refund or an opportunity to relist the item for the time remaining.  Dkt. No. 59 ¶ 31.  Plaintiff alleges that eBay's unfair and deceptive business practices have caused him and other sellers to lose time remaining on their pre-paid listing periods and to lose money in fees paid to re-list items.  Id. ¶ 5, 24.

While Plaintiff admits in the SAC that sellers are on notice that they will not receive a refund if their item runs its course and does not sell, he argues that sellers have no reason to suspect that they will lose a portion of the listing duration already paid for when their item is delisted after a prospective buyer clicks the Buy It Now button but the item is not sold.  Id. ¶ 21.  He contends that eBay's representations on its website would lead a "reasonable person" to expect an item to be listed for the full amount of time purchased unless the item sells before that period expires.  Id. ¶ 22.  He contends that eBay's purported additional explanations regarding its Buy It Now option are "misleading to a reasonable consumer."  Id. ¶ 23.

Plaintiff, in determining which listing option to select for his vehicle, relied on representations on eBay's website and the online form used to create his listing, and believed that his vehicle would be listed for the full amount of listing time purchased unless his vehicle sold before the listing period expired.  Id. ¶ 25.  Plaintiff notes that his reliance was reasonable.  Id. ¶ 32.  Plaintiff states that, had he known he would not receive a refund for the time remaining or that he would not be given an opportunity to relist the item, he would not have placed the listings.  Id. ¶ 31.

eBay argues that Plaintiff's SAC fails in its entirety because each claim is inconsistent with the express terms of the parties' agreement, Plaintiff's fraud-based claims fail to satisfy the heightened pleading requirements of Rule 9(b), Plaintiff's UCL claim fails as a matter of law under the "unfair" and "unlawful" prongs, Plaintiff's breach of quasi-contract claim fails because a

5

contract did in fact exist between the parties, and Plaintiff is not entitled to declaratory judgment because such relief is not an appropriate remedy for past misconduct and the claim duplicates other substantive claims asserted in the same complaint.  eBay's Motion to Dismiss is DENIED for the reasons set forth below.

### A. Express Terms of Agreement

First, eBay argues that each of Plaintiff's claims must be dismissed because they are inconsistent with the agreement between the parties and Plaintiff seeks to rewrite the terms of the contract, while eBay acted consistently with its User Agreement and related documents.  Dkt. No. 62 at 1, 10.  eBay contends that the User Agreement incorporates all of eBay's other rules and policies and that the User Agreement and Fees Schedules directly link to, and incorporate by reference, specific web pages accessible to eBay users.  Plaintiff does not argue that eBay did not act in accordance with the terms of its User Agreement, rather that the terms and omissions within the documents are ambiguous and misleading to a reasonable consumer.  Dkt. No. 59 ¶ 23. Plaintiff asserts that eBay does not explain how the Buy It Now function affects the relisting of a pre-paid fixed-price listing if the item is not sold.

The User Agreement provides that sellers will be charged fees based on eBay's Fees Schedules.  Dkt. No. 64-1 at 3.  The Motors Fees Schedule, which governs Plaintiff's vehicle listing, expressly provides that "[i]nsertion fees and optional fees are charged at the time of listing and are nonrefundable."  Dkt. No. 64-2 at 7.  Similarly, the main eBay Fees Schedule provides that an insertion fee applies "[w]hen you list an item" and is not contingent on a successful sale.  Dkt. No. 64-3 at 1.  The User Agreement states that eBay has "no control over and do[es] not guarantee . . . the ability of buyers to pay for items, or that a buyer or seller will actually complete a transaction or return an item."  Dkt. No. 64-1 at 4.

In its motion to dismiss, eBay claims that the listing durations define the "maximum length of time" the listing is available on the website.  Dkt. No. 62 at 4.  However, the supporting webpage cited by eBay does not explain that the listing duration purchased is a maximum length of time.  The page titled "Selecting a Listing Duration" explains that, "[w]hen you list your item, you can select the listing duration for 1, 3, 5, 7, or 10 days . . . . You can create your listings at your

6

United States District Court
For the Northern District of California

convenience and control the time they start and end." Dkt. No. 64-5 at 1.  The only information about when a listing ends earlier than expected states, "[f]ixed price listings and auctions with the Buy it Now option end immediately when a buyer commits to purchasing the item," but does not further explain what "commits" means.  <u>Id.</u> at 2.  eBay notes that sometimes it cannot guarantee the exact listing duration, explaining that "there are times when your listing may not immediately be searchable . . . until several hours after you created it."  <u>Id.</u>

