1  Jordan L. Lurie (SBN 130013)
   Jordan.Lurie@capstonelawyers.com
2  Robert K. Friedl (SBN 134947)
   Robert.Friedl@capstonelawyers.com
3  Tarek H. Zohdy (SBN 247775)
   Tarek.Zohdy@capstonelawyers.com
4  Cody R. Padgett (SBN 275553)
   Cody.Padgett@capstonelawyers.com
5  Capstone Law APC
   1840 Century Park East, Suite 450
6  Los Angeles, California 90067
   Telephone:   (310) 556-4811
7  Facsimile:   (310) 943-0396

8  Dale James Morgado
   Dmorgado@ffmlawgroup.com
9  Feldman, Fox & Morgado, P.A.
   100 North Biscayne Boulevard
10 29th Floor, Suite 2902
   Miami, Florida 33132
11 Telephone:   (305) 222-7850
   Facsimile:   (305) 384-4676

12
13 Attorneys for Plaintiff Luis Rosado

14                 UNITED STATES DISTRICT COURT

15       NORTHERN DISTRICT OF CALIFORNIA—SAN JOSE DIVISION

16

17 | LUIS ROSADO, individually, and on | Case No.: 5:12-cv-04005-EJD
18 | behalf of other members of the general public similarly situated, | Assigned for all purposes to the Hon. Edward J. Davila
19 |     Plaintiff, | **NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
20 |     vs. |
21 | EBAY, INC., a Delaware corporation, |
22 |     Defendant. | Date:       September 10, 2015
23 | | Time:      9:00 a.m.
   | | Place:     Courtroom 4

24
25
26
27
28

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 10, 2015 at 9:00 a.m., in Courtroom 4 of the above-captioned Court, located at 280 South 1st Street, San Jose, California 95113, the Honorable Edward J. Davila presiding, Plaintiff Luis Rosado, on behalf of himself and all others similarly situated, will, and hereby does, move this Court to:

1.     Preliminarily approve the settlement described in the Settlement Agreement and Release (attached as Exhibit A to the Declaration of Robert K. Friedl);

2.     Conditionally certify the proposed Settlement Class;

3.     Approve distribution of the proposed Notice of Class Action Settlement, Email Notice, and Claim Form (attached as Exhibits B, C, and D to the Declaration of Robert K. Friedl) to the Settlement Class;

4.     Appoint Plaintiff Luis Rosado as the Class Representative;

5.     Appoint Capstone Law APC as Class Counsel;

6.     Appoint Heffler Claim Group as Settlement Administrator; and

7.     Schedule a final approval hearing.

This Motion is based upon: (1) this Notice of Motion and Motion; (2) the Memorandum of Points and Authorities in Support of Motion for Preliminary Approval of Class Action Settlement; (3) the Declaration of Robert K. Friedl and exhibits; (4) the Settlement Agreement and Release; (5) the [Proposed] Order Granting Preliminary Approval of Class Action Settlement; (6) the records, pleadings, and papers filed in this action; and (7) such other documentary and oral evidence or argument as may be presented to the Court at or prior to the hearing of this Motion.

Dated:  July 24, 2015                     Respectfully submitted,

                                          Capstone Law APC


                                By:  /s/ Robert K. Friedl
                                     Jordan L. Lurie
                                     Robert K. Friedl
                                     Tarek H. Zohdy
                                     Cody R. Padgett

                                     Attorneys for Plaintiff Luis Rosado

1

# TABLE OF CONTENTS

2

3   I.   INTRODUCTION...........................................................................................1

4   II.  FACTS AND PROCEDURE.........................................................................2

5        A.   Plaintiff Sued eBay for Alleged Violations of California's

6             Consumer Protection Laws.................................................................2

7        B.   The Parties Engaged In Several Rounds of Motion Practice.............3

8        C.   Plaintiff Conducted a Thorough Investigation of the Factual and

9             Legal Issues.......................................................................................4

10       D.   The Parties Engaged In Arm's-Length Settlement Negotiations......5

11       E.   Material Terms Of The Proposed Class Action Settlement...............6

12            1.   The Proposed Settlement Class...............................................6

13            2.   Settlement Consideration........................................................6

14            3.   Method of Distribution............................................................7

15            4.   Formula for Calculating Settlement Payments........................8

16            5.   Narrow Class Release..............................................................9

17            6.   The Proposed Notice to the Settlement Class........................10

18  III. ARGUMENT...............................................................................................10

19       A.   The Proposed Class Action Settlement Should Receive

20            Preliminary Approval.......................................................................10

21            1.   Courts Review Class Action Settlements to Ensure That the

22                 Terms Are Fair, Adequate, and Reasonable.............................10

23            2.   The Settlement Was Negotiated After a Thorough

24                 Investigation of the Factual and Legal Issues.........................12

25            3.   The Settlement Is Reasonable In Light of the Strengths and

26                 Weaknesses of Plaintiff's Case and the Risks Associated

27                 with Continued Litigation.......................................................13

28

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

4. The Amount Offered In Settlement Supports Approving the Settlement ................................................................................................. 17

5. The Views of Experienced Counsel Should Be Accorded Substantial Weight ...................................................................................... 18

B. Conditional Class Certification Is Appropriate for Settlement Purposes ............................................................................................... 19

1. The Proposed Class Meets the Requirements of Rule 23 ...................... 19

2. The Proposed Class Is Sufficiently Numerous ........................................ 19

3. There are Questions of Law and Fact that Are Common to the Class For Settlement Purposes. ........................................................... 19

4. Plaintiff's Claims Are Typical of the Proposed Settlement Class ........................................................................................................... 20

5. Plaintiff and Plaintiff's Counsel Will Adequately Represent the Interests of the Proposed Settlement Class ...................................... 21

6. Common Issues Predominate Over Individual Issues For Settlement Purposes ................................................................................ 21

7. Class Settlement Is Superior to Other Available Means of Resolution ................................................................................................. 22

C. The Proposed Class Notice Adequately Informs Settlement Class Members About the Case and Proposed Settlement ............................... 23

IV. CONCLUSION ............................................................................................... 24

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997) ........................................... 19, 22

*Armstrong v. Davis*, 275 F.3d 849 (9th Cir. 2001) ............................................................21

*Churchill Village, LLC v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004) ......................... 11, 24

*Custom LED, LLC v. eBay, Inc.*, No. 12-00350-JST, 2013 U.S. Dist.
LEXIS 165881 (N.D. Cal. Nov. 20, 2013) ..........................................................................7

*Eisen v. Porsche Cars North American, Inc.*, Case No. 11-09405, 2014
U.S. Dist. LEXIS 14301, 2014 WL 439006 (C.D. Cal. Jan. 30, 2014) ................. 12, 19

*Franklin v. Kaypro*, 884 F.2d 1222 (9th Cir. 1989) ........................................................11

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ..............................11, 20, 21, 22

*In re eBay Litig.*, No. C- 07-02198 RMW, 2012 U.S. Dist. LEXIS 128616
(N.D. Cal. Sept. 10, 2012) ..................................................................................................15

*In re Mego Financial Corp. Sec. Litig.*, 213 F.3d 454 (9th Cir. 2000) ...............................18

*In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934 (9th Cir.2015) ............................7

*In re Pac. Enters. Sec. Litig.*, 47 F.3d 373 (9th Cir. 1995) .................................................18

*In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078 (N.D. Cal. 2007) ........................13

*Keirsey v. eBay, Inc.*, No. 12-01200-JST, 2013 U.S. Dist. LEXIS 152531
(N.D. Cal. Oct. 22, 2013) .....................................................................................................7

*Lane v. Facebook, Inc.*, 696 F.3d 811 (9th Cir. 2012) .......................................................11

*Linney v. Cellular Alaska Partnership*, 151 F.3d 1234 (9th Cir. 1998) .................... 12, 18

*Lozano v. AT&T Wireless Services, Inc.*, 504 F.3d 718 (9th Cir. 2007) ...........................21

*Marisol v. Giuliani*, 126 F.3d 372 (2nd Cir. 1997) ...........................................................21

*Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. Cal. 2012) ................................15

*Molski v. Gleich*, 318 F.3d 937 (9th Cir. 2003) .................................................................12

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) ..............................23

*Nat'l Rural Telecom. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523 (C.D. Cal. 2004)......................................................................................... 12, 13

*Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615 (9th Cir. 1982) .......................17

*Parra v. Bashas, Inc.*, 536 F.3d 975 (9th Cir. 2008) ...........................................20

*Rodriguez v. Hayes*, 591 F.3d 1105 (9th Cir. 2010) ..............................................20

*Rodriguez v. West Pub. Corp.*, 563 F.3d 948 (9th Cir. 2009)..............................13

*Stanton v. Boeing Company*, 327 F.3d 938 (9th Cir. 2003)........................................ 11, 12

*Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370 (9th Cir. 1993)....................................12

*Vasquez v. Coast Valley Roofing, Inc.*, 670 F. Supp. 2d 1114 (E.D. Cal. 2009) ....................................................................................19

*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011).........................................20

*Wolin v. Jaguar Land Rover N. Am.*, 617 F.3d 1168 (9th Cir. 2010) ...............................22

**FEDERAL STATUTES**

28 U.S.C. § 1332(d) (Class Action Fairness Act of 2005 (CAFA)) ....................................7

Fed. R. Civ. P. 23 ........................................................................................ 19, 23

Fed. R. Civ. P. 23(a) ....................................................................................19

Fed. R. Civ. P. 23(a)(1) ................................................................................19

Fed. R. Civ. P. 23(a)(2) ................................................................................19

Fed. R. Civ. P. 23(a)(4) ................................................................................21

Fed. R. Civ. P. 23(b)(3) ...................................................................19, 21, 22, 23

Fed. R. Civ. P. 23(c)(2)(B)............................................................................23

Fed. R. Civ. P. 23(e) ....................................................................................11

Fed. R. Civ. P. 23(e)(1) ............................................................................ 12, 23

Fed. R. Civ. P. 23(e)(1)(A).............................................................................11

**STATE STATUTES**

Cal. Bus. & Prof. Code §§ 17200 *et seq.* (Unfair Comp. Law (UCL)) ........................3, 20

Cal. Bus. & Prof. Code §§ 17500 *et seq.* (False Advertising Law (FAL)) ........................3

Cal. Civ. Proc. Code §§ 1750 *et seq.* (Cons Legal Remedies Act (CLRA)) ....................3

SECONDARY AUTHORITIES

3 Conte & Newberg, *Newberg on Class Actions* (4th ed. 2002)................................ 11, 12

Manual for Complex Litigation (4th ed. 2004)............................................ 11, 19

## I.      INTRODUCTION

Plaintiff Luis Rosado brought this putative class action against eBay Inc., a leading e-commerce website, alleging that certain aspects of eBay's "Buy It Now" (or "BIN") feature violate California's consumer protection laws.  During the class period, Rosado and over three million putative class members paid fees to eBay to list their wares to prospective buyers on eBay's website, for specified listing periods of 3, 5, 7, 10, or 30 days.  Depending on the listing method chosen, prospective buyers had the option to either bid on these items through an auction process and wait for the respective listing periods to end, or to purchase the items at a set price via the "Buy It Now" option, at which time the items were delisted.

The gravamen of this lawsuit is that eBay did not relist items for sale when a prospective buyer failed to complete the payment process after clicking the "Buy It Now" option—**even if there was time remaining in the listing periods**.  In such cases, Plaintiff alleges that eBay deprived Rosado and putative class members of the full value of the listing periods they purchased.  Plaintiff's settlement with eBay is designed to compensate class members for the balance of their listing time.

The proposed settlement will create a $1.2 million **non-reversionary settlement fund**, which includes: payments to class members (in the form of cash and eBay credit); attorneys' fees and costs; Plaintiff's incentive award; and settlement administration costs.  Class members will have the option to submit claims for $5 to $15[1] in cash (depending on whether the items they attempted to sell were vehicles ($10), non-vehicles ($5), or both ($15)).  On average, these payments will compensate Claimants for the **entire amount** of disputed fees for the "Buy It Now" listings at issue.  Following a simple claims procedure, any remaining balance of the settlement fund will be distributed to class members in the first instance and then any further remainder will be distributed to

---

[1] These amounts may increase or decrease depending on the number of claims submitted.

1   other eBay sellers as described below—regardless whether they submitted claims for

2   payment—in the form of eBay credit.  No portion of the $1.2 million settlement fund

3   will revert to eBay and no amount will need to be paid to any organization as a cy pres

4   recipient.

5          An objective evaluation of the settlement confirms that the relief negotiated on the

6   class's behalf is fair, reasonable, and adequate.  The parties negotiated the settlement at

7   arm's length after three years of contentious litigation under the guidance of the

8   Honorable Carl J. West (Ret.) of JAMS, an experienced and well-respected class action

9   mediator and former California jurist, and the resulting settlement confers valuable relief

10  to class members.  The relief offered by the settlement is particularly significant when

11  viewed against the difficulties Plaintiff would have encountered had the litigation

12  continued (*see infra*).  Indeed, by settling now rather than proceeding to certification and

13  trial, class members will not have to wait (possibly years) for relief, nor will they have to

14  bear the risk of class certification being denied or of eBay prevailing on the merits.

15         For these and the reasons discussed in greater detail below, the proposed

16  settlement satisfies all criteria for preliminary settlement approval and falls within the

17  range of reasonableness.  Moreover, the proposed settlement class is appropriate for

18  provisional certification.  Plaintiff thus respectfully requests that this Court enter the

19  proposed order granting preliminary approval of the settlement agreement.

20  **II.      FACTS AND PROCEDURE**

21          **A.      Plaintiff Sued eBay for Alleged Violations of California's Consumer**

22                  **Protection Laws**

23         Plaintiff brought this putative class action against eBay on July 30, 2012.  (Dkt.

24  No. 1.)  As detailed in the Second Amended Complaint ("SAC"), Sellers who list items

25  for sale on eBay typically select a listing period of 3, 5, 7, 10, or 30 days.  (*See* Dkt. No.

26  59, SAC, ¶¶ 1-5.)  Sellers also select a listing method, the most common of which are

27  auction-style listings (in which prospective buyers submit bids and the item is sold to the

28  highest bidder at the end of the listing period) or "Buy It Now" (in which a prospective

1   buyer can purchase the item at a fixed price by clicking a "Buy It Now" button on the

2   listing, without waiting until the end of the listing period).[2]  The "Buy It Now" option

3   can also be used in conjunction with an auction-style listing.[3]

4        During the relevant time period, when a prospective buyer clicked the "Buy It

5   Now" button to initiate a purchase, eBay automatically delisted the item, meaning it

6   would no longer be available for purchase by another buyer.  (Dkt. No. 59, ¶ 2.)

7   However, the prospective buyer would still need to complete payment through a separate

8   process, and if the sale were not ultimately completed, eBay did not, on its own, relist the

9   item for the remaining balance of the listing period.  (*Id.*)

10       Consequently, whenever "Buy It Now" sales fell through, Plaintiff alleges that

11  sellers were deprived of the full value of the listing periods they purchased, and by

12  extension, the benefit of their bargain.  (*Id.*)  Based on the foregoing allegations, the

13  Second Amended Complaint asserts six causes of action against eBay:  (i) violation of

14  California's False Advertising Law; (ii) violation of the Consumer Legal Remedies Act;

15  (iii) breach of the covenant of good faith and fair dealing; (iv) violation of the Unfair

16  Competition Law; (v) breach of quasi-contract; and (vi) declaratory judgment.  (*See*

17  *generally* Dkt. No. 59.)  Based on these theories, Plaintiff sought a refund of a portion of

18  the listing fees that class members paid to place a "Buy It Now" listing.[4]

19       **B.    The Parties Engaged In Several Rounds of Motion Practice**

20       Plaintiff's successful opposition to eBay's repeated attacks on the pleadings was a

21  major catalyst for settlement.  On October 20, 2012, eBay moved to dismiss the

22  Complaint.  (Dkt. No. 20.)  By stipulation of the parties, and with leave from the Court

23  (*see* Dkt. No. 38), Rosado filed a First Amended Complaint ("FAC") on December 28,

24  2012.  (Dkt. No. 41.)  eBay subsequently moved to dismiss the FAC, chiefly on the basis

---

25  [2] *See* http://pages.ebay.com/help/buy/how-buy-bin.html.

26  [3] *Id.*

27  [4] This case does not involve "Final Value Fees," which are the fees paid upon a
    successful sale of a listing.

28

1   that the FAC failed to allege a breach of the User Agreement (or in other words, eBay

2   argued that the User Agreement insulated it from liability).  (Dkt. No. 42.)  In his

3   opposition, Rosado argued that because his claims sound in California's consumer

4   protection statutes, rather than contract law, the FAC did not have to allege a breach of

5   the User Agreement to viably plead his claims.  (Dkt. No. 47.)  On September 10, 2013,

6   the Court denied the motion to dismiss and granted Rosado leave to file a Second

7   Amended Complaint ("SAC").  (Dkt. No. 58.)

8         Following the filing of the SAC on October 1, 2013, eBay promptly moved to

9   dismiss on December 6, 2013.  (Dkt. No. 62.)  As before, eBay claimed that the SAC

10  failed to allege a breach of the User Agreement.  In turn, Plaintiff argued his claims

11  sound in California's consumer protections legislation—not contract law.  (Dkt. No. 65.)

12  After taking the motion under submission (without oral argument) and vacating the

13  hearing, the Court again denied eBay's motion in its entirety.  (Dkt. Nos. 62, 70.)

14  Defendant thereafter answered the SAC on July 31, 2014.  (Dkt. No. 74.)

15        **C.      Plaintiff Conducted a Thorough Investigation of the Factual and**

16               **Legal Issues**

17        Beginning a few months before the Complaint was filed and continuing over the

18  next several years of litigation, Plaintiff's counsel conducted a thorough investigation of

19  the factual and legal issues presented by Plaintiff's claims and eBay's defenses.

20  (Declaration of Robert K. Friedl ["Friedl Decl."] ¶¶ 3-6.)  In response to Plaintiff's

21  evidentiary requests, Plaintiff's counsel received, among other things, the following

22  estimated information with which to properly evaluate the claims:  (1) the total

23  approximate number of putative class members who paid listing fees for non-vehicle

24  listings (approximately 3,025,000) with a "Buy It Now" feature (the "Non-vehicle

25  Listings"); (2) the total approximate number of putative class members who paid for

26  vehicle listings with a "Buy It Now" feature (approximately 60,000) (the "Vehicle

27  Listings"); (3) the total approximate listing fees charged in aggregate by eBay in

28  connection with the Non-vehicle Listings during the class period; (4) the total

approximate listing fees charged in aggregate by eBay in connection with the Vehicle

Listings during the class period; (5) the average portion of the listing time remaining for

the Non-vehicle Listings at the time the items were delisted due to a prospective buyer

clicking the "Buy It Now" option; and (6) the average portion of listing time remaining

for the Vehicle Listing sat the time the vehicles were delisted due to a prospective buyer

clicking the "Buy It Now" option.  (*Id.* at ¶ 3.)  This and other information produced by

eBay enabled Plaintiff's counsel to realistically estimate the value of the class' claims

and to develop a realistic damages model for purposes of settlement.  (*Id.* at ¶¶ 5-6.)

In addition to the preceding, Plaintiff's counsel carefully examined eBay's listing

and refund policies, and closely scrutinized its disclosures and representations regarding

the "Buy It Now" option.  Plaintiff's counsel also aggressively litigated, and ultimately

successfully opposed eBay's repeated attacks on the pleadings.  (Friedl Decl. ¶ 4.)

Overall, Plaintiff's counsel performed an exhaustive investigation into the claims

at issue, which included:  (1) interviewing Rosado; (2) researching and evaluating all of

Rosado's potential claims against eBay; (3) analyzing eBay's listing and refund policies

and disclosures concerning the "Buy It Now" feature; (4) researching settlements in

similar cases; (5) evaluating the strength of Rosado's claims and estimating eBay's

liability for purposes of settlement; (6) drafting the mediation brief; and (7) participating

in the mediation (including extensive pre- and post-mediation negotiations).  The

extensive document and data exchanges have allowed Plaintiff's counsel to better

appreciate the risks of continued litigation and the benefits offered by the proposed

settlement.  (Friedl Decl. ¶¶ 3-6.)

### D.       The Parties Engaged In Arm's-Length Settlement Negotiations

As discussed, the proposed settlement is the culmination of protracted discussions

between the parties following contested motion practice and a thorough analysis of the

pertinent facts and law at issue.  On December 8, 2014, the parties attended a full-day

mediation in Los Angeles conducted by the Honorable Carl J. West.  (Friedl Decl. ¶ 7.)

In advance of the mediation, the parties submitted mediation briefing setting forth their

1  respective positions and evaluations of the claims. (*Id*.)

2        During the mediation, Justice West helped to manage the parties' expectations

3  and provided a useful, neutral analysis of the issues and risks to both sides. (Friedl Decl.

4  ¶ 7.) Although the parties were unable to settle the matter at the mediation, the parties

5  continued to negotiate though Justice West after the mediation. (*Id*.) After continued

6  negotiations with Justice West's guidance, the parties were eventually able to negotiate a

7  complete settlement of Plaintiff's claims. (*Id*.) The terms of the settlement are now set

8  forth in complete and final form in the Settlement Agreement and Release.[5] (*See id*.,

9  Ex. A). At all times, the Parties' negotiations were adversarial and non-collusive, and

10  the Settlement constitutes a fair, adequate, and reasonable compromise of the claims at

11  issue.

12       **E.**    **Material Terms Of The Proposed Class Action Settlement**

13       **1.**    **The Proposed Settlement Class**

14       The Settlement Class consists of all eBay sellers in the United States, between

15  July 30, 2008 and the date preliminary approval is granted, who paid Listing Fees to

16  place a BIN Listing on eBay's websites during the Class Period, whose item was

17  subsequently delisted when the BIN button was selected by a prospective buyer prior to

18  the end of the scheduled listing duration, who were not ultimately paid by the

19  prospective buyer for the listed item, and whose Listing Fees were not refunded by

20  eBay. (Exhibit 1, Settlement Agreement, 1.8, 1.9.)

21       **2.**    **Settlement Consideration**

22       Rosado and eBay have agreed to settle the underlying class claims in exchange

23  for a $1.2 million **non-reversionary** Gross Settlement Fund. The Gross Settlement

24  Fund will be used to pay (1) class member settlement payments in the form of cash

25  and/or eBay credit, as detailed below; (2) attorneys' fees not to exceed 25% of the Gross

26

27       [5] Hereinafter "Settlement Agreement" or "Settlement." Unless indicated otherwise, capitalized terms used herein have the same meaning as those referenced in the Settlement Agreement.

28

1  Settlement Fund and reasonable litigation costs and expenses, subject to Court

2  approval;[6] (3) a $2,500 incentive award to Plaintiff for his services on behalf of the

3  settlement class and for a general release of all claims he may have against eBay, subject

4  to Court approval; and (4) the settlement administrator's fees and costs.  The current

5  estimate of the Net Settlement Fund that will be paid to class members, after payment of

6  items (2), (3), and (4) above, is $750,000.

### 3.   Method of Distribution

8  The Net Settlement Fund will be paid as follows.  Following notice, class

9  members will be able to submit a claim through a simple online process.  (Settlement

10  Agreement, 4)  Claimants will receive checks for their shares of the Net Settlement

11  Fund, in the amounts as described below.  Any funds remaining in the Net Settlement

12  Fund after this claims payment process (including funds from uncashed checks that have

13  reverted to the Net Settlement Fund) will be redistributed as follows.  First, all class

14  members who have an Active eBay Account at the time of distribution will receive an

15  equal pro-rata share of the unclaimed amount, capped at $50 per class member, to be

16  distributed by eBay in the form of a Credit.  (Settlement Agreement, 2.1(f).)  Second, if

17  additional funds remain after this further disbursement of Credits, the remaining funds

18  will be distributed in the form of additional Credits, on a pro-rata basis, to all members of

19  the Notice Group who have an Active Account at the time of the final disbursement.[7]  *Id.*

---

[6] The Settlement Agreement contains no "clear sailing" provision.

[7] Credits will be applied to outstanding balances that the recipients owe to eBay and any remaining amounts can be used to pay eBay fees for future listings.  The use of credits as a default method of distribution has been approved in multiple other settlements.  *See Keirsey v. eBay, Inc*., No. 12-01200-JST, 2013 U.S. Dist. LEXIS 152531, *13 (N.D. Cal. Oct. 22, 2013) (credit distribution to eBay users is appropriate where the individual amounts are small); *Custom LED, LLC v. eBay, Inc.*, No. 12-00350-JST, 2013 U.S. Dist. LEXIS 165881, *22-23 (N.D. Cal. Nov. 20, 2013) (same).  *See also In re Online DVD-Rental Antitrust Litig*., 779 F.3d 934, 951 (9th Cir.2015) (affirming approval of settlement that distributes credit in the form of gift cards and finding such settlments are not "coupon" settlements as defined under CAFA).  By comparison, Credits will be issued here as a back-up method following an initial all-cash distribution to all Claimants, as discussed above.

1   These Credits, if any, will be aggregated as to each recipient and issued in a single
2   disbursement. (*Id.*)

3          Based on this method of distribution, the **entirety** of the Net Settlement Fund will
4   be paid to Claimants, class members, or other eBay sellers, and there will be **no residual**
5   **amount** that will be paid to any organization as a cy pres recipient.  (*Id.* at 2.1.)

6                    **4.       Formula for Calculating Settlement Payments**

7          The amount of each Claimant's payment from the Net Settlement Fund will
8   depend on whether he or she paid for a vehicle listing, a non-vehicle listing, or both.
9   Specifically, class members who submit a claim for a Non-Vehicle Listing will receive
10  $5, and class members who submit a claim for a Vehicle Listing will receive $10.
11  (Settlement Agreement, 2.1(d).)  Each class member will be allowed to submit up to one
12  claim for a Non-Vehicle Listing and one claim for a Vehicle Listing.  (*Id.*)  The
13  maximum payment to any single class member will be $15.  (*Id.*)

14         The amounts above were negotiated based on eBay's estimates of the average
15  amount of Listing Fees paid in connection with disputed listings.  The higher amount to
16  be paid for Vehicle listings, as compared to Non-vehicle listings, reflects the fact that
17  Vehicle listings on average involved a higher amount of Listing Fees based on eBay's
18  data analysis.  Significantly, these $10/$15 payment amounts **exceed** the average
19  amount of Listing Fees that were paid for disputed listings, so Claimants will in most
20  cases be paid the **entire amount** of their potential recovery.

21         The payment amounts above are subject to two qualifiers, which are intended to
22  provide protections to the Class in the event the number of Claims submitted is either
23  significantly higher or lower than expected.  First, if the aggregate payment to Claimants
24  would be less than 25% of the Net Settlement Fund ("Minimum Payout Fund"), then
25  Claimants will receive checks for a pro-rata share of the Minimum Payout Fund, to
26  ensure that at least 25% of the Net Settlement is paid to Claimants in cash.  Second, if
27  the aggregate payment to Claimants would exceed the Net Settlement Fund, then the

28

amount of payments to Claimants will be reduced based on a pre-determined formula.[8]
(Settlement Agreement, 2.1(d)(i).)  If those reductions would cause Claimants to receive
less than $2 for a non-vehicle listing and $4 for a vehicle listing, Class Members are
protected because Plaintiff would then have the right to terminate the Settlement.
(Settlement Agreement, 2.1(h).)

### 5.   Narrow Class Release

In exchange for the Gross Settlement Fund, all class members who do not timely
and validly opted out of the Class will release and discharge eBay of all claims relating
to the "Buy It Now" option:

> [All] causes of action, claims, demands, rights, suits,
> obligations, debts, contracts, agreements, promises,
> liabilities, damages, charges, penalties, losses, costs,
> expenses, and attorneys' fees, of any nature whatsoever,
> known or unknown, in law or equity, fixed or contingent,
> which they have or may have arising out of or relating in any
> way to any of the factual allegations or legal theories that
> were raised or could have been raised by Plaintiffs in
> connection with eBay's "Buy It Now" option (the ***"Released
> Claims"***).

(Settlement Agreement, 6.2.)  This release is narrowly and appropriately tailored to the
allegations asserted by Plaintiff in the Second Amended Complaint.  In addition,
Plaintiff Rosado will execute a broader release, releasing any known or unknown claims
he may have had against eBay.  (*Id*., 6.3.)

---

[8] If the number of Claims timely received would cause the total amount of
awards, as calculated above, to exceed the anticipated Net Settlement Fund, the amount
awarded per Claim shall be adjusted on a pro-rata basis such that the total awards made
in connection with all Claims is equal to the amount of the anticipated Net Settlement
Fund.  This calculation will be made as follows: (1) For purposes of the calculation, a
Claim involving a Vehicle Listing will be deemed two "claim units" and a Claim
involving a Non-Vehicle listing will be deemed one "claim unit," (2) the anticipated Net
Settlement Fund will be divided by the total number of "claim units" to determine the
amount per claim unit, (3) the amount as determined in (2) will be awarded for each
Claim involving a Non-Vehicle listing, and (4) the amount as determined in (2),
multiplied by two, will be awarded for each Claim involving a Vehicle listing.
(Settlement Agreement 2.1(f).)

6.      **The Proposed Notice to the Settlement Class**

The parties will notify putative class members of the proposed settlement through a combination of targeted emails, a dedicated settlement website, and a press release.

**Targeted Email to Class Members**:  Within 7 business days of preliminary approval, eBay will compile a list of the current email addresses that it maintains for all class members (provided it has an email address for the member that can be identified through reasonable efforts), and will provide that list to the Claims Administrator.  The Claims Administrator will then promptly email (i.e., within 30 days of preliminary approval) such class members copies of the proposed Notice of Class Action Settlement and Claim Form.  (Settlement Agreement, 3.2.)

**Settlement Website**:  Within 30 days of preliminary approval, the Claims Administrator will launch a dedicated eBay settlement website.  The website will provide class members with a summary of the settlement's substantive terms, the relevant dates and deadlines for settlement administration and the final approval hearing, and copies of the operative settlement pleadings.  The website will also make available copies of the Notice of Class Action Settlement and Claim Form for download. (Settlement Agreement, 3.1.)

**Press Release:**  Within 30 days of preliminary approval, Plaintiff's counsel will issue (or cause to be issued) a press release regarding the settlement and its operative terms.  The press release will provide class members and the public with a general statement about the settlement and a link to the settlement website.  (Settlement Agreement, 3.3.)

III.    **ARGUMENT**

    A.    **The Proposed Class Action Settlement Should Receive Preliminary Approval**

        1.    **Courts Review Class Action Settlements to Ensure That the Terms Are Fair, Adequate, and Reasonable**

Class action settlements must be approved by the court and notice of the

1   settlement must be provided to the class before the action can be dismissed.  Fed. R. Civ.

2   P. 23(e)(1)(A).  To protect absent class members' due process rights, approval of class

3   action settlements involves three steps:

    1.    Preliminary approval of the proposed settlement, including (if the class has

        not already been certified) conditional certification of the class for

        settlement purposes;

    2.    Notice to the class providing them an opportunity to exclude themselves;

        and

    3.    A final fairness hearing concerning the fairness, adequacy, and

        reasonableness of the settlement.

11   *See* Fed. R. Civ. P. 23(e)(2); Manual for Complex Litigation § 21.632 (4th ed. 2004).

12          At preliminary approval, the Court first determines whether a class exists.

13   *Stanton v. Boeing Company*, 327 F.3d 938, 952 (9th Cir. 2003).  Then, the Court

14   evaluates whether the settlement is within the "range of reasonableness," and whether

15   notice to the class and the scheduling of a final approval hearing should be ordered.  *See*,

16   *generally*, 3 Conte & Newberg, *Newberg on Class Actions*, section 7.20 (4th ed. 2002)

17   § 11.25.  "Whether a settlement is fundamentally fair within the meaning of Rule 23(e)

18   is different from the question whether the settlement is perfect in the estimation of the

19   reviewing court."  *Lane v. Facebook, Inc*., 696 F.3d 811, 819 (9th Cir. 2012).

20          The law favors the compromise and settlement of class action suits.  *See*

21   *Churchill Village, LLC v. Gen. Elec*., 361 F.3d 566, 576 (9th Cir. 2004); *see also Hanlon*

22   *v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) (endorsing the trial court's

23   "proper deference to the private consensual decision of the parties" when approving a

24   settlement).  "Litigation settlements offer parties and their counsel relief from the

25   burdens and uncertainties inherent in trial. . . .  The economics of litigation are such that

26   pre-trial settlement may be more advantageous for both sides than expending the time

27   and resources inevitably consumed in the trial process."  *Franklin v. Kaypro*, 884 F.2d

28   1222, 1225 (9th Cir. 1989).  Thus, the Court must determine whether a settlement is

1    "fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e)(1).

2          To make this determination at preliminary approval, the Court may consider

3    some or all of the following factors:  the extent of discovery completed, and the stage of

4    proceedings; the strength of the plaintiff's case and the risk, expense, complexity and

5    likely duration of further litigation; the risk of maintaining class action status throughout

6    trial; the amount offered in settlement; and the experience and views of counsel.  *See*

7    *Stanton*, 327 F.3d at 959 (citing *Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003)).

8    "Under certain circumstances, one factor alone may prove determinative in finding

9    sufficient grounds for court approval."  *Nat'l Rural Telecom. Coop. v. DIRECTV, Inc.*,

10   221 F.R.D. 523, 525-526 (C.D. Cal. 2004) (*citing Torrisi v. Tucson Elec. Power Co.*, 8

11   F.3d 1370, 1376 (9th Cir. 1993)).

12         At the preliminary approval stage, the Court need only review the parties'

13   proposed settlement to determine whether it is within the permissible "range of possible

14   judicial approval" and thus, whether the notice to the class and the scheduling of the

15   formal fairness hearing is appropriate.  Newberg, § 11:25.

16           **2.**      **The Settlement Was Negotiated After a Thorough Investigation**

17                   **of the Factual and Legal Issues**

18         Courts may consider the extent of discovery and the current stage of the litigation

19   to evaluate whether parties have sufficient information to make an informed decision to

20   settle the action.  *See Linney v. Cellular Alaska Partnership*, 151 F.3d 1234, 1239 (9th

21   Cir. 1998).  A settlement negotiated at an earlier stage in litigation will not be denied so

22   long as sufficient investigation has been conducted.  *See Eisen v. Porsche Cars North*

23   *American, Inc.*, Case No. 11-09405, 2014 U.S. Dist. LEXIS 14301, 2014 WL 439006, at

24   *13 (C.D. Cal. Jan. 30, 2014)(finding that counsel had "ample information and

25   opportunity to assess the strengths and weaknesses of their claims" despite "discovery

26   [being] limited because the parties decided to pursue settlement discussions early on.").

27         As set forth in greater detail above, based on their analysis of information and

28   evidence produced by eBay, and close scrutiny of all written representations and

1    disclosures regarding the "Buy It Now" option, Plaintiff's counsel were able to

2    realistically assess the value of Plaintiff's claims and intelligently engage defense

3    counsel in settlement discussions that culminated in the proposed settlement now before

4    the Court.  (Friedl Decl. ¶¶ 3-6.)  By engaging in a thorough investigation and evaluation

5    of Plaintiff's claims, Plaintiff's counsel believe that the Settlement, for the consideration

6    and on the terms set forth in the Settlement Agreement, is fair, reasonable, and adequate,

7    and is in the best interests of Class Members in light of all known facts and

8    circumstances, including the risk of significant delay and uncertainty associated with

9    litigation, various defenses asserted by eBay.  (Friedl Decl. ¶¶ 5-6.)

10             **3.      The Settlement Is Reasonable In Light of the Strengths and**

11                      **Weaknesses of Plaintiff's Case and the Risks Associated with**

12                      **Continued Litigation**

13           "An important consideration in judging the reasonableness of a settlement is the

14    strength of the plaintiffs' case on the merits balanced against the amount offered in the

15    settlement."  *Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523,

16    525-26 (C.D. Cal. 2004).  In granting preliminary approval, the court need only confirm

17    that the settlement is the product of "serious, informed, non-collusive negotiations, has

18    no obvious deficiencies, does not improperly grant preferential treatment to class

19    representatives or segments of the class, and falls with the range of possible approval."

20    *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).  While

21    there is "no single formula" to be applied in considering the reasonable range of

22    settlement, the court may presume that the parties' counsel and the mediator arrived at

23    their figures by considering Plaintiff's likelihood of recovery.  *Rodriguez v. West Pub.*

24    *Corp.*, 563 F.3d 948, 965 (9th Cir. 2009).

25           In advance of mediation, Plaintiff's counsel evaluated the strengths and

26    weaknesses of Plaintiff's claims and objectively assessed the risks of continued litigation

27    in order to determine a reasonable range of class relief.  Although Plaintiff and Plaintiff's

28    counsel maintain a strong belief in the underlying merits of the claims, they also

1   acknowledge the significant challenges posed by continued litigation through

2   certification and trial.

3       At the outset, Plaintiffs' allegations regarding tthe practices related to "Buy It

4   Now" listings are subject to several qaulifications, which significantly narrow the scope

5   of this dispute.  First, where sellers listed items with multiple quantities, the above issues

6   did not apply.  For example, if a seller placed a "Buy It Now" listing consisting of 10

7   copies of a book, and a prospective buyer clicked the "Buy It Now" option to purchase

8   one copy, the listing would **not** be delisted and would be available for purchase by other

9   prospective buyers.  This significantly limits the scope of Plaintiff's claims because a

10  substantial portion of eBay's overall listings consist of these multiple-quantity listings.

11      Second, from the beginning of the class period to the present, sellers have had the

12  option to select an "Immediate Payment" option, in which "Buy It Now" listings are **not**

13  immediately delisted and are **only** delisted after a buyer completes the payment process.

14  Listings with this option are not part of this case.

15      Third, in many instances, sellers pay **no listing fees** to place a "Buy It Now"

16  listing under eBay's fees structure.  By definition, there could not be any damages

17  associated with these listings, even if they were delisted in the manner that Plaintiff

18  claims to be wrongful.

19      Finally, eBay has changed its business practices related to "Buy It Now" listings.

20  On March 19, 2013, eBay modified its payment process so that most BIN listings would

21  have the benefit of the Immediate Payment option by default.[9]  Under the modified

22  policy, "'Buy It Now' items will continue to be available for sale until a buyer commits

23  and/or pays."[10]  Thus, by default, the circumstances that prompted this lawsuit generally

24  will not occur where this current eBay policy applies.

25      Aside the narrowness of his claims, Plaintitff also would face tremendous

26  _____

    [9] *See*

27  http://pages.ebay.com/sellerinformation/news/springupdate2013/unpaiditems.html

    [10] *Id.*

28

challenges proceeding to class certification.  Along with the typical challenges associated with class certification (i.e., the attendant difficulties of proving ascertainability, commonality and materiality), Plaintiff would also be confronted with the Ninth Circuit's decision in *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. Cal. 2012), has called into question the viability of certifying a nationwide class under California's consumer protection laws.  While *Mazza* does not affect the Settlement Class proposed here, eBay would have undoubtedly raised *Mazza* in an effort to limit the size and scope of the class.

Moreover, Plaintiff's effort to certify a class of eBay sellers could be complicated by the broad diversity among the members of the proposed class, which would span individuals and businesses with potentially wide-ranging levels of knowledge and sophistication about the practices at issue.  eBay would argue that these differences preclude certification of Plaintiff's various consumer protection claims.

eBay would also be expected to oppose certification by attacking Plaintiff's proposed theory of classwide relief, which is based on awarding "refunds on a pro-rata basis to compensate the class member for time remaining on the listing duration after the nonselling item was delisted . . . ."  (SAC ¶ 5.)  Specifically, Plaintiff anticipates that eBay would rely on the classwide dismissal it obtained in *In re eBay Litigation*, in which Judge Whyte held, in the context of that case, that a pro rata formula could not be used to award classwide recoveries as a matter of law.  *See In re eBay Litig.*, No. C- 07-02198 RMW, 2012 U.S. Dist. LEXIS 128616, at *13 (N.D. Cal. Sept. 10, 2012).  While Plaintiff disputes that Judge Whyte's findings would apply here, eBay would be expected to attack certification on these grounds.

Even if Plaintiff had succeeded in certifying the class, the risk of continued litigation would have remained high as Plaintiff would have had to grapple with eBay's many defenses to liability.  For example, eBay argued that class members had agreed to forfeit the balance of their listing time whenever their "Buy It Now" items were delisted.  According to eBay, the User Agreement—which governs the relationship between eBay

1    and all end users—incorporates by reference "posted policies or rules applicable to
2    services [available] through the sites."  These policies include eBay's disclosures
3    explaining that (1) Listing Fees "are charged at the time of listing … and are
4    nonrefundable," and (2) eBay "do[es] not guarantee … the ability of buyers to pay for
5    items, or that a buyer or seller will actually complete a transaction or return an item."
6    (*See* Dkt. No. 62, 4:1-7.)  With regard to "Buy It Now" listings, eBay advises that
7    "[f]ixed price listings and auctions with the Buy it Now option end immediately when a
8    buyer commits to purchasing the item." (*See* Dkt. No. 64, Ex. A at 7; Ex. E at 1.)  In
9    addition, for vehicle listings in particular, eBay discloses that the "Successful Listing
10   Fee" charged for vehicles is assessed when "[a] buyer clicks Buy It Now in a listing
11   offering a fixed price … regardless of whether [the seller] carr[ies] out the sale with the
12   buyer."[11]

13        eBay also claims that, as a practical matter, it is necessary to delist a "Buy It
14   Now" listing immediately, in order to avoid the potential for multiple sales of the same
15   item.  (*See* Dkt. No. 62, 5:1-4.)  That is, if a buyer accepted a "Buy It Now" price and
16   waited a day before making payment or paid for the item by mailing a check, another
17   user (or users) could contemporaneously select "Buy It Now" if the item were to remain
18   listed during the payment process.  This would potentially result in the "sale" of the same
19   unique item to multiple buyers.

20        eBay also argues that class members could easily have mitigated their damages
21   by choosing the free "Immediate Payment" option (*see* Dkt. No. 64, Ex. M at 1),  which
22   would have ensured that listings remain available until payment is actually received (as
23   opposed to ending the listing when a buyer commits to purchasing the item by selecting
24   "Buy It Now").  In other words, sellers who listed items at fixed prices could have
25   required buyers that clicked the "Buy It Now" button to pay immediately using, e.g.,
26   PayPal.  eBay claims to encourage its users to consider the Immediate Payment option to

27   ─────────────────
28   [11] *See* http://pages.ebay.com/help/sell/motorfees.html.

1   forgo the payment problems Plaintiff alleges in the SAC.

2       Separately, eBay claims to allow qualifying sellers to relist their items and obtain

3   a credit on their Insertion Fees for the relisting.   (*See id.*, Ex. K ("[I]f your listing ends

4   without a winning buyer or with an unpaid item, you can qualify for a credit if you meet

5   certain requirements.").)  To obtain a credit, the seller must initially pay the applicable

6   Listing Fees for the relisting. (*See id.*, Ex. L at 1.)  If the second listing results in a sale,

7   the seller is automatically credited for the Insertion Fee he or she paid for the relisting.

8   (*See id.*)

9       In summary, given the risks and potential benefits of proceeding with the

10  litigation, the Settlement offers the class a significant recovery on claims that eBay

11  vigorously disputed.  And while Plaintiff believes he has meritorious claims against

12  eBay, he recognizes that several potential hurdles weigh in favor of settlement, including

13  (1) uncertainties surrounding the applicability and scope of the User Agreement, (2)

14  differences between class member experiences and web page content during different

15  times within the class period, and (3) eBay's various affirmative defenses.  In addition,

16  the parties and their respective experts could be expected to offer sharply conflicting

17  testimony and opinions on how damages should be calculated and the amount of

18  damages for each listing.  All told, the settlement will provide a significant recovery to

19  the Class while eliminating the risk of a negative outcome in litigation.

20          **4.      The Amount Offered In Settlement Supports Approving the**

21                    **Settlement**

22      The Ninth Circuit instructs that "[t]he proposed settlement is not to be judged

23  against a hypothetical or speculative measure of what *might* have been achieved by the

24  negotiators."  *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir.

25  1982) (emphasis in original).  Rather, "the very essence of a settlement is compromise."

26  *Id.* at 624.  Thus, "the fact that a proposed settlement may only amount to a fraction of

27  the potential recovery does not, in and of itself, mean that the proposed settlement is

28  grossly inadequate and should be disapproved."  *Linney v. Cellular Alaska Partnership*,

1   151 F.3d 1234, 1242 (9th Cir. 1998).

2    Based on the data provided by eBay to Plaintiff's counsel during the mediation

3   and in confirmatory discovery, Plaintiff's counsel estimate that class members paid

4   between $5.0 and $5.5 million for listings that ended with a "Buy It Now" click.

5   Plaintiff's counsel also estimate that class members generally received between 30%-

6   50% of the expected duration of their listing periods.  Based on the above, eBay's

7   maximum exposure for Plaintiff's claims was estimated at $2.5 to $3.85 million.  After

8   taking into account the probabilities of certifying a class (roughly estimated at 50/50

9   odds); prevailing on subsequent motions for decertification, summary judgment, and

10  motions in limine (roughly estimated at 50/50 odds); and affirming the judgment on

11  appeal (roughly estimated at 70/30 odds), Plaintiff's counsel concluded that the $1.2

12  million non-reversionary gross settlement fund is within the reasonable range—if not on

13  the high-end—of relief for the class' claims.  *See In re Mego Financial Corp. Sec. Litig.*,

14  213 F.3d 454, 459 (9th Cir. 2000) (finding a settlement that paid plaintiffs one-sixth of

15  the potential recovery to be fair and adequate).

16     **5.** **The Views of Experienced Counsel Should Be Accorded**

17       **Substantial Weight**

18   The fact that sophisticated parties with experienced counsel have agreed to settle

19  their dispute should be given considerable weight by courts, since "parties represented

20  by competent counsel are better positioned than courts to produce a settlement that fairly

21  reflects each party's expected outcome in the litigation." *In re Pac. Enters. Sec. Litig.*,

22  47 F.3d 373, 378 (9th Cir. 1995).

23   Here, the parties achieved a settlement after a thorough review of relevant

24  documents and information, as well as a rigorous analysis of the parties' claims and

25  defenses.  The terms of the Settlement are non-collusive and are the product of arms'-

26  length negotiations between experienced and accomplished class action attorneys with

27  the assistance of a respected mediator and former jurist.  Plaintiff is represented by

28  seasoned class action attorneys who possess significant experience in class action

1   matters.  (*See* Friedl Decl., Ex. E.)  Likewise, eBay's counsel is the preeminent global

2   law firm, Cooley LLP.  Thus, the parties' recommendation to approve this Settlement

3   should "be given great weight." *Eisen v. Porsche*, 2014 WL 439006, at *5 (crediting the

4   experience and views of counsel and the involvement of a mediator in approving a

5   settlement resolving automotive defect allegations).  Based on the foregoing, the Court

6   should find the proposed Settlement to be fair and adequate.

7    **B.      Conditional Class Certification Is Appropriate for Settlement**

8           **Purposes**

9           **1.      The Proposed Class Meets the Requirements of Rule 23**

10          Before granting preliminary approval of the settlement, the Court should

11   determine that the proposed settlement class meets the requirements of Rule 23.  *See*

12   *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997); Manual for Complex Litigation,

13   § 21.632.  An analysis of the requirements of Rule 23(a) and (b)(3), commonly referred

14   to as numerosity, commonality, typicality, adequacy, predominance, and superiority,

15   shows that certification of this proposed Settlement Class is appropriate for settlement

16   purposes.

17          **2.      The Proposed Class Is Sufficiently Numerous**

18          The numerosity requirement is met where "the class is so numerous that joinder

19   of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  Generally, courts will find a

20   class sufficiently numerous if it consists of 40 or more members. *Vasquez v. Coast*

21   *Valley Roofing, Inc.*, 670 F. Supp. 2d 1114, 1121 (E.D. Cal. 2009) (numerosity is

22   presumed at a level of 40 members).  Here, eBay estimates that over 3 million

23   individuals fall within the class definition, clearly satisfying the numerosity requirement.

24          **3.      There are Questions of Law and Fact that Are Common to the**

25          **Class For Settlement Purposes.**

26          The second Rule 23(a) requirement is commonality, which is satisfied "if there

27   are questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  The

28   operative criterion for commonality is "the capacity of a classwide proceeding to

generate common answers apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).  The commonality requirement is "construed permissively." *Hanlon*, 150 F.3d at 1019-1020.  Where "the circumstances of each particular class member vary but retain a common core of factual or legal issues with the rest of the class, commonality exists." *Parra v. Bashas, Inc*., 536 F.3d 975, 978-79 (9th Cir. 2008).

This action presents multiple common questions of law and fact:

1.      Whether eBay should have refunded class members the balance of their listing fees when their items were delisted pursuant to the "Buy It Now" program but were not ultimately sold;

2.      Whether eBay should have relisted the items for the amount of time remaining in their respective listing periods after their items were delisted pursuant to the "Buy It Now" program but not ultimately sold;

3.      Whether eBay failed to adequate disclose to sellers that they would forfeit their listing time if buyers selected the "Buy It Now" option before the close of the respective listing periods and did not ultimately purchase the items;

4.      Whether eBay breached the covenant of good faith and fair dealing with each class member; and

5.      Whether eBay violated California Business & Professions Code section 17200, *et seq*.

Accordingly, the commonality element is well established by the facts and allegations of the case.

### 4.      Plaintiff's Claims Are Typical of the Proposed Settlement Class

"Like the commonality requirement, the typicality requirement is 'permissive' and requires only that the representative's claims are 'reasonably co-extensive with those of absent class members; they need not be substantially identical.'" *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010) (quoting *Hanlon*, 150 F.3d at 1020)).  "In determining whether typicality is met, the focus should be on the defendants' conduct

1   and plaintiff's legal theory, not the injury caused to the plaintiff." *Lozano v. AT&T*

2   *Wireless Services, Inc.*, 504 F.3d 718, 734 (9th Cir. 2007).  Thus, typicality is "satisfied

3   when each class member's claim arises from the same course of events, and each class

4   member makes similar legal arguments to prove the defendant's liability." *Armstrong v.*

5   *Davis*, 275 F.3d 849, 868 (9th Cir. 2001) (quoting *Marisol v. Giuliani*, 126 F.3d 372,

6   376 (2nd Cir. 1997)).

7          Plaintiff's claims are typical of the proposed Settlement Class because they arise

8   from the same factual basis and are based on the same legal theories applicable to the

9   other Class Members.  Like other class members, Rosado posted a listing on eBay with a

10   "But It Now" option, and after the "But It Now" sale fell through, eBay did not relist his

11   vehicle for sale on its website.

12          **5.     Plaintiff and Plaintiff's Counsel Will Adequately Represent the**

13                  **Interests of the Proposed Settlement Class**

14          Adequacy is satisfied, because "the representative parties will fairly and

15   adequately protect the interests of the class," Fed. R. Civ. P. 23(a)(4).  Adequacy will be

16   found if (1) the proposed representative plaintiff does not have conflicts of interest with

17   the proposed class, and (2) the plaintiff is represented by qualified and competent

18   counsel.  *Hanlon*, 150 F.3d at 1020.  Here, Plaintiff is adequate since he has no conflict

19   of interest with the proposed Class.  In addition, Plaintiff is represented by competent

20   counsel with deep experience in litigating class actions, and who do not have a conflict

21   of interest with the class.  (*See* Friedl Decl.; Ex. E.)  Thus, Plaintiff satisfies the adequacy

22   prong.

23          **6.     Common Issues Predominate Over Individual Issues For**

24                  **Settlement Purposes**

25          "In addition to meeting the conditions imposed by Rule 23(a), the parties seeking

26   class certification must also show that the action is maintainable under Fed. R. Civ. P.

27   23(b)(1), (2) or (3)."  *Hanlon*, 150 F.3d at 1022.  Here, the proposed Class is

28   maintainable under Rule 23(b)(3), as common questions predominate over any question

affecting only individual members, and class resolution is superior to other available methods for a fair resolution of the controversy.  *Id.* (citing Fed. R. Civ. P. 23(b)(3)). Moreover, for purposes of settlement, the predominance test is satisfied, as the proposed Settlement makes relief available for all class members based on easily ascertainable criteria, bypassing whatever individual evidentiary and factual issues that could arise in litigation in determining liability or damages.  Consequently, common questions predominate over individual issues in the context of the proposed settlement.

### 7.   Class Settlement Is Superior to Other Available Means of Resolution

Resolving all class members' claims through a single class action is superior to a series of individual lawsuits.  "From either a judicial or litigant viewpoint, there is no advantage in individual members controlling the prosecution of separate actions.  There would be less litigation or settlement leverage, significantly reduced resources and no greater prospect for recovery."  *Hanlon*, 150 F.3d at 1023.  Indeed, the terms of the Settlement negotiated on behalf of the class demonstrate the advantages of a collective bargaining and resolution process.

Furthermore, manageability at trial is not a concern in the class action settlement context, "for the proposal is that there be no trial."  *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997).  Additionally, although the benefits of the Settlement negotiated on behalf  of the class are significant, the amount of each class member's individual recovery (*see infra*) is not nearly enough to incentivize individual class members into action.  *See Wolin v. Jaguar Land Rover N. Am.*, 617 F.3d 1168, 1175 (9th Cir. 2010) ("Where recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis, this [superiority] factor weighs in favor of class certification."); *Amchem*, 521 U.S. at 617 ("The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights.  A class action solves this problem by aggregating the relatively paltry potential recoveries into

1  something worth someone's (usually an attorney's) labor."). Here, the efforts and funds

2  required to marshal the type of evidence, including potentially expert testimony, to

3  establish liability against well-financed corporate defendants would also discourage class

4  members from pursuing litigation.

5         The superiority of proceeding through the class action mechanism is

6  demonstrable in this case. Through the class action device, Plaintiff's counsel were able

7  to negotiate a global Settlement with eBay that, if approved, will provide class members

8  with immediate monetary relief on a non-reversionary basis. As the class action device

9  provides the superior means to effectively and efficiently resolve this controversy, and as

10  the other requirements of Rule 23 are satisfied, certification of the proposed Settlement

11  Class is appropriate.

12         **C.       The Proposed Class Notice Adequately Informs Settlement Class**

13                **Members About the Case and Proposed Settlement**

14         Upon certifying a Rule 23(b)(3) class, Rule 23(c)(2)(B) requires the Court to

15  "direct to class members the best notice that is practicable under the circumstances,

16  including individual notice to all members who can be identified through reasonable

17  effort." In addition, Rule 23(e)(1) requires that before a proposed settlement may be

18  approved, the Court "must direct notice in a reasonable manner to all class members

19  who would be bound by the proposal." The notice given "must be reasonably

20  calculated, under all the circumstances, to apprise interested parties of the pendency of

21  the action and afford them an opportunity to present their objections. *Mullane v. Central*

22  *Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

23         The parties have agreed on a notice plan that satisfies the requirements of

24  Rule 23. (Settlement Agreement, 3.) Under this plan, the parties will disseminate notice

25  of the settlement via directed emails to class members, posts to a dedicated website, and

26  a press release. The form of the notice to be mailed includes all the content required by

27  Rule 23(c)(2)(B), such as a description of the action and Class claims, as well as class

28  members' right to submit claims for payment, opt out of the settlement, and object or

1   comment on the proposed Settlement, including any application for attorneys' fees,

2   costs, and service awards. *See Churchill Village*, 361 F.3d at 576 ("Notice is satisfactory

3   if it generally describes the terms of the settlement in sufficient detail to alert those with

4   adverse viewpoints to investigate and to come forward and be heard.") (internal

5   quotation omitted).

6   **IV.   CONCLUSION**

7         The parties have negotiated a fair and reasonable settlement.  Accordingly,

8   Plaintiff moves the Court to preliminarily approve the Settlement Agreement; direct the

9   dissemination of notice to the class as proposed; and set a hearing date and briefing

10  schedule for final Settlement approval and Plaintiff's fee and expense application.

11

12  Dated:  July 24, 2015                    Respectfully submitted,

13                                           Capstone Law APC

14

15                                      By:  /s/ Robert K. Friedl

16                                           Jordan L. Lurie
                                             Robert K. Friedl
17                                           Tarek H. Zohdy
                                             Cody R. Padgett

18                                           Attorneys for Plaintiff Luis Rosado

19

20

21

22

23

24

25

26

27

28