1   Jordan L. Lurie (SBN 130013)
    Jordan.Lurie@capstonelawyers.com
2   Robert K. Friedl (SBN 134947)
    Robert.Friedl@capstonelawyers.com
3   Tarek H. Zohdy (SBN 247775)
    Tarek.Zohdy@capstonelawyers.com
4   Cody R. Padgett (SBN 275553)
    Cody.Padgett@capstonelawyers.com
5   Capstone Law APC
    1840 Century Park East, Suite 450
6   Los Angeles, California 90067
    Telephone:   (310) 556-4811
7   Facsimile:   (310) 943-0396

8   Dale James Morgado
    Dmorgado@ffmlawgroup.com
9   Feldman, Fox & Morgado, P.A.
    100 North Biscayne Blvd.
10  29th Floor, Suite 2902
    Miami, Florida 33132
11  Telephone:   (305) 222-7850
    Facsimile:   (305) 384-4676

12
13  Attorneys for Plaintiff Luis Rosado

14              UNITED STATES DISTRICT COURT

15     NORTHERN DISTRICT OF CALIFORNIA—SAN JOSE DIVISION

16

17  LUIS ROSADO, individually, and on         Case No.:  5:12-cv-04005-EJD
    behalf of other members of the general
18  public similarly situated,                 Assigned for all purposes to the
                                                Hon. Edward J. Davila
19              Plaintiff,
                                                **DECLARATION OF ROBERT K.
20        vs.                                   FRIEDL IN SUPPORT OF MOTION
                                                FOR PRELIMINARY APPROVAL
21  EBAY, INC., a Delaware corporation,         OF CLASS ACTION SETTLEMENT**

22              Defendant.                      Date:      September 10, 2015
                                                Time:      9:00 a.m.
23                                              Place:     Courtroom 4

24
25
26
27
28

## DECLARATION OF ROBERT K. FRIEDL
## IN SUPPORT OF MOTON FOR PRELIMNARY APPROVAL

I, Robert K. Friedl, hereby declare:

1.      I am an attorney at law duly licensed to practice before the courts of the State of California.  Unless the context indicates otherwise, I have personal knowledge of the facts stated in this declaration and if called as a witness, I could and would testify competently thereto.  I am a Senior Counsel at Capstone Law APC, counsel of record for Plaintiff in the above-captioned action.  I make this declaration in support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement.

2.      This class action was filed on July 30, 2012.  The operative Second Amended Complaint alleges causes of action for (1) Violation of False Advertising Law (Cal. Business & Professions Code §§ 17500, *et seq*.); (2) Violation of the Consumers Legal Remedies Act (Cal. Civil Code §§ 1750, *et seq*.); (3) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200, *et seq*.); (4) Breach of Covenant of Good Faith and Fair Dealing; (5) Breach of Quasi-Contract; and (6) Declaratory Judgment.  (Dkt. No. 59.)  Defendant eBay Inc. ("eBay") filed an answer to the Complaint on July 31, 2014.  (Dkt. No. 79.)

3.      In connection with the mediation of this case, eBay provided us with various estimates based on its transaction and fee data.  These included: (1) an estimate of the total approximate number of putative class members who paid listing fees for non-vehicle listings (approximately 3,025,000) with a "Buy It Now" feature (the "Non-vehicle Listings"); (2) an estimate of the total approximate number of putative class members who paid for vehicle listings with a "Buy It Now" feature (approximately 60,000) (the "Vehicle Listings"); (3) an estimate of the aggregate total listing fees charged by eBay in connection with the Non-vehicle Listings during the class period; (4) an estimate of the aggregate total listing fees charged by eBay in connection with the Vehicle Listings during the class period; (5) an estimate of the average portion of the listing time remaining for the Non-vehicle Listings at the time

1   the items were delisted due to a prospective buyer clicking the "Buy It Now" option;

2   and (6) an estimate of the average portion of listing time remaining for the Vehicle

3   Listing sat the time the vehicles were delisted due to a prospective buyer clicking the

4   "Buy It Now" option.  eBay also provided us with information as to the methodology

5   that it used to arrive at those estimates.

6          4.     In addition, we closely examined eBay's disclosures regarding its listing

7   and refund policies pertaining to the "Buy It Now" provision.  The examination of

8   these disclosures factored into both the analysis in Plaintiff's mediation brief and

9   Plaintiff's opposition to eBay's motion to dismiss, which was denied on June 30,

10  2014.  (Dkt. No. 70.)

11         5.     I have personally discussed Plaintiff's claims and settlement of this case

12  with Mr. Rosado.  I have also researched his claims both in connection with the

13  litigation of the case and settlement.  I drafted the mediation brief and attended the

14  mediation before Judge West on December 8, 2014.  I therefore have an appreciation

15  of the risks of continuing with this litigation and the benefits offered by the proposed

16  settlement.

17         6.     The information provided by eBay and our knowledge of the strengths

18  and weaknesses of Plaintiff's action enabled myself and other attorneys at Capstone

19  Law APC to evaluate the settlement value of the class' claims and to engage eBay's

20  counsel in protracted settlement negotiations which culminated in the proposed

21  settlement.

22         7.     Following these protracted negotiations, the parties, with the assistance

23  of Justice West, were able to reach an agreement on all material terms of the

24  proposed relief to the Class.  Only after the parties had reached this agreement did

25  they negotiate attorneys' fees, costs, and incentive awards.  Ultimately, the parties

26  reached an agreement on these terms as well, formalizing all terms in the Settlement

27  Agreement.

28         8.     Attached as Exhibit A is a true and correct copy of the fully executed

1   Settlement Agreement.

2        9.      Attached as Exhibit B is a true correct copy of the proposed Notice of

3   Class Action Settlement drafted by the parties.

4        10.     Attached as Exhibit C is a true correct copy of the proposed Email

5   Notice drafted by the parties.

6        11.     Attached as Exhibit D is a true correct copy of the proposed Claim

7   Form drafted by the parties.

8        12.     The attorneys at Capstone Law APC are well-experienced Class Action

9   attorneys.  Attached as Exhibit E is a true and correct copy of the firm resume.

10       13.     As set forth in the firm resume, the primary attorneys on this case,

11  Jordan Lurie, Cody Padgett, Tarek H. Zohdy and I, have considerable experience

12  with consumer class actions.  These attorneys, and their firm, Capstone, are qualified

13  to serve as Class Counsel for the Settlement Class.

14       14.     In my view, the settlement is fair, reasonable and adequate.  Under the

15  settlement, Class members will have the option of submitting claims of $5 to $15.

16  Any excess funds are non-reversionary.  Moreover, the risks of continuing with the

17  litigation are significant in terms of delay and uncertainty.

18       I declare under penalty of perjury under the laws of the United States of

19  America that the foregoing is true and correct.

20       Executed on July 24, 2015 at Los Angeles, California.

21

22                                   /s/ Robert K. Friedl
                                     _____
23                                   Robert K. Friedl

24

25

26

27

28

DECLARATION OF ROBERT K. FRIEDL ISO MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

# Exhibit A

# SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("*Settlement Agreement*") is entered into between Plaintiff Luis Rosado ("Rosado") ("*Plaintiff*"), individually and in his capacity as a proposed representative of the Class, and Defendant eBay Inc. ("*eBay*") (Plaintiff and eBay collectively, "*Parties*," or singularly, "*Party*"), subject to approval of the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## RECITALS

A.  On July 30, 2012, Rosado commenced a civil action in the United States District Court for the Northern District of California entitled *Luis Rosado v. eBay Inc.*, Case No. 5:12-CV-04005-EJD (the "Action"), by filing a Class Action Complaint.

B.  On October 22, 2012, eBay filed a motion to dismiss Plaintiff's Class Action Complaint.  On December 28, 2012, Plaintiff filed his First Amended Class Action Complaint (the "FAC").  On January 31, 2013, eBay filed a motion to dismiss the FAC.  On September 10, 2013, the Court issued an order granting Plaintiff leave to amend his complaint.  On October 1, 2013, Plaintiff filed his Second Amended Class Action Complaint ("SAC").  On December 6, 2013, eBay filed a motion to dismiss Plaintiff's SAC.  On June 30, 2014, the Court issued an order denying eBay's motion to dismiss Plaintiff's SAC.

C.  On July 31, 2014, eBay answered the SAC.

D.  The Parties attended a full-day mediation before the Honorable Carl J. West, who thereafter assisted the parties in additional negotiations over several weeks to reach the current agreement.

E.  The Parties have investigated the facts and have analyzed the relevant legal issues with regard to the claims and defenses asserted in the Action.  Based on these investigations, Plaintiff believes the Action has merit, while eBay believes the Action has no merit.

F.  The Parties have each considered the uncertainties of litigation; the benefits of the proposed settlement; the costs, risks, and delays associated with the continued prosecution of this complex litigation; and the likely appeals of any rulings in favor of either Plaintiff or eBay.

G.  In light of these considerations, and without admitting fault or liability on the part of eBay, it is now the intention of the Parties and the objective of this Settlement Agreement to dispose of, fully and completely and forever, the claims and causes of action in the Action as specified below.

## AGREEMENT

1.  DEFINITIONS.  The following section defines terms that are not defined above.  Some definitions use terms that are defined later in this section:

**1.1**     The term *"Active eBay Account"* means an eBay account that is active, and is not on hold because of an outstanding negative balance.  eBay accounts that are suspended, closed, or on hold because of a negative balance are not considered "Active eBay Accounts."

**1.2**     The term *"BIN"* means eBay's "Buy It Now" feature.

**1.3**     The terms *"Buy It Now Listing"* or *"BIN Listing"* mean a Fixed Price or Auction Style listing placed on eBay's websites and which includes an option for a prospective buyer to "Buy It Now".

**1.4**     The term *"Claim"* means a request by a Class Member for payment from the Net Settlement Fund.  The process and eligibility criteria for filing a Claim are set forth in this Settlement Agreement.

**1.5**     The term *"Claimant"* means a Class Member who files a Claim.  The process and eligibility criteria for filing a Claim are set forth in this Settlement Agreement.

**1.6**     The term *"Claims Administrator"* means the entity, and any successors to that entity, that eBay's Counsel retains, subject to Class Counsel's approval, to administer the Settlement process provided for in the Settlement Agreement, which may include, but is not limited to: (i) providing notices as contemplated herein; (ii) receiving and tracking Claims and opt-out notices; (iii) receiving and tracking requests for Settlement Checks and sending of the same; and (iv) calculating, based on records provided by eBay, the amounts of any Credits or Settlement Checks due Class Members.

**1.7**     The term *"Class Counsel"* means the law firm of Capstone Law APC.

**1.8**     The terms *"Class"* and *"Class Members"* mean all eBay sellers in the United States who paid Listing Fees to place a BIN Listing on eBay's websites during the Class Period, whose item was subsequently delisted when the BIN button was selected by a prospective buyer prior to the end of the scheduled listing duration, who were not ultimately paid by the prospective buyer for the listed item, and whose Listing Fees were not refunded by eBay. A person or entity is deemed "in the United States" for purposes of the foregoing if the primary contact information for the person or entity in eBay's current records is an address within the United States.  This class definition and the presumption of the existence of a class are for settlement purposes only.

**1.9**     The term *"Class Period"* means July 30, 2008 to the date of the Preliminary Approval Order.

**1.10**    The term *"Court"* means the United States District Court for the Northern District of California.

**1.11**    The term *"Credit"* means a credit that will be applied to a Class Member's eBay account in an amount as set forth in Section 2.1(e) below.

**1.12**    The term *"eBay's Counsel"* means the law firm of Cooley LLP.

2

       **1.13**    The term *"Email Notice"* means the email notices to be provided pursuant to Section 3.2 below.

       **1.14**    The term *"Fairness Hearing"* means the hearing at which the Court decides whether to approve this Settlement Agreement as being fair, reasonable, and adequate.

       **1.15**    The term *"Final Order and Judgment"* means an order and judgment finally approving the Settlement of this Action.  The Parties will agree upon the contents of a proposed form of Final Order and Judgment, and will attach that proposed order to Plaintiff's motion seeking final approval of the Settlement.

       **1.16**    The term *"Final Settlement Date"* means the date on which either of the following events has occurred: (a) if no appeal or request for review is filed or made, thirty-one (31) days after eBay receives ECF notice from Plaintiff or the Court that the Court entered the Final Order and Judgment or (b) if any appeal or request for review is filed or made, fourteen (14) days after the date on which Plaintiff files and eBay receives ECF notice that a court entered an order affirming the Final Order and Judgment or dismissed the appeal or otherwise denied review and the time for seeking all appeals has expired.

       **1.17**    The term *"Full Notice"* means the legal notice of the proposed Settlement terms, as approved by Class Counsel, eBay's Counsel, and the Court, to be provided to Class Members under Section 3 of this Settlement Agreement.

       **1.18**    The term *"Gross Settlement Fund"* means the $1,200,000 amount described in Section 2.1 of this Settlement Agreement.

       **1.19**    The term *"Listing Fees"* means, collectively, Insertion Fees and Optional Feature Fees charged in connection with an eBay listing.  Listing Fees exclude Final Value Fees, which are the fees that a seller is charged after a successful sale.

       **1.20**    The term *"Net Settlement Fund"* means the remaining balance of the Gross Settlement Fund after payment of any and all fees and costs from the Gross Settlement Fund, including, but not limited to the court-approved award of fees and costs to Capstone Law APC, Feldman, Fox, & Morgado, P.A., and Initiative Legal Group APC, court-approved enhancement award for Named Plaintiff, and any administrative costs related to or incurred by the Claims Administrator.

       **1.21**    The term *"Internet Posting"* means a website to be established by the Claims Administrator for the proposed Settlement for the purposes of providing the Class with the Full Notice of the Settlement, and making the Full Notice available for downloading.

       **1.22**    The term *"Insertion Fee"* means the initial fee that an eBay seller is charged in order to list an item for sale on the eBay website.  Insertion Fees are different from, and do not include Optional Feature Fees, defined below, or Final Value Fees, which are the fees that a seller is charged after a successful sale.

3

1.23     The term *"Optional Feature Fee"* means the optional fee(s) that an eBay seller may incur to purchase optional advanced listing upgrades or other optional features for their listings (e.g., scheduled listings, Gallery Plus, Listing Designer, Subtitle, Value Pack, and Bold). Optional Feature Fees are different from, and do not include Insertion Fees, defined above, or Final Value Fees, which are the fees that a seller is charged after a successful sale.

1.24     The term *"Named Plaintiff"* means Plaintiff Luis Rosado.

1.25     The term *"Notice Group"* means all eBay sellers in the United States who paid Listing Fees to place a BIN Listing on eBay's websites during the Class Period that was subsequently delisted when the BIN button was selected by a prospective buyer and for which eBay has no record of a completed payment from the buyer to the seller.

1.26     The term *"Preliminary Approval and Provisional Class Certification Order"* or *"Preliminary Approval Order"* means an order preliminarily approving the Settlement of this Action and provisionally certifying the Class. The Parties will agree upon the contents of a proposed form of Preliminary Approval and Provisional Class Certification Order, and will attach that proposed order to Plaintiff's motion for Preliminary Approval of the Settlement and for Provisional Class Certification.

1.27     The term *"Settlement"* means the settlement of this Action and related claims.

1.28     The term *"Settlement Check"* means a check sent to a Class Member.

1.29     The term *"Summary Notice"* means the legal notice summarizing the proposed Settlement terms, as approved by Class Counsel, eBay's Counsel, and the Court, which is to be provided to Class Members under Section 3.2 of this Settlement Agreement by Email Notice.

1.30     The term *"Vehicle Listing"* means an eBay listing that, according to eBay's records, was created in one of the following listing categories: Cars & Trucks, Motorcycles, Power Sports, Boats, Commercial Trucks, RV's and Campers, or Other Vehicles & Trailers.

1.31     The term *"Non-Vehicle Listing"* means an eBay listing that, according to eBay's records, was created in a category other than those defined as Vehicle Listings.

1.32     The plural of any term defined herein includes the singular and vice versa.

## 2.     SETTLEMENT TERMS

2.1     **Gross Settlement Fund.** As consideration for the Settlement and subject to Court approval, eBay will make available a Gross Settlement Fund in the total value of $1,2000,000, which is non-reversionary. In no circumstance will eBay be obligated to pay any amount beyond the amount of the Gross Settlement Fund. The Gross Settlement Fund will be distributed as set forth below.

4

(a) **Named Plaintiff Enhancement Award.** Plaintiff intends to seek and eBay does not object to an enhancement award of $2,500 for his participation in this Action, to be paid from the Gross Settlement Fund and subject to Court approval. Plaintiff will not petition the Court for or otherwise seek more than this amount for an enhancement award. A reduction by the Court or by an appellate court of the enhancement award sought by Plaintiff shall not affect any of the Parties' rights and obligations under the Settlement Agreement, and shall only serve to increase the amount of the Net Settlement Fund to be distributed to Class Members.

(b) **Attorneys' Fees and Costs Award.** On or before the date specified in the Preliminary Approval Order, Plaintiff will submit an application seeking approval of an award of attorney's fees and costs for Capstone Law APC, Feldman, Fox, & Morgado, P.A., and Initiative Legal Group APC. The amount of the award as determined by the Court will be paid from the Gross Settlement Fund. If any Party or Class Member appeals the Court's award of attorneys' fees and costs only (without appealing the Court's approval of the Settlement), the appeal shall not prevent the Claims Administrator from distributing the undisputed portion of the Gross Settlement Fund to Class Members. In the event that the Court of Appeal orders or affirms a reduction of attorneys' fees and costs, the amount of reduction shall be redistributed to the Class as Credit as specified in Section 2.1(e) below.

(c) **Administrative Costs.** Any costs incurred in connection with the administration of the settlement (including costs of providing notice, processing Claims, and mailing check payments) will be paid from the Gross Settlement Fund. The Parties will obtain from the Claims Administrator its best estimate of such anticipated administrative costs, which shall then be set aside from the Gross Settlement Fund.

(d) **Check Payments to Class Members.** After all payments are made or set aside from the Gross Settlement Fund for the items listed in Sections 2.1(a)-(c) above, the amount of the Net Settlement Fund shall be distributed as described below.

    (i) Unless the amounts are otherwise adjusted pursuant to subsection (f) below, Claimants who submit a Claim for a Non-Vehicle Listing will receive $5 and Claimants who submit a Claim for a Vehicle Listing will receive $10. As specified in Section 4.4 below, each Claimant will be allowed to submit up to one Claim for a Non-Vehicle Listing and one Claim for a Vehicle Listing. The maximum payment to any single Claimant on their Claims will therefore be $15, subject to the right of Claimants to receive Credits as set forth in subsection (e), below. If, however, the aggregate payment to Claimants under this paragraph is less than

5

25% of the Net Settlement Fund ("Minimum Payout Fund"), then participating Claimants will receive checks for a pro-rata share of the Minimum Payout Fund.

(ii)  Payments will be made to Claimants by Settlement Checks, which will be in the form of postcard checks to minimize the costs of administration.

(iii) If the Court grants final approval of the Settlement of this Action, eBay will provide to the Claims Administrator the appropriate amount necessary to fund Settlement Checks within thirty (30) days of the Final Settlement Date, and the Claims Administrator shall complete the issuance of the Settlement Checks within sixty (60) days after the Final Settlement Date.

(iv)  The Settlement Checks will expire after a fixed length of time from their issuance, as mutually agreed by the Parties after consultation with the Claims Administrator.  Any funds from uncashed Settlement Checks will revert to the Net Settlement Fund after the fixed time for their redemption has passed.

(e)  **Credits to Class Members**

(i)  If, after the payments described in subsection (d) above are made and the time for Claimants to cash their Settlement Checks has expired, any funds still remaining in the Net Settlement Fund (including funds from uncashed Settlement Checks that have reverted to the Net Settlement Fund), will be distributed as follows: First, all Claimants who have an Active eBay Account at the time of distribution will receive an equal pro-rata share of the unclaimed amount, capped at $50 per Claimant, to be distributed by eBay in the form of a Credit.  Second, if additional funds remain after this further disbursement of Credits, the still remaining funds will be distributed in the form of additional Credits, on a pro-rata basis, to all members of the Notice Group (including Claimants and non-Claimants) who have an Active Account at the time of the final disbursement.  These Credits, if any, will be aggregated as to each recipient and issued in a single disbursement.

(ii)  For Class Members who have an outstanding balance due to eBay at the time of the issuance of a Credit, the Credit will be reduced by or applied to that outstanding balance.

(iii) If a Class Member has a remaining Credit after Credits are applied to outstanding amounts (if any) due to eBay, that Class Member can apply those remaining Credits in any manner

6

pursuant to the normal terms and conditions that govern the use of credits by eBay users.

(iv)  eBay agrees to complete the issuance of Credits within thirty (30) days after (1) the time for redemption of the Settlement Checks has expired or (2) the date eBay receives data from the Claims Administrator sufficient to issue the Credits, whichever is later. eBay's issuance of such Credits will be based on the calculations by the Claims Administrator as to the amount of Credits to be received by each Class Member.

(f)  **Potential Adjustments of Check Amounts.**

(i)  If the number of Claims timely received would cause the total amount of awards, as calculated in subsection (d) above, to exceed the anticipated Net Settlement Fund, the amount awarded per Claim shall be adjusted on a pro-rata basis such that the total awards made in connection with all Claims is equal to the amount of the anticipated Net Settlement Fund. This calculation will be made as follows: (1) For purposes of the calculation, a Claim involving a Vehicle Listing will be deemed two "claim units" and a Claim involving a Non-Vehicle listing will be deemed one "claim unit," (2) the anticipated Net Settlement Fund will be divided by the total number of "claim units" to determine the amount per claim unit, (3) the amount as determined in (2) will be awarded for each Claim involving a Non-Vehicle listing, and (4) the amount as determined in (2), multiplied by two, will be awarded for each Claim involving a Vehicle listing.

(ii)  To illustrate this calculation, assume that (1) the anticipated Net Settlement Fund is $600,000, (2) 60,000 Claims are received for a Non-Vehicle Listing, and (3) 60,000 claims are received for a Vehicle Listing. The total number of "claim units" would be 180,000 (60,000 claim units from Non-Vehicle Listing Claims and 120,000 claim units from Vehicle Listing Claims). The amount per "claim unit" would be $3.33 (anticipated Net Settlement Fund of $600,000 divided by 180,000 claim units). Each Claim for a Non-Vehicle Listing would receive $3.33. Each Claim for a Vehicle listing would receive $6.66 ($3.33 x 2).

(g)  Except as provided by paragraph 2.1(h), the amount due to each Class Member pursuant to subsections (d), (e) and (f) above will be determined by the Claims Administrator. These determinations will be deemed final as to Class Members, and Class Members will not be entitled to contest the accuracy of these determinations.

(h)  If, however, the pro-rata reduction pursuant to the preceding formula

7

would cause the "claim unit" to fall below $2.00, then Plaintiff reserves the right to rescind the Settlement Agreement. Plaintiff must exercise this right to rescind in writing within fourteen (14) days of receiving notice that the pro-rata reduction pursuant to the preceding formula will cause the "claim unit" to fall below $2.00. If Plaintiff exercises his right to rescind, then this Settlement Agreement will be deemed null and void, and no term or draft of this Settlement Agreement, or any part or aspect of the Parties' settlement discussions, negotiations, or documentation (including any declarations and briefs filed in support of the motion for preliminary or final approval) will have any effect or be admissible into evidence, for any purpose, in this Action or any other proceeding.

     (i)     In issuing Credits, eBay will rely on information from the Claims Administrator to determine the recipients and amounts of Credits. In no circumstance will eBay be obligated to pay an amount in Credits and Settlement Checks that exceeds the amount of the Net Settlement Fund, regardless of the number of Claims from Class Members and regardless of any potential errors in calculations by the Claims Administrator

     (j)     eBay may, but is not obligated to, verify the Claims Administrator's determinations, including whether each individual Claimant is a Class Member and/or entitled to receive any payment, award, Settlement Check and/or Credit.

     **3.**     <u>Class Notice.</u>  If the Court grants Preliminary Approval and Provisional Class Certification, notice of the proposed Settlement will be provided to the Class by the following methods. The Parties will agree upon the contents of the notices described in this section, and will attach their proposed forms of notice to Plaintiff's motion for Preliminary Approval and Provisional Class Certification.

     **3.1**     **Internet Posting of the Full Notice.**  Starting no later than thirty (30) calendar days after entry of the Preliminary Approval Order, the Claims Administrator will set up an Internet website and post the Full Notice, which shall be downloadable. The website will be active until the Final Settlement Date. The website domain name shall be subject to the approval of both Parties, which approval shall not be unreasonably withheld.

     **3.2**     **Summary Notice by Direct Email.**  Within seven (7) business days after entry of the Preliminary Approval Order, eBay shall provide data to the Claims Administrator for purposes of sending Email Notice to the Notice Group, to the extent that information is in eBay's possession and can be obtained through reasonable efforts. Starting no later than thirty (30) calendar days after entry of the Preliminary Approval Order, the Claims Administrator will send a Summary Notice to each member of the Notice Group by email at the current email address that eBay maintains for such member, provided eBay has an email address for the member that can be identified through reasonable efforts. The Summary Notice will provide the URL of the Internet website containing the Full Notice and a U.S. postal mailing address for the Claims Administrator so that Class Members may request a paper copy of the Full Notice by U.S. mail. The Summary Notice will also provide a direct link to the online process to submit Claims, as

8

specified in Section 4, below.

      **3.3**    **Press Release**. Class Counsel will direct the issuance of a one-time press release regarding the Settlement Agreement within thirty days after entry of the Preliminary Approval Order. The contents of the press release will be mutually agreed between eBay and Class Counsel, and shall generally be limited to a general notification of the Settlement Agreement, a statement that eBay disputes the allegations in the litigation, and a link to the website referenced above.

      **3.4**    **Costs**. Any costs associated with the Email Notice and the Internet Posting shall constitute an administrative cost and be paid from the Gross Settlement Fund. To the extent that additional notices are ordered by the Court or become necessary for the Court's approval of the Settlement Agreement, the costs, if any, of any additional notices will also constitute administrative costs to be paid from the Gross Settlement Fund (to the extent the Parties do not exercise their rights under Section 5.6 herein).

      **3.5**    **CAFA Notice.** Not later than ten (10) calendar days after the Settlement Agreement is filed with the Court, the Claims Administrator shall serve upon the relevant government officials notice of the proposed Settlement in accordance with 28 U.S.C. § 1715.

      **3.6**    **Proof of Notice.** No later than seven (7) calendar days before the filing of Plaintiff's motion in support of the Final Order and Judgment, Class Counsel will obtain a declaration from the Claims Administrator confirming that it has provided the Class with notice of the proposed Settlement in accordance with this Section.

    **4.**    **CLAIMS PROCESS.**

      **4.1**    eBay will direct the Claims Administrator to implement an online process for Class Members to submit Claims, which shall be directly accessible via a hyperlink from the Email Notice.

      **4.2**    In order to submit a Claim, Claimants will be required to certify under oath that (1) they paid Listing Fees for one or more BIN Listings during the Class Period, (2) another eBay user clicked to buy the listed item(s), (3) the prospective buyer failed to make payment, and (4) eBay did not previously provide a refund of the Listing Fees charged in connection with the listing. Claimants will be required to provide their eBay User ID so that eBay may, at its discretion, verify that they are a Class Member. Claimants will also be required to provide a mailing address to which the Settlement Check will be sent.

      **4.3**    Claimants must also indicate whether their Claim involves a Vehicle Listing or a Non-Vehicle Listing (or both).

      **4.4**    Each Claimant may submit no more than one Claim for a Non-Vehicle Listing and one Claim for a Vehicle Listing.

      **4.5**    The Parties agree to cooperate in finalizing any other details needed to implement the Claims process, with the goal of minimizing the burden on Claimants to submit a

9

Claim.

4.6   eBay may, but is not obligated to, verify any Claim, and it shall have the right to reject a Claim if it determines that the Claimant is not a Class Member and/or is not entitled to recovery as provided under Section 2.1.

5.   **APPROVAL PROCEDURES**

5.1   **Cooperation to Obtain Court Approval.**   The Parties will take all reasonable steps necessary to secure the Court's approval of this Settlement Agreement and the Settlement.

5.2   **Preliminary Approval and Provisional Class Certification.**   Plaintiff must move or apply for preliminary approval of the Settlement and provisional class certification by July 24, 2015.  The motion or application must request the Court to:

(a)   preliminarily approve this Settlement Agreement as being the product of serious, informed, non-collusive obvious negotiations, having no obvious deficiencies, not improperly granting preferential treatment to the proposed class representatives or segments of the class, and falling within the range of possible approval;

(b)   preliminarily approve the form, manner, and content of the Full Notice, and Summary Notice described in Section 3;

(c)   set deadlines for objections, opting out, and the date and time of the Fairness Hearing;

(d)   provisionally certify the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure for settlement purposes only;

(e)   stay all proceedings in the Action until the Court renders a final decision on approval of the Settlement;

(f)   appoint Plaintiff as representative for the Class for settlement purposes only; and

(g)   appoint the law firm of Capstone Law APC as Class Counsel for settlement purposes only.

The Parties will agree upon the contents of the proposed Preliminary Approval and Provisional Class Certification Order, and will attach their proposed form of Preliminary Approval Order to Plaintiff's Motion for Preliminary Approval of the Settlement and for Provisional Class Certification.

5.3   **Objections.**   Any Class Member who has not submitted a timely written exclusion request pursuant to Section 5.4 below and who wishes to object to the fairness, reasonableness or adequacy of the Settlement Agreement or the proposed Settlement, to the

10

attorneys' fees and costs award, or to the enhancement awards for Plaintiff, must do so by filing a written objection with the Court and delivering a copy of the objection to Class Counsel and eBay's Counsel no later than the date approved by the Court and specified in the notices provided for in Section 3 above. The delivery date is deemed to be the date when the objection is deposited in the U.S. mail as evidenced by the postmark. It shall be the objector's responsibility to ensure receipt of any objection by the Court, Class Counsel, and eBay's Counsel. To be considered by the Court, the objection must include: (1) a heading containing the name and case number of the Action: *Luis Rosado v. eBay Inc., Case No. 5:12-CV-04005 EJD*; (2) the Class Member's name, email address, postal address, and telephone number that were used in conjunction with the Class Member's eBay account; (3) a detailed statement of each objection and the factual and legal basis for each objection, and the relief that the Class Member is requesting; (4) a list of and copies of all documents or other exhibits which the Class Member may seek to use at the Fairness Hearing; and (5) a statement of whether the Class Member intends to appear, either in person or through counsel, at the Fairness Hearing, and if through counsel, a statement identifying the counsel's name, postal address, phone number, email address, and the state bar(s) to which the counsel is admitted. Any Class Member who files and serves a written objection, as described in this section, has the option to appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, to the award of attorneys' fees and costs, or to the enhancement awards for Named Plaintiff. However, Class Members or their attorneys intending to make an appearance at the Fairness Hearing must include a statement of intention to appear in the written objection filed with the Court and delivered to Class Counsel, and eBay's Counsel, and only those Class Members who include such a statement may speak at the Fairness Hearing. If a Class Member makes an objection or appears at the Fairness Hearing through an attorney, the Class Member will be responsible for his or her personal attorney's fees and costs.

       **5.4**    **Opt-Out/Exclusion Requests.** Class Members may elect not to be bound by this Settlement Agreement and not to receive the compensation contemplated by this Settlement Agreement.

             **(a)**    **Manner of Making Exclusion Request.** To make an Opt-Out/Exclusion Request, Class Members must send an email, letter, or postcard to the Claims Administrator providing: (a) the title of the Action: "*Luis Rosado v. eBay Inc., Case No. 5:12-CV-04005 EJD*"; (b) the full name, address, telephone number (optional) and email address associated with the eBay account of the person requesting exclusion; (c) a statement that he/she does not wish to participate in the Settlement; and (d) a signature of the Class Member requesting exclusion. No Opt-Out/Exclusion Request will be valid unless all of the information above is included. So-called "mass" or "class" opt-outs purporting to be made on behalf of multiple persons or classes of persons shall not be allowed and shall be deemed invalid. If submitted by mail, the letter, postcard or form on which the request for exclusion is made must be postmarked on or before the date approved by the Court and specified in the notices provided for in Section 3 above, with postage paid by the person requesting exclusion. If submitted

11

electronically or by email, the Opt-Out/Exclusion Request must be submitted by 11:59 p.m. Eastern Standard Time on or before the date approved by the Court and specified in the notices provided for in Section 3, which shall be sixty (60) days from the date the notice is mailed to Class Members by the Claims Administrator. Any Class Member who does not serve a valid and timely written Opt-Out/Exclusion Request shall be bound by all subsequent proceedings, orders and judgments. Only Class Members who serve valid and timely Opt-Out/Exclusion Requests will be deemed to have opted out of the Class, unless the Court orders otherwise.

(b)     **Exclusion List.** On or before ten (10) calendar days after the Objection and Opt-Out deadline, the Claims Administrator shall provide eBay's Counsel and Class Counsel with a list of Class Members who have timely and validly excluded themselves from the Class. The Parties must file with the Court a complete list of all Class Members who have validly and timely excluded themselves from the Class.

(c)     **Termination Clause.** If more than 300 Class Members request exclusion, then eBay may, in its sole discretion, notify Class Counsel in writing that it has elected to terminate this Settlement Agreement. Such notification of intent to terminate the Settlement Agreement must be provided a minimum of seven (7) calendar days before the filing deadline for the motion seeking final approval of the Settlement Agreement and entry of a proposed Final Order and Judgment. If this Settlement Agreement is terminated, it will be deemed null and void. In that event: (i) the Preliminary Approval Order and all of its provisions will be vacated by its own terms; (ii) the Action will revert to the status that existed before the Settlement Agreement's execution date; and (iii) no term or draft of this Settlement Agreement, or any part or aspect of the Parties' settlement discussions, negotiations, or documentation (including any declarations and briefs filed in support of the motion for preliminary or final approval) will have any effect or be admissible into evidence, for any purpose, in this Action or any other proceeding.

     **5.5     Fairness Hearing and Final Order and Judgment.** Before the Fairness Hearing, Plaintiff must move or apply for Court approval of a proposed Final Order and Judgment, the form of which shall be provided to eBay in advance of the Final Approval Hearing for review and approval. The Final Order and Judgment must be consistent with the material terms of this Settlement Agreement, including, but not limited to, the definition of the Class and the scope of the release to be provided by Class Members. Class Counsel must file with the Court a complete list of all Class Members who have validly and timely excluded themselves from the Class. Class Counsel must also draft the application papers and give eBay's Counsel drafts of the motion or application and proposed order to review at least seven (7) calendar days before the application's filing deadline. eBay shall be permitted, but not required, to file its own

12

joint or individual brief or statement of non-opposition in support of the motion or application for Final Order and Judgment.

   **5.6 Action Status If Settlement Not Approved, Final Settlement Date Does Not Occur, or Gross Settlement Fund Not Fully Funded.** This Settlement Agreement is being entered into for settlement purposes only. Except as set forth below, this Settlement Agreement will be deemed null and void if: (a) the Court orders or proposes modifications of, or additions to, the Parties' proposed Preliminary Approval Order, their proposed Final Order and Judgment, the Settlement Agreement, or the proposed notices pursuant to Section 3 that are not acceptable to all Parties; (b) the Court does not preliminarily approve the Settlement or enter the Final Order and Judgment; or (c) the Final Settlement Date does not occur for any reason other than an objection to the amount of attorneys' fees and/or costs to be awarded. In the event the Court orders or proposes modifications as described in Subsection (a), above, the Parties will each have seven (7) business days from the date of the Court's order to determine whether or not they will accept the Court-ordered or Court-proposed modification and to notify the other Party of such acceptance. In determining whether any Court-ordered or Court-proposed modifications of the Parties' proposed Preliminary Approval Order, proposed Final Order and Judgment, the Settlement Agreement, or the proposed notices pursuant to Section 3 are acceptable, the Parties each agree to exercise their judgment in good faith and will not reject additions or modifications that are merely technical or otherwise immaterial to the substance of the Settlement Agreement. If either Party fails to notify the other Party of their concurrence with the Court's ordered or proposed modifications, or in the case of the events described in Subsections (b) or (c), above, then: (i) the Preliminary Approval Order and all of its provisions and/or the Final Order and Judgment and all of its provisions, as applicable, will be vacated by its or their own terms, including, but not limited to, vacating provisional certification of the Class, provisional appointment of Plaintiff as class representative and provisional appointment of Capstone Law APC as Class Counsel, (ii) the Action will revert to the status that existed before this Settlement Agreement's execution date, (iii) no term or draft of this Settlement Agreement, or any part of the Parties' settlement discussions, negotiations or documentation will have any effect or be admissible into evidence for any purpose in the Action or any other proceeding, and (iv) eBay shall retain all its rights to object to the maintenance of the Action as a class action, and nothing in this Settlement Agreement or other papers or proceedings related to the Settlement shall be used as evidence or argument by any Party concerning whether the Action may properly be maintained as a class action.

## 6. DISMISSAL OF ACTION AND RELEASES

   **6.1 Judgment and Enforcement.** The Parties agree that should the Court grant final approval of the proposed Settlement and enter judgment, the Final Order and Judgment must include a provision for the retention of the Court's jurisdiction over the Parties to enforce the terms of this Settlement Agreement.

   **6.2 Class Members' Release.** Upon entry of the Final Order and Judgment, Named Plaintiff and all Class Members who do not validly and timely request to be excluded from the proposed Settlement, and each of their respective successors, assigns, legatees, heirs, and personal representatives release and forever discharge eBay Inc., and each of its respective direct or indirect parents, wholly or majority owned subsidiaries (including but not limited to

13

those owned in whole or in part during some or all of the Class Period), affiliated and related entities, predecessors, successors and assigns, partners, privies, and any of their present and former directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, insurers, and all persons acting by, through, under or in concert with them, or any of them, from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent, which they have or may have arising out of or relating in any way to any of the factual allegations or legal theories that were raised or could have been raised by Plaintiffs in connection with eBay's "Buy It Now" option (the **"Released Claims"**).

With respect to the Released Claims, Named Plaintiff and all Class Members who do not validly and timely request to be excluded from the Settlement, and each of their respective successors, assigns, legatees, heirs, and personal representatives, expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

Plaintiff and all Class Members fully understand that the facts in existence at the time this Settlement Agreement is executed and entry of the Preliminary Approval Order may be different from the facts now believed by Named Plaintiff and Class Members and Class Counsel to be true and expressly accept and assume the risk of this possible difference in facts and agree that this Settlement Agreement remains effective despite any difference in facts. Further, Named Plaintiff and Class Members agree that this waiver is an essential and material term of this release and the Settlement Agreement that underlies it and that without such waiver the Settlement Agreement would not have been accepted or agreed to.

**6.3    Plaintiff's Release.**    Upon entry of the Final Order and Judgment, Plaintiff, and his successors, assigns, legatees, heirs, and personal representatives release and forever discharge defendant eBay Inc., and each of its respective direct or indirect parents, wholly or majority owned subsidiaries (including but not limited to those owned in whole or in part during some or all of the Class Period), affiliated and related entities, predecessors, successors and assigns, partners, privities, and any of their present and former directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, insurers, and all persons acting by, through, under or in concert with them, or any of them, from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent as of the date the Parties execute this Settlement Agreement.

In addition, Plaintiff, and his successors, assigns, legatees, heirs, and personal representatives, expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under

14

federal or state law, which provides:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

Plaintiff fully understands that the facts in existence at the time this Settlement Agreement is executed may be different from the facts now believed by Plaintiff and Class Counsel to be true and expressly accepts and assumes the risk of this possible difference in facts and agrees that this Settlement Agreement remains effective despite any difference in fact. Further, Plaintiff agrees that this waiver is an essential and material term of this release and the Settlement Agreement that underlies it and that without such waiver the Settlement Agreement would not have been accepted or agreed to.

7.   **ADDITIONAL PROVISIONS**

    **7.1**   **eBay's Denial of Wrongdoing.**   This Settlement Agreement reflects the Parties' compromise and Settlement of the disputed claims. Its provisions, and all related drafts, communications and discussions, cannot be construed as or deemed to be evidence of an admission or concession of any point of fact or law by any person or entity and cannot be offered or received into evidence or requested in discovery in this Action or any other action or proceeding as evidence of an admission or concession.

    **7.2**   **Information Provided by eBay.**   eBay represents that it undertook a reasonable investigation and provided truthful, accurate and complete information based on that investigation regarding (1) the estimated amount of Listing Fees paid in connection with the Class Members' Non-Vehicle Listings during the Class Period, (2) the estimated amount of Listing Fees paid in connection with the Class Members' Vehicle Listings during the Class Period, (3) the estimated number of Class Members for Non-Vehicle and Vehicle Listings, and (4) the estimated average damages per Class Member for Non-Vehicle and Vehicle Listings. eBay acknowledges that this information was material to Class Counsel's evaluation of the case and that in order to minimize the expense of more formal and further discovery Class Counsel has reasonably relied on the information provided by eBay. To the extent required, eBay further agrees to provide verifications or declarations in further support of the foregoing information.

    **7.3**   **Change of Time Periods.**   All time periods and dates described in this Settlement Agreement are subject to the Court's approval. These time periods and dates may be changed by the Court or by the Parties' written agreement without notice to the Class.

    **7.4**   **Real Parties in Interest.**   In executing this Settlement Agreement, Plaintiff represents that his claims, and his claims as a proposed representative of the Class, have not been assigned, granted, or transferred in any way to any other person, firm, or entity.

    **7.5**   **Voluntary Agreement.**   The Parties executed this Settlement Agreement voluntarily and without duress or undue influence.

15

**7.6     Binding on Successors.**  This Settlement Agreement binds and benefits the Parties' respective successors, assigns, legatees, heirs, and personal representatives.

**7.7     Parties Represented by Counsel.**  The Parties acknowledge that: (a) they have been represented by independent counsel of their own choosing during the negotiation of this Settlement and the preparation of this Settlement Agreement; (b) they have read this Settlement Agreement and are fully aware of its contents; and (c) their respective counsel fully explained to them the Settlement Agreement and its legal effect.

**7.8     Authorization.**  Each Party warrants and represents that there are no liens or claims of lien or assignments, in law or equity, against any of the claims or causes of action released by this Settlement Agreement and, further, that each Party is fully entitled and duly authorized to give this complete and final release and discharge.

**7.9     Entire Agreement.**  This Settlement Agreement contains the entire agreement between the Parties and constitutes the complete, final, and exclusive embodiment of their agreement with respect to the Action.  This Settlement Agreement is executed without reliance on any promise, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Settlement Agreement.

**7.10     Construction and Interpretation.**  Neither the Parties nor any of the Parties' respective attorneys will be deemed the drafter of this Settlement Agreement for purposes of interpreting any provision in this Settlement Agreement in any judicial or other proceeding that may arise between them.  This Settlement Agreement has been, and must be construed to have been, drafted by all the Parties to it, so that any rule that construes ambiguities against the drafter will have no force or effect.

**7.11     Headings and Formatting of Definitions.**  The various headings used in this Settlement Agreement are solely for the Parties' convenience and may not be used to interpret this Settlement Agreement.  Similarly, bolding and italicizing of definitional words and phrases is solely for the Parties' convenience and may not be used to interpret this Settlement Agreement.  The headings and the formatting of the text in the definitions do not define, limit, extend, or describe the Parties' intent or the scope of this Settlement Agreement.

**7.12     Modifications and Amendments.**  No amendment, change, or modification to this Settlement Agreement will be valid unless in writing signed by the Parties or their counsel.

**7.13     Governing Law.**  This Settlement Agreement is governed by California law and must be interpreted under California law and without regard to conflict of laws principles.

**7.14     Further Assurances.**  The Parties must execute and deliver any additional papers, documents and other assurances, and must do any other acts reasonably necessary to perform their obligations under this Settlement Agreement and to carry out this Settlement Agreement's expressed intent.

16

**7.15    Agreement Constitutes a Complete Defense.**  To the extent permitted by law, this Settlement Agreement may be pled as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceedings that may be instituted, prosecuted or attempted in breach of or contrary to this Settlement Agreement.

**7.16    Execution Date.**  This Settlement Agreement is deemed executed on the date the Settlement Agreement is signed by all of the undersigned.

**7.17    Counterparts.**    This Settlement Agreement may be executed in counterparts, each of which constitutes an original, but all of which together constitutes one and the same instrument.   Several signature pages may be collected and annexed to one or more documents to form a complete counterpart.  Photocopies or PDF copies of executed copies of this Settlement Agreement may be treated as originals.

**7.18    Recitals.**  The Recitals are incorporated by this reference and are part of the Settlement Agreement.

**7.19    Severability.**  If any provision of this Settlement is declared by the Court to be invalid, void, or unenforceable, the remaining provisions of this Settlement will continue in full force and effect, unless the provision declared to be invalid, void, or unenforceable is material, at which point the Parties shall attempt to renegotiate the Settlement or, if that proves unavailing, Named Plaintiff, or eBay can terminate the Settlement Agreement without prejudice to any Party.

**7.20    Inadmissibility.**  This Settlement Agreement (whether approved or not approved, revoked, or made ineffective for any reason) and any proceedings or discussions related to this Settlement Agreement are inadmissible as evidence of any liability or wrongdoing whatsoever (other than for breach of this Settlement Agreement) in any Court or tribunal in any state, territory, or jurisdiction.   Further, neither this Settlement Agreement, the Settlement contemplated by it, nor any proceedings taken under it, will be construed or offered or received into evidence as an admission, concession or presumption that class certification is appropriate, except to the extent necessary to consummate this Settlement Agreement and the binding effect of the Final Order and Judgment.

**The Parties have agreed to the terms of this Settlement Agreement and have signed below.**

Dated:    July 16, 2015                    PLAINTIFF LUIS ROSADO

17

CAPSTONE LAW APC

By:  JORDAN LURIE

Title:  CLASS COUNSEL

Date:  7/22/15

On behalf of Luis Rosado


FELDMAN, FOX, & MORGADO, P.A.

By:  Dale J. Morgado

Title:  Lead Attorney

Date:  July 21, 2015

On behalf of Luis Rosado


Dated:   July ___, 2015


DEFENDANT eBAY INC.

By: _____

Title: _____

On behalf of eBay Inc.


116693173 v7


18

**CAPSTONE LAW APC**                    **FELDMAN, FOX, & MORGADO, P.A.**


By: _____          By: _____

Title: _____         Title: _____

Date: _____          Date: _____

On behalf of Luis Rosado                On behalf of Luis Rosado


Dated:    July 21, 2015                 **DEFENDANT EBAY INC.**

                                        *Marie Oh Huber*

                                        By: *Marie Oh Huber*

                                        Title: *SVP, General Counsel*

                                        On behalf of eBay Inc.


116693173 v7

18

**CAPSTONE LAW APC**

**FELDMAN, FOX, & MORGADO, P.A.**

By: _____

By: _____

Title: _____

Title: _____

Date: _____

Date: _____

On behalf of Luis Rosado

On behalf of Luis Rosado

Dated:   July 21, 2015

**DEFENDANT EBAY INC.**

*Marie Oh Huber*

By: *Marie Oh Huber*

Title: *SVP, General Counsel*

On behalf of eBay Inc.

116693173 v7

18

# Exhibit B

*Luis Rosado v. eBay Inc.,* Case No. 5:12-CV-04005-EJD, U.S. District Court, Northern District of California

**NOTICE OF CLASS ACTION SETTLEMENT**

*You are not being sued.  This notice affects your rights.  Please read it carefully*

To:     All eBay sellers in the United States who paid Listing Fees to place a "Buy It Now" Listing on eBay's websites during the period from July 30, 2008 to [Date of Preliminary Approval], whose item was subsequently delisted when the "Buy It Now" button was selected by a prospective buyer prior to the end of the scheduled listing duration, who were not ultimately paid by the prospective buyer for the listed item, and whose Listing Fees were not refunded by eBay ("Class Members").

On _____, 2015, the Honorable Edward J. Davila of the U.S. District Court, Northern District of California granted preliminary approval of this class action settlement and ordered the litigants to provide this notice about the settlement.  You have received this notice because eBay's records indicate that you may be a Class Member, and may be eligible to receive a payment from the settlement.  **Please visit www.ebaysettlementwebsite.com for more information**.  The Final Approval Hearing on the adequacy, reasonableness, and fairness of the Settlement will be held at 9:00 a.m. on _____, 2015 in Courtroom 4 of the U.S. District Court, Northern District of California located at 280 South 1st Street, San Jose, CA 95113.  You are not required to attend the Final Approval Hearing, but you are welcome to do so.

## Summary of the Litigation

Plaintiff Luis Rosado brought this putative class action against eBay on July 30, 2012.  This case involves certain specific aspects of the "Buy it now" feature, which allows prospective buyers to purchase an item listed for sale on eBay at a fixed price before the end of the designated listing period (e.g., 3, 5, 7, 10, or 30 days).  The "Buy It Now" option can be used with an auction-style listing or on its own.  During the relevant time periods, when a prospective buyer clicked the "Buy It Now" button in a listing to initiate a purchase, eBay automatically delisted the item.  However, the buyer would still need to complete the payment process.  If the buyer failed to do so, eBay did not automatically relist the item for the remaining duration of the listing period.  Plaintiff alleges that in such circumstances, eBay deprived sellers of the full value of their listing and seeks to recover a portion of the fees that sellers paid for the disputed listings.  Based on the foregoing allegations, the Second Amended Complaint asserts six causes of action against eBay:  (i) violation of California's False Advertising Law; (ii) violation of the Consumer Legal Remedies Act; (iii) breach of the covenant of good faith and fair dealing; (iv) violation of the Unfair Competition Law; (v) breach of quasi-contract; and (vi) declaratory judgment.

After an information exchange, the parties conducted a private mediation with the guidance of the Honorable Carl J. West (Ret.) of JAMS, an experienced class action mediator, and were able to negotiate a settlement of Plaintiff's claims.

Counsel for Plaintiff, and the attorneys appointed by the Court to represent the class, Capstone Law APC ("Class Counsel"), have investigated and researched the facts, circumstances, and applicable law related to this case.  While Class Counsel believe that the claims alleged have merit, Class Counsel believe that the risk and expense of continued litigation justify the settlement.  Based on the foregoing, Class Counsel believe the proposed settlement is fair, adequate, reasonable, and in the best interests of the Class Members.

eBay has denied, and continues to deny, the factual and legal allegations in the case and believes that it has valid defenses to Plaintiff's claims.  By agreeing to settle, eBay is not admitting liability on any of the factual allegations or claims in the case or admitting that the case can or should proceed as a class action.  eBay has agreed to settle the case as part of a compromise with Plaintiff and in order to avoid the expense and distraction of continued litigation.  The Court has not ruled on the merits of Plaintiff's claims or eBay's defenses.

## Summary of Settlement Terms

**Settlement Fund**: Under the Settlement, eBay will pay $1.2 million (the "Gross Settlement Fund"), which will be used to fund: (1) class member settlement payments; (2) attorneys' fees not to exceed 25% of the Gross Settlement Fund and reasonable litigation costs and expenses; (3) a $2,500 incentive award to Plaintiff for his services on behalf of the settlement class and for a general release of all claims he may have against eBay; and (4) the settlement administrator's fees and costs.  No portion of the Gross Settlement Fund can be returned to eBay.

Page 1

**Amount of Payments**: Class Members who submit a Claim[1] (see below) for a Non-Vehicle Listing will receive $5, and Class Members who submit a Claim for a Vehicle Listing will receive $10. Each Class Member can submit only one claim for a Non-Vehicle Listing and one Claim for a Vehicle Listing. The maximum payment to any single class member will generally be $15. If, however, the aggregate payment to Class Members is less than 25% of the Net Settlement Fund (the "Minimum Payout Fund"), then participating class members will receive checks for a pro-rata share of the Minimum Payout Fund.[2]

**Method of Payment**: The payments above for Class members who submit Claims will be made by check. Any funds remaining in the Net Settlement Fund (including funds from uncashed checks that revert to the Net Settlement Fund) will be redistributed as follows:

- First, all Class Members who have an Active eBay Account at the time of distribution will receive an equal pro-rata share of the unclaimed amount, capped at $50 per class member, to be distributed by eBay in the form of a Credit.

- Second, if additional funds remain after this further disbursement of Credits, the remaining funds will be distributed in the form of additional Credits, on a pro-rata basis, to all members of the Notice Group (including class members and non-class members) who have an Active eBay Account at the time of the final disbursement. These Credits, if any, will be aggregated as to each recipient and issued in a single disbursement.

### Your Options Under the Settlement

**Option 1 –** *Submit a Claim Form to Be Eligible for a Cash Payment*

If you want to receive a cash payment from the settlement, you must submit a Claim Form. You need to complete the Claim Form no later than _____, 2015. Visit www.ebaysettlementwebsite.com/Claim Form to fill out your Claim Form.

**Option 2 –** *Opt Out of the Settlement*

If you do not wish to participate in the settlement, you may exclude yourself from the settlement class. By opting out of the settlement class, you will not receive anything from the Settlement and will not be bound by the Settlement. Any Class Member who does not submit a valid and timely written Opt-Out/Exclusion Request shall be bound by all subsequent proceedings, orders and judgments.

To make an Opt-Out/Exclusion Request, Class Members must send an email, letter, or postcard to the Claims Administrator providing: (a) the title of the Action: "*Luis Rosado v. eBay Inc.*, Case No. 5:12-CV-04005 EJD"; (b) the full name, address, telephone number (optional) and email address associated with the eBay account of the person requesting exclusion; (c) a statement that he/she does not wish to participate in the Settlement; and (d) a signature of the Class Member requesting exclusion. No Opt-Out/Exclusion Request will be valid unless all of the information above is included. If submitted by mail, the request for exclusion must be postmarked on or before [Date], with postage paid by the person requesting exclusion. Only Class Members who serve valid and timely Opt-Out/Exclusion Requests will be deemed to have opted out of the Class, unless the Court orders otherwise.

---

[1] Capitalized terms have the meanings set forth in the Settlement Agreement available at [link]

[2] If the number of Claims timely received would cause the total amount of awards, as calculated above, to exceed the anticipated Net Settlement Fund, the amount awarded per Claim shall be adjusted on a pro-rata basis such that the total awards made in connection with all Claims is equal to the amount of the anticipated Net Settlement Fund. This calculation will be made as follows: (1) For purposes of the calculation, a Claim involving a Vehicle Listing will be deemed two "claim units" and a Claim involving a Non-Vehicle listing will be deemed one "claim unit," (2) the anticipated Net Settlement Fund will be divided by the total number of "claim units" to determine the amount per claim unit, (3) the amount as determined in (2) will be awarded for each Claim involving a Non-Vehicle listing, and (4) the amount as determined in (2), multiplied by two, will be awarded for each Claim involving a Vehicle listing.

**Questions?  Contact the Settlement Claims Administrator toll free at 1-***-***-****

Page 2

**Option 3 – *File an Objection with the Court***

You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

You may object to the proposed settlement in writing. All written objections and supporting papers must (a) clearly identify the case name and number (*Luis Rosado v. eBay Inc.*, Case No. 5:12-CV-04005 EJD), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California at [address], or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before [deadline].

By filing an objection, you are not excluding yourself from the settlement. To exclude yourself from the settlement, you must follow the directions described above. Please note that you cannot both object to the settlement and exclude yourself. You must choose one option only.

You may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. The Final Approval Hearing is currently set for [date and time] in the U.S. District Court, Northern District of California at [add address]. The Final Approval Hearing may be adjourned or continued without further notice to Class Members.

### Claims Released by All Class Members Who Do Not Opt Out of the Settlement

All Class Members who do not opt out of the settlement by following the instructions above will release the Released Claims, which are defined as all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent, which they have or may have arising out of or relating in any way to any of the factual allegations or legal theories that were raised or could have been raised by Plaintiffs in connection with eBay's "Buy It Now" option. With respect to the Released Claims, Named Plaintiff and all Class Members who do not validly and timely request to be excluded from the settlement, and each of their respective successors, assigns, legatees, heirs, and personal representatives, expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

### Additional Information

This Notice of Class Action Settlement is only a summary of the cases and the settlement. For a more detailed statement of the matters involved in the case and the settlement, you may refer to the pleadings, the Settlement Agreements, and other papers filed in the case. All inquiries by Class Members regarding this Class Notice and/or the settlement should be directed to the Claims Administrator. PLEASE DO NOT CONTACT THE CLERK OF THE COURT OR THE JUDGE WITH INQUIRIES.

**Questions?  Contact the Settlement Claims Administrator toll free at 1-***-***-****

# Exhibit C

**EMAIL NOTICE**

To:        Class member
From:    Settlement Claims Administrator
Subject:  Notice of Class Action Settlement – Rosado v. eBay Inc., Case No. 5:12-CV-04005-EJD

THIS NOTICE HAS BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA.  PLEASE READ THIS NOTICE CAREFULLY BECAUSE IT AFFECTS YOUR LEGAL RIGHTS.

Dear _____,

You have received this email because eBay's records indicate you paid listing fees for a "Buy It Now" ("BIN") listing in the past seven years and may be eligible for a payment from a class action settlement. This email provides a short summary of the terms of this settlement and how you may claim your payment. For more information about the settlement and how to submit a claim for payment, visit www.ebaysettlementwebsite.com.

**Brief Summary of the Litigation & Settlement**:  This case involves certain aspects of eBay's "BIN" option.  At certain times, BIN listings were delisted when a prospective buyer clicked the "BIN" button  on a listing,  and remained delisted even if the buyer did not complete payment and there was time remaining in the listing period when the item was delisted.  In such cases, Plaintiff alleges that eBay deprived class members of the full value of the listing.   This settlement resolves the claims in this case and applies to a class of eBay sellers, as further defined in the settlement agreement [URL for link to class definition].

The proposed settlement will create a $1.2 million fund, which will be used to pay class members (as discussed below); attorneys' fees and costs (subject to further Court approval), Plaintiff's incentive award (subject to further Court approval), and settlement administration costs.

You will have the option to submit claims for $5 to $15 in cash, depending on whether the items you listed were vehicles ($10), non-vehicles ($5), or both ($15). After payments are made to claimants, any remaining balance of the settlement fund will be distributed to class members or other eBay sellers in the form of eBay credits. If you want to be eligible for a cash payment from the settlement, you **must** submit a Claim Form.  Visit www.ebaysettlementwebsite.com/Claim Form to fill out your Claim Form.  The deadline to submit Claim Forms is [Date].  If you want to object to the settlement, or to exclude yourself from the settlement so you are not bound by its terms, you also have to take affirmative steps, as explained on www.ebaysettlementwebsite.com.

This email provides only a brief summary of the litigation and settlement.  For a more detailed statement of the matters involved in the case and the settlement, and your options under the settlement, please visit www.ebaysettlementwebsite.com.

DISCLAIMER: eBay has denied, and continues to deny the factual and legal allegations in the case and believes that it has valid defenses to Plaintiff's claims. By agreeing to settle, eBay is not admitting liability on any of the factual allegations or claims in the case or admitting that the case can or should proceed as a class action. eBay has agreed to settle the case as part of a compromise with Plaintiff and in order to avoid the expense and distraction of continued litigation.  The Court has not ruled on the merits of Plaintiff's claims or eBay's defenses.

# Exhibit D

# <u>CLAIM FORM</u>
## <u>Return This Form To Be Eligible for a Cash Payment</u>

**You may be eligible to receive a cash payment if you submit this Claim Form.  If you move, please inform the Claims Administrator of your new address.  It is your responsibility to keep a current address on file with the Claims Administrator.**

Class Members[1] who submit a claim for a Non-Vehicle Listing will receive $5, and Class Members who submit a claim for a Vehicle Listing will receive $10.  Each class member will be allowed to submit up to one claim for a Non-Vehicle Listing and one claim for a Vehicle Listing.  The maximum payment to any single class member will be $15.  If, however, the aggregate payment to class members is less than 25% of the Net Settlement Fund ("Minimum Payout Fund"), then participating class members will receive checks for a pro-rata share of the Minimum Payout Fund.[2]

Class members will receive checks for their shares of the Net Settlement Fund.  Any funds still remaining in the Net Settlement Fund (including funds from uncashed checks that have reverted to the Net Settlement Fund) will be redistributed as follows:  First, all class members who have an Active eBay Account at the time of distribution will receive an equal pro-rata share of the unclaimed amount, capped at $50 per class member, to be distributed by eBay in the form of a Credit.  Second, if additional funds remain after this further disbursement of Credits, the remaining funds will be distributed in the form of additional Credits, on a pro-rata basis, to all members of the Notice Group (including class members and non-class members) who have an Active Account at the time of the final disbursement.  These Credits, if any, will be aggregated as to each recipient and issued in a single disbursement.

Please check the boxes that apply to you (i.e., you may check both boxes, one box, or neither box):

☐ **I paid for at least one "Buy It Now" Vehicle Listing**:  During the period from July 30, 2008 to [Date of Preliminary Approval], I paid listing fees[3] for at least one "Buy It Now" vehicle listing, another eBay user clicked to buy the listed vehicle, the prospective buyer failed to make a payment, and eBay did not provide a refund of the listing fees charged in connection with the listing.

☐ **I paid for at least one "Buy It Now" Non-Vehicle Listing**:  During the period from July 30, 2008 to [Date of Preliminary Approval], I paid listing fees for at least one "Buy It Now" non-vehicle listing, another eBay user clicked to buy the listed item, the prospective buyer failed to make a payment, and eBay did not provide a refund of the listing fees charged in connection with the listing.

I certify under oath that my response(s) above is/are truthful and accurate to the best of my knowledge and recollection.

_____     _____
Print Name                                                           eBay User ID

_____     _____
Address                                                              Phone Number

---

[1] Class Members and all other capitalized terms used herein have the same meaning as those defined by the Settlement Agreement and Release.

[2] If the number of Claims timely received would cause the total amount of awards, as calculated above, to exceed the anticipated Net Settlement Fund, the amount awarded per Claim shall be adjusted on a pro-rata basis such that the total awards made in connection with all Claims is equal to the amount of the anticipated Net Settlement Fund.  This calculation will be made as follows: (1) For purposes of the calculation, a Claim involving a Vehicle Listing will be deemed two "claim units" and a Claim involving a Non-Vehicle listing will be deemed one "claim unit," (2) the anticipated Net Settlement Fund will be divided by the total number of "claim units" to determine the amount per claim unit, (3) the amount as determined in (2) will be awarded for each Claim involving a Non-Vehicle listing, and (4) the amount as determined in (2), multiplied by two, will be awarded for each Claim involving a Vehicle listing.

[3] The term "listing fees" means Insertion Fees and Optional Feature Fees charged in connection with an eBay listing. Listing Fees exclude Final Value Fees, which are the fees that a seller is charged after a successful sale.

# Exhibit E

**Capstone**
LAW APC

**FIRM PROFILE**

Capstone Law APC is one of California's largest plaintiff-only labor and consumer law firms.  With twenty-five seasoned attorneys, many formerly with prominent class action or defense firms, Capstone has the experience, resources, and expertise to successfully prosecute complex employment and consumer actions.

Since its founding in 2012, Capstone has emerged as a major force in aggregate litigation, making law on cutting-edge issues and obtaining tens of millions of dollars in recovery for employees and consumers.  The firm's accomplishments include:

- In February, 2015, three Capstone attorneys, Glenn A. Danas, Raul Perez, and Ryan H. Wu, were honored with the prestigious California Lawyer of the Year (CLAY) award in labor and employment for their work in the landmark case *Iskanian v. CLS Transportation Los Angeles*, 59 Cal. 4th 348 (2014), which preserved the right of California workers to bring representative actions under the Labor Code Private Attorneys General Act ("PAGA") notwithstanding a representative action waiver in an arbitration agreement.  The hard-fought *Iskanian* victory is a rare bright spot for plaintiffs in the challenging area of arbitration law.

- Recognized as a leading firm in the prosecution of PAGA enforcement actions, Capstone is responsible for several precedential decisions in this area.  For instance, in *Baumann v. Chase Inv. Servs. Corp*, 747 F.3d 1117 (9th Cir. 2014), a case of first impression, Capstone attorneys successfully argued that PAGA actions are state enforcement actions not covered by the Class Action Fairness Act.  Law360, a leading legal news service, identified *Baumann* as one of the five most significant employment law decisions in California for the first half of 2014.

- In 2014, Capstone, along with co-counsel, certified one of the largest wage and hour classes in California, numbering over 120,000 non-exempt employees, in *Lopes v. Kohl's Department Stores, Inc.*, Case No. RG08380189 (Alameda Super. Ct.).  This is one of *nine* certified class actions that Capstone is actively prosecuting following contested class certification motions.

- Capstone serves as class counsel in a number of significant wage and hour settlements, including $12 million on behalf of a nationwide class of nonexempt tellers and personal bankers in *Hightower v. JPMorgan Chase Bank*, Case No. 11-01802 (C.D. Cal.) (preliminary approval granted; pending final approval), over $10 million on behalf of non-exempt hourly workers in *Zamora v. Balboa Life & Casualty LLC*, Case No. BC360026 (L.A. Super. Ct.); $10 million on behalf of non-exempt hourly workers in *Moore v. PetSmart, Inc.*, Case No. 12-03577 (N.D. Cal.); and $6 million on behalf of non-exempt hourly workers in *Sheldon v. AHMC Monterey Park Hospital LP*, Case No. BC440282 (L.A. Super. Ct.).

- Capstone is class counsel in a number of significant consumer settlements, including *Aarons v. BMW of North America*, Case No. 11-7667 (C.D. Cal.), *Asghari v. Volkswagen Group of America*, No. 13-02529 (C.D. Cal.) (preliminary approval granted; pending final approval) and *Klee v. Nissan North America*, Case No. 12-08238 (C.D. Cal.) (same),that have conferred benefits to class members valued in the tens of millions.  These benefits include complementary repairs, cash reimbursement, parts replacement and extended warranties for automobiles with design or manufacturing defects.

1

Capstone
LAW APC

**SUMMARY OF SIGNIFICANT SETTLEMENTS**

In the past three years, Capstone has settled over 40 high-stakes class actions totaling over $75 million dollars. Capstone's settlements have directly compensated hundreds of thousands of California workers and consumers.  Capstone's actions have also forced employers to modify their policies for the benefit of employees, including changing the compensation structure for commissioned employees and changing practices to ensure that workers will be able to take timely rest and meal breaks.  A leader in prosecuting PAGA enforcement actions, Capstone has secured hundreds of thousands in civil penalties for the State of California, including obtaining one of the largest civil penalties for PAGA on record.

The following is a representative sample of Capstone's settlements:

- *Perrin v. Nabors Well Services Co.*, Case No. 56-2007-00288718 (Ventura Super. Ct.): gross settlement of over $6.5 million on behalf of oil rig workers for sleep time and other wage violations;
- *York v. Starbucks Corp.,* Case No. 08-07919 (C.D. Cal.): gross settlement of nearly $5 million on behalf of over 100,000 non-exempt workers for meal break and wage statement claims;
- *Forever 21 Wage and Hour Cases*, Case No. JCCP4745 (S.D. Super. Ct.): $3.75 million settlement to resolve wage and hour claims, including the failure to pay meal and rest period premiums;
- *Monjazeb v. Neiman Marcus*, Case No. CGC-10-502877 (S.F. Super. Ct.): $3.5 million settlement on behalf of over 6,000 non-exempt Neiman Marcus employees;
- *Hicks v. Toys 'R' Us-Delaware, Inc.*, Case No. 13-01302 (C.D. Cal): $4 million wage and hour settlement on behalf of over 39,000 class members and secured policy changes for employees;
- *Thompson v. Smart & Final*, Case No. BC497198 (L.A. Super. Ct.): settlement over $3 million on behalf of over 16,000 non-exempt Smart & Final employees;
- *Felix v. Auto Club of Southern Calif.,* Case No. 07CC01421 (Orange Cty. Super. Ct.): $3.5 million settlement fund on behalf of over 2,000 insurance sales persons for wage and hour claims after taking this certified class action to trial;
- *Bernal v. DaVita Inc.*, Case No. 12-03255-PSG (N.D. Cal.): $3 million settlement of wage and hour claims, including the failure to pay meal and rest period premiums;
- *Harmon v. Gap, Inc.*, Case No. RIC1206120 (Riverside Super. Ct.): $2.5 million settlement on behalf of 16,500 non-exempt employees for wage and hour claims;
- *Morasco vs Interact PMTI Inc.*, Case No. 56-2013-00439020-CU-OE-VTA (Ventura Super. Ct.): a settlement on behalf of approximately 50 non-exempt off-shore oil workers that secured an average payment of $11,500 per class member;
- *Williams v. Veolia Transp. Svcs.*, Case No. 08-02582 (C.D. Cal.): $230,000 in PAGA civil penalties for rest break violations, a result that a former district court judge, serving as an arbitrator, recognized as being one of largest payments of PAGA civil penalties on record.

2

Capstone
LAW APC

**PROFESSIONAL BIOGRAPHIES**

### Partners

**Rebecca Labat.**  Rebecca Labat is the managing partner of Capstone Law APC.  She supervises the pre-litigation phase for all of the firm's cases, including investigation, analysis, and client consultation.  She also manages the firm's co-counsel relationships and assists the firm's other partners and senior counsel with case management and litigation strategy.  Under Ms. Labat's leadership, Capstone has successfully settled over 35 cases, delivering tens millions of dollars to California employees and consumers while earning statewide recognition for its cutting-edge work in developing new law.

Ms. Labat's career accomplishments representing consumers and employees in class actions include the certification of a class of approximately 3,200 current and former automobile technicians and shop employees for the miscalculation of the regular rate for purposes of paying premiums for missed meal and rest breaks.

Before her work representing plaintiffs in class and representative actions, Ms. Labat was an attorney with Wilson Elser and represented life, health, and disability insurers in litigation throughout California in both state and federal courts.  She graduated from the University of California, Hastings College of the Law in 2002, where she was a member of the Hastings Civil Justice Clinic, served as a mediator in Small Claims Court for the City and County of San Francisco, and received the CALI Award for Excellence in Alternative Dispute Resolution.  She received her undergraduate degree from the University of California, Los Angeles. Ms. Labat is a member of the National Employment Lawyers Association (NELA), the Consumer Attorneys Association of Los Angeles (CAALA), and the Beverly Hills Bar Association.

**Raul Perez.**  A partner at Capstone, Raul Perez has focused exclusively on wage and hour and consumer class litigation since 2011.  Mr. Perez is the lead negotiator on numerous large settlements that have resulted in tens of millions to low-wage workers across California, including many of the most valuable settlements reached by Capstone.

During his career, Mr. Perez has successfully certified by way of contested motion and/or been appointed Lead Counsel or Interim Lead Counsel in several cases, including:  *Lopes v. Kohl's Department Stores, Inc.*, Case No. RG08380189 (Alameda Cty. Super. Ct.); *Hightower v. JPMorgan Chase Bank*, Case No. 11-01802 (C.D. Cal.); *Tameifuna v. Sunrise Senior Living Managements, Inc.*, Case No. 13-02171 (C.D. Cal.) (certified class of over 10,000 hourly-paid employees); and *Berry v. Urban Outfitters Wholesale, Inc.*, Case No. 13-02628 (N.D. Cal.) (appointed lead counsel in a class action involving over 10,000 non-exempt employees).  As the lead trial attorney in *Iskanian v. CLS Transportation Los Angeles,* 59 Cal. 4th 348 (2014), Mr. Perez, along with Mr. Danas and Mr. Wu, received the 2015 CLAY Award in labor and employment.

Mr. Perez received both his undergraduate degree and his law degree from Harvard University and was admitted to the California Bar in December 1994.  Earlier in his career, Mr. Perez handled a variety of complex litigation matters, including wrongful termination and other employment related actions, for corporate clients while employed by some of the more established law firms in the State of California, including Morgan, Lewis & Bockius; Manatt Phelps & Phillips; and Akin Gump Strauss Hauer & Feld.  Before Capstone, Mr. Perez was a partner at another large plaintiff's firm, helping to deliver millions of dollars in relief to California workers.

**Matthew Theriault.**  Mr. Theriault is a partner at Capstone.  An expert in wage-and-hour law and litigation strategy, Mr. Theriault currently manages and assists Capstone's class action certification efforts and trials.

3

Capstone
LAW APC

Recently, Mr. Theriault was lead trial counsel in a rarely-seen class action trial, representing a certified class of insurance salespersons alleging unpaid wages and break premiums in *Felix v. Auto Club of Southern Calif.,* Case No. 07CC01421 (Orange Cty. Super. Ct.). The parties ultimately reached a multi-million dollar settlement in the middle of trial.

Over the course of his career, he has successfully certified numerous employee classes for claims involving misclassification, meal and rest breaks, and off-the-clock work, ultimately resulting in multi-million dollar settlements. Cases where Mr. Theriault was certified as class counsel include *Zamora v. Balboa Life & Casualty LLC,* Case No. BC360026 (Los Angeles Cty. Super. Ct.), *York v. Starbucks Corp.,* Case No. 08-07919 (C.D. Cal.), *In re: Taco Bell Wage And Hour,* 2013 U.S. Dist. LEXIS 380 (N.D. Cal.), *In Re: Autozone, Inc., Wage and Hour Employment Practices Litigation,* Case No.: 3:10-md-02159-CRB (E.D. Cal.), *Mansfield v. Brackenhoff Mgmt. Group, Inc.,* No. BC356188 (Los Angeles Cty. Super. Ct.), and *Blair v. Jo-Ann Stores, Inc.,* Case No. BC394795 (Los Angeles Cty. Super. Ct.).

Mr. Theriault graduated from the Western New England School of Law in Springfield, Massachusetts, and received his undergraduate degree with honors from the University of Connecticut. After graduation, Mr. Theriault practiced law in Connecticut starting in 2001. He litigated primarily consumer actions involving allegations of auto dealership fraud, loan financing, and unlawful debt collection practices. After moving to California, Mr. Theriault joined a large plaintiffs firm, where he litigated wage and hour class actions and was eventually made partner.

**Glenn A. Danas.**   A partner at Capstone, Glenn A. Danas heads the complex motion and appeals practice group. A leading authority on arbitration law and PAGA actions, Mr. Danas was recently honored with the CLAY award for his work as lead counsel in *Iskanian v. CLS Transportation Los Angeles,* 59 Cal. 4th 348 (2014). Mr. Danas briefed and argued this closely-watched case before the California Supreme Court, which resulted in a landmark decision that preserved employees' right to pursue PAGA actions notwithstanding a waiver in an arbitration agreement. Mr. Danas was also recognized by The Daily Journal as one of California's Top 20 Lawyers Under 40 for 2013.

Mr. Danas has argued over twenty appeals in the California Court of Appeal, the California Supreme Court, and the Ninth Circuit Court of Appeals, and has served as lead appellate counsel in many more. While at Capstone, Mr. Danas argued before the Ninth Circuit as lead counsel in *Baumann v. Chase Inv. Servs. Corp.,* 747 F.3d 1117 (9th Cir. 2014), and *Chavarria v. Ralphs Grocery Co.,* 733 F.3d 916 (2013), which held that arbitration agreements may not be enforced if found unconscionable under general state contract law. Prior to joining Capstone, Mr. Danas successfully briefed and argued the precedent-setting appeal in *Brown v. Ralph's Grocery Co.,* 197 Cal. App. 4th 489 (2011), regarding the unenforceability of PAGA waivers. Mr. Danas also successfully defeated an appeal of a motion to remand under the CAFA "local controversy exception" in *Coleman v. Estes Express Lines, Inc.,* 631 F.3d 1010 (9th Cir. 2011), establishing a new standard on when the circuit court may grant review in a discretionary appeal under CAFA.

Mr. Danas graduated from Emory University School of Law in 2001 with honors and authored *The Interstate Class Action Jurisdiction Act of 1999: Another Congressional Attempt to Federalize State Law,* 49 EMORY L.J. 1305 (2000), which was selected by the ABA as one of the top three student-written law journal articles in its annual nationwide competition. He received his undergraduate degree in Industrial and Labor Relations from Cornell University. After law school, he clerked for the Honorable U.W. Clemon, Chief U.S. District Judge for the Northern District of Alabama and began his career at an international law firm in New York City, where he primarily focused on antitrust and securities litigation.

4

# Capstone
## LAW APC

### Of Counsel

**Jordan Lurie.**  A renowned class action litigator, Jordan Lurie heads the consumer litigation practice group at Capstone, prosecuting cases involving violations of state and federal consumer protection laws, the Fair Credit Reporting Act, federal and state privacy laws, and federal securities law.  Mr. Lurie is currently counsel in a consolidated class action against Sony Corporation for the massive data breach in 2014 as well as numerous automobile defect cases.

Over his distinguished career, Mr. Lurie has obtained settlements in excess of $100 million in actions where he was lead or co-lead counsel.  Notable cases where Jordan served as lead counsel include: *In re: Apria Healthcare Group Secs. Litig.*, where Jordan settled on behalf of investors for $42 million in a securities fraud class action; *Morganstein v. Aura Systems*, where he settled claims for $18 million in a securities fraud class action; *In re Quintus Secs. Litig.*, a securities fraud class action which settled for $10.1 million; and *In re Southern Pacific Funding Corp., Sec. Litig.*, Case No. Civ. 98-1239-MA, (D. Or.), where he settled a class action for $19.5 million.  Mr. Lurie has been selected as one of Southern California's "Super Lawyers" every year from 2012 through 2015.

Prior to joining Capstone, Mr. Lurie spent most his career at a national plaintiffs' law firm specializing in corporate securities and consumer class actions, where he was the managing partner of the firm's Los Angeles office.  Mr. Lurie graduated from the University of Southern California Gould School of Law in 1987, where he was Notes Editor of the University of Southern California Law Review.  He received his undergraduate degree with honors from Yale University.  When not litigating, Mr. Lurie is an active educator and community leader.  Jordan participated in the first Wexner Heritage Foundation leadership program in Los Angeles and holds leadership and executive positions in various organizations in the Los Angeles community.  He has also been the featured speaker at California MCLE seminars regarding securities fraud and class actions, and has authored several publications for the California Continuing Education of the Bar.

### Senior Counsel

**Liana Carter.**  Liana Carter is a senior counsel with Capstone Law APC, specializing in complex motions, writs, and appeals.  Her work on recent appeals has included successfully defeating a challenge to overturn the denial of a motion to compel arbitration in *Jacoby v. Islands Rests., L.P.*, 2014 Cal. App. Unpub. LEXIS 4366 (2014) and reversal of a dismissal of class claims in *Rivers v. Cedars-Sinai Med. Care Found.*, 2015 Cal. App. Unpub. LEXIS 287 (Jan. 13, 2015). Along with Mr. Danas, Ms. Carter was responsible for drafting the successful petition for review in *McGill v. Citibank N.A.*, Case No. S224086, granted by the California Supreme Court on April 1, 2015.  *McGill* will decide whether consumers may continue to pursue public injunctions under state consumer laws in court notwithstanding an arbitration agreement that effectively forecloses the pursuit of this remedy.  Ms. Carter also has extensive prior experience in overseeing settlement negotiations and obtaining court approval of class action settlements.

Ms. Carter was admitted to the California bar in 1999 after graduating from the University of Southern California Gould School of Law, where she was an Articles Editor on the board of the *Southern California Law Review*.  She received her undergraduate degree with honors from the University of California, Irvine.

**Robert Drexler.**  Robert Drexler is a senior counsel with Capstone Law where he leads one of the firm's litigation teams prosecuting wage-and-hour class actions.  He has more than 25 years of experience representing clients in wage-and-hour and consumer rights class actions and other complex litigation in state

5

## Capstone LAW APC

and federal courts. Over the course of his career, Mr. Drexler has successfully certified dozens of employee classes for claims such as misclassification, meal and rest breaks, and off-the-clock work, ultimately resulting in multi-million dollar settlements. He has also arbitrated and tried wage-and-hour and complex insurance cases.  Mr. Drexler has been selected as one of Southern California's "Super Lawyers" every year from 2009 through 2015.

Before joining Capstone, Mr. Drexler was head of the Class Action Work Group at Khorrami Boucher, LLP and led the class action team at The Quisenberry Law Firm.  Mr. Drexler graduated from Case Western Reserve University School of Law, where he served as Managing Editor of the Case Western Reserve Law Review and authored Defective Prosthetic Devices: Strict Tort Liability for the Hospital? 32 CASE W. RES. L. REV. 929 (1982). He received his undergraduate degree in Finance at Ohio State University where he graduated *cum laude*.  Mr. Drexler is a member of Consumer Attorneys of California (CAOC) and Consumer Attorneys of Los Angeles (CAALA).  He has been a featured speaker at class action and employment litigation seminars, and has published articles in CAOC's Forum Magazine and The Daily Journal.

**Robert Friedl.**  Robert Friedl is a senior counsel at Capstone, where he devotes most of his time to the briefing and litigation strategy of consumer protection cases.  Mr. Friedl has over 20 years of experience representing plaintiffs and defendants in consumer class actions, insurance coverage and defense, employment law, and personal injury.  His lengthy service as an appellate attorney has yielded several published cases, including successful outcomes in *Goldstein v. Ralphs*, 122 Cal. App. 4th 229 (2004), *Morgan v. AT&T*, 177 Cal. App. 4th 1235 (2009), and *Hecimovich v. Encinal School Parent Teacher Organization*, 203 Cal. App. 4th 450 (2012).  At Capstone, Mr. Friedl was responsible for the appellate win in *Grant v. Unifund CCR, LLC*, 577 Fed. Appx. 693 (9th Cir. 2014).

Prior to joining Capstone, Mr. Friedl was a partner at civil litigation boutique, where he handled the firm's most complex briefing.  He is a graduate of the University of Connecticut, and received his law degree from Southwestern School of Law, where he earned an American Jurisprudence Book Award.

**Stephen Gamber.**  A senior counsel with Capstone, Stephen Gamber handles the pre-litigation phase for prospective cases including investigation, claim identification and analysis and client consultation.  He has an extensive background in wage-and-hour matters, having worked in this area of the law for more than a decade, and focusing on class actions for the past six years. Mr. Gamber's expertise includes claims for meal and rest violations, overtime wages, off-the-clock work, misclassification, and other employment and consumer claims.

Prior to joining Capstone, Mr. Gamber represented plaintiffs primarily in wage-and-hour class actions.  Before attending Loyola Law School, where he graduated in 1994, Stephen worked as a controller and financial reporting accountant for several large corporations.  He received his undergraduate degree with honors from the University of California, Santa Barbara and also earned an MBA from San Diego State University. Mr. Gamber is a member of LEFTJAW, a Southern California association of plaintiffs' employment lawyers.

**Melissa Grant.**  Melissa Grant is senior counsel at Capstone.  Ms. Grant is responsible for litigating many of the firm's most contentious and high-stakes class actions. The author of numerous successful motions for class certification, Ms. Grant is the lead or co-lead attorney on four certified class actions currently on track for trial, representing over 140,000 California employees in pursuing their wage and hour claims.  She is also at the forefront in developing the law on PAGA, including administrative exhaustion, the scope of discovery,

6

and PAGA trials.  Recently, in *Williams v. Veolia Transp. Svcs.*, Case No. 08-02582 (C.D. Cal.), Ms. Grant's tenacious prosecution led to a settlement with civil penalty payment of $230,000, one of the largest on record for a PAGA enforcement action.

Prior to joining Capstone, Ms. Grant worked at the Securities and Exchange Commission as a staff attorney in the Enforcement Division, investigating ongoing violations of federal securities regulations and statutes and for Quinn Emanuel Urquhart & Sullivan, LLP, where she was an associate on the trial team that prosecuted the *Mattel v. Bratz* case.  Ms. Grant began her legal career as a law clerk to the Honorable Harry Pregerson, Justice of the Ninth Circuit Court of Appeals before joining Sidley & Austin as an associate.  She graduated from Southwestern Law School in 1999, where she served as editor-in-chief of the Law Review, and graduated *summa cum laude* and first in her class.  Ms. Grant earned her undergraduate degree from Cornell University, where she received the JFK Public Service Award and the Outstanding Senior Award. Her published articles include: *Battling for ERISA Benefits in the Ninth Circuit: Overcoming Abuse of Discretion Review*, 28 Sw. U. L. Rev. 93 (1998), and CLE Class Actions Conference (SF) CAFA: *Early Decisions on Commencement and Removal of Actions* (2006).

**Stan Karas.**  Stan Karas is a senior counsel at Capstone Law, where he focuses on many of the firm's most complex and high profile matters.  He works on every stage of these cases from pleading challenges to class certification proceedings to trial and appeal.  Mr. Karas is currently prosecuting four certified class actions. Mr. Karas started his legal career at Paul Hastings Janofsky and Walker, where he handled complex commercial and real estate litigation.  Subsequently, he joined Quinn Emanuel Urquhart & Sullivan, where he specialized in class action and intellectual property litigation.  Among other successes, Mr. Karas obtained a $3 million jury verdict for a client, along with a finding that the defendant was liable for punitive damages.  In another trial, the court granted non-suit in favor of his client after he delivered the opening argument.  Mr. Karas has also obtained multi-million dollar settlements for his clients, including settlements that fully compensated his client for all claimed losses.

Mr. Karas is a graduate of Stanford University, where he received a degree in History and Literature and was elected to Phi Beta Kappa.  He graduated from Boalt Hall School of Law at UC Berkeley.  In law school, Mr. Karas served as Articles Editor of the California Law Review and Notes and Comments Editor of the Berkeley Technology Law Journal.  Mr. Karas has published on class action and privacy law issues including Privacy, Identity, Databases, 52 Am. U. L. Rev. 393 (2002) and The Role of Fluid Recovery in Consumer Protection Litigation, 90 Cal. L. Rev. 959 (2002).  He is a member of the California Employment Lawyers Association (CELA), the Consumer Attorneys Association of Los Angeles (CAALA) and the National Employment Lawyers Association (NELA).

**Katherine Kehr.**  A senior counsel at Capstone, Katherine Kehr prosecutes aggregate actions on behalf of California workers, handling all aspects of wage and hour litigation.  While at Capstone, Ms. Kehr developed expertise on issues relating to arbitration and PAGA issues.  At Capstone, Ms. Kehr was the primary attorney on *Brown v. Super. Ct.* (*Morgan Tire*), 216 Cal. App. 4th 1302 (2013) (superseded by grant of review), as well as the primary drafter of the intermediate court briefing in *Iskanian*.  Recently, Ms. Kehr was one of the primary drafters of a contested motion for class certification, by which Capstone successfully certified a class and was appointed class counsel in *Romo v. GMRI, Inc.,* Case No. 12-cv-00715-JLQ-SP (C.D. Cal.).

Ms. Kehr graduated from the University of Southern California Gould School Of Law in 2002, where she was a member of the Moot Court Honors Program.  After law school, she clerked for the Honorable Richard D. Savell of the Alaska Superior Court and the Honorable Anthony J. Mohr of the Los Angeles Superior

Court.  Ms. Kehr received her undergraduate degree in French literature *cum laude* from Bryn Mawr College. She received her training as an associate at Selman Breitman LLP, where she handled all aspects of pre-trial litigation, in both state and federal court.

**Ryan H. Wu.**  Ryan H. Wu is a senior counsel at Capstone and is primarily responsible for complex motion work and supervising court approval of class action settlements.  Mr. Wu handles many of the most challenging legal issues facing Capstone's clients, including opposing defendants' efforts to decertify or overturn certified class actions, the scope and operation of PAGA, contested attorneys' fees motions, and responding to objectors.  Mr. Wu authored the appellate briefs in *Baumann v. Chase Inv. Servs. Corp*, 747 F.3d 1117 (9th Cir. 2014), where, on an issue of first impression, the Ninth Circuit sided with Plaintiffs in holding that PAGA actions are state enforcement actions not covered by the CAFA.  In February 2015, Mr. Wu, along with Mr. Danas and Mr. Perez, received the prestigious CLAY award for his successful appellate work, including briefing to the California Supreme Court, in *Iskanian*.

Mr. Wu graduated from the University of Michigan Law School in 2001, where he was an associate editor of the *Michigan Journal of Law Reform* and contributor to the law school newspaper.  He received his undergraduate degree in political science with honors from the University of California, Berkeley.  He began his career litigating international commercial disputes and commercial actions governed by the Uniform Commercial Code.  Mr. Wu is co-author of "*Iskanian v. CLS Transportation*: Employees' Perspective" published in the *California Labor & Employment Bar Review*.

### Associates

**Arnab Banerjee.**  Arnab Banerjee is an associate with Capstone, where he litigates employment and consumer class actions.  Mr. Banerjee's practice focuses primarily on wage and hour class action litigation where he has worked on more than 50 class action cases on behalf of employees for the failure to pay overtime and minimum wages, the failure to provide meal and rest breaks, and helping to obtain millions of dollars in recovery for employees.  Admitted to the Bar in 2007, Mr. Banerjee began his career and received his training as an associate at Latham & Watkins LLP, where he handled all aspects of pre-trial litigation, in both state and federal court in a wide variety of business litigation matters ranging from white collar defense to environmental litigation. Mr. Banerjee graduated from the University of Southern California Gould School Of Law, where he was an editor on the Interdisciplinary Law Journal, and received his undergraduate degrees in Political Science and Sociology, with a minor in Humanities and Law from the University of California, Irvine where he graduated *cum laude* and Phi Beta Kappa.

**Jamie Greene.**  Jamie Greene is an associate with Capstone where she evaluates potential new cases, develops new claims, and manages client relations. Well-versed in wage and hour law and federal and state consumer protection statutes, Ms. Greene supervises the pre-litigation phase for all cases, including investigation, analysis, and client consultation.  Ms. Greene began her legal career at Makarem & Associates representing clients in a wide array of cases ranging from wrongful death, insurance bad faith, employment, personal injury, construction defect, consumer protection, and privacy law.  She is a graduate of the University of Southern California Gould School of Law and earned her bachelor's degree from Scripps College in Claremont, California. She is an active member of the Consumer Attorneys Association of Los Angeles (CAALA), and the Beverly Hills, Los Angeles County, and Santa Monica Bar Associations.

**Robin Hall.**  Robin Hall is an associate with Capstone Law, where she heads the firm's research department. Ms. Hall assists in pre-litigation investigation of employment and consumer statutory claims, and handles

8

complex research projects. A founding editor of the Impact Litigation Journal (ILJ), Ms. Hall has authored numerous articles on emerging legal issues published on ILJ. Ms. Hall began her career and received her training as an associate at Baker & Hostetler LLP, where she represented Fortune 500 companies in labor and employment litigation, including class actions. She attended Indiana University's Maurer School of Law, where she graduated *cum laude* in 2007. During law school, Ms. Hall served as Editor-in-Chief of the Indiana Journal of Global Legal Studies and Director of the Inmate Legal Assistance Clinic. She received her undergraduate degree from the University of Missouri and is admitted to practice law in California.

**Jonathan Lee.** An associate with Capstone, Jonathan Lee primarily litigates employment class actions. At Capstone, Mr. Lee has worked on several major successful class certification motions, and his work has contributed to multi-million dollar class settlements against various employers, including restaurant chains, retail stores, airport staffing companies, and hospitals. Prior to joining Capstone, Mr. Lee defended employers and insurance companies in workers' compensation actions throughout California. Mr. Lee graduated in 2009 from Pepperdine University School of Law, where he served as an editor for the Journal of Business, Entrepreneurship and the Law; he received his undergraduate degree from UCLA.

**Cody Padgett.** An associate with Capstone, Cody Padgett's practice focuses on prosecuting automotive defect and other consumer class action cases in state and federal court. He handles consumer cases at all stages of litigation, and has contributed to major settlements of automobile defect actions valued in the tens of millions. Prior to joining Capstone Law, Mr. Padgett was a certified legal intern with the San Diego County Public Defender's Office. During law school, Mr. Padgett served as a judicial extern to the Honorable C. Leroy Hansen, United States District Court for the District of New Mexico. He graduated from California Western School of Law in the top 10% of his class and received his undergraduate degree from the University of Southern California, where he graduated *cum laude*.

**Lucas Rogers.** Lucas Rogers is an associate attorney with Capstone. At Capstone, Mr. Rogers works on automotive class actions, including handling pre-litigation investigation, discovery and legal and factual analysis of consumer claims being pursued by Capstone's clients. Mr. Rogers also handled wage and hour class actions at Capstone. Mr. Rogers was admitted to the New York Bar and the California Bar in 2008 after receiving his J.D. from Benjamin N. Cardozo School of Law and his B.A. from University of Georgia. Prior to joining Capstone, Mr. Rogers was a Deputy City Attorney for the City of Santa Monica where he handled criminal prosecutions from arraignment through trial.

**Eduardo Santos.** Eduardo Santos, an associate at Capstone, represents employees and consumers in class action litigation, with a special focus on negotiating, structuring, managing, and obtaining court approval of Capstone's class action settlements. Having assisted in obtaining court-approval of over 60 wage and hour and consumer class action settlements during the course of his career, Mr. Santos has contributed significantly to the high approval rate of Capstone's settlements. Before joining Capstone, Mr. Santos was an associate at one of California's largest plaintiffs-only employment law firms, and prior to that, an associate at a prominent plaintiff's firm specializing in mass torts litigation, where he was part of a team that secured a total of $4.85 billion for thousands of individuals with claims of injuries caused by taking Vioxx. Mr. Santos received his JD from Loyola Law School of Los Angeles in 2007, which he attended on a full academic scholarship. While in law school, he was an extern for the Honorable Thomas L. Willhite, Jr. of the California Court of Appeal. He graduated *magna cum laude* from UCLA with majors in Political Science and History, and was a recipient of the Ralph J. Bunche scholarship for academic achievement.

9

Capstone
LAW APC

**Mao Shiokura.**  Mao Shiokura is an associate with Capstone.  Her practice focuses on identifying, analyzing, and developing new wage-and-hour and consumer claims, including violations of the Fair Credit Reporting Act, Consumers Legal Remedies Act, False Advertising Law, and Unfair Competition Law.  Prior to joining Capstone, Ms. Shiokura was an associate at a California lemon law firm, where she represented consumers in Song-Beverly, Magnuson-Moss, and fraud actions against automobile manufacturers and dealerships.  Ms. Shiokura graduated from Loyola Law School, Los Angeles in 2009, where she served as a staff member of Loyola of Los Angeles Law Review. She earned her undergraduate degree from the University of Southern California, where she was a Presidential Scholar and majored in Business Administration, with an emphasis in Cinema-Television and Finance.

**Karen Wallace.**  An associate with Capstone, Karen Wallace handles the pre-litigation phase for prospective cases including investigation, claim identification and analysis, and client consultation. Ms. Wallace's expertise includes claims for meal and rest period violations, overtime wages, off-the-clock work, misclassification, and other employment and consumer claims.  Before attending Southwestern Law School, Ms. Wallace worked as a teacher for many years. She received her doctorate in English from the University of California, Los Angeles, where she also earned her master's degree in American Indian Studies.

**Alexandria Witte.**  Alexandria Witte, an associate with Capstone, is currently responsible for the day-to-day prosecution of over 60 putative class and representative actions as well as other complex litigation. Over the course of her career, Ms. Witte has litigated over 50 putative class actions, and has helped Mr. Perez (her supervisor) negotiate numerous high-profile class action settlements that have secured millions of dollars in relief for tens of thousands of California workers.  Notably, Ms. Witte played a key role in preparing *Felix v. Automobile Club of Southern Calif.*, for trial, paving the way for the eventual multi-million dollar class settlement. More recently, Ms. Witte has been appointed co-Class Counsel in the certified cases of *Lopes/Bobadilla v. Kohl's Department Stores, Inc.*, Case No. RG08380189 (Alameda Cty. Super. Ct.) and *Shiferaw/Tameifuna v. Sunrise Senior Living Management, LLC*, Case No. 13-06294 (C.D. Cal.).  She received her Bachelors of Arts at the University of California at Irvine in 2006, and earned her JD at Chapman University School of Law in May 2010.

**Tarek Zohdy.**  An associate with Capstone, Tarek Zohdy litigates automotive defect class actions, along with other consumer class actions for breach of warranty and consumer fraud.  At Capstone, he has worked on several large-scale automotive class action settlements that have provided significant relief to thousands of defrauded car owners.  Before joining Capstone, Mr. Zohdy spent several years representing individual consumers in their actions against automobile manufacturers and dealerships for breaches of express and implied warranties pursuant to the Song-Beverly Consumer Warranty Act and the Magnuson-Moss Warranty Act, commonly referred to together as "Lemon Law."  He also handled fraudulent misrepresentation and omission cases pursuant to the Consumers Legal Remedies Act.  Mr. Zohdy graduated from Louisiana State University *magna cum laude* in 2003, and Boston University School of Law in 2006, where he was a member of the criminal clinic representing underprivileged criminal defendants.

## OUTREACH AND EDUCATION

To increase public awareness about the issues affecting class action and other representative litigation in the consumer and employment areas, Capstone publishes the Impact Litigation Journal (www.impactlitigation.com).  Readers have access to news bulletins, op-ed pieces, and legal resources.  By taking advantage of social media, Capstone hopes to spread the word about consumer protection and employee rights to a larger audience than has typically been reached by traditional print sources, and to thereby contribute to the enforcement of California's consumer and workplace protection laws.