Jordan L. Lurie (SBN 130013)
Jordan.Lurie@capstonelawyers.com
Robert K. Friedl (SBN 134947)
Robert.Friedl@capstonelawyers.com
Tarek H. Zohdy (SBN 247775)
Tarek.Zohdy@capstonelawyers.com
Cody R. Padgett (SBN 275553)
Cody.Padgett@capstonelawyers.com
Capstone Law APC
1840 Century Park East, Suite 450
Los Angeles, California 90067
Telephone:    (310) 556-4811
Facsimile:    (310) 943-0396

Dale James Morgado
Dmorgado@ffmlawgroup.com
Feldman, Fox & Morgado, P.A.
100 North Biscayne Boulevard
29th Floor, Suite 2902
Miami, Florida 33132
Telephone:    (305) 222-7850
Facsimile:    (305) 384-4676

Attorneys for Plaintiff Luis Rosado

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA—SAN JOSE DIVISION

| | |
|---|---|
| LUIS ROSADO, individually, and on behalf of other members of the general public similarly situated,<br><br>         Plaintiff,<br><br>    vs.<br><br>EBAY, INC., a Delaware corporation,<br><br>       Defendant. | Case No.:  5:12-cv-04005-EJD<br><br>Assigned for all purposes to the Hon. Edward J. Davila<br><br>**NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:     February 25, 2016<br>Time:    9:00 a.m.<br>Place:   Courtroom 4 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 25, 2016 at 9:00 a.m., in Courtroom 4 of the above-captioned Court, located at 280 South 1st Street, San Jose, California 95113, the Honorable Edward J. Davila presiding, Plaintiff Luis Rosado, on behalf of himself and all others similarly situated, will, and hereby does, move this Court to grant final approval of: (1) the Settlement Agreement and Release; (2) Settlement payments to participating Class Members; and (3) costs/expenses to the Settlement administrator, Heffer Claims Group, in the amount of $125,000. This Motion is unopposed by Defendant eBay Inc.

This Motion is based upon: (1) this Notice of Motion and Motion; (2) the Memorandum of Points and Authorities in Support of Motion for Final Approval of the Class Action Settlement; (3) the Declaration of Robert K. Friedl; (4) the Declaration of Joseph Mahan; (5) the [Proposed] Order Granting Final Approval of the Class Action Settlement; (6) the records, pleadings, and papers filed in this action; and (7) such other documentary and oral evidence or argument as may be presented to the Court at or prior to the hearing of this Motion.

Dated: January 8, 2016                     Respectfully submitted,

Capstone Law APC


By: /s/ Robert K. Friedl
    Jordan L. Lurie
    Robert K. Friedl
    Tarek H. Zohdy
    Cody R. Padgett

Attorneys for Plaintiff Luis Rosado

# TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................1

II.   FACTS AND PROCEDURE ..................................................................2

      A.   Plaintiff Sued eBay for Alleged Violations of California's
           Consumer Protection Laws ........................................................2

      B.   The Parties Engaged In Several Rounds of Motion Practice ...................4

      C.   Plaintiff Conducted a Thorough Investigation of the Factual
           and Legal Issues......................................................................4

      D.   The Parties Engaged In Arm's-Length Settlement
           Negotiations ..........................................................................5

      E.   Material Terms Of The Proposed Class Action Settlement ....................6

           1.    The Proposed Settlement Class .........................................6

           2.    Settlement Consideration ................................................6

           3.    Method of Distribution...................................................7

           4.    Formula for Calculating Settlement Payments .............................7

           5.    Narrow Class Release ....................................................8

      F.   The Notice and Claims Administration Process Were
           Completed Pursuant to the Court Order........................................9

III.  ARGUMENT ................................................................................. 10

      A.   The Court Should Grant Final Approval of the Class
           Settlement............................................................................ 10

           1.    The Standard for Final Approval Has Been Met......................... 10

           2.    The Settlement Was Negotiated After a Thorough
                 Investigation of the Factual and Legal Issues ............................ 12

           3.    The Settlement Is Reasonable In Light of the Strengths
                 and Weaknesses of Plaintiff's Case and the Risks
                 Associated with Continued Litigation .......................... 13

4.    The Amount Offered In Settlement Supports
Approving the Settlement ................................................................. 17

5.    The Views of Experienced Counsel Should Be
Accorded Substantial Weight .......................................................... 18

6.    The Settlement Class Has Responded Positively To
The Settlement ................................................................................. 19

B.    The Sole Objection to the Settlement Should Be Overruled.................. 20

C.    The Requested Payment to the Claims Administrator Is
Reasonable and Should Receive Final Approval ..................................... 21

IV.    CONCLUSION......................................................................................................... 21

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848 (N.D. Cal. 2010)............... 19

*Churchill Village, L.L.C. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004) ................... 19, 21

*Class Plaintiff v. City of Seattle*, 955 F.2d 1268 (9th Cir. 1992) ................................... 21

*Custom LED, LLC v. eBay, Inc.*, No. 12-00350-JST,

    2013 U.S. Dist. LEXIS 165881 (N.D. Cal. Nov. 20, 2013) .........................................7

*Eisen v. Porsche Cars North American, Inc.*, Case No. 11-09405, 2014

    U.S. Dist. LEXIS 14301, 2014 WL 439006 (C.D. Cal. Jan. 30, 2014).............. 12, 18

*Garner v. State Farm Mut. Auto Ins.*, No. 08-1365-CW, 2010 U.S. Dist.

    LEXIS 49477 (N.D. Cal. Apr. 22, 2010)...................................................................... 19

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998)...................................... 11, 19

*In re Cendant Corp. Litig.*, 264 F.3d 201 (3d Cir. 2001) ................................................ 21

*In re eBay Litig.*, No. C- 07-02198 RMW, 2012 U.S. Dist. LEXIS 128616

    (N.D. Cal. Sept. 10, 2012)........................................................................................... 15

*In re Mego Financial Corp. Sec. Litig.*, 213 F.3d 454 (9th Cir. 2000)........................ 18

*In re NASDAQ Market-Makers Antitrust Litig.*,

    187 F.R.D. 465 (S.D.N.Y.1998)................................................................................. 21

*In re Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036 (N.D. Cal. 2007) ........................ 20

*In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934 (9th Cir.2015) .........................7

*In re Pac. Enters. Sec. Litig.*, 47 F.3d 373 (9th Cir. 1995)............................................. 18

*In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078 (N.D. Cal. 2007).................... 13

*In re Toys 'R' Us-Del., Inc. FACTA Litig.*, 295 F.R.D. 438 (C.D. Cal. 2014) ............. 19

*In re Wash. Pub. Power Supply System Sec. Litig.*, 720 F. Supp. 1379

    (D. Ariz. 1989) ............................................................................................................ 21

*Keirsey v. eBay, Inc.*, No. 12-01200-JST, 2013 U.S. Dist. LEXIS 152531

    (N.D. Cal. Oct. 22, 2013) ...............................................................................................7

*Linney v. Cellular Alaska Partnership*, 151 F.3d 1234 (9th Cir. 1998) .................. 12, 17

*Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. Cal. 2012)............................ 14

*Molski v. Gleich*, 318 F.3d 937 (9th Cir. 2003) ............................................................. 11

*Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*,

    221 F.R.D. 523 (C.D. Cal. 2004)........................................................................... 13, 19

*Noll v. eBay, Inc.*, 309 F.R.D. 593 (N.D. Cal. 2015)...................................................... 20

*Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615 (9th Cir. 1982) ............. 11, 17

*Rodriguez v. West Publishing Corp.*, 563 F.3d 948 (9th Cir. 2009) ................. 11, 13, 19

**FEDERAL STATUTES**

28 U.S.C. § 1332(d) (Class Action Fairness Act of 2005 (CAFA)) ................................ 7

Fed. R. Civ. P. 23(e) ...................................................................................................... 10

**STATE STATUTES**

Cal. Bus. & Prof. Code §§ 17200 *et seq.* (Unfair Comp. Law (UCL)) ............................ 3

Cal. Bus. & Prof. Code §§ 17500 *et seq.* (False Advertising Law (FAL)) ..................... 3

Cal. Civ. Proc. Code §§ 1750 *et seq.* (Cons Legal Remedies Act (CLRA)) ................... 3

**SECONDARY AUTHORITIES**

http://pages.ebay.com/help/sell/motorfees.html.................................................................8

http://pages.ebay.com/help/sell/motorfees.html.............................................................. 16

http://pages.ebay.com/sellerinformation/news/springupdate2013/unpaidite

    ms.htm............................................................................................................................ 14

*Manual for Complex Litigation* (4th ed. 2004) ........................................................ 10, 11

## I.   INTRODUCTION

On September 10, 2015, the Court granted preliminary approval of the proposed Settlement[1] by and between Plaintiff Luis Rosado, on behalf of himself and the members of the putative class of eBay sellers described in Plaintiff's Second Amended Complaint ("SAC"), and Defendant eBay Inc. (Plaintiff and eBay, collectively, the "Parties").  The Court also approved, with minor modification, the Parties' proposal for notifying absent class members and administering the proposed Settlement.

The Parties have successfully completed the class notice process as ordered by the Court and the results confirm the fairness of the Settlement.  The email notice campaign approved by the Court had an over 89.5% success rate, in terms of emails successfully delivered to potential Settlement Cass Members.  Over 30,000 members submitted claims for payment and, upon final approval, will in many cases receive compensation that likely **exceeds** the amount of any claim they might have.  In comparison, only 38 class members opted out, and only <u>one</u> Class Member objected to the Settlement prior to the deadline—out of a class of over 2.5 million members.

Plaintiff now moves the Court for final approval of the proposed Settlement, which will create a $1.2 million **non-reversionary** Gross Settlement Fund, to be used to fund:  (1) payments to Class Members (in the form of cash and eBay credit); (2) attorneys' fees and costs; (3) Plaintiff's incentive award; and (4) the third-party settlement administrator's costs and fees.  **The entire Net Settlement Fund, after payment of the items in (2), (3) and (4) above, will be disbursed to members of the putative class**.

An objective evaluation of the Settlement confirms that the relief negotiated by Plaintiff and Class Counsel on behalf of the putative class is fair, reasonable, and adequate.  After litigating the matter for nearly three years, the Parties negotiated the

---

[1] The July 22, 2015 Settlement Agreement and Release, referred to herein as the "Settlement" or "Settlement Agreement."  Unless indicated otherwise, all capitalized terms used herein have the same meaning as those defined by the Settlement Agreement.

1   Settlement at arm's length, with the assistance of the Honorable Carl J. West (Ret.) of

2   JAMS, an experienced and well-respected class action mediator and former California

3   jurist.  The resulting proposed Settlement confers valuable relief to the putative Class

4   Members and is particularly significant when viewed against the difficulties Plaintiff

5   would have encountered had the litigation continued (*see* Section III(A)(3), *infra*).  By

6   settling now, the putative class members avoid the risk of class certification being denied

7   or of eBay prevailing on the merits, and will obtain their relief now, rathering that being

8   forced to wait (possibly years) for a final judgment.

9       For these and the reasons discussed in greater detail below, the proposed

10  Settlement satisfies all the fairess criteria.  Plaintiff therefore respectfully requests that

11  this Court enter the proposed order, concurrently filed herewith, granting final approval

12  of the proposed Settlement.

## II.    FACTS AND PROCEDURE

### A.    Plaintiff Sued eBay for Alleged Violations of California's Consumer Protection Laws

16  Plaintiff brought this putative class action against eBay on July 30, 2012 on behalf

17  of a class of certain eBay sellers who listed items on eBay during the putative class

18  period.  (Dkt. No. 1.)  Plaintiff alleges the following in his SAC, which is the operative

19  pleading in this matter:  Sellers who list items for sale on eBay can typically select a

20  listing period of 3, 5, 7, 10, or 30 days.  (*See* Dkt. No. 59, SAC, ¶¶ 1-5.)  Sellers can also

21  select a listing method, the most common of which are auction-style listings (in which

22  prospective buyers submit bids and the item is sold to the highest bidder at the end of the

23  listing period) or fixed-price listings (in which a prospective buyer can purchase the item

24  at a fixed price by clicking a "Buy It Now" button on the listing, without waiting until

25  the end of the listing period).[2]  The "Buy It Now" option can also be used in conjunction

---

[2] *See* http://pages.ebay.com/help/buy/how-buy-bin.html.

with an auction-style listing.[3]  Sellers in many cases paid certain fees in connection with their listings, including Insertion Fees and Optional Feature Fees (collectively, "Listing Fees").

During the relevant time period, when a prospective buyer clicked the "Buy It Now" button to initiate a purchase, eBay automatically delisted the item, meaning it would no longer be available for purchase by another buyer.  (Dkt. No. 59, ¶ 2.)  However, the prospective buyer would still need to make their payment through a separate process to complete the sale.  If the sale were not ultimately completed, eBay did not, on its own, relist the item for the remaining balance of the listing period, and did not, on its own, refund sellers for the Listing Fees they paid in connection with their listing.  (*Id.*)

Plaintiff alleges that, in instances where "Buy It Now" sales fell through and eBay did not relist the item for the remaining balance of the listing period, sellers were deprived of the full value of the listing periods they purchased, and by extension, the benefit of their bargain.  (*Id.*)

Based on the foregoing allegations, the SAC asserts six causes of action against eBay:  (i) violation of California's False Advertising Law; (ii) violation of the Consumer Legal Remedies Act; (iii) breach of the covenant of good faith and fair dealing; (iv) violation of the Unfair Competition Law; (v) breach of quasi-contract; and (vi) declaratory judgment.  (*See generally* Dkt. No. 59.)

Based on these theories, Plaintiff sought a refund of a portion of the Listing Fees that class members paid to place a "Buy It Now" ("BIN") listing.[4]  Class members are defined as those eBay sellers in the United States, between July 30, 2008 and September 10, 2015—the date Preliminary Approval was granted—who paid Listing Fees to place a BIN Listing on eBay's websites during the Class Period, whose item was

---

[3] *Id.*

[4] This case does not involve "Final Value Fees," which are the fees paid upon a successful sale of a listing.

1  subsequently delisted when the BIN button was selected by a prospective buyer prior to

2  the end of the scheduled listing duration, who were not ultimately paid by the

3  prospective buyer for the listed item, and whose Listing Fees were not refunded by

4  eBay. (Exhibit 1, Settlement Agreement, 1.8, 1.9.)

5  **B.    The Parties Engaged In Several Rounds of Motion Practice**

6  Plaintiff successfully opposed eBay's several attempts to dispose of this case at

7  the pleading stage. On October 20, 2012, eBay moved to dismiss Plaintiff's initial

8  Complaint. (Dkt. No. 20.) By stipulation of the parties, and with leave from the Court

9  (*see* Dkt. No. 38), Plaintiff filed a First Amended Complaint ("FAC") on December 28,

10  2012. (Dkt. No. 41.) eBay subsequently moved to dismiss the FAC, and Plaintiff

11  opposed. (Dkt. Nos. 42, 47.) On September 10, 2013, the Court granted Plaintiff leave

12  to file his SAC and denied eBay's motion to dismiss as moot. (Dkt. No. 58.)

13  Following the filing of the SAC on October 1, 2013, eBay again moved to

14  dismiss. (Dkt. No. 62.) Plaintiff again opposed eBay's motion to dismiss. (Dkt.

15  No. 65.) After taking the motion under submission (without oral argument) and vacating

16  the hearing, the Court denied eBay's motion in its entirety. (Dkt. Nos. 62, 70.)

17  eBay answered the SAC on July 31, 2014. (Dkt. No. 74.)

18  **C.    Plaintiff Conducted a Thorough Investigation of the Factual and**

19  **Legal Issues**

20  Beginning a few months before the Complaint was filed and continuing over the

21  next several years of litigation, Plaintiff's counsel conducted a thorough investigation of

22  the factual and legal issues presented by Plaintiff's claims and eBay's defenses.

23  (Declaration of Robert K. Friedl ["Friedl Decl."] ¶¶ 3-6.) In response to Plaintiff's

24  evidentiary requests, Plaintiff's counsel received, among other things, the following

25  information with which to properly evaluate the claims: (1) the estimated number of

26  putative class members who created qualifying non-vehicle listings during the Class

27  Period (approximately 3,025,000) (the "Non-vehicle Listings"); (2) the estimated

28  number of putative class members who created qualifying vehicle listings during the

Class Period(approximately 60,000) (the "Vehicle Listings"); (3) the estimated Listing Fees charged in aggregate by eBay in connection with the Non-vehicle Listings during the Class Period; and (4) the estimated Listing Fees charged in aggregate by eBay in connection with the Vehicle Listings during the Class Period.  (*Id.* at ¶ 3.)  This and other information produced by eBay enabled Plaintiff's counsel to realistically estimate the value of the class' claims and to develop a realistic damages model for purposes of settlement.  (*Id.* at ¶¶ 5-6.)

In addition to the preceding, Plaintiff's counsel carefully examined eBay's listing and refund policies, and closely scrutinized its disclosures and representations regarding the "Buy It Now" option.  Plaintiff's counsel also aggressively litigated, and ultimately successfully opposed eBay's repeated challenges to the pleadings.  (Friedl Decl. ¶ 4.)

Overall, Plaintiff's counsel performed an exhaustive investigation into the claims at issue, which included:  (1) interviewing Rosado; (2) researching and evaluating all of Rosado's potential claims against eBay; (3) analyzing eBay's listing and refund policies and disclosures concerning the "Buy It Now" feature; (4) researching settlements in similar cases; (5) evaluating the strength of Rosado's claims and estimating eBay's liability for purposes of settlement; (6) drafting the mediation brief; and (7) participating in the mediation (including extensive pre- and post-mediation negotiations).  The extensive document and data exchanges have allowed Plaintiff's counsel to better appreciate the risks of continued litigation and the benefits offered by the proposed Settlement.  (Friedl Decl. ¶¶ 3-6.)

**D.    The Parties Engaged In Arm's-Length Settlement Negotiations**

As discussed, the proposed Settlement is the culmination of protracted discussions between the Parties following contested motion practice and a thorough analysis of the pertinent facts and law at issue.  On December 8, 2014, the Parties attended a full-day mediation in Los Angeles conducted by the Honorable Carl J. West.  (Friedl Decl. ¶ 7.)  In advance of the mediation, the parties submitted mediation briefing setting forth their respective positions and evaluations of the claims.  (*Id.*)

During the mediation, Justice West helped to manage the parties' expectations and provided a useful, neutral analysis of the issues and risks to both sides.  (Friedl Decl. ¶ 7.)  Although the Parties were unable to settle the matter at the mediation, the Parties continued to negotiate though Justice West after the mediation.  (*Id*.)  After continued negotiations with Justice West's guidance and involvement, the parties were eventually able to negotiate a complete settlement of Plaintiff's class claims.  (*Id*.)  The terms of the Settlement are now set forth in complete and final form in the Settlement Agreement. (*See id*., Ex. A).  At all times, the Parties' negotiations were adversarial and non-collusive, and the Settlement constitutes a fair, adequate, and reasonable compromise of the claims at issue.  (*Id*., ¶ 9.)

### E.    Material Terms Of The Proposed Class Action Settlement

#### 1.    The Proposed Settlement Class

The Settlement Class consists of all eBay sellers in the United States, between July 30, 2008 and September 10, 2015—the date Preliminary Approval was granted—who paid Listing Fees to place a BIN Listing on eBay's websites during the Class Period, whose item was subsequently delisted when the BIN button was selected by a prospective buyer prior to the end of the scheduled listing duration, who were not ultimately paid by the prospective buyer for the listed item, and whose Listing Fees were not refunded by eBay.  (*Id*., Exhibit 1, Settlement Agreement, 1.8, 1.9.)

#### 2.    Settlement Consideration

Rosado and eBay have agreed to settle the underlying class claims in exchange for a $1.2 million **non-reversionary** Gross Settlement Fund.  The Gross Settlement Fund will be used to pay:  (1) Class Member settlement payments in the form of cash and/or eBay credit, as detailed below; (2) attorneys' fees not to exceed 25% of the Gross Settlement Fund and reasonable litigation costs and expenses in the amount of $13,050, subject to Court approval; (3) a $2,500 incentive award to Plaintiff for his services on behalf of the Settlement Class and for a general release of all claims he may have against eBay, subject to Court approval; and (4) the actual costs and expenses of claims

administration incurred by or owed to the third party claims administrator, Heffler Claims Group, currently estimated to be $125,000.

### 3. Method of Distribution

Claimants will receive checks for their claims in the amounts as described below. All funds remaining in the Net Settlement Fund after this claims payment process (including funds from uncashed checks that have reverted to the Net Settlement Fund) will be redistributed as follows. First, all Claimants who have an Active eBay Account at the time of distribution will receive an equal pro-rata share of the unclaimed amount, capped at $50 per Claimant, to be distributed by eBay in the form of a Credit. (Settlement Agreement, 2.1(e)(i).) Additional funds remaining after this further disbursement of Credits will be distributed in the form of additional Credits, on a pro-rata basis, to all members of the Notice Group who have an Active Account at the time of the final disbursement.[5] (*Id.*) These Credits will be aggregated as to each recipient and issued in a single disbursement. (*Id.*)

Based on this method of distribution, the **entirety** of the Net Settlement Fund will be paid to Claimants, class members, or other eBay sellers, and there will be **no residual amount** that will be paid to any organization as a cy pres recipient and no amount that will revert to eBay. (*Id.* at 2.1(e).)

### 4. Formula for Calculating Settlement Payments

The amount of each Claimant's payment from the Net Settlement Fund will

---

[5] Credits will be applied to outstanding balances that the recipients owe to eBay and any remaining amounts can be used to pay eBay fees for future listings. The use of credits as a default method of distribution has been approved in multiple other settlements, including several involving eBay. *See Keirsey v. eBay, Inc.*, No. 12-01200-JST, 2013 U.S. Dist. LEXIS 152531, *13 (N.D. Cal. Oct. 22, 2013) (credit distribution to eBay users is appropriate where the individual amounts are small); *Custom LED, LLC v. eBay, Inc.*, No. 12-00350-JST, 2013 U.S. Dist. LEXIS 165881, *22-23 (N.D. Cal. Nov. 20, 2013) (same). *See also In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 951 (9th Cir.2015) (affirming approval of settlement that distributes credit in the form of gift cards and finding such settlments are not "coupon" settlements as defined under CAFA). By comparison, Credits will be issued here as a back-up method following an initial all-cash distribution to all Claimants, as discussed above.

1  depend on whether he or she paid for a Vehicle Listing, a Non-Vehicle Listing, or both.

2  Specifically, Class Members who submitted claims for Non-Vehicle Listings will

3  receive $5, and Class Members who submitted claims for Vehicle Listings will receive

4  $10.  (Settlement Agreement, 2.1(d).)  Each Class Member will be allowed to submit up

5  to one claim for a Non-Vehicle Listing and one claim for a Vehicle Listing.  (*Id.*)  Thus

6  the maximum default cash payment to any Claimant will be $15.  (*Id.*)

7          The amounts above were negotiated based on eBay's estimates of the average

8  amount of Listing Fees paid in connection with the disputed listings.  The higher amount

9  to be paid for Vehicle Listings, as compared to Non-Vehicle listings, reflects the fact that

10  fees for Vehicle Listings are typically higher.[6]  Significantly, these $5/$10/$15 payment

11  amounts **exceed** the estimated average Listing Fees that were paid in connection with the

12  disputed listings, so Claimants will in many cases be paid  more than any actual damages

13  they could have recovered.

14                      5.    **Narrow Class Release**

15          In exchange for the Gross Settlement Fund, all Class Members who have not

16  timely and validly opted out of the Class will release and discharge eBay of all claims

17  relating to the "Buy It Now" option:

18              [All] causes of action, claims, demands, rights, suits,
     obligations, debts, contracts, agreements, promises,
19              liabilities, damages, charges, penalties, losses, costs,
     expenses, and attorneys' fees, of any nature whatsoever,
20              known or unknown, in law or equity, fixed or contingent,
     which they have or may have arising out of or relating in any
21              way to any of the factual allegations or legal theories that
     were raised or could have been raised by Plaintiffs in
22              connection with eBay's "Buy It Now" option (the **"*Released
     Claims*"**).

23

24  (Settlement Agreement, 6.2.)  This release is narrowly and appropriately tailored to the

25  allegations asserted by Plaintiff in the Second Amended Complaint.  In addition,

26  Plaintiff Rosado has executed a broader release, releasing any known or unknown claims

27  _____

28      [6] *See* http://pages.ebay.com/help/sell/motorfees.html.

1    he may have had against eBay.  (*Id.*, 6.3.)

2         F.    **The Notice and Claims Administration Process Were Completed**

3               **Pursuant to the Court Order**

4         As authorized by the Court's Order preliminarily approving the Settlement

5    Agreement, the Parties engaged Heffler Claims Group ("Heffler") to provide settlement

6    administration services.  (Declaration of Joseph F. Mahan ["Mahan Decl."] ¶ 1.)

7    Heffler has worked with the Parties to administer the Settlement, including by:

8    (1) creating and disseminating the Class Notices, (2) setting up and maintaining the

9    official Settlement website; (3) communicating with absent class members and

10   Claimants; (4) processing Claim Forms and Exclusion Requests; and (5) calculating

11   (and eventually distributing) Settlement payments.  (*Id.* ¶ 3.)

12        In accordance with the Preliminary Approval Order, on October 9, 2015, Heffler

13   caused the Class Notices to be emailed to absent potential Class Members at the email

14   addresses used by Class Members in connection their eBay account and provided to

15   Heffler by eBay.  (*Id.* ¶¶ 6, 11.)  Also on October 9, 2015, Heffler made the official

16   Settlement website available online at www.ebaybuyitnowclassaction.com, and caused a

17   press release regarding the Settlement, and approved by counsel for both Parties, to be

18   issued on behalf of Class Counsel.  (*Id.* ¶ 7.)  The email notice campaign had an over

19   89.5% success rate, in terms of emails successfully delivered to Settlement Class

20   Members.  (*Id.* ¶ 11.)

21        Between September 10, 2015 and December 8, 2015, a total of 31,467 Class

22   Members submitted valid claims for payment.  (*Id.* ¶ 13.)  The total amount sought by

23   these claims is $207,545.  (*Id.*)  These include 25,806 $5 claims, 757 $10 claims and

24   4,920 $15 claims.  After deducting these claims payments and the amounts of (1) the

25   requested attorneys' fees and costs award, (2) requested incentive fees for the Plaintiff,

26   and (3) estimated settlement administration costs from the Gross Settlement Fund, all

27   remaining funds will be distributed pro rata among the 31,467 Claimants in the form of

28   eBay credits, capped at $50 per claimant.  If any funds are still left over, the additional

1    funds will be distributed as eBay credits to all members of the Notice Group who who

2    have an active eBay account.  (*Id*. ¶ 14.)

3        Significantly, only 38 Class Members opted out, and only one Class Member—

4    out of a class of over 2.5 million members—objected to the Settlement.  (*Id.* at ¶¶ 16,17;

5    *see also* Dkt. No. 102.)  Class Counsel attribute the Class' positive response to the

6    Settlement to a number of factors, including the significant monetary relief secured by

7    the Settlement, the clarity of the Class Notice and relative ease in submitting claims for

8    payment, and Heffler's careful and efficient administration of the Settlement.

9    **III.    ARGUMENT**

10       **A.    The Court Should Grant Final Approval of the Class Settlement**

11           **1.    The Standard for Final Approval Has Been Met**

12       A class action may only be settled, dismissed, or compromised with the Court's

13   approval.  Fed. R. Civ. Proc. 23(e).  The process for court approval of a class action

14   settlement is comprised of three principal stages:

15       Preliminary Approval:  The proposed settlement agreement is preliminarily

16   reviewed by the Court for fairness, adequacy, and reasonableness.  If the Court believes

17   the settlement falls within the range of reasonableness, such that proceeding to a formal

18   fairness hearing is warranted, it orders notice of the settlement disseminated to the class.

19   *See* Manual for Complex Litigation § 21.632 (4th ed. 2004).

20       Class Notice:  Notice of the settlement is disseminated to the class, giving class

21   members an opportunity to object to the settlement's terms or preserve their right to

22   bring an individual action by opting out.  *See id.*, § 21.633.

23       Final Approval:  A formal fairness or final-approval hearing is held by the Court,

24   at which class members can be heard regarding the settlement, and at which evidence

25   and argument concerning the fairness, adequacy, and reasonableness of the settlement is

26   presented.[7]  Following the hearing, the Court decides whether to approve the settlement

27

28   _____

     [7] A proposed class action settlement may be approved if the Court, after allowing

1    and enter a final order and judgment.  *See id.*, § 21.634.

2          The first two steps have been the completed.  The Court has preliminarily

3    reviewed the proposed Settlement for fairness and found it to be within the range of

4    reasonableness meriting court approval.  (*See* Dkt. No. 95.)  In addition, the Claims

5    Administrator has notified class members of the proposed Settlement and upcoming

6    fairness hearing in the manner directed by the Court.  (*See generally* Mahan Decl.)

7    Plaintiff now asks the Court to grant final approval of the proposed Settlement.

8          The decision about whether to approve the proposed Settlement is committed to

9    the sound discretion of the trial judge, and will not be overturned except upon a strong

10   showing of a clear abuse of discretion.  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026-

11   1027 (9th Cir. 1998).  The Ninth Circuit has set forth a list of non-exclusive factors that a

12   district court should consider in deciding whether to grant final approval, namely: (1) the

13   strength of plaintiffs' case, and the risk, expense, complexity, and likely duration of

14   further litigation; (2) the risk of maintaining class action status throughout the trial; (3)

15   the amount offered in settlement; (4) the extent of discovery completed, and the stage of

16   the proceedings; (5) the experience and views of counsel; and (6) the reaction of the

17   class members to the proposed settlement.  *Id.* at 963 (citing *Molski v. Gleich*, 318 F.3d

18   937, 953 (9th Cir. 2003)).

19         These factors, which are discussed below, confirm that the proposed Settlement is

20   more than fair, reasonable, and adequate for Class Members.  The Settlement provides

21

22   absent class members had an opportunity to be heard, finds that the settlement is "fair,
     reasonable, and adequate."  In making this determination, "the court's intrusion upon
23   what is otherwise a private consensual agreement negotiated between the parties to a
     lawsuit must be limited to the extent necessary to reach a reasoned judgment that the
24   agreement is not the product of fraud or overreaching by, or collusion between, the
     negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and
25   adequate to all concerned."  *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir.
     2009) (*quoting Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)); *see also*
26   *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982)
     ("voluntary conciliation and settlement are the preferred means of dispute resolution.
27   This is especially true in complex class action litigation . . . .").

28

1    considerable value; Class Members need not bear the risk and delay associated with trial

2    proceedings to obtain these benefits; and the Settlement has been met with substantial

3    support and virtually no opposition from Class Members.

4           2.    **The Settlement Was Negotiated After a Thorough Investigation**

5                 **of the Factual and Legal Issues**

6           Courts may consider the extent of discovery and the current stage of the litigation

7    to evaluate whether parties have sufficient information to make an informed decision to

8    settle the action. *See Linney v. Cellular Alaska Partnership*, 151 F.3d 1234, 1239 (9th

9    Cir. 1998). A settlement negotiated at an earlier stage in litigation will not be denied so

10   long as sufficient investigation has been conducted. *See Eisen v. Porsche Cars North*

11   *American, Inc.*, Case No. 11-09405, 2014 U.S. Dist. LEXIS 14301, 2014 WL 439006, at

12   *13 (C.D. Cal. Jan. 30, 2014)(finding that counsel had "ample information and

13   opportunity to assess the strengths and weaknesses of their claims" despite "discovery

14   [being] limited because the parties decided to pursue settlement discussions early on.").

15          As set forth in greater detail above, based on their analysis of information and

16   evidence produced by eBay, and close scrutiny of eBay's publicly available policies and

17   disclosures regarding the "Buy It Now" option, Plaintiff's counsel were able to

18   realistically assess the value of Plaintiff's claims and intelligently engage defense

19   counsel in settlement discussions that culminated in the proposed Settlement now before

20   the Court. (Friedl Decl. ¶¶ 3-6.) By engaging in a thorough investigation and evaluation

21   of Plaintiff's claims, Plaintiff's counsel believe that the Settlement, for the consideration

22   and on the terms set forth in the Settlement Agreement, is fair, reasonable, and adequate,

23   and is in the best interests of Class Members in light of all known facts and

24   circumstances, including the risk of significant delay and uncertainty associated with

25   litigation, and the various defenses asserted by eBay. (Friedl Decl. ¶¶ 5-6.)

26

27

28

1

> 3.    **The Settlement Is Reasonable In Light of the Strengths and**
> 2    **Weaknesses of Plaintiff's Case and the Risks Associated with**
> 3    **Continued Litigation**

4    "An important consideration in judging the reasonableness of a settlement is the

5    strength of the plaintiffs' case on the merits balanced against the amount offered in the

6    settlement." *Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523,

7    525-26 (C.D. Cal. 2004).  In granting preliminary approval, the court need only confirm

8    that the settlement is the product of "serious, informed, non-collusive negotiations, has

9    no obvious deficiencies, does not improperly grant preferential treatment to class

10    representatives or segments of the class, and falls with the range of possible approval."

11    *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).  While

12    there is "no single formula" to be applied in considering the reasonable range of

13    settlement, the Court may presume that the Parties' counsel and the mediator arrived at

14    their figures by considering Plaintiff's likelihood of recovery.  *Rodriguez v. West Pub.*

15    *Corp.*, 563 F.3d 948, 965 (9th Cir. 2009).

16    In advance of mediation, Plaintiff's counsel evaluated the strengths and

17    weaknesses of Plaintiff's substantive and class claims and objectively assessed the risks

18    of continued litigation in order to determine a reasonable range of class relief.  Although

19    Plaintiff and Plaintiff's counsel maintain a strong belief in the underlying merits of the

20    claims, they also acknowledge the significant challenges posed by continued litigation

21    through certification and trial.

22    At the outset, it bears mention that the fact pattern giving rise to Plaintiff's

23    allegations occurs infrequently and Plaintiff's legal theory does not apply in a number of

24    closely-related circumstances.  First, Plaintiff's claims do not apply to "multiple

25    quantity" listings, where sellers list items in multiple quantities, but for sale individually,

26    because there was no "delisting" in such instances.

27    Second, Plaintiff's claims do not apply to listings where the "Immediate

28    Payment" option was selected.  This feature, offered for free by eBay during the Class

1   Period, allowed users to prevent the circumstances complained about by Plaintiff (in

2   certain circumstances)

3        Third, in many instances, sellers did not pay **any listing fees** to place a "Buy It

4   Now" listing.  By definition, there could not be any damages associated with these

5   listings, even if they were delisted in the manner that Plaintiff claims to be wrongful.

6        Finally, eBay has changed its business practices related to "Buy It Now" listings

7   in a way that has virtually eliminated the challenged delisting.  On March 19, 2013, eBay

8   announced that it was updating its payment process so that most BIN listings would

9   have the benefit of the Immediate Payment option by default.[8]  Under the updated

10  policy, most "'Buy It Now' items will continue to be available for sale until a buyer

11  commits and/or pays."[9]  Thus, by default, the circumstances that prompted this lawsuit

12  generally will not occur where this current eBay policy applies, and the eBay disclosures

13  regarding Immediate Payment provide an additional explanation of how eBay's

14  practices work.

15       Aside the narrowness of his claims, Plainitff also would face several challenges

16  proceeding to class certification.  Along with the typical challenges associated with class

17  certification (i.e., the attendant difficulties of proving ascertainability, commonality and

18  materiality), Plaintiff would also be confronted with the Ninth Circuit's decision in

19  *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. Cal. 2012), which has called

20  into question the viability of certifying a nationwide class under California's consumer

21  protection laws.  While *Mazza* does not affect the Settlement Class proposed here, eBay

22  would have undoubtedly raised *Mazza* in an effort to limit the size and scope of the class.

23       Moreover, Plaintiff's effort to certify a class of eBay sellers could be complicated

24  by the broad diversity among the members of the proposed class, which would span

25  individuals and businesses with potentially wide-ranging levels of knowledge and

26  _____

    [8] *See*
27  http://pages.ebay.com/sellerinformation/news/springupdate2013/unpaiditems.html
    [9] *Id.*
28

1    sophistication about the practices at issue.  eBay would argue that these differences

2    preclude certification of Plaintiff's various consumer protection claims.  For example,

3    eBay could potentially argue that sellers who experienced a delisting and understood that

4    listing fees are not automatically refunded would have no claim if they voluntarily

5    continued to use Buy It Now listings with knowledge of eBay's policies.

6        eBay would also be expected to oppose certification by attacking Plaintiff's

7    proposed theory of classwide relief, which is based on awarding "refunds on a pro-rata

8    basis to compensate the class member for time remaining on the listing duration after the

9    nonselling item was delisted . . . ."  (SAC ¶ 5.)  Specifically, Plaintiff anticipates that

10   eBay would rely on the classwide dismissal it obtained in *In re eBay Litigation*, in which

11   Judge Whyte held, in the context of that case, that a pro rata formula could not be used to

12   award classwide recoveries as a matter of law.  *See In re eBay Litig.*, No. C- 07-02198

13   RMW, 2012 U.S. Dist. LEXIS 128616, at *13 (N.D. Cal. Sept. 10, 2012).  While

14   Plaintiff disputes that Judge Whyte's findings would apply here, eBay would be

15   expected to attack certification on these grounds.

16       Even if Plaintiff had succeeded in certifying the class, the risk of continued

17   litigation would have remained high as Plaintiff would have had to grapple with eBay's

18   many defenses to liability.  For example, Plaintiff anticipates that eBay would argue that

19   class members had agreed to forfeit the balance of their listing time whenever their "Buy

20   It Now" items were delisted under the terms of eBay's User Agreement.  According to

21   eBay, the User Agreement—which governs the relationship between eBay and all end

22   users—incorporates by reference "posted policies or rules applicable to services

23   [available] through the sites."  These policies include eBay's disclosures explaining that

24   (1) Listing Fees "are charged at the time of listing … and are nonrefundable," and (2)

25   eBay "do[es] not guarantee … the ability of buyers to pay for items, or that a buyer or

26   seller will actually complete a transaction or return an item." (*See* Dkt. No. 62, 4:1-7.)

27   With regard to "Buy It Now" listings, eBay advises that "[f]ixed price listings and

28   auctions with the Buy it Now option end immediately when a buyer commits to

1   purchasing the item." (*See* Dkt. No. 64, Ex. A at 7; Ex. E at 1.)  In addition, for vehicle

2   listings in particular, eBay discloses that the "Successful Listing Fee" charged for

3   vehicles is assessed when "[a] buyer clicks Buy It Now in a listing offering a fixed price

4   … regardless of whether [the seller] carr[ies] out the sale with the buyer."[10]

5           Plaintiff similarly anticipates that eBay would argue that Plaintiff's claims are

6   precluded because eBay's policies specify the class members' recourse in the

7   circumstances alleged in the Complaint, because they allow qualifying sellers to relist

8   their items and obtain a credit on their Insertion Fees for the relisting.  (*See id.*, Ex. K

9   ("[I]f your listing ends without a winning buyer or with an unpaid item, you can qualify

10  for a credit if you meet certain requirements.").)  To obtain a credit, the seller must

11  initially pay the applicable Listing Fees for the relisting.  (*See id.*, Ex. L at 1.)  If the

12  second listing results in a sale, the seller is automatically credited for the Insertion Fee he

13  or she paid for the relisting.  (*See id.*)

14          eBay would also likely argue that it was not liable under California's consumer

15  protection laws because there was a reasonable business justification for the challenged

16  practice.  In particular, Plaintiff anticipates that eBay would argue that, as a practical

17  matter, it was necessary to delist a "Buy It Now" listing immediately in order to avoid

18  the potential for multiple sales of the same item.  (*See* Dkt. No. 62, 5:1-4.)  That is, if a

19  buyer accepted a "Buy It Now" price and waited a day before making payment or paid

20  for the item by mailing a check, another user (or users) could contemporaneously select

21  "Buy It Now" if the item were to remain listed during the payment process.  This would

22  potentially result in the "sale" of the same unique item to multiple buyers.

23          eBay would also likely argue that class members could easily have mitigated (if

24  not entirely avoided) their damages by choosing the free "Immediate Payment" option

25  (*see* Dkt. No. 64, Ex. M at 1), which would have ensured that listings remain available

26  until payment is actually received (as opposed to ending the listing when a buyer

27

28      ───────────────────
        [10] *See* http://pages.ebay.com/help/sell/motorfees.html.

1    commits to purchasing the item by selecting "Buy It Now").  In other words, sellers who

2    listed items at fixed prices could have required buyers that clicked the "Buy It Now"

3    button to pay immediately using, e.g., PayPal.  eBay claims to encourage its users to

4    consider the Immediate Payment option to forgo the payment problems Plaintiff alleges

5    in the SAC.

6          In summary, given the risks and potential benefits of proceeding with the

7    litigation, the Settlement offers the class a significant recovery on claims that eBay

8    vigorously disputed.  And while Plaintiff believes he has meritorious claims against

9    eBay, he recognizes that several potential hurdles weigh in favor of settlement, including

10   (1) uncertainties surrounding the applicability and scope of the User Agreement, (2)

11   differences between class member experiences and web page content during different

12   times within the class period, and (3) eBay's various affirmative defenses.  In addition,

13   the parties and their respective experts could be expected to offer sharply conflicting

14   testimony and opinions on how damages should be calculated and the amount of

15   damages for each listing.  All told, the Settlement will provide a significant recovery to

16   the Class while eliminating the risk of a negative outcome in litigation.

17                 4.    **The Amount Offered In Settlement Supports Approving the**

18                       **Settlement**

19         The Ninth Circuit instructs that "[t]he proposed settlement is not to be judged

20   against a hypothetical or speculative measure of what *might* have been achieved by the

21   negotiators." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir.

22   1982) (emphasis in original).  Rather, "the very essence of a settlement is compromise."

23   *Id.* at 624.  Thus, "the fact that a proposed settlement may only amount to a fraction of

24   the potential recovery does not, in and of itself, mean that the proposed settlement is

25   grossly inadequate and should be disapproved." *Linney v. Cellular Alaska Partnership*,

26   151 F.3d 1234, 1242 (9th Cir. 1998).

27         Based on the data provided by eBay to Class Counsel during and after the

28   mediation in response to Class Counsel's requests, Class Counsel estimate that class

1    members paid between $5.0 and $5.5 million for listings that fall within the Class

2    Definition.  Class Counsel also estimate that class members generally received between

3    30%-50% of the expected duration of their listing periods.  Based on the above, eBay's

4    maximum exposure for Plaintiff's claims was estimated at $2.5 to $3.85 million.  After

5    taking into account the probabilities of certifying a class (roughly estimated at 50/50

6    odds); prevailing on subsequent motions for decertification, summary judgment, and

7    motions in limine (roughly estimated at 50/50 odds); and affirming the judgment on

8    appeal (roughly estimated at 70/30 odds), Class Counsel concluded that the $1.2 million

9    non-reversionary Gross Settlement Fund is within the reasonable range—if not on the

10   high-end—of relief for the class' claims.  *See In re Mego Financial Corp. Sec. Litig.*,

11   213 F.3d 454, 459 (9th Cir. 2000) (finding a settlement that paid plaintiffs one-sixth of

12   the potential recovery to be fair and adequate).

5.    **The Views of Experienced Counsel Should Be Accorded**

**Substantial Weight**

15          The fact that sophisticated parties with experienced counsel have agreed to settle

16   their dispute should be given considerable weight by the Court, since "parties

17   represented by competent counsel are better positioned than courts to produce a

18   settlement that fairly reflects each party's expected outcome in the litigation."  *In re Pac.*

19   *Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995).

20          Here, the Parties achieved the Settlement after a thorough review of relevant

21   documents and information, as well as a rigorous analysis of the parties' claims and

22   defenses.  The terms of the Settlement are non-collusive and are the product of arms'-

23   length negotiations between experienced and accomplished class action attorneys with

24   the assistance of a respected mediator and former jurist.  Plaintiff is represented by

25   seasoned class action attorneys who possess significant experience in class action

26   matters.  (*See* Friedl Decl., Ex. E.)  Likewise, eBay's counsel is the preeminent global

27   law firm, Cooley LLP.  Thus, the Parties' recommendation to approve this Settlement

28   should "be given great weight."  *Eisen v. Porsche*, 2014 WL 439006, at *5 (crediting the

1  experience and views of counsel and the involvement of a mediator in approving a

2  settlement resolving automotive defect allegations).  Based on the foregoing, the Court

3  should find the proposed Settlement to be fair and adequate.

4           6.    **The Settlement Class Has Responded Positively To The**

5                        **Settlement**

6          In deciding whether to approve a class action settlement, the court may "gauge

7  the reaction of other class members . . . [by] evaluat[ing] the number of requests for

8  exclusions as well as the objections submitted." *In re Toys "R" Us-Del., Inc. FACTA*

9  *Litig.*, 295 F.R.D. at 450.  Following the distribution of the Class Notice, only 38 class

10  members have opted out, a fact that strongly supports approval of the Settlement.  *See*

11  *National Rural Tele. Coop. v. DIRECTV, Inc.,* 221 F.R.D. 523, 529 (C.D. Cal. 2004) ("It

12  is established that the absence of a large number of objections to a proposed class action

13  settlement raises a strong presumption that the terms of a proposed class settlement

14  action are favorable to the class members."); *Chun-Hoon v. McKee Foods Corp.*, 716 F.

15  Supp. 2d 848, 852 (N.D. Cal. 2010) (finding 0 objections and 16 opt-outs out of 329

16  class members [4.86%] "strongly support[] settlement"); *Garner v. State Farm Mut.*

17  *Auto Ins.*, No. 08-1365-CW, 2010 U.S. Dist. LEXIS 49477, *15 (N.D. Cal. Apr. 22,

18  2010) (finding an opt-out rate of 0.4% supported settlement).  "The fact that the

19  overwhelming majority of the class willingly approved the offer and stayed in the class

20  presents at least some objective positive commentary as to its fairness." *Hanlon v.*

21  *Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998).

22          Similarly, the fact that only one (meritless objection) was raised to the Settlement

23  suggests that the putative class of over 2.5 million views the Settlement as fair and

24  reasonable.  *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 967 (9th Cir. 2009)

25  (affirming finding of favorable class reaction given only 54 objections [0.14%] were

26  received after 376,301 class notices mailed); *Churchill Village, L.L.C. v. Gen. Elec.*, 361

27  F.3d 566, 577 (9th Cir. 2004) (affirming finding of favorable class reaction when "only

28  45 of the approximately 90,000 notified class members [0.05%] objected.").  "By any

standard, the lack of objection of the Class Members favors approval of the Settlement."
*In re Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2007) (finding strong positive class reaction where only 3 objections received out of 57,630 notices (0.005%)).

The response of the Class here (38 opt-outs and one objection) also compares favorably with a recent class action settlement involving eBay finally approved by this Court, where 97 out of 1,188,000 potential Class Members opted out, and "only three objections were filed (including one that was not timely), translating into an objection rate of 0.00025%." *Noll v. eBay, Inc.*, 309 F.R.D. 593, 608 (N.D. Cal. 2015). The response of the Class supports the Court's granting of final approval.

## B. The Sole Objection to the Settlement Should Be Overruled

The sole objection to the Settlement is meritless and should be overruled. The objector, Daniel Zubia, claims that because he sold more than 10,000 items and had "thousands of unsold items" that settlement payments should have been calculated in some other manner:

> The distribution of the claim cannot be as offered to us by ROSADO, in my case I sold over 10,000 items including cars and not counting the thousands of unsold items, and I don't think is fair to receive the same amount of compensation as a person that sold a single item . . . To my belief the funds should be divided accordingly by researching how much this has affected each of the members or using other mechanism to calculate the approximate amount that we as members deserve.

It is unclear from the objection whether the objector suffered damages as a result of the BIN option. But if he had some substantial losses for which $15 would not be adequate compensation, he is precisely the type of class member who should opt out and pursue his own claim.[11] Accordingly, the Court should overrule the sole objection to the

---

[11] Further, if the objector experienced multiple delistings and continued to use the BIN option, his claim would be subject to an anticipated defense from eBay that his claim is precluded because he knew from experience how the BIN option works and voluntarily accepted eBay's terms for using the option.

1    Settlement.  Indeed, the true measure of a settlement's reasonableness is not whether

2    every class member was satisfied with the settlement, but whether a predominance of

3    class members was satisfied.  In *Churchill Village, LLC v. General Electric*, 361 F.3d

4    566 (9th Cir. 2004), for example, the Ninth Circuit affirmed settlement approval where

5    fewer than 50 of approximately 90,000 notified class members objected and 500 opted

6    out.  *Id*. at 577.  "A settlement is not to be deemed unfair or unreasonable simply

7    because a large number of Class members oppose it."  *See In re Wash. Pub. Power*

8    *Supply System Sec. Litig.*, 720 F. Supp. 1379, 1394 (D. Ariz. 1989), *aff'd sub nom.*, *Class*

9    *Plaintiff v. City of Seattle*, 955 F.2d 1268 (9th Cir. 1992); *see also In re NASDAQ*

10   *Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 478 (S.D.N.Y.1998) (observing that

11   "[i]n litigation involving a large class, it would be 'extremely unusual' not to encounter

12   objections."); *see In re Cendant Corp. Litig.*, 264 F.3d 201, 234-35 (3d Cir. 2001)

13   (recognizing that low number of objectors and opt-outs strongly favors settlement and

14   that "[t]he vast disparity between the number of potential class members who received

15   notice of the Settlement and the number of objectors creates a strong presumption that

16   this factor weighs in favor of the Settlement").

## C.    The Requested Payment to the Claims Administrator Is Reasonable and Should Receive Final Approval

19   Plaintiff requests the Court to finally approve the payment of Heffler's actual

20   settlement administration costs and fees, which are expected to be $125,000.  (Mahan

21   Decl. ¶ 18.)  Heffler has promptly and properly distributed the Class Notice to all Class

22   Members and is professionally and capably carrying out its duties in accordance with the

23   Settlement terms and the Court's preliminary approval Order.  (*See generally* Mahan

24   Decl.)  Accordingly, payment to Heffler of its reasonable costs and fees should be finally

25   approved along with the rest of the Settlement terms.

## IV.    CONCLUSION

27   The parties have negotiated a fair and reasonable settlement of a case that

28   provides relief that likely would never have been realized but for this class action.

1    Accordingly, final approval of the Settlement should be granted.

2

3    Dated: January 8, 2016                    Respectfully submitted,

4                                                         Capstone Law APC

5

6                                              By: /s/ Robert K. Friedl
                                                    Jordan L. Lurie
7                                                    Robert K. Friedl
                                                    Tarek H. Zohdy
8                                                    Cody R. Padgett

9                                                    Attorneys for Plaintiff Luis Rosado

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT