Jordan L. Lurie (SBN 130013)
Jordan.Lurie@capstonelawyers.com
Robert K. Friedl (SBN 134947)
Robert.Friedl@capstonelawyers.com
Tarek H. Zohdy (SBN 247775)
Tarek.Zohdy@capstonelawyers.com
Cody R. Padgett (SBN 275553)
Cody.Padgett@capstonelawyers.com
Capstone Law APC
1840 Century Park East, Suite 450
Los Angeles, California 90067
Telephone:    (310) 556-4811
Facsimile:    (310) 943-0396

Dale James Morgado
Dmorgado@ffmlawgroup.com
Feldman, Fox & Morgado, P.A.
100 North Biscayne Boulevard
29th Floor, Suite 2902
Miami, Florida 33132
Telephone:    (305) 222-7850
Facsimile:    (305) 384-4676

Attorneys for Plaintiff Luis Rosado

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA—SAN JOSE DIVISION

| | |
|---|---|
| LUIS ROSADO, individually, and on behalf of other members of the general public similarly situated,<br><br>       Plaintiff,<br><br>     vs.<br><br>EBAY, INC., a Delaware corporation,<br><br>      Defendant. | Case No.:  5:12-cv-04005-EJD<br><br>Assigned for all purposes to the Hon. Edward J. Davila<br><br><br>~~[PROPOSED]~~ **JUDGMENT** |

# JUDGMENT

Pursuant to the Order Granting Motion for Final Approval of Class Action Settlement; Granting Motion For Attorneys' Fees, Costs, and Class Representative Enhancement Award a true and correct copy of which is attached hereto as Exhibit A, ("Final Approval Order"), it is hereby **ORDERED**, **ADJUDGED, AND DECREED** as follows:

1.      Judgment in this matter is entered in accordance with, and incorporates by reference the findings of, the Court's Final Approval Order and the Parties' Settlement Agreement and Release ("Settlement Agreement").  Unless otherwise provided herein, all capitalized terms used herein shall have the same meaning as defined in the Settlement Agreement.

2.      As provided by the Final Approval Order, all Class Members who did not timely and properly opt out from the settlement are barred from pursuing, or seeking to reopen, any of the Released Claims, as defined by the Settlement Agreement.

3.      Without affecting the finality of the Judgment, the Court shall retain exclusive and continuing jurisdiction over the above-captioned action and the parties, including all Class Members, for purposes of enforcing the terms of the Judgment entered herein.  The Clerk shall close this file.

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

Dated: _____ June 24, 2016

_____
Hon. Edward J. Davila
United States District Judge

# EXHIBIT A

1

2

3                     UNITED STATES DISTRICT COURT

4                   NORTHERN DISTRICT OF CALIFORNIA

5                          SAN JOSE DIVISION

6

7    LUIS ROSADO, individually and on behalf         Case No.  5:12-cv-04005-EJD
     of all others similarly situated,

8                          Plaintiff,               **ORDER GRANTING MOTION FOR**
                                                    **FINAL APPROVAL OF CLASS**
9                 v.                                 **ACTION SETTLEMENT; GRANTING**
                                                    **MOTION FOR ATTORNEYS' FEES,**
10   EBAY INC.,                                      **COSTS, AND CLASS**
                                                    **REPRESENTATIVE ENHANCEMENT**
11                         Defendant.                **AWARD**

12                                                  Re: Dkt. Nos. 100, 103

13          The instant case is a putative class action brought by Representative Plaintiff Luis Rosado

14   ("Plaintiff") against eBay Inc. ("eBay"). Presently before the Court is Plaintiff's Motion for Final

15   Approval of the Class Action Settlement, and Motion for Attorneys' Fees, Costs, and Class

16   Representative Enhancement Award. Dkt. Nos. 100, 103.

17          Federal jurisdiction arises pursuant to 28 U.S.C. § 1331. The Court, after having carefully

18   reviewed the Settlement Agreement along with the parties' and objector's arguments, GRANTS

19   both motions for the reasons explained below.

20   **I.      BACKGROUND**

21          **A.      Factual Background**

22          This case involves eBay's "Buy it Now" (or "BIN") feature, which allows sellers to list

23   and buyers to purchase an item listed for sale on eBay at a fixed price during the item's designated

24   listing period.[1] Dkt. No. 103-2 at 20. When prospective buyers clicked on a BIN listing of an item,

25   _____

26   [1] Sellers may list an item for sale for 3, 5, 7, 10, or 30 days. See Dkt. No. 103-2 at 20.
                                               1
27   Case No.: 5:12-cv-04005-EJD
     ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION
28   SETTLEMENT; GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS, AND CLASS
     REPRESENTATIVE ENHANCEMENT AWARD

United States District Court
Northern District of California

United States District Court
Northern District of California

however, eBay automatically delisted the item and kept it delisted for the entirety of the listing period even in the instances when prospective buyers failed to purchase the item. Plaintiff alleges that this business practice deprived sellers of the full value of their listing and seeks recovery of fees paid for these listings. Id. at 20. These allegations give rise to the following six causes of action asserted by Plaintiff: (i) violation of California's False Advertising Law; (ii) violation of the Consumer Legal Remedies Act; (iii) breach of the covenant of good faith and fair dealing; (iv) violation of the Unfair Competition Law; (v) breach of quasi-contract; and (vi) declaratory judgment. Id.

### B.    Procedural Background

Plaintiff initiated an action in this court on July 30, 2012, and amended his complaint on two occasions. See Dkt. Nos. 1, 41, and 59. On September 10, 2015, the Court granted the parties' motion for preliminary approval of the settlement, conditionally certified a settlement class, and appointed counsel. Dkt. No. 95. Plaintiff then filed the instant motions seeking final approval of the class action settlement, and attorneys' fees, costs, and class representative enhancement award in December of 2015, and January of 2016 respectively. The Court also received a written objection to the settlement from Daniel Zubia ("the sole objector" or "objector"). Dkt. No. 102. A hearing addressing the final approval was held on February 25, 2016.

## II.    LEGAL STANDARD

A class action may not be settled without court approval.  Fed. R. Civ. P. 23(e). When the parties to a putative class action reach a settlement agreement prior to class certification, "courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." Staton v. Boeing Co., 327 F.3d 938, 952 (9th Cir. 2003).

"Approval under 23(e) involves a two-step process in which the Court first determines whether a proposed class action settlement deserves preliminary approval and then, after notice is given to class members, whether final approval is warranted." Nat'l Rural Telecomms. Coop. v.

Case No.: 5:12-cv-04005-EJD
ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS, AND CLASS REPRESENTATIVE ENHANCEMENT AWARD

DIRECTV, Inc., 221 F.R.D. 523, 525 (C.D. Cal. 2004). At the final approval stage, the primary inquiry is whether the proposed settlement "is fundamentally fair, adequate, and reasonable." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998). Having already completed a preliminary examination of the agreement, the court reviews it again, mindful that the law favors the compromise and settlement of class action suits. See, e.g., Churchill Village, LLC. v. Gen. Elec., 361 F.3d 566, 576 (9th Cir. 2004); Class Plaintiffs v. City of Seattle, 955 F.2d 1268, 1276 (9th Cir. 1992); Officers for Justice v. Civil Serv. Comm'n, 688 F.2d 615, 625 (9th Cir. 1982). Ultimately, "the decision to approve or reject a settlement is committed to the sound discretion of the trial judge because he is exposed to the litigants and their strategies, positions, and proof." Hanlon, 150 F.3d at 1026.

## III.   DISCUSSION

### A.   Continuing Certification of Settlement Class

This analysis begins with an examination of whether class treatment remains appropriate. The court found at the preliminary approval stage that Rule 23(a)'s requirements of numerosity, commonality, typicality, and adequate protection were satisfied.

Here, each one of the 31,467 class members paid for a BIN listing that was delisted and remained so even when a prospective buyer clicked on the listing and failed to purchase the item. The members also failed to receive a refund from eBay for any portion of the listing fees they paid. As such, determining whether a class member suffered an injury requires answering the following common question: whether eBay's practice of (1) delisting BIN listings when a prospective buyer clicks on it, (2) keeping these listings delisted for the remainder of the listing period even when the buyer failed to complete the purchase, and (3) failing to refund the sellers any portion of the listings fees was unlawful. Plaintiff's claims were also typical, if not identical, to that of other class members because all of the class members were owners of BIN listings and subject to the same eBay policy. Finally, Plaintiff and his counsel have also shown their

Case No.: 5:12-cv-04005-EJD
ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT;
GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS, AND CLASS
REPRESENTATIVE ENHANCEMENT AWARD

United States District Court
Northern District of California

1  willingness to vigorously prosecute this case and represent the interests of the class by researching

2  and evaluating all of Plaintiff's potential claims against eBay, analyzing eBay's listing and refund

3  policies, reviewing settlements in similar cases, participating in extensive settlement negotiations,

4  and successfully defending multiple motions to dismiss. For all of these reasons, the court

5  concludes that the requirements of Rule 23(a) remain satisfied.

6  As to Rule 23(b), the court found that common questions predominate and that the class

7  mechanism was a superior process for their litigation. These common questions stated above can

8  be resolved for all members of the proposed class in a single adjudication, as these members

9  experienced the same type of injury.

10  As to superiority, a plaintiff must show that a class action is the "most efficient and

11  effective means of resolving the controversy." Wolin, 617 F.3d 1168, 1175-76 (9th Cir. 2010).

12  Moreover, "where recovery on an individual basis would be dwarfed by the cost of litigating on an

13  individual basis, this factor weighs in favor of class certification." Id. Here, if each member of the

14  class were to individually pursue their claims against eBay, they would rely on duplicative

15  evidence and identical arguments to support their positions. Moreover, since the individual

16  recoveries are small, class members would likely pursue litigation only if a class action were

17  instituted. For all of these reasons, the court concludes that the requirements of Rule 23(b) remain

18  satisfied. Accordingly, the court finds no reason to modify its decision to conditionally certify the

19  class for settlement purposes.

20  **B.      Appropriateness of the Notice Plan**

21  Rule 23(c)(2)(B) requires "the best notice that is practicable under the circumstances,

22  including individual notice to all members who can be identified through reasonable effort." Fed.

23  R. Civ. P. 23(c)(2)(B). Such notice must "clearly and concisely state in plain, easily understood

24  language," the nature of the action, the class definition, and class members' right to exclude

25  themselves from the class, among other things. Fed. R. Civ. P. 23(c)(2)(B). Further, before

26

27  Case No.: 5:12-cv-04005-EJD

28  ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT;
GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS, AND CLASS
REPRESENTATIVE ENHANCEMENT AWARD

granting final approval to a proposed class settlement, the court must "direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). While Rule 23 requires that reasonable efforts be made to reach all class members, it does not require that each individual actually receive notice. Silber v. Mabon, 18 F.3d 1449, 1454 (9th Cir. 1994).

Here, the Court approved the notice plan set forth in the Settlement Agreement, which called for direct notice by e-mail to all members of the Settlement Class to their most current email addresses that eBay has on file within 7 business days of entry of the Preliminary Approval Order. Dkt. No. 103-1 at 13-4. In addition, the Claims Administrator set up a website that contained a downloadable version of the Full Notice of Settlement. Id. Class counsel also directed the issuance of a one-time press release that contained a notification of the Settlement Agreement, a statement that eBay disputes the allegations in the litigation, and a link to website with a full notice of the Settlement Agreement, which is to remain active until the final settlement date. Id.

The parties followed the instructions specified in the Preliminary Approval Order by engaging the settlement administration services of Heffler Claims Group. Heffler engaged in an email notice campaign that achieved a success rate of over 89.5% (i.e. success rate was defined as number of the emails successfully delivered to the class members). For these reasons, the court again finds that the notice plan and class notices are consistent with Rule 23, and were fully and properly implemented by the parties and the class administrator.

**C.     Fairness of the Settlement**

The court now reexamines the fairness of the proposed settlement with the benefit of notice having been provided to the class.  The settlement agreement contains the following major components:

- eBay will pay $1.2 million into a non-reversionary Gross Settlement Fund, which will be used to pay for: (1) Class member settlement payments in the form of either cash or eBay

5

United States District Court
Northern District of California

credit (or both) and check payments (2) the named Plaintiff's enhancement award, attorneys' fees and costs, and (3) administrative costs. Funds that remain after all payments are made will not revert to eBay.

- Plaintiff seeks an award of attorneys' fees and litigation expenses to be paid out of the Gross Settlement Fund.  eBay does not dispute this request.

- Plaintiff seeks a $2,500 incentive award for his participation in the Class Action and requests payment of claims administration fees from the Gross Settlement Fund.  eBay does not dispute this request.

- Claimants that paid for a non-vehicle listing will receive $5, and those that paid for a vehicle listing will receive $10. Each class member will be allowed to submit up to a maximum of one claim each for a non-vehicle listing and a vehicle listing, and receive a maximum cash payment of $15.

- After claimants receive their initial payments, all remaining funds will be in the following way: (1) All class members that have an active eBay account will receive an equal pro-rata share of the unclaimed amount, capped at $50 per class member, to be distributed by eBay in the form of a credit; and (2) If additional funds remain after this further disbursement of credits, the remaining funds will be distributed in the form of additional credits, on a pro-rata basis, to all members of the Notice Group (including class members and non-class members) who have an Active Account at the time of final disbursement.  These credits will be aggregated as to each recipient and issued in a single disbursement.  In this way, the entire Net Settlement Fund will be disbursed to claimants, class members, or other eBay sellers. No part of the residual amount will revert to eBay or be disbursed to a cy pres recipient.

To assess the fairness of a settlement, courts look to the eight so-called Churchill factors: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and view of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement.  Churchill, 361 F.3d at 575. Where, as here, settlement occurs before formal class certification, "[t]he district court's approval order must show not only that it has explored the Churchill factors comprehensively, but also that the

6

settlement is not the product of collusion among the negotiating parties." In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 946–47 (9th Cir. 2011). The court will address each of the relevant factors in turn.

### i.    Strength of Plaintiff's Case

In assessing the strength of a plaintiff's case, "there is no 'particular formula by which th[e] outcome must be tested.'" Bellinghausen v. Tractor Supply Co., No. 13-CV-02377-JSC, 2015 WL 1289342, at *5 (N.D. Cal. Mar. 20, 2015). Rather, "the court's assessment of the likelihood of success is 'nothing more than an amalgam of delicate balancing, gross approximations and rough justice.'" Id. The court may "presume that through negotiation, the parties, counsel, and mediator arrived at a reasonable range of settlement by considering Plaintiff's likelihood of recovery." Garner v. State Farm Mutual Auto. Ins. Co., No. 08-CV-1365-CW, 2010 WL 1687832, at *9 (N.D. Cal. April 22, 2010).

While Plaintiff's counsel maintains his strong belief in the underlying merits of the claims, he acknowledges several challenges posed by protracted litigation. First, Plaintiff's claims do not apply to multiple quantity listings (i.e. where sellers list more than one item for sale as part of the same listing). Second, Plaintiff's claims do not apply to listings where the "Immediate Payment" option was selected. In certain situations, this option prevented the alleged harm suffered by the claimants.  Moreover, in many instances, sellers did not pay for their BIN listings. Finally, eBay changed its business practice with respect to the BIN listing, which eliminated the possibility of future eBay sellers suffering the type harm experienced by current class members.  In light of the challenges associated with litigating this case and the corrective measures undertaken by eBay, the ultimate success at trial is uncertain. As such, this factor weighs strongly in favor of settlement. See Bayat v. Bank of the West, No. C-13-2376-EMC, 2015 WL 1744342, at *3 (N.D. Cal. Apr. 15, 2015) ("Because the strengths of Plaintiffs' claims is in doubt, the first Churchill factor tips in favor of final approval of the settlement.").

Case No.: 5:12-cv-04005-EJD
ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT;
GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS, AND CLASS
REPRESENTATIVE ENHANCEMENT AWARD

United States District Court
Northern District of California

### ii.    Risk, Expense, Complexity, and Likely Duration of Further Litigation

In the instant case, continued litigation would be both risky and costly. First, the hurdles to ultimate success on the merits noted above make the outcome of continued litigation uncertain. Second, the scope of this action is narrow and the obstacles to class certification are challenging and numerous. Specifically, eBay sellers that would make up the certified class are individuals and businesses with wide ranging levels of knowledge and sophistication. Moreover only certain types of sellers suffered from the alleged delisting problem. Finally, eBay alleges that it allowed certain qualifying sellers to reslist their items and obtain a credit for their listings. All these challenges reduce the likelihood of class certification and increase the chances of a risky and protracted litigation. As such, this factor favors settlement. Curtis–Bauer v. Morgan Stanley & Co., Inc., No. 06–CV–3903 TEH, 2008 WL 4667090, at *4 (N.D. Cal. Oct. 22, 2008) ("Settlement avoids the complexity, delay, risk and expense of continuing with the litigation and will produce a prompt, certain, and substantial recovery for the Plaintiff class.").

### iii.    Risk of Maintaining Class Action Status Throughout the Trial

Although a class can be certified for settlement purposes, the notion that a district court could decertify a class at any time is an inescapable and weighty risk that weighs in favor of a settlement. See Rodriguez v. West Publ'g Corp., 563 F.3d 948, 966 (9th Cir. 2009). Here, from the outset of this litigation, eBay has challenged the ability of Plaintiff to proceed on a class basis. In addition, for all of the reasons noted above, there is a chance that this action would not be maintained as a class. Therefore, this factor weighs in favor of settlement.

### iv.    Amount Offered in Settlement

The fourth Churchill factor "is generally considered the most important." Bayat, 2015 WL 1744342, at *4. Here, the parties estimate that the class members paid between $5.0 and $5.5 million for listings that fall within the Class definition. Class counsel estimates that class members will receive an amount in the range of 30% to 50% of the expected duration of their listing periods

Case No.: 5:12-cv-04005-EJD
ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT;
GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS, AND CLASS
REPRESENTATIVE ENHANCEMENT AWARD

United States District Court
Northern District of California

1   (i.e. 30 to 50% of the $5.0 to $5.5 million paid by the class members). As such, eBay's maximum

2   exposure for Plaintiff's claims was estimated to be between $2.5 and $3.8 million. Based on these

3   facts and calculations, class counsel concluded that the Gross Settlement Fund should be $1.2

4   million, which is within the appropriate relief range discussed in Ninth Circuit cases. See

5   Bellinghausen, 2015 WL 1289342, at *6–7 (stating that it is "well-settled law that a proposed

6   settlement may be acceptable even though it amounts to only a fraction of the potential recovery

7   that might be available to class members at trial," and approving settlement that represented

8   between 11% and 27% of potential recovery). As such, this factor weighs in favor of settlement.

9                    **v.**   **Extent of Discovery Completed and State of the Proceedings**

10          This factor "evaluates whether 'the parties have sufficient information to make an

11   informed decision about settlement.'" Larsen, 2014 WL 3404531, at *5. Formal discovery is not a

12   requirement for final settlement approval; "[r]ather, the court's focus is on whether the parties

13   carefully investigated the claims before reaching a resolution." Bellinghausen, 2015 WL 1289342,

14   at *7.

15          Here, the parties engaged in litigation for nearly three years, which included document and

16   data exchanges, formal mediation before a third-party neutral, defense of multiple motions to

17   dismiss, and extensive settlement negotiations. This allowed the parties to make reasoned and

18   informed settlement decisions. See Bellinghausen, 2015 WL 1289342, at *7 (observing that the

19   factor supported approval when parties had litigated multiple motions to dismiss, engaged in

20   formal and informal discovery, produced and analyzed hundreds of pages of documents, prepared

21   detailed mediation briefs, and participated in mediation). As such, this factor weighs in favor of

22   settlement.

23                    **vi.**   **Experience and Views of Counsel**

24          Counsels for both parties are seasoned. Plaintiff is represented by attorneys with significant

25   in class action and certification matters. eBay is represented by Cooley LLP, a well-known law

26

27
Case No.: 5:12-cv-04005-EJD
ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT;
28   GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS, AND CLASS
REPRESENTATIVE ENHANCEMENT AWARD

1   firm with a national presence. In light of agreement between the counsels on the material terms of

2   the settlement, the court finds that this factor weighs in favor of settlement.

3           **vii.**      **The Presence of a Governmental Participant**

4         Although CAFA notices were sent to various governmental entities, none sought to

5   participate in the settlement proceedings either by objection or comment. See Dkt. No. 103-2 at 2.

6   Thus, this factor weighs in favor of settlement.

7           **vii.**      **Reaction of Class Members**

8         A low number of opt-outs and objections in comparison to class size is typically a factor

9   that supports approving the settlement. See Hanlon, 150 F.3d at 1027 ("[T]he fact that the

10  overwhelming majority of the class willingly approved the offer and stayed in the class presents at

11  least some objective positive commentary as to its fairness."). Here, out of a Class size of $31,467

12  members, only 51 opted out and one class member objected. See Dkt. No. 104 at 4. These

13  numbers indicate a largely positive reaction to the class, which supports settlement.

14          **viii.**     **Risk of Collusion Among the Negotiating Parties**

15        When a settlement is reached prior to formal class certification, the Court must also ensure

16  that it is not the product of collusion. See In re Bluetooth, 654 F.3d at 946-47. And since collusion

17  may not be evident on its face, the Ninth Circuit has provided examples of subtle signs of

18  collusion, such as: (1) "when counsel receives a disproportionate distribution of the settlement;"

19  (2) "when the parties negotiate a 'clear sailing' arrangement providing for the payment of

20  attorneys' fees separate and apart from class funds;" and (3) "when the parties arrange for fees not

21  awarded to revert to defendants rather than be added to the class fund." Id. at 947.

22        Here, over $750,000 is being distributed directly to class members. Class counsel is

23  seeking $300,000 in fees, $13,050.04 in litigation costs, and a $2,500 incentive award to be paid to

24  Plaintiff for his participation in this action. The attorneys fees, litigation costs, and the incentive

25

26

27  Case No.: 5:12-cv-04005-EJD

28  ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT;
    GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS, AND CLASS
    REPRESENTATIVE ENHANCEMENT AWARD

United States District Court
Northern District of California

award collectively represents 26.3% of the settlement fund.[2] In addition, the settlement does not

include a clear sailing agreement, or any agreement that provides for payment of attorneys' fees

separate and apart from the class funds. Dkt. No. 103-1 at 10. Finally, any remaining funds are

redistributed to the class members with no amount distributed to a designated cy pres recipient. Id.

at 11-2.

        Therefore, the settlement displays no signs of a collusive agreement. For these reasons, the

Court finds that the Churchill factors weigh in favor of approving the settlement.

## IV.    ATTORNEY'S FEES, COSTS, AND THE INCENTIVE AWARD

        Plaintiff moves for attorneys' fees in the amount of $300,000, reimbursable expenses in the

amount of $13,050.04, and a class representative enhancement payment in the amount of $2,500.

The $300,000 attorney fee amount is exactly 25% of the $1.2 million non-reversionary settlement

fund.

        Under Rule 23(h), "the court may award reasonable attorney's fees and nontaxable costs

that are authorized by law or by the parties' agreement." The court, however, has "an independent

obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have

already agreed to an amount." In re Bluetooth, 654 F.3d at 941. Courts have discretion to award

attorneys' fees to a prevailing plaintiff if "the successful litigants have created a common fund for

recovery or extended a substantial benefit to the class," as is the case here. Id.

        "Where a settlement produces a common fund for the benefit of the entire class, courts

have discretion to employ either the lodestar method or the percentage-of-recovery method." Id. at

942. Under the percentage-of-recovery method, "courts typically calculate 25% of the fund as the

'benchmark' for a reasonable fee award, providing adequate explanation in the record of any

'special circumstances' justifying a departure." Id. If awarding 25% of the fund yields "windfall

profits for class counsel in light of the hours spent on the case, courts should adjust the benchmark

_____

[2] (($300,000 + $13,050.04 + $2,500)/1,200,000) X (100) = 26.3%.

11

Case No.: 5:12-cv-04005-EJD
ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT;
GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS, AND CLASS
REPRESENTATIVE ENHANCEMENT AWARD

United States District Court
Northern District of California

percentage or employ the lodestar method instead." Id. The reasonableness of the fee award provided by the percentage-of-recovery method can be cross-checked by the lodestar method. "[T]he lodestar method can confirm that a percentage of recovery amount does not award counsel an exorbitant hourly rate." Id. at 944-45 (internal quotations and citations omitted).

Under the lodestar method, the "lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." Id. at 941.

### A.      Percentage of the Fund

Ninth Circuit courts typically consider 25% of the fund as the benchmark for a reasonable attorney fee award." In re Celera Corp. Secs. Litig., No. 5-10-cv-02604-EJD, 2015 WL 7351449, *8 (N.D. Cal. Nov. 20, 2015) (internal quotations and citations omitted). This percentage, however, can be adjusted after consideration of the following factors: "(1) the results achieved; (2) the risk of litigation; (3) the skill required and quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases." See In re Celera, 2015 WL 7351449, *7 (citing Tarlecki v. Bebe Stores, Inc., No. C-05-1777 MHP, 2009 WL 3720872, at *4 (N.D. Cal. Nov. 3, 2009)).

Plaintiff asserts that the attorneys' fees request is reasonable and warranted for several reasons. First, the request is reasonable under Federal and California law because the negotiated settlement benefits all class members and is in line with the generally established 25% benchmark of a common fund, which the Ninth Circuit court has held to be presumptively reasonable. Second, eBay changed its policies presumably due to Plaintiff's actions, thereby preventing future eBay sellers from suffering the kind of harm allegedly suffered by current class members. Third, the risk in this contingency fee based case is particularly high because the scope of the action was very narrow. Plaintiff asserts he would face significant challenges certifying the class because the

Case No.: 5:12-cv-04005-EJD
ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT;
GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS, AND CLASS
REPRESENTATIVE ENHANCEMENT AWARD

United States District Court
Northern District of California

class members belong to a diverse group comprising individuals and businesses with wide-ranging levels of knowledge and sophistication. Fourth, the contingency fee nature of this case presents a real possibility that Plaintiff might not recover anything for his time and effort. Finally, Plaintiff's counsel possessed considerable experience litigating consumer class actions, and "thoroughly investigated Plaintiff's claims and carefully analyzed documents and data provided by Defendants" to negotiate a satisfactory settlement.

Having considered the relevant factors, the Court concludes that class counsel has skillfully and responsibly prosecuted this action. Moreover, the attorney fees are is in line with the widely applied Ninth Circuit benchmark of 25%. For these reasons, the court finds that the request of $300,000 for attorneys' fees is reasonable.

**B.     Lodestar**

To "guard against an unreasonable result," the court will cross-check its percentage-of-recovery figure against the lodestar method. See In re Bluetooth, 654 F.3d at 944. Here, Plaintiff asserts that Class Counsel spent 947 hours litigating this case, which resulted in a lodestar amount of $557,538.50. The breakdown is as follows:

| Law Firm | Lawyer | Position | Hourly Billing Rate ($$) | Number of Hours | Lodestar Amount |
|---|---|---|---|---|---|
| Capstone Law APC | Jordan Lurie | Of Counsel | 695 | 117.9 | $ 81,940.50 |
| | Robert Friedl | Partner | 695 | 217.3 | $ 151,023.50 |
| | Ryan Wu | Senior Counsel | 595 | 51.2 | $ 30,464.00 |
| | Katherine Kehr | Senior Counsel | 570 | 66.9 | $ 38,133.00 |
| | Tarek Zohdy | Associate | 495 | 60.3 | $ 29,848.50 |
| | Eduardo Santos | Associate | 470 | 62.9 | $ 29,563.00 |
| | Cody Padgett | Associate | 370 | 65.5 | $ 24,235.00 |

Case No.: 5:12-cv-04005-EJD
ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT;
GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS, AND CLASS
REPRESENTATIVE ENHANCEMENT AWARD

United States District Court
Northern District of California

| | | | | | |
|---|---|---|---|---|---|
| Initiative Legal Group APC ("Initiative") | Leslie Weaver | Former Senior Counsel | 665 | 91.1 | $ 60,581.50 |
| | Mark Greenstone | Former Senior Counsel | 695 | 77.4 | $ 53,793.00 |
| | Sue Kim | Former Associate | 445 | 111.6 | $ 49,662.00 |
| | Vijayta R. Chetty | Former Associate | 350 | 14.0 | $ 4,900.00 |
| | Allison Marani | Former Associate | 320 | 10.6 | $ 3,392.00 |
| Total | | | | 946.70 | $557,536.00 |

See Dkt. Nos. 100-1 at 3, and 100-3 at 13-4. The court will analyze the billings rates and number of hours from the chart above to determine if they are reasonable.

### i.     Billing Rates

In determining a reasonable hourly rate, courts look at the prevailing market rates in the relevant community, which is the forum in which the district court sits. Gonzalez v. City of Maywood, 729 F.3d 1196, 1205 (9th Cir. 2013). In the instant case, the court will consider prevailing market rates in the Bay Area, which falls within the Northern District of California. Here, a partner (Robert Friedl), and of-counsel (Jordan Lurie), and a senior counsel (Mark Greenstone) billed at the highest rate of all of the Plaintiff's attorneys involved in this case (i.e. $695 per hour). See Dkt. No. 100-1 at 3; see also Dkt. No. 100-3 at 13-4.

The court finds that these rates are reasonable in light of hourly rates typically billed by partners in the Bay Area. See In re Magsafe Apple Power Adapter Litig., No. 5:091-CV-01911-EJD, 2015 WL 428105, at *12 (N.D. Cal. Jan. 30, 2015) (citing Armstrong v. Brown, 805 F. Supp. 2d 918, 920-21 (N.D. Cal. 2011) (finding that a range of $560 to $800 was a reasonable rate for partners, $285 to $510 for associates, $200 to $240 for paralegals, and $150 to 185 for litigation support staff). The rates billed by associates working in this case ranged from $320 to

14

United States District Court
Northern District of California

$495, which is also within the range typically charged by associates in the bay area. In re Magsafe, 2015 WL 428105, at *11 (citing Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1051 (9th Cir. 2002)). As such, the court finds that these billing rates are reasonable.

### ii.    Number of Hours

"[A] 'reasonable' number of hours equals the number of hours which could reasonably have been billed to a private client." Gonzalez, 729 F.3d at 1202 (internal quotations omitted). In evaluating the billing entries, the court can exclude those "hours that are excessive, redundant, or otherwise unnecessary." Id. at 1203 (internal quotations omitted).

Here, Plaintiff asserts that the 947 hours billed by Plaintiff's counsel are reasonable since they include the time spent on investigating the claims, interviewing class members, drafting complaints, opposing two motions to dismiss, participating in mediation, and negotiating a complex Settlement Agreement. Dkt. No. 100-1 at 2-3; see also Dkt. No. 100-2 at 2. Plaintiff then asserts that there was minimal overlap between the work performed by the three law firms that represented the Plaintiff at different points in the litigation. Moroever, in the interests of reducing costs, Plaintiff's counsel wrote off the hours billed by paralegals and support staff. Finally, Plaintiff asserts the calculated base lodestar was $557,538, which exceeds Plaintiff's requested fees amount by approximately a factor of two.

The Court recognizes that the results obtained were not insignificant. Counsel delegated specific tasks to lower-level attorneys where appropriate, reduced the overall costs of litigation by writing off all paralegal and staff time and expended significant effort to avoid duplication of effort. Thus, the Court finds no reason to reduce the number of hours set forth in counsel's lodestar calculations.

### iii.    Lodestar Cross-Check

Class Counsel's base lodestar calculation amounted to $557,538, and the total attorneys' fee request amounted to $300,000. When compared, these numbers imply a negative multiplier of

15

Case No.: 5:12-cv-04005-EJD
ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT;
GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS, AND CLASS
REPRESENTATIVE ENHANCEMENT AWARD

United States District Court
Northern District of California

1  .54, which strongly suggests the reasonableness of the negotiated fee. See Gong-Chun v. Aetna,

2  No. 1:09-CV-01995-SKO, 2012 WL 2872788, at *23 (E.D. Cal. Jul. 12, 2012) (holding that a

3  negative multiplier of .79 suggests that the negotiated fee award is reasonable); see also Chun-

4  Hoon v. Mckee Foods Corp., 716 F. Supp. 2d 848, 854 (N.D. Cal. 2010) (reasoning that a negative

5  multiplier suggests a reasonable and fair valuation of the services provided by class counsel).

6  Accordingly, Class Counsel's $300,000 attorneys' fees request is granted.

7       **C.      Plaintiff's Out-of-Pocket Expenses**

8          Plaintiff requests reimbursement of court fees, PACER fees, charges for delivery and

9  postages, the use of court reporters, and travel expenses. See Dkt. No. 100-3 at 13-4; see also Dkt.

10  No. 100-1 at 5.

11         Such costs are routinely reimbursed in these types of cases, and the Court finds no reason

12  to deviate from this practice here. See In re Media Vision Tech. Sec. Litig., 913 F. Supp. 1362,

13  1369 (N.D. Cal. 1996) (stating that reimbursement of travel expenses is within the broad

14  discretion of the court); see also In re United Energy Corp. Solar Power Modules Tax Shelter

15  Investment Sec. Litig., Nos. CV-87-3962-KN, 1989 WL 73211, at *6 (C.D. Cal. Mar. 9, 1989)

16  (reasoning that reimbursing Class Counsel for filing fees, postage, telephone bills, photocopying,

17  legal research assistance, deposition costs, witness fees, and similar items is appropriate in

18  common fund cases). Accordingly, Plaintiff's request for out-of-pocket in the amount of

19  $13,050.04 is granted.

20       **D.      Incentive Awards**

21         "[N]amed plaintiffs, as opposed to designated class members who are not named plaintiffs,

22  are eligible for reasonable incentive payments." Staton, 327 F.3d at 952. In determining the

23  appropriateness of an incentive payment, district courts "balance the number of named plaintiffs

24  receiving incentive payments, the proportion of the payments relative to the settlement amount,

25  and the size of each payment." Id. at 977. Generally, courts have found that a $5,000 incentive

26

27  Case No.: 5:12-cv-04005-EJD

28  ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT;
    GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS, AND CLASS
    REPRESENTATIVE ENHANCEMENT AWARD

United States District Court
Northern District of California

1   payment is reasonable. <u>Hopson v. Hanesbrands Inc.</u>, 2009 WL 928133, at *10 (N.D. Cal. Apr. 3,

2   2009); <u>see also</u> <u>Chao v. Aurora Loan Services, LLC</u>, No. C-10-3118-SBA, 2014 WL 4421308, at

3   *4 (N.D. Cal. Sept 5, 2014) (same).

4           Here, Plaintiff is justified in receiving a $2,500 incentive award for reviewing all of the

5   complaint with his attorneys, participating in the settlement process, providing information

6   requested by eBay during the mediation process, and expending considerable time and energy

7   assisting Plaintiff's counsel during the course of the litigation. Dkt. No. 100-2 at 2. Accordingly,

8   the request for the $2,500 incentive award is granted.

9   **V.     OBJECTIONS**

10          The Court now addresses the sole objection filed, keeping in mind that objectors to a class

11  action settlement bear the burden of proving any assertions raised that challenge the

12  reasonableness of a class action settlement. <u>United States v. Oregon</u>, 913 F.2d 576, 581 (9th Cir.

13  1990). The standard for approval of a proposed settlement is whether it is fair, adequate,

14  reasonable, and free from collusion - not whether the class member could have received a better

15  deal in exchange for the release of their claims. <u>In re Linkedin User Privacy Litig.</u>, 309 F.R.D.

16  573, 583 (N.D. Cal. 2015) (internal quotations and citations omitted).

17          The sole objector asserts that the individual settlement amount is too low because he "sold

18  over 10,000 items" on eBay, and as such, is entitled to higher compensation than someone that

19  sold one item. Dkt. No. 102 at 1. eBay counters that this objector is precisely the type of class

20  member that "should opt out" and separately pursue his claim. The Court agrees with eBay. If the

21  objector believes that he has suffered damages that are significantly higher than the typical class

22  member, he should opt out of the class and separately pursue his claims against eBay. Moreover,

23  even assuming that his arguments are meritorious, the objector fails to provide any evidence that

24  indicates the precise amount of monetary damages he might have suffered. Instead, the objector

25  merely states his belief that selling "over 10,000 items" entitles him to higher damages. The Court

26

27  Case No.: 5:12-cv-04005-EJD

17

28  ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT;
    GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS, AND CLASS
    REPRESENTATIVE ENHANCEMENT AWARD

United States District Court
Northern District of California

1   finds the objector's arguments unpersuasive. As such, his objection is overruled.

2   **VI.    CONCLUSION**

3         Based on the pending discussion, the court finds that the terms of the settlement, including

4   the awards of Attorneys fees, Costs, and Incentive award, are fair, adequate and reasonable.  As

5   such, it should be approved and implemented as presented.  Therefore, the Motion for Final

6   Approval and the Motion for Attorneys Fees, Costs, and Incentive Award are therefore

7   GRANTED.

8         The parties shall submit a proposed judgment on or before June 24, 2016, consistent with

9   section 6.1 of the settlement agreement.

10

11        **IT IS SO ORDERED.**

12        Dated: June 20, 2016

13   

14        EDWARD J. DAVILA
     United States District Judge

Case No.: 5:12-cv-04005-EJD
ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT;
GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS, AND CLASS
REPRESENTATIVE ENHANCEMENT AWARD