Additionally, eBay points to options it offers to sellers for their protection, such as the "Immediate Payment," a free option that ensures listings remain available until payment is actually received, or the "Free Relist Policy," which allows qualifying sellers to relist the item and obtain a credit of the insertion fee for the relisting.  Dkt. No. 64-8 at 1, Dkt. No. 64-12 at 1-2.  eBay alleges that Plaintiff did not avail himself of the protections afforded by these additional options and therefore assumed the risk of payment not being made.  eBay's "Unpaid Item Policy" page explains the recourses available to sellers when a buyer uses the Buy It Now option to purchase an item but does not pay.  Dkt. No. 64-8.  Sellers can open an "unpaid item case" against the buyer and if payment is still not received, sellers may receive credits of the final value fee and the insertion fee, contingent on certain conditions.  <u>Id.</u> at 1.  The insertion fee credit for the value of the first re-listing of an item is only available for auction-style formats, not fixed-price listings such as Plaintiff's.  Dkt. No. 64-12 at 1.

The court does not find that Plaintiff is attempting to re-write the contract, as eBay argues. Furthermore, the existence of a contract between parties does not intrinsically allow one party to a contract to circumvent the factual question of whether the agreement was misrepresented or misleading.

**B. Fraud-Based Claims**

eBay proffers two arguments to generally dismiss all of Plaintiff's fraud-based claims. First, eBay eBay contends it acted consistently with its User Agreement, which sets forth its contractual relationship with Plaintiff, and that where a defendant has complied with the contract between the parties, the plaintiff is precluded from imposing liability by framing a claim under a fraud-based theory.  However, unlike in the cases cited by eBay, the Court here cannot determine

7

that the terms of the policy were unambiguous or not misleading or that the alleged omissions or misrepresentations are contradicted by the plain language of the contract. eBay's policies do state that listings "end immediately when a buyer commits to purchasing the item" (Dkt. No. 64-5 at 2) and that "[i]nsertion fees are nonrefundable" (Dkt. No. 64-2 at7), but Plaintiff claims that the policy is misleading as to what happens to a pre-paid fixed-price listing that ends mid-listing but where no sale occurs. As such, the Court finds the reasoning preferred in these cases inapplicable in this instance.

Second, eBay contends that Plaintiff's complaint must meet the Rule 9(b) heightened pleading standard and fails to do so. eBay asserts that the SAC fails to identify any affirmative misstatement about when Buy It Now listings end, any statement that was misleading by omission, or reliance by Plaintiff on any misstatement or omission, thereby falling short of the Rule 9(b) standard.

In the instant action, Plaintiff describes a unified course of fraudulent conduct, alleging that eBay made misrepresentations and omissions "grounded in fraud," relying entirely on that course of conduct as the basis for his claim against eBay. Therefore the claim is "grounded in fraud" and Plaintiff's claim as a whole must satisfy the heightened pleading standard of Rule 9(b). Vess, 317 F.3d at 1103-04. To meet the pleading standard for fraud claims under the UCL, CLRA, and FAL, a plaintiff must show that "members of the public are likely to be deceived." Williams v. Gerber Products Co., 552 F.3d 934, 938 (9th Cir. 2008). The challenged conduct "is judged by the effect it would have on a reasonable consumer." Puentes v. Wells Fargo Home Mortg., Inc., 160 Cal. App. 4th 638, 645 (2008) (citation omitted). "Whether a practice is deceptive, fraudulent, or unfair is generally a question of fact that is not appropriate for resolution on the pleadings." Williams, 552 F.3d at 938-39 (citation omitted). However, where a court can conclude as a matter of law that alleged misrepresentations are not likely to deceive a reasonable consumer, courts have dismissed claims under the UCL, CLRA, and FAL. Jones v. ConAgra Foods, Inc., 912 F. Supp. 2d 889, 899 (N.D. Cal. 2012).

In In re Tobacco II Cases, 46 Cal. 4th 298, 326 (2009), the California Supreme Court held that for a fraudulent business practices claim, the UCL mandates that plaintiff demonstrate "actual

8

reliance" upon the defendant's misrepresentation or omission.  "[P]laintiff must show that he personally lost money or property because of his own actual and reasonable reliance on the allegedly untrue or misleading statements."  Id. at 326-28.  Reliance can be demonstrated by showing that but-for defendant's conduct, plaintiff would not, in all reasonable probability, have engaged in the injury-producing conduct.  In re Actimmune Marketing Litig., No. 08-02376-MHP, 2009 WL 3740648, at *8 (N.D. Cal. Nov. 6, 2009).

The Court finds that Plaintiff has met the Rule 9(b) pleading standard, showing that members of the public are likely to be deceived and describing the content of information omitted that would have clarified eBay's policy in regards to fixed-price listings that ended early without the completion of a sale.  Plaintiff also adequately alleged reliance by pointing out that he relied on representations on eBay's website and the online form used to create his listing, believed that his vehicle would be listed for the full amount of listing time purchased unless his vehicle sold before the listing period expired, and had he known he would not receive a refund for the time remaining or that he would not be given an opportunity to relist the item, he would not have placed the listings, for which he paid money and consequently suffered an economic injury.

### 1. Unfair Competition Law

The UCL prohibits acts of "unfair competition" including actions that are unlawful, unfair, and fraudulent.  Cal. Bus. & Prof. Code § 17200.  The "unlawful" prong of the UCL "borrows violations of other laws and treats them as independently actionable."  Daugherty v. Am. Honda Motor Co., Inc., 144 Cal. App. 4th 824, 837 (2006).  As for the "unfair" prong, "California appellate courts disagree on how to define an 'unfair' act or practice in the context of a UCL consumer action."  Morgan v. Wallaby Yogurt Co., Inc., No. 13-CV-00296-WHO, 2014 WL 1017879, at *11 (N.D. Cal. March 13, 2014) (citing Davis v. Ford Motor Credit Co., 179 Cal. App. 4th 581, 594 (2009)).  Some courts have held that the "unfair" prong requires alleging a practice that "offends an established public policy or . . . is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers," and the policy must be "tethered to specific constitutional, statutory or regulatory provision."  Bardin v. Daimlerchrysler Corp., 136 Cal. App. 4th 1255, 1263, 1266 (2006) (citations omitted).  Other courts have held that the court must apply a balancing test

Case No. 5:12-CV-04005-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

that "weigh[s] the utility of the defendant's conduct against the gravity of the harm to the alleged victim." <u>Schnall v. Hertz Corp.</u>, 78 Cal. App. 4th 1144, 1167 (2000). The "fraudulent" prong of the UCL "requires a showing [that] members of the public are likely to be deceived." <u>Wang v. Massey Chevrolet</u>, 97 Cal. App. 4th 856, 871 (2002).

Rule 9(b)'s particularity requirement applies to each of the three prongs of the UCL ("unlawful," "unfair," and "fraudulent") where, as here, the claims are based on a "unified course of fraudulent conduct." <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1126-27 (9th Cir. 2009); <u>In re Facebook PPC Adver. Litig.</u>, Nos. 09-CV-03043-JF, 09-CV-03519-JF, 09-CV-03430-JF, 2010 WL 3341062, at *9 (N.D. Cal. Aug. 25, 2010). To meet Rule 9(b)'s heightened standard, a plaintiff must allege with specificity that purported misrepresentations: (1) were relied on by Plaintiff; (2) were material; (3) influenced Plaintiff's decision to purchase eBay's product; and (4) were likely to deceive members of the public. <u>In re Apple In-App Purchase Litig.</u>, 855 F. Supp. 2d 1030, 1041 (N.D. Cal. 2012) (citation omitted). Furthermore, as discussed <u>supra</u>, the phrase "as a result of" in UCL section 17204 "imposes an actual reliance requirement on plaintiffs prosecuting a private enforcement action under the UCL's fraud prong." <u>Tobacco II</u>, 46 Cal. 4th at 326. This also applies under the UCL's "unlawful" and "unfair" prong, where the predicate unlawfulness is misrepresentation and deception. <u>Hale v. Sharp Healthcare</u>, 183 Cal. App. 4th 1373, 1385 (2010).

eBay argues that Plaintiff's UCL claim should be dismissed because he fails to satisfy the heightened pleading requirements of Rule 9(b) by not specifically alleging any affirmative misstatement, misleading omission, or detrimental reliance. As discussed <u>supra</u>, the Court finds that Plaintiff has meet the Rule 9(b) pleading standard for his fraud-based claims.

eBay further argues the "unlawful" and "unfair" prongs are inadequately pled. Under the "unfair" prong, eBay alleges that there is no cognizable consumer injury because Plaintiff had no legal right to a refund or additional listing time, and even if such an injury is found, Plaintiff could have avoided such an injury by using the Immediate Payment option. Plaintiff counters that he suffered an economic injury by not receiving the full benefit of the listing for which he paid and there is no evidence he knew about this service, could use it, or understood that it was for the

10

United States District Court
For the Northern District of California

1    purpose of avoiding the problem of non-payment.  The Court finds that Plaintiff has shown an

2    unavoidable economic injury.

3        Under the "unlawful" prong, Plaintiff has adequately alleged a violation of other laws, by

4    alleging violations of the FAL and CLRA.  Accordingly, the Court denies eBay's Motion to

5    Dismiss Plaintiff's UCL claim.

6                              **2. California Legal Remedies Act**

7        The CLRA proscribes "unfair methods of competition and unfair or deceptive acts or

8    practices."  Cal. Civ. Code § 1770(a); <u>Actimmune</u>, 2009 WL 3740648, at *16.  Conduct that is

9    "likely to mislead a reasonable consumer" violates the CLRA.  <u>Keegan v. Am. Honda Motor Co.,

10   Inc.</u>, 838 F. Supp. 2d 929, 938-39 (C.D. Cal. 2012) (quoting <u>Colgan v. Leatherman Tool Grp., Inc.</u>,

11   135 Cal. App. 4th 663, 680 (2006)).  A CLRA claim sounding in fraud must establish reliance and

12   causation.  <u>Buckland v. Threshold Enters., Ltd.</u>, 155 Cal. App. 4th 798, 809 (2007), overruled on

13   other grounds by <u>Kwikset Corp. v. Superior Court</u>, 51 Cal. 4th 310 (2011).

14       The sufficiency of a plaintiff's CLRA claim may be analyzed together with the UCL fraud

15   claim.  <u>Kowalsky v. Hewlett-Packard Co.</u>, No. 10-CV-02176-LHK, 2011 WL 3501715, at 6 (N.D.

16   Cal. Aug. 10, 2011) ("[T]he CLRA claim stands or falls along with the claim under the fraudulent

17   prong of the UCL").  As discussed in the analysis of Plaintiff's UCL claim, Plaintiff has pled

18   specific facts to support his claim under Rule 9(b).  Accordingly, the Court denies eBay's Motion

19   to Dismiss Plaintiff's CLRA claim.

20                              **3. False Advertising Law**

21       The FAL makes it unlawful to induce the public to enter into any obligation through the

22   dissemination of "untrue or misleading" statements.  Cal. Bus. & Prof. Code § 17500.  A claim

23   under the FAL must show that the plaintiff suffered an injury due to his or her own actual and

24   reasonable reliance on the purported misleading statements.  <u>Kwikset</u>, 51 Cal. 4th at 326 n.9.

25   Whether a statement or omission is "misleading" must be judged by the effect it would have on a

26   reasonable consumer.  <u>Williams</u>, 552 F.3d at 938.  Generally, a violation of the UCL's fraud prong

27   is also a violation of the FAL.  <u>Tobacco II</u>, 46 Cal. 4th at 312 n.8.

28

Case No. 5:12-CV-04005-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

**United States District Court**
For the Northern District of California

As an initial matter, Plaintiff does not argue that eBay's website contained any statements that were actually false. However, California courts construe section 17500 to extend beyond literal false statements. The statute has been interpreted broadly to encompass "not only advertising which is false, but also advertising which[,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public." Williams, 552 F.3d at 938 (citations omitted). Because Plaintiff has adequately established his UCL fraud claim, the Court denies eBay's Motion to Dismiss Plaintiff's FAL claim.

### C. Breach of Duty of Good Faith and Fair Dealing

Plaintiff alleges that eBay breached its contractual duty of good faith and fair dealing by not adequately disclosing that a listing may become delisted and eBay will not re-list the item for the time remaining of the pre-paid listing or will not provide a prorated refund for the time remaining on the listing. eBay argues that Plaintiff's claim fails as a matter of law because Plaintiff cannot impute implied terms that are inconsistent with the express terms of the contract. eBay maintains that Plaintiff is attempting to rewrite the contract to change the terms applicable to Buy It Now listings.

Under California law, the implied covenant of good faith and fair dealing is only recognized to further a contract's purpose; it will not be read into a contract to prohibit a party from doing that which is expressly permitted by the agreement itself. Carma Developers (Cal.) Inc. v. Marathon Dev. Cal., Inc., 2 Cal. 4th 342, 373 (1992) ("It is universally recognized the scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms of the contract"). To establish a claim for breach of the implied covenant of good faith and fair dealing, plaintiff must show that defendant lacked subjective good faith in the validity of its act or the act was intended to and did frustrate the common purpose of the agreement. Id. at 372.

eBay does not show that Plaintiff is imputing implied terms that are inconsistent with the express terms of the contract. As stated above, the Court cannot determine that the terms of the policy are unambiguous or not misleading or that the alleged omissions or misrepresentations are contradicted by the plain language of the contract. As such, this claim will not be dismissed.

Case No. 5:12-CV-04005-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

United States District Court
For the Northern District of California

**D. Quasi-Contract/Unjust Enrichment**

Plaintiff alleges that eBay's conduct created a quasi-contract through which eBay received monetary compensation without providing the consideration promised to Plaintiff. As a result, Plaintiff contends that eBay will be unjustly enriched unless ordered to disgorge those profits for the benefit of Plaintiff. eBay argues that Plaintiff's quasi-contract claim fails because it is synonymous with an unjust enrichment claim and no independent cause of action exists for unjust enrichment where this is an express contract.

Courts in this district diverge in their analysis of the viability of unjust enrichment as an independent claim. Courts have ruled that a party may state as many different claims as the party has, regardless of consistency. <u>Blennis v. Hewlett-Packard Co.</u>, No. C 07-00333-JF, 2008 WL 818526, at *4 (N.D. Cal. Mar. 25, 2008). Further, courts have held that claims for unjust enrichment survive the pleading stage when pled as an alternative avenue of relief, though the claims, as alternatives, may not afford relief if other claims do. <u>Circle Click Media LLC v. Regus Mgmt. Grp. LLC</u>, No. 12-CV-04000-SC, 2013 WL 57861, at *13 (N.D. Cal. Jan. 3, 2013). Here, Plaintiff may pursue a claim for unjust enrichment as an alternative theory of relief. Accordingly, the Court denies eBay's Motion to Dismiss this claim.

**E. Declaratory Judgment**

Plaintiff seeks a declaration that eBay's alleged practice of misinforming and deceiving sellers violates the law. eBay argues that the Court should dismiss this claim because declaratory relief does not alleviate past misconduct and courts routinely exercise their discretion to dismiss declaratory judgment claims that duplicate other claims asserted in the same complaint.

The Declaratory Judgement Act, 28 U.S.C. § 2201, provides that in a case of actual controversy a court may "declare that rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." <u>McGraw-Edison Co. v. Preformed Line Prod. Co.</u>, 362 F.2d 339, 342 (9th Cir. 1966). In declaratory relief claims courts consider whether the judgement "will serve a useful purpose in clarifying and settling the issue" and if "it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." <u>Id.</u>

13

At this stage, the Court must construe the Complaint in the light most favorable to Plaintiff, resolving any apparent ambiguity in Plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). eBay argues that the declaratory relief claim targets past misconduct, however, it offers no evidence that its conduct has changed. The case therefore presents an ongoing conflict that may affect others facing similar circumstances as Plaintiff. Additionally, eBay argues that Plaintiff's claim should be dismissed because courts usually exercise their discretion to dismiss duplicated declaratory judgement claims. Here, the declaratory judgment may act to remove future uncertainty and controversy as to the rights of other sellers in similar situations as Plaintiff. Accordingly, the Court denies eBay's Motion to Dismiss Plaintiff's declaratory judgement claim.

## IV.    CONCLUSION

For the reasons stated, the Court DENIES eBay's Motion to Dismiss Plaintiff's Second Amended Complaint.

**IT IS SO ORDERED**

Dated: June 30, 2014

EDWARD J. DAVILA
United States District Judge

United States District Court
For the Northern District of California

Case No. 5:12-CV-04005-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